UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs

WILLIAM KEENE, JENNIFER KEENE,

        Defendants,
   and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs.

Case: 2:11-cv-12422-AC-MKM
Hon. Avern Cohn

| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
|---|---|
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nicole Lupiloff, |
| 248 649-7800 | Personal Representative of the |
| | Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

## COUNTER COMPLAINT

## CERTIFICATE OF SERVICE

    NOW COME the Defendants herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and for their Counter Complaint state as follows:

## GENERAL ALLEGATIONS

1. Monica Lynn Lupiloff is a resident of Chicago, Cook County, Illinois. Nicole Renee Lupiloff is a resident of Oakland County, MI. Nicole Renee Lupiloff is the Personal Representative of the Estate of Gary Lupiloff a/k/a Gary Harmon (being Oakland County Probate Court file: 10 330999 DE).

2. This controversy exceeds $75,000 and is otherwise within the jurisdiction of this Court.

3. Plaintiff, Nationwide Life Insurance Company (hereinafter "Nationwide"), and/or its agents issued an insurance policy, #LO 34804300, (hereinafter the "Policy") insuring the life of Gary Lupiloff in the face amount of $500,000 naming Gary Lupiloff as the insured and William Keene as the beneficiary (Plaintiff's Exhibit A). Defendants, Monica Lynn Lupiloff and Nicole Renee Lupiloff were named contingent beneficiaries.

4. For several years, decedent, Gary Lupiloff, paid premiums on the subject Policy and the Policy was in force in the date of his death, July 13, 2010.

5. When the Policy was issued, William Keene was designated beneficiary and Monica Lupiloff and Nicole Lupiloff were designated contingent beneficiaries.

6. Thereafter, because of coercion and fraud by Defendants, William Keene and Jennifer Keene, a Change of Beneficiary was form was sent to Nationwide on June 11, 2007 designating William Keene as the primary beneficiary and Jennifer Keene as the contingent beneficiary (Plaintiff's Exhibit B) and the ownership of the Policy was changed to William Keene at that same time, June 11, 2007 (Plaintiff's Exhibit C); however, a required acknowledgment and acceptance were not entered into nor provided by Nationwide, and the signatures on the two forms were allegedly forged.

7. Gary Lupiloff's signature was allegedly forged on the Change of Beneficiary form and the change of ownership form and neither was authenticated by Nationwide, and the forms are inoperative and void.

8. Gary Lupiloff was murdered on July 13, 2010 on his own premises in Royal Oak, MI and on information and belief, William Keene was the alleged murderer or allegedly had hired the murderer to kill Gary Lupiloff.

9. An Estate has been commenced in the Probate Court for the County of Oakland on behalf of the decedent (file 10 330999 DE).

10. Defendant, William Keene, on information and belief is the alleged person, or he allegedly hired the person, who shot and killed Gary Lupiloff.

11. Defendant, Jennifer Keene, allegedly either conspired with her husband, William Keene, to kill Gary Lupiloff, was aware of same, or knew or should have known that she was intended to be the beneficiary of William Keene's alleged murderous acts.

12. The change of beneficiary naming Jennifer Keene as beneficiary was procured by fraud either by one or both of the Keenes, and was not acknowledged or approved by Nationwide and/or its agents.

13. On or about July 13, 2010, Defendant, William Keene, or his agent allegedly murdered Gary Lupiloff with malice of aforethought intending that he or his wife, Jennifer Keene, would collect the $500,000 death benefit.

14. Monica Lynn Lupiloff and Nicole Renee Lupiloff are totally innocent parties, the daughters of the decedent, and are entitled to collect the full benefit under the Policy because MCL 700.2803 bars Defendant, William Keene, from acquiring the benefits of the Policy. Likewise, Defendant, Jennifer Keene, is barred because of conspiring in the

murder, or she is estopped from collecting the benefits of the insurance Policy because she was the unintended, fraudulently-induced beneficiary of said Policy, she provided no consideration therefor.

15. Nationwide and/or its agents has denied liability on the Policy by instituting thsi lawsuit though Defendants/Counter-Plaintiffs have received no notice of denial.

## COUNT I
### Tort

16. The Counter-Plaintiffs hereby incorporate by reference each and every of the foregoing paragraphs as though fully set herein and further state:

17. Nationwide was negligent or grossly negligent in allowing the issuance of the Policy to the insured, namely William Keene, as beneficiary, and in allowing and processing the change of ownership to William Keene and the contingent beneficiary as to Jennifer Keene, and not verifying the signature of Gary Lupiloff and acknowledging same. Thus, the Change of Beneficiary and change of ownership forms are invalid.

WHEREFORE, the Counter-Plaintiffs herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, pray that this Honorable Court enter a judgment against Nationwide and/or its agents Life Insurance Company in their favor for $500,000 together with interest, court costs and attorney fees for damages so wrongfully sustained.

## COUNT II
### Contract

18. The Counter-Plaintiffs hereby incorporate by reference each and every of the foregoing paragraphs as though fully set herein and further state:

19. Nationwide's negligence and/or gross negligence proximately caused Counter-Plaintiffs injury, but not for said negligence and/or gross negligence, the decedent's Estate and heirs would recover under the Policy without litigation.

20. Monica Lynn Lupiloff and Nicole Renee Lupiloff were the intended third-party beneficiaries of the contract between Gary Lupiloff and Nationwide, and Nationwide failed to authenticate and/or agree to the transaction, changing the beneficiary.

21. Nationwide is obligated by contract, or third-party beneficiary contract, to pay said insurance benefits to Monica Lynn Lupiloff and Nicole Renee Lupiloff and is guilty of bad faith in declining to pay the proceeds to anyone. Nationwide and/or its agents has breached the subject contract.

WHEREFORE, the Defendants herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, pray that this Honorable Court enter a judgment against Nationwide Life Insurance Company in their favor for $500,000 together with interest, court costs and attorney fees for damages so wrongfully sustained.

ALBERT L. HOLTZ, P.C.

Dated: 14 June 2011            /s/ Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively state that on 6·20·11 she electronically filed the foregoing and this Proof of Service with the Clerk of the Court using Wiznet E-File & Serve system which will effectuate service upon all counsel of record.

/s/ Lynn Parsons