UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

    Defendants.

Case No. 2:11-cv-12422-AC-MKM

Hon. Avern Cohn

---

Michael F. Schmidt (P25213)
Harvey Kruse, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
248-649-7800

Albert L. Holtz (P15088)
ALBERT L. HOLTZ, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146

John H. Bredell (P36577)
Bredell & Bredell
Attorney for Defendants, William
 & Jennifer Keene
119 N. Huron Street
Ypsilanti, MI 48197
734-482-5000

---

**ANSWER TO COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF
ON BEHALF OF DEFENDANT, WILLIAM KEENE
AND JENNIFER KEENE, AFFIRMATIVE DEFENSES
AND RELIANCE UPON JURY DEMAND**

**ANSWER TO COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF
ON BEHALF OF DEFENDANT, WILLIAM KEENE
AND JENNIFER KEENE, AFFIRMATIVE DEFENSES
AND RELIANCE UPON JURY DEMAND**

NOW COMES, Defendants, William Keene and Jennifer Keene, by and through his attorneys, Bredell & Bredell, and for its answers to Plaintiff's Complaint for Interpleader and Declaratory Relief, states as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Unable to admit or deny.
5. Unable to admit or deny.
6. Unable to admit or deny.
7. Admitted.
8. Admitted.
9. The Keene Defendants deny that the insurance policy was procured by fraud.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.
14. Admitted.
15. Admitted.
16. Unable to admit or deny.

17. Unable to admit or deny.

18. Unable to admit or deny.

19. Unable to admit or deny.

20. Admitted.

21. Unable to admit or deny.

22. The Keene Defendants admit that Nationwide has refused to pay under the terms of the policy.

23. Unable to admit or deny.

24. Unable to admit or deny.

25. The Keene Defendants admit that paragraph 25 correctly sets forth the law but denies that the so called "slayer statute" would apply to the Keenes.

26. The Keene Defendants admit that Plaintiff has correctly set forth Michigan law but denies that this law applies to them.

27. Admitted.

28. Admitted.

29. The Keene Defendants deny that William Keene acted with any intent to feloniously and intentionally kill Gary Lupiloff.

30. The Keene Defendants admit that the Plaintiff has correctly quoted its own policy.

31. The Keene Defendants admit that the Plaintiff has correctly quoted its own policy.

32. The Keene Defendants admit that the Plaintiff has correctly quoted its own policy.

33. William Keene denies that he feloniously and/or intentionally killed Gary Lupiloff or was in any way involved in his death.

34. Admitted.

35. William Keene denies that he committed any fraud in obtaining an insurance policy and further denies that he was in any way involved with the death of Gary Lupiloff.

36. Denied.

37. Paragraph 37 sets for the theory and strategy of Plaintiff, Nationwide Life Insurance Company, and therefore, the Keenes are unable to admit or deny what was in the corporate mind of Nationwide when it filed this complaint.

WHEREFORE, the Keenes request that the declaratory judgment filed by Nationwide be denied and that Nationwide be ordered to pay the proceeds of the insurance policy to William Keene.

Respectfully submitted:

/s/ John H. Bredell
John H. Bredell (P36577)
Attorney for Plaintiff
119 North Huron Street
Ypsilanti, MI 48197
(734) 482-5000
jbredell@bredell.com
P36577

## AFFIRMATIVE DEFENSES

NOW COMES Defendants, William and Jennifer Keene, by and through their attorneys, Bredell & Bredell, and by way of affirmative defenses avers as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to set forth sufficient facts that the Keenes committed any type of fraud.

3. Plaintiff has failed to set forth any facts that William Keene was involved in the death of Gary Lupiloff.

4. Defendants, William and Jennifer Keene, reserve the right to plead such additional affirmative defenses that may become known upon completion of discovery.

Respectfully submitted:

/s/ John H. Bredell
John H. Bredell (P36577)
Attorney for Plaintiff
119 North Huron Street
Ypsilanti, MI  48197
(734) 482-5000
jbredell@bredell.com
P36577

## RELIANCE UPON JURY DEMAND

NOW COMES Defendants, William Keene and Jennifer Keene, by and through their attorneys, **BREDELL and BREDELL** by John H. Bredell, and hereby rely upon the Jury Demand previously filed by the Plaintiff and by the implied payment by Plaintiff of all required fees.

/s/ John H. Bredell
John H. Bredell
Attorney for Plaintiff
119 N. Huron Street
Ypsilanti, Michigan  48197
Phone:  (734) 482-5000
E-mail:  jbredell@bredell.com
P36577

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2011, I electronically filed the foregoing paper and all exhibits with the Clerk of the Court, using the ECF system which will send notification of such filing to the following: Michael F. Schmidt, Harvey Kruse, P.C., 1050 Wilshire Drive, Suite 320, Troy, MI 48084.

/s/ John H. Bredell
John H. Bredell
Attorney for Plaintiff
119 N. Huron Street
Ypsilanti, Michigan 48197
Phone: (734) 482-5000
E-mail: jbredell@bredell.com
P36577