UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter Defendant,

v.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs

v.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

Case No. 2:11-cv-12422-AC-MKM

Hon. Avern Cohn

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>248-649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants, William<br>& Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>734-482-5000 |

Albert L. Holtz (P15088)
ALBERT L. HOLTZ, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146

---

## CROSS DEFENDANTS' ANSWER TO CROSS PLAINTIFF'S CROSS COMPLAINT
### (Document 16)

NOW COME the Cross Defendants and hereby answers Cross Plaintiff's Cross Complaint as follows:

1. Admitted.

2. Unable to admit or deny the residency of Monica Lynn Lupiloff.

3. Unable to admit or deny the residency of Nicole Renee Lupiloff or whether she is the duly qualified personal representative of the Estate of Gary Lupiloff.

4. Cross Defendants admit that Gary Lupiloff was murdered on July 13, 2010, but are unable to admit whether he died within an hour of the shooting.

## COUNT I
### The Insurance Policy

5. No answer required.

6. Admitted that when the policy was first taken out the Cross-Plaintiffs were contingent beneficiaries on the Nationwide Insurance Policy, but as to the remainder of the allegations, specifically, that Cross Defendant, William Keene, had any involvement with the death of Gary Lupiloff is denied. Further, Cross Defendants have no knowledge as to what Cross Plaintiffs possessed as to the issuance of said policy.

7.      Admitted.

8.      Denied as untrue.

9.      Denied as untrue.

10.     Denied that William Keene or Jennifer Keene are prohibited from collecting under the insurance policy, as neither of them had anything to do with the death of Gary Lupiloff.

WHEREFORE, Cross Defendants, William and Jennifer Keene, seek dismissal of Cross Plaintiff's Cross Complaint together with an award of interest and attorney fees for the filing of a frivolous action.

## COUNT II
### Wrongful Death

11.     No answer required.

12.     Denied that Cross Defendant William Keene had any involvement with the murder or death of Gary Lupiloff.

13.     Denied as untrue.

14.     Cross Defendants are unable to admit or deny as to the allegation in Paragraph 14 but assume that Gary Lupiloff's death may have caused emotional pain and suffering to his family.

15      Denied that either of the Keenes had anything to do with or had any knowledge regarding the death of Gary Lupiloff prior to learning of the death through the media.

16.     Cross Defendants assume that the death of Gary Lupiloff may have cost the family money but are unable to admit or deny whether or not these loses have been

compensated.

17.     Cross Defendants admit that the Cross Plaintiffs are seeking damages but deny that the death was in any way caused by William Keene or that the Keene Cross Defendants are in any way liable to the Lupiloffs for anything whatsoever.

WHEREFORE, Cross Defendants, William and Jennifer Keene, seek dismissal of Plaintiff's Cross Complaint together with an award of interest and attorney fees for the filing of a frivolous action.

                                                    Respectfully submitted,

Dated:  June 30, 2011                               /s/ _____
                                                    John H. Bredell (P36577)
                                                    Attorney for Cross Defendants William
                                                    and Jennifer Keene
                                                    Bredell and Bredell
                                                    119 North Huron
                                                    Ypsilanti, Michigan 48197
                                                    (734) 482-5000

## AFFIRMATIVE DEFENSES

NOW COMES Cross Defendants, William and Jennifer Keene, by and through their attorneys, Bredell and Bredell, and by way of affirmative defenses avers as follows:

1.     Cross Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Cross Plaintiffs have failed to set forth sufficient facts that the Cross Defendants committed any type of fraud.

3.     Cross Plaintiffs have failed to set forth any facts that Cross Defendant,

4

William Keene, was involved in the death of Gary Lupiloff.

4. Cross Defendants, William and Jennifer Keene, reserve the right to plead such additional affirmative defenses that my become known upon completion of discovery.

5. Cross Plaintiff's complaint for wrongful death is improperly pled, pursuant to Fd R Civ P 22, in this interpleader claim.

Respectfully submitted,

Dated: June 30, 2011

/s/
John H. Bredell (P36577)
Attorney for Cross Defendants William and Jennifer Keene
Bredell and Bredell
119 North Huron
Ypsilanti, Michigan 48197
(734) 482-5000

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendants/Cross-Defendants Answer to Defendants/Counter-Plaintiffs and Cross-Plaintiffs Cross Complaint was served upon the attorneys of record of all parties to the above cause at their respective addresses disclosed by the pleadings on the 30th day of June, 2011, via:

☑ U.S. Postal Service  ☐ FAX
☐ Hand Delivery  ☐ Overnight Courier
☐ Certified Mail  ☐ Other:

Glenda L. Svetkovich