**Janice Albertson**

| | |
|---|---|
| **From:** | cmecfadmin@mied.uscourts.gov |
| **Sent:** | Monday, June 20, 2011 2:30 PM |
| **To:** | cmecfadmin@mied.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-12422-AC-MKM Nationwide Life Insurance Company v. Keene et al Answer to Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of Michigan**

**Notice of Electronic Filing**

The following transaction was entered by Holtz, Albert on 6/20/2011 at 2:29 PM EDT and filed on 6/20/2011
| | |
|---|---|
| **Case Name:** | Nationwide Life Insurance Company v. Keene et al |
| **Case Number:** | 2:11-cv-12422-AC-MKM |
| **Filer:** | Monica Lynn Lupiloff |
| **Document Number:** | 6 |

**Docket Text:**
**ANSWER to Complaint with Affirmative Defenses by Monica Lynn Lupiloff. (Holtz, Albert)**

**2:11-cv-12422-AC-MKM Notice has been electronically mailed to:**

Albert L. Holtz      aholtz@lipsonneilson.com

John H. Bredell      jbredell@bredell.com, cjoseph@bredell.com, lbredell@bredell.com

Michael F. Schmidt      mschmidt@harveykruse.com

**2:11-cv-12422-AC-MKM Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047317467 [Date=6/20/2011] [FileNumber=4343662-0
] [b46958015866954fd7d2a9ffb05067540c4bee3a8e9dc05cee522ca9c6d9d969e1c
b06bf5e8f69cb04007697e93dfa88da4d1aac54a01fbee01224aa0246d72d]]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,

vs                              Case: 2:11-cv-12422-AC-MKM
                                     Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

       Defendants.

| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
|---|---|
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nichole Lupiloff, |
| 248 649-7800 | Personal Representative of the |
| | Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

**DEFENDANTS' ANSWER TO COMPLAINT FOR INTERPLEADER
AND DECLARATORY RELIEF**

**NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES**

**CERTIFICATE OF SERVICE**

        NOW COME the Defendants herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff

and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff ,

Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and in response to Plaintiff's

Complaint answer as follows:

        1. Neither admitted nor denied for want of sufficient information.

1

Case 2:11-cv-12422-AC-MKM Document 6 Filed 06/20/11 Page 2 of 6

2.  Neither admitted nor denied for want of sufficient information.

3.  Neither admitted nor denied for want of sufficient information.

4.  Denied.  Monica Lynn Lupiloff is a resident of Chicago, Cook County, Illinois.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

9.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

10.  Admitted.

11.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

12.  Denied as untrue.

13.  Denied as untrue.

14.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

15.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

16.  Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

17.  Admitted.

18.  Admitted.

19. Admitted.

20. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

21. Admitted.

22. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

23. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

24. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

25. Admitted.

26. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

27. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

28. Admitted.

29. Admitted.

30. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

31. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

32. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

33. Admitted.

34. Denied for the reason that said allegations are untrue.

35. Admitted that there was fraud, denied that Plaintiff can return the premiums.

36. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

37. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

## NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

**TO:**   Clerk of the Court and Michael F. Schmidt

PLEASE TAKE NOTICE that prior to or at the time of trial the Defendants will assert the following Special and/or Affirmative Defenses:

### First Affirmative Defense

1. Breach of contract / third-party beneficiary contract.

### Second Affirmative Defense

2. The Complaint fails to state a cause of action upon which relief can be granted.

### Third Affirmative Defense

3. The frauds of Defendants William Keene and Jennifer Keene.

### Fourth Affirmative Defense

4. Laches / failure to bring this action in an appropriate time.

### Fifth Affirmative Defense

5. Doctrine of unclean hands. Nationwide and/or its agents dealt with the life insurance policy (hereinafter "Policy") and change of ownership and beneficiary forms without checking the *bone fides* of the beneficiaries or the *bone fides* of the signatures

4

### Sixth Affirmative Defense

6.  Jurisdiction and venue; the parties are residents of multiple states.

### Seventh Affirmative Defense

7.  Improper venue.

### Eighth Affirmative Defense

8.  Plaintiff has incurred no damages.

### Ninth Affirmative Defense

9.  Barred by the Statute of Frauds.  There is no verification of the change of beneficiary by the Plaintiff.

### Tenth Affirmative Defense

10.  Coercion, fraud and/or duress.  Decedent was fraudulently induced by the Keenes to sign said documents, or his signature was forged.

### Eleventh Affirmative Defense

11.  MCLA; MCL 2083(4).

### Twelfth Affirmative Defense

12.  Jennifer Keene was an accomplice on information and belief or aware of the illegal acts committed by her husband.

### Thirteenth Affirmative Defense

13.  Fraud, committed by Defendants, Keenes, on decedent and Plaintiff.

### Fourteenth Affirmative Defense

14.  The failure of Plaintiff to investigate the facts of this case.

### Fifteenth Affirmative Defense

15.  The negligence, carelessness and/or gross or willful misconduct in failing to question further the motives of issues of the subject Policy.

5

### Sixteenth Affirmative Defense

16. The failure of Plaintiff to question the motive for change and failure to authenticate the signatures made during the change, and failure to provide an approval or authentication.

### Seventeenth Affirmative Defense

17. Unjust enrichment; Plaintiff collected premiums on a Policy for which it has decided not to pay because of legal issues not propounded by Defendant Estate or the surviving daughters.

### Eighteenth Affirmative Defense

18. Demand for responses to these Special and/or Affirmative Defenses is hereby made.

### Nineteenth Affirmative Defense

19. Defendants reserve the right to amend their Special and/or Affirmative Defenses.

ALBERT L. HOLTZ, P.C.

Dated: 14 June 2011        /s/    Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively
state that on 6/20/11 she electronically filed
the foregoing and this Proof of Service with the
Clerk of the Court using Wiznet E-File & Serve
system which will effectuate service upon
all counsel of record.

/s/ Lynn Parsons