UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

Case No.  11-cv-12422-AC-MKM
Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants.
_____/

| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
|---|---|
| Attorneys for Plaintiff | Attorney for Monica Lupiloff, Nicole Lupiloff |
| 1050 Wilshire Drive, Suite 320 | and Nicole Lupiloff, Per Rep of the Estate of |
| Troy, MI 48084 | Gary Lupiloff, Deceased |
| (248)649-7800 | 3910 Telegraph Road, Suite 200 |
| | Bloomfield Hills, MI 48302 |
| | (248)593-5000 |

_____/

### REPLY BY PLAINTIFF, NATIONWIDE LIFE INSURANCE COMPANY, TO AFFIRMATIVE DEFENSES BY DEFENDANT MONICA LYNN LUPILOFF

NOW COMES the plaintiff, Nationwide Life Insurance Company, by and through its attorneys HARVEY KRUSE, P.C. and for its reply to the special and/or affirmative defenses of the defendant, Monica Lynn Lupiloff, states as follows:

1. That the plaintiff denies affirmative defense 1 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

2. That the plaintiff denies affirmative defense 2 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

3. That the plaintiff has alleged potential fraud in its complaint.

HARVEY KRUSE  A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS  1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

1

4. That the plaintiff denies affirmative defense 4 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

5. That the plaintiff denies affirmative defense 5 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

6. That the plaintiff denies affirmative defense 6 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

7. That the plaintiff denies affirmative defense 7 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

8. That the purpose of the interpleader is to prevent the plaintiff from incurring damages contrary to law.

9. That the plaintiff denies affirmative defense 9 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

10. That the plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in affirmative defense 10.

11. That no response is made to affirmative defense 11 because there is no such thing as MCL 2083(4).

12. The plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in affirmative defense 12.

13. That the plaintiff has raised potential fraud in its complaint.

14. That the plaintiff denies affirmative defense 14 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

15. That the plaintiff denies affirmative defense 15 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

16. That the plaintiff denies affirmative defense 16 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

17. That the plaintiff denies affirmative defense 17 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

18. The plaintiff has responded to the special and/or affirmative defenses.

19. That the plaintiff denies affirmative defense 19 because the defense is untrue and contrary to the facts and an incorrect statement of the law.

WHEREFORE, the plaintiff, Nationwide Life Insurance Company, requests that:

(a) Each defendant be restrained from commencing any action against the plaintiff Nationwide on the policy;

(b) Judgment be entered that no defendant is entitled to proceeds of the policy or any part of it and that judgment be entered in favor of the plaintiff Nationwide that it may retain the Death Benefit and return the premium payments to the Owner; or

(c) If the court determines that the plaintiff Nationwide is not entitled to retain the proceeds of the policy, that the court determine which of the defendants are entitled to recover the Death Benefit under the policy and the plaintiff Nationwide be discharged from all liability upon payment of the Death Benefit to that defendant; and

(d) Nationwide be entitled to recover its costs and attorney fees.

> Respectfully submitted,
> HARVEY KRUSE, P.C.
>
> BY: /s/Michael F. Schmidt
> Michael F. Schmidt (P25213)
> 1050 Wilshire Dr., Suite 320
> Troy, Michigan 48084-1526
> (248) 649-7800

DATED: July 7, 2011

3

## CERTIFICATE OF SERVICE

I hereby certify that Janice A. Albertson electronically filed the foregoing pleading on 7-8-11 with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record.

/s/Janice A. Albertson
Secretary to Michael F. Schmidt

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4