UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.

Case No. 11-cv-12422-AC-MKM
Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213<br>Nathan Peplinski P66596<br>Attorneys for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248)649-7800 | Albert L. Holtz P15088<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Per Rep of the Estate of<br>Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48302<br>(248)593-5000 |

HARVEY KRUSE
ATTORNEYS & COUNSELORS A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

John H. Bredell P36577
Attorney for Keenes
119 N. Huron Street
Ypsilanti, MI 48197
(734)482-5000

Geoffrey N. Fieger P30441
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248)355-5555

/

**PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S MOTION TO STRIKE DEFENDANTS/CROSS-PLAINTIFFS' WRONGFUL DEATH CLAIM**

PLEASE TAKE NOTICE that on a date and time to be set by the court, or as soon thereafter as counsel can be heard by the Honorable Avern Cohn in his Courtroom, Plaintiff Nationwide Life Insurance Company (Nationwide) will move to strike the defendants/cross-plaintiffs' wrongful death claim raised as Count II in the Cross-Complaint. Nationwide brought the original action as an interpleader. The purpose of interpleader is to determine the rightful recipient, if any, of a finite amount of funds to which multiple parties can or have made a claim. In this case, the determination must be made about who, if any, of the defendants should recover the proceeds of the relevant insurance policy. This case presents a distinct and finite issue. It is not the appropriate forum for all tangentially related issues existing between the defendants. The wrongful death claim unnecessarily confuses and complicates this matter. It does not belong in this suit.

Pursuant to Local Rule 7.1, Nationwide made contact with defendants' attorney explaining the nature of the request. Defendants' attorneys refused to agree to strike the pleading.

Nationwide bases this motion on the records and files in this case and supports it with the accompanying memorandum of law and the required separate statement of material facts.

HARVEY KRUSE
ATTORNEYS & COUNSELORS A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice to all attorneys of record.

    By: /s/Michael F. Schmidt
       Michael Schmidt (P25213)
       Attorney for Defendant
       1050 Wilshire Drive, Suite 320
       Troy, Michigan 48084-1526
       (248) 649-7800
       mschmidt@harveykruse.com

Dated: September 13, 2011

Respectfully submitted,
HARVEY KRUSE, P.C.

By: /s/Michael F. Schmidt
   Michael Schmidt (P25213)
   Attorney for Defendant
   1050 Wilshire Dr., Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800
   mschmidt@harveykruse.com

HARVEY KRUSE   ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.

Case No. 11-cv-12422-AC-MKM
Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213<br>Nathan Peplinski P66596<br>Attorneys for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248)649-7800 | Albert L. Holtz P15088<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Per Rep of the Estate of<br>Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48302<br>(248)593-5000 |

HARVEY KRUSE  ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

## MEMORANDUM OF LAW IN SUPPORT OF NATIONWIDE'S MOTION TO STRIKE THE WRONGFUL DEATH COUNT

### ISSUE PRESENTED

Whether the defendants/cross-plaintiffs inappropriately added a wrongful death action to this interpleader suit which is focused on the proper distribution of insurance policy funds.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

1

## CONTROLLING AUTHORITY

This matter is controlled by FRCP 13(g).

## INTRODUCTION

Nationwide Life Insurance Company (Nationwide) is facing multiple claims for the proceeds of the life insurance policy issued on the life of Gary Lupiloff. Claims have been made by William Keene (William) as the listed beneficiary and by Nicole Lupiloff (Nicole) and Monica Lupiloff (Monica) as alleged contingent beneficiaries. William claims to be a business partner who demanded that Gary Lupiloff obtain the policy to supposedly protect the business transaction between the two of them. Nicole and Monica were Gary Lupiloff's daughters. Nicole and Monica have alleged that William murdered Gary Lupiloff for the insurance proceeds with William's wife, Jennifer Keene's (Jennifer), knowledge and that this disqualifies William and Jennifer from claiming under the policy. William and Jennifer dispute this point and claim that William is the proper beneficiary. Jennifer was added as a contingent beneficiary in place of Monica and Nicole prior to Gary Lupiloff's death. Monica and Nicole claim that this change was fraudulent. Nationwide's argument is that the entire transaction was fraudulent and that the policy was obtained with the purpose of killing Gary Lupiloff from the very beginning. If this is the case, the policy is void from its inception, and thus, there are no death benefits owing to anyone. Nationwide would return the premiums paid on the policy to the proper premium payor(s). Therefore, there are multiple parties asserting the right to claim the funds (the death benefit). This creates the need for an interpleader action so that there will be one determination of who is actually entitled to these funds.

Nationwide filed an interpleader action in this Court on June 3, 2011 against William, Jennifer, Nicole, Monica, and Gary Lupiloff's estate, after William, Nicole, Monica and Gary

2

Lupiloff's estate all claimed the death benefit from Nationwide. (Exhibit 2) All of the defendants provided answers to the interpleader complaint. Nicole, Monica and Gary Lupiloff's estate also filed a cross complaint against William and Jennifer. (Exhibit 13) Count I of the cross complaint was essentially a restatement of Nicole, Monica, and the estate's position in the interpleader action. It alleges that William committed fraud and is not entitled to recover under the insurance policy pursuant to the Michigan slayer statute. (Exhibit 13, ¶¶ 5-10) Count II, however, adds a completely new issue to the case. In Count II, Gary Lupiloff's estate raises a wrongful death claim against William and Jennifer. The wrongful death claim does not relate to the funds at issue in the insurance policy. It seeks an additional $3,500,000 over and above any proceeds of the Nationwide insurance policy. (Exhibit 13, ¶¶ 11-17)

## ARGUMENT

Interpleader is an ancient equitable doctrine allowing a determination of who may be entitled to certain funds when there are multiple claims for those funds:

> The "admirable remedy" of interpleader has been in existence for over 600 years. It originated in the common-law courts as a device that could be used by a defendant in a limited number of circumstances for protection from double vexation upon a single liability. [*Wright & Miller*, 7 Fed Prac & Proc Civ § 1701 (3d Ed).]

The general purpose of interpleader is "to join all the claimants in one forum to avoid the vexation of multiple suits and liability for disbursing the funds to the wrong person." *First Trust Corp v Bryant*, 410 F3d 842, 855 (CA 6, 2005). *Wright & Miller*, 7 Fed Prac & Proc Civ § 1702 (3d Ed) further explains:

> Even if the stakeholder denies liability, either in whole or in part, to one or more of the claimants, interpleader still protects the stakeholder from the vexation of multiple suits and the possibility of multiple liability that could result from adverse determinations in different courts. Thus, interpleader can be employed to reach an early and effective determination of disputed questions with a consequent saving of trouble and expense for the parties.

The federal court system has two forms of interpleader, statutory and rule interpleader. Rule interpleader is controlled by FRCP 22. This case is proceeding under this rule. FRCP 22 provides:

> (a) Grounds.
> > (1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> > > (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> > > (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
> > (2) *By a Defendant.* A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
> (b) Relation to Other Rules and Statutes. This rule supplements--and does not limit--the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to--and does not supersede or limit--the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

Technically, this case would be an action "in the nature of interpleader." "An action in the nature of interpleader is distinguishable from a true interpleader action, in that the complainant need not be without interest in the subject matter which is claimed by two or more persons, and he or she may seek some affirmative equitable relief." 48 CJS Interpleader § 7. Courts handle the two types of cases in the same manner, and there is little actual distinction between the two:

> Aside from the distinction as to the interest of the plaintiff, actions in the nature of interpleader are identical to traditional interpleader suits. Therefore, a bill in the nature of a bill of interpleader and a bill of interpleader ordinarily are governed by the same general principles. Like an interpleader action, a proceeding in the nature of interpleader is one in equity and it invokes the equitable principles underlying interpleader. [48 CJS Interpleader § 7.]

While interpleader is intended to deal with all of the potential claims regarding a fund of money, it is not intended to be a device to handle all possible suits in any way tangentially related to that fund:

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4

> We recognize, of course, that our view of interpleader means that it cannot be used to solve all the vexing problems of multiparty litigation arising out of a mass tort. But interpleader was never intended to perform such a function, to be an all-purpose 'bill of peace.' . . . None of the legislative and academic sponsors of a modern federal interpleader device viewed their accomplishment as a 'bill of peace,' capable of sweeping dozens of lawsuits out of the various state and federal courts in which they were brought and into a single interpleader proceeding. [*State Farm Fire & Cas Co v Tashire*, 386 US 523, 535-536; 87 S Ct 1199; 18 L Ed 2d 270 (1967).]

In this case, there is a lack of complete diversity between Nicole, Monica, Gary Lupiloff's estate and William, and Jennifer. Nicole, William and Jennifer are all Michigan residents, and the estate is open in Michigan. Wrongful death is a state law claim per the wrongful death statute, MCL 600.2922. MCL 600.2922(2) limits wrongful death causes of action to the personal representative of the estate. In this case, the estate seeks to have this Court extend supplemental jurisdiction over the state-law cross claim for wrongful death asserted by the estate against William and Jennifer. Without supplemental jurisdiction, this state law wrongful death claim between non-diverse parties would not be within this Court's jurisdiction.

The limitation on the joining of claims to the interpleader action has been expanded to include limitations on cross-claims that may be brought by defendants. A court has the right to decline supplemental jurisdiction over a cross claim "where no federal policy of economy will be served by the court retaining jurisdiction." 44B Am Jur 2d Interpleader § 27. This treatise elaborates:

> Supplemental jurisdiction does not exist where the supplemental and interpleader claims lack sufficient congruency, with respect to both the property involved and the transactions from which they arose. [44B Am Jur 2d Interpleader § 27.]

FRCP 13(g) sets the standard for supplemental or ancillary jurisdiction for cross claims:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim *arises out of the transaction or occurrence* that is the subject matter of the original action or of a counterclaim, or if the claim *relates to any property that is the subject matter of the original action*. The crossclaim may

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526    248-649-7800

5

include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. [Emphasis added.]

It has long been recognized that ancillary jurisdiction can be a confusing area of law:

It has been said that the doctrine of ancillary jurisdiction providing for joinder of claims in the federal courts is the child of necessity and the sire of confusion. [*LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa Italy v Alexander*, 414 F2d 143, 144 (CA 6, 1969), citation omitted.]

In order to avoid some of this confusion, a "logical relationship" test has been established to determine the appropriateness of cross claims. *Id.* at 147. "Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders v First Nat'l Bank & Trust Co in Great Bend*, 936 F2d 273, 277 (CA 6, 1991).

The wrongful death claim in this action cannot meet this requirement.

While there is some relationship between the claims, the wrongful death action will require substantially different proofs and evidence from the original interpleader claim. The original interpleader action is limited to the question of one distinct fund of money and the question of which party is properly entitled to that fund, if any. The wrongful death action will involve specific proof of the alleged murder, and additional proofs regarding the resulting damages from that murder, including medical expenses, funeral expenses, burial expenses, pain and suffering suffered by Gary Lupiloff, loss of financial support from Gary Lupiloff, loss of gifts from Gary Lupiloff, loss of parental training and guidance from Gary Lupiloff, loss of society and companionship with Gary Lupiloff, mental anguish, shock, mortification, and other such losses to Gary Lupiloff's family and the beneficiaries of his estate. See MCL 600.2922(6).

These separate wrongful death issues will require significant discovery that otherwise would *not* be at issue in the case. This would slow any discovery process and add unnecessary

6

issues and evidence to any trial that may occur in this matter.[1] The wrongful death action would also require this Court to become involved in Gary Lupiloff's estate. The wrongful death statute, MCL 600.2922, requires a motion to distribute the proceeds from any recovery. MCL 600.2922(6)(a). Any potential claimant under Gary Lupiloff's estate would have to be provided notice of the motion and included in the proceeds and in a hearing on the motion. MCL 600.2922(6)(b)-(c). This is a drastic complication of the case that would not otherwise exist.

Moreover, the wrongful death action is not related to the funds giving rise to the original action. The claim for wrongful death seeks damages completely separate from the proceeds from the insurance policy. In fact, the requested damages for the wrongful death action are seven times more than the proceeds of the insurance policy. (Exhibit 13, Count II) Therefore, this case will be transformed from a federal interpleader action to primarily a state law wrongful death action. The addition of issues not directly related to the fund and the complication of the interpleader action are exactly what is sought to be avoided under the logical relationship test and the limitations on supplemental jurisdiction for interpleader actions. 44B Am Jur 2d Interpleader § 27.

Allowing a cross claim "is a doctrine of discretion, not of plaintiff's right." *Coleman v Casey Co Bd of Ed*, 686 F2d 428, 430 (CA 6, 1982). The exercise of this discretion should be weighted towards avoiding state law claims if they do not need to be decided by the federal court:

> In exercising that discretion, a district court "should avoid needless decisions of state law ... both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law." *Grubb v. W.A. Foote Memorial Hospital, Inc.*, 741 F.2d 1486, 1499 (1984). This rule is based on the desirability of having a reliable and final determination

---

[1] In fact, the inclusion of the wrongful death dispute may require a trial where the original interpleader action may be decided as a matter of law on motions for summary judgment.

7

of state claims made by state courts-which have more familiarity with the controlling principles and the authority to render a final judgment. [*US v Confederate Acres Sanitary Sewage & Drainage Systems Inc*, 935 F2d 796, 800 (CA 6, 1991).]

In this case, a proper exercise of this discretion would be to strike the addition of the wrongful death action. The wrongful death action does not meet the requirements of FRCP 13(g). The wrongful death action does not arise out of the same "transaction or occurrence" as the interpleader action. The interpleader action deals with the insurance policy, its terms, its purchase, its proper beneficiaries, and potential fraud in obtaining the policy. The wrongful death action deals exclusively with the murder and its resulting damages. Therefore, the wrongful death action does not satisfy the requirements of FRCP 13(g).

The only other means of satisfying FRCP 13(g) is to show that the wrongful death action "relates to any property that is the subject matter of the original action." As noted above, the wrongful death action is completely separate from the claim for the proceeds of the insurance policy. It seeks damages separate and far beyond the proceeds of the insurance policy. (Exhibit 13, Claim II) Therefore, this means of satisfying FRCP 13(g) is also not met.

Because FRCP 13(g) is not satisfied, the cross claim cannot raise the wrongful death action. FRCP 13(g). This Court should exercise its discretion and deny the request to join the action, which should be litigated in the state court. *Confederate Acres Sanitary Sewage & Drainage Systems Inc*, 935 F2d at 800. There is no "federal policy of economy" served by the court retaining jurisdiction. And the case need not be complicated in this manner. 44B Am Jur 2d Interpleader § 27.

Other courts confronted with similarly tangentially related issues in cross claims have found that such cross claims should be dismissed. This is especially true in cases such as this where the cross claim is not directly related to the funds at issue in the interpleader.

8

In *Amoco Production Co v Aspen Group*, 59 F Supp2d 1112 (D Colo, 1999), Amoco was paying royalties for oil and gas removed from a piece of property. The property was owned by the Hesters. The Hesters transferred the oil and gas rights to the Aspen Group, of which the Hesters served as "trustees." The IRS claimed that the Hesters owed back taxes and that the Aspen Group was merely an alter ego. The IRS demanded Amoco pay the IRS the royalties, but the Aspen Group objected. Therefore, Amoco filed an interpleader regarding the royalties. The Hesters attempted to raise cross claims against the IRS relating to the taxes that were supposedly owed to the IRS. The Court ruled that these cross claims were inappropriate under FRCP 13(g) because they did not specifically relate to the royalties, which were the subject of the original interpleader action:

> In their pleadings, the Hesters raise many issues outside the scope of the subject matter of the original interpleader action and also raise issues relating to property that was not the subject matter of the original action. The interpleader action was initiated by Amoco to determine the correct recipient of oil and gas royalty payments. In their cross-claim pleadings, the Hesters raise questions surrounding other funds and properties levied by the IRS, such as Mr. Hesters' compensation while employed at Federal Express and an account at Prudential Insurance Company. I conclude that only the allegations regarding the improper "collection of Federal tax" with respect to the Amoco royalty payments are properly addressed in the resolution of this cross-claim. All other allegations are outside of the subject matter of the original action and involve property not at issue in that action. [*Id*. at 1119-1120.]

In *Travelers Ins Co v First Nat'l Bank of Shreveport*, 675 F2d 633 (CA 5, 1982), an insurer filed an interpleader because there was a dispute over the proceeds of a life insurance policy. The defendants were diverse to the insurer but not diverse to each other. The defendant bank attempted to assert a cross claim raising challenges to change of beneficiary forms, challenges to a will, and other such challenges. The Court ruled that, for ancillary jurisdiction to exist under FRCP 13(g), the cross claims must "arise from the same core operative facts" and must bear a "logical relationship" to the original interpleader claim. *Id*. at 638. While the cross

HARVEY KRUSE  A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

9

claim involved many of the same facts and was obviously tangentially related to the original interpleader dispute, the Court found no jurisdiction because the decision on the appropriateness of the will and the other documents was not dependent on a determination of who the appropriate recipient of the interpleader funds was. *Id.* at 640. The Court elaborated:

> Looking first at the attempted cross-claims relating to the change of beneficiary forms other than Travelers', it might initially appear that they were all "closely" related to the original claim, as indeed in one sense they undoubtedly were. They were all allegedly executed on the same day, under the same conditions, and by the same person. This does not alter the fact, however, that all these claims did not together constitute an "entire, logically entwined lawsuit," but were instead only a series of "independent and separate" claims, albeit ones involving the same central factual inquiry. To repeat, however, "neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction ...." Owen Equipment, supra, 437 U.S. at 377, 98 S.Ct. at 2404, 57 L.Ed.2d at 284. These same observations can, of course, be made with even greater force with regard to the bank's other attempted cross-claims, i.e., those relating to Kilpatrick's December 16, 1976, power of attorney and his January 16, 1977 will. As before, it simply cannot be said that these claims were "logically dependent" on the resolution of the question as to who was entitled to the proceeds from the Travelers policy.

In *Cherokee Ins Co v Koenenn*, 536 F2d 585 (CA 5, 1976), the insurer filed an interpleader action after a fire because there were disputes regarding which parties were properly named in the policy. The dispute arose out of the sale of a business that was occurring at the time of the fire. *Id.* at 587-588. The buyers asserted a claim regarding the failure to transfer a liquor license as required by the sale agreement. The Court noted that this was a cross claim and found it inappropriate because, while it had connection to the issue in dispute, it did not directly relate to the interpleader action:

> Second, the absence of a "common nucleus of operative fact," United Mineworkers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 228 (1966), defeats any argument that pendent jurisdiction exists over the cross-claim. See generally, 13 C. Wright & A. Miller, Federal Practice & Procedure: Civil s 3567 (1975). The facts which might support the assertion that Koenenn and Turnbough failed to transfer a liquor license at best would relate only tangentially to the facts underlying the interpleader question of the validity of the loss payable clause and consequently the proper distribution of the

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

10

insurance funds. [*Cherokee Ins Co*, 536 F2d at 588.]

In *Bache & Co Inc v Roland*, 375 F Supp 989 (SD NY, 1974), the interpleader action involved approximately $1,500 and shares of stock. Continental Insurance intervened in the interpleader action claiming a right to the funds. But Continental also filed a cross claim against the original defendant alleging a separate tort claim for fraud relating to the shares of stock. *Id*. at 990. The Court noted that the tort claim was based on state law. It stated the accepted law that the federal courts should attempt to avoid needlessly deciding state law claims: "For reasons of economy and federalism, a court should avoid needless decision of state law." *Id*. at 991. The Court also noted that the cross claims should be limited to claims involving the specific funds at issue in the interpleader:

> The scope of litigation, in terms of parties and claims, is normally circumscribed by the confines of the fund. The existence of the fund cannot ordinarily be seized upon as an opportunity for achieving results that exceed the resolution of disputes concerning entitlement to the fund. . . . This is particularly so when no independent basis of federal jurisdiction as to the cross-claim exists. [*Id*. at 990-991.]

The Court exercised its description to disallow the tangentially related state law claim in that case. *Id*. at 991.

In *Northern Natural Gas Co v Grounds*, 292 F Supp 619 (D Kan, 1968) rev'd in part on other grounds by 441 F2d 704 (CA 10, 1971), the interpleader action involved funds from the sale of helium. The involved land owners attempted to file a cross claim asserting contractual issues relating to the collection and sale of the helium. The court found that the cross claims were inappropriate under FRCP 13(g):

> As to landowners' cross-claims, however, for additional royalties on helium or on the value of natural gas as allegedly enhanced by the presence of helium, and for cancellation of leases as to helium for failure to market same, we must agree with the lessee-producers that those claims do not relate to the subject matter of the action. It is true that landowners' claims are founded upon the identical leases upon which lessee-producers base, in important part, their claims

11

to the fund. In interpleader actions, however, the 'subject matter of the action' is not a set of facts, a transaction or other occurrence which gives rise to litigation, but a specific identified fund or property. Claims must not only 'relate' to that property, but be asserted against it, as we view the present law of this Circuit. [*Northern Natural Gas Co*, 292 F Supp at 640.]

The Tenth Circuit affirmed this portion of the district court's ruling. It found no jurisdiction over the cross claim because the "cross-claims have no relation to that fund." *Northern Natural Gas Co v Grounds*, 441 F2d 704, 715 (CA 10, 1971).

In *Allstate Ins Co v McNeill*, 382 F2d 84 (CA 4, 1967), the insurer filed an interpleader action because of multiple potential claimants under a liability policy for an accident between a car and a bus. The named insured and two family members were killed in the accident. The administrator of the estates filed a cross claim against the bus owner and the bus driver for the deaths of the intestates. *Id*. at 86. The Court found the tangentially related tort claims inappropriate under FRCP 13(g): "Of course, cross-claims may be asserted by the Canaty estates under F.R.Civ.P. 13(g) against Queen and McNeill, to attack their claims against the common fund, but for no other purpose." *Id*. at 87.

In *Degree of Honor Protective Ass'n v Charles T Bisch & Son Inc*, 194 F Supp 614 (D Mass, 1961), a life insurance insurer filed an interpleader because a funeral home claimed that it was promised the proceeds of a life insurance policy for funeral expenses. The named beneficiary apparently denied this claim. The funeral home attempted to bring a cross claim against the beneficiary in the interpleader action regarding a separate debt allegedly owed by the beneficiary to the funeral home. *Id*. at 614-615. The Court found that the cross claim was inappropriate under FRCP 13(g) because "the cross-claim bears no relation whatever to this fund . . . it arose out of a separate agreement. . . ." *Id*. at 615.

This case falls in line with all of this precedent. The wrongful death cross claim is not appropriate under FRCP 13(g) because it does not specifically relate to the property at issue in

the interpleader. Appropriate cross claims are those that deal with this fund and not some other dispute between the defendants. "[I]nterpleader was never intended to perform such a function, to be an all-purpose 'bill of peace.'" *State Farm Fire & Cas Co*, 386 US at 535.

## RELIEF REQUESTED

Nationwide respectfully requests that this honorable court dismiss the wrongful death cross claim without prejudice.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice to all attorneys of record.

By: /s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Attorney for Defendant
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com

Dated: September 13, 2011

Respectfully submitted,
HARVEY KRUSE, P.C.

By: /s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Attorney for Defendant
    1050 Wilshire Dr., Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526    248-649-7800