# EXHIBIT

# 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,

vs.

Case No.
Hon.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants.
_____/

Michael F. Schmidt P25213
Attorneys for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248)649-7800
_____/

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

    NOW COMES the plaintiff, Nationwide Life Insurance Company (hereafter "Nationwide"), by and through its attorneys HARVEY KRUSE, P.C. and for its complaint for interpleader and declaratory relief states as follows:

    1.    The plaintiff, Nationwide, is an Ohio corporation with its principal place of business located in Columbus, Ohio, which conducts business in the State of Michigan.

    2.    The defendant, William Keene, is a resident of Ann Arbor, Michigan.

    3.    The defendant, Jennifer Keene, is a resident of Ann Arbor, Michigan.

4. The defendant, Monica Lynn Lupiloff, upon information and belief, is a resident of Oakland County, Michigan.

5. The defendant, Nicole Renee Lupiloff, upon information and belief, is a resident of Oakland County, Michigan.

6. The defendant, Nicole Renee Lupiloff, Personal Representative of the Estate of Gary Lupiloff, Deceased, upon information and belief, is a resident of Oakland County, Michigan.

7. The amount in controversy is in excess of $75,000 exclusive of interest and costs.

8. This action is filed pursuant to FRCP 22 and is an interpleader because there are multiple claimants to the proceeds of a policy of insurance issued by Nationwide which may expose Nationwide to double or multiple liability and thus all potentially claiming parties are joined as defendants and required to interplead.

9. Nationwide also denies liability as to any or all of the claimants if the policy of insurance was procured by fraud.

10. Nationwide issued a life insurance policy, policy number L034804300 insuring the life of Gary H. Lupiloff on 11/28/03 with an initial face amount of $500,000 and listing Gary H. Lupiloff as the "Owner" of the policy, William Keene/ATIMA as the beneficiary and Monica Lynn Lupiloff and Nicole Renee Lupiloff as contingent beneficiaries. (A copy of the policy as issued is attached as Exhibit A)

11. The purpose of the policy as indicated on the New Account/Suitability Form was "to provide coverage over an investor loan for capital purchase."

12. On or about 6/11/04, Nationwide received a change of beneficiary form signed by Gary H. Lupiloff on 4/4/07 which designated William Keene as the primary beneficiary and

2

Jennifer Keene, wife of William Keene, as contingent beneficiary. (Change of beneficiary form attached as Exhibit B)

13. On or about 6/11/04 Nationwide received a change of ownership form signed by Gary H. Lupiloff on 4/4/07 changing the Owner of the policy from Gary H. Lupiloff to William Keene designated as "Business Relationship On File". (Change of ownership form attached as Exhibit C)

14. On or about 7/15/10, Nationwide received a telephone call from William Keene informing Nationwide that Gary H. Lupiloff died on 7/13/10 and that the cause of his death was homicide.

15. On or about 7/15/10 Nationwide emailed a beneficiary claim form and instructions to William Keene for filing a claim for the proceeds of the policy.

16. On or about 7/28/10 Nationwide was informed by a representative of the Royal Oak, Michigan Police Department that it was investigating the death of Gary H. Lupiloff and the next day Nationwide received a search warrant from the Royal Oak Police Department requesting any and all documents related to the Nationwide policy issued to Gary H. Lupiloff.

17. On or about 9/8/10 Nationwide received a letter from attorney Albert L. Holtz, advising that he represented Nicole Renee Lupiloff, Personal Representative of the Estate of Gary H. Lupiloff, Deceased, and Nicole Renee Lupiloff and Monica Lynn Lupiloff, Individually, and asserted a claim for the proceeds of the policy on behalf of one or more of his clients and requested that Nationwide pay no one until a determination was made by a court order which he intended to seek.

18. On or about 12/14/11 Nationwide received a faxed beneficiary claim form for beneficiary Nicole Renee Lupiloff signed 12/13/10. (Copy attached as Exhibit D)

3

19. On or about 12/15/10 Nationwide received a faxed beneficiary claim form for beneficiary Monica Lynn Lupiloff signed 12/14/10. (Copy attached as Exhibit E)

20. On or about 1/4/11 Nationwide received a faxed beneficiary claim form for beneficiary William Keene signed 7/15/10. (Copy attached as Exhibit F)

21. Nationwide was advised by the Royal Oak Police Department that William Keene was a suspect in the murder of Gary H. Lupiloff.

22. On or about 2/2/11 Nationwide advised William Keene that Nationwide could not pay the proceeds of the policy to a person involved in the murder of an insured and that Nationwide could not pay the proceeds in this case because the perpetrator of the crime had not been determined.

23. The Royal Oak Police Department advised Nationwide again on 2/11/11 that William Keene was still a suspect in the death of Gary H. Lupiloff.

24. Nationwide was advised by the Royal Oak Police Department on or about 5/6/11 that the lead suspect in the murder of Gary H. Lupiloff was William Keene.

25. Pursuant to MCL 700.2803 the so-called "slayer statute" an individual who feloniously and intentionally kills the decedent forfeits all benefits with respect to the decedent's estate including any insurance or annuity policy benefits.

26. Specifically MCL 700.2803(4) states that a provision of a governing instrument is given effect as if the killer disclaimed all provisions revoked by this section or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the killer predeceased the decedent.

27. MCL 700.1104(k) defines a "governing instrument" to include an insurance policy.

28. MCL 700.2804(1) provides that a payor or other third party is liable for a

4

payment made or other action taken three or more business days after the payor or other third party actually receives written notice of a claimed forfeiture or revocation under MCL 700.2803.

29. If the policy was initially procured with William Keene as beneficiary, and the ownership then changed to William Keene and the contingent beneficiary changed to Jennifer Keene with the intent to feloniously and intentionally kill the insured, Gary H. Lupiloff, the policy would have been procured by fraud and would be void from its inception.

30. The policy defines the following terms:

BENEFICIARY: The Beneficiary is the person to whom the Death Benefits are paid when the Insured dies. The Beneficiary is named in the application, unless changed.

. . . .

CONTINGENT BENEFICIARY: The Contingent Beneficiary will become the Beneficiary if the named Beneficiary dies prior to the date of the death of the Insured.

CONTINGENT OWNER: The Contingent Owner will become the Owner if the named Owner dies prior to the date of death of the Insured.

DEATH BENEFIT: The Death Benefit means the amount of money payable to the Beneficiary if the Insured dies while this policy is in force.

. . . .

INSURED: The Insured is the person whose life is covered by this insurance policy and named in the application.

OWNER: The Owner is as stated in the application unless later changed and endorsed on this policy. 'You' or 'your' refer to the Owner of this policy.

31. The policy Death Benefit Provision states as follows:

DEATH BENEFIT PROVISION

We will pay the Death Benefit to the Beneficiary when we receive satisfactory proof that the death of the Insured occurred while this policy was in force. The part of any premium paid past the policy

month of death will be added to the amount paid on death. Any amounts owed to us under the Premium Payment Provisions will be deducted from the amount paid on death.

32. The policy contains Owner And Beneficiary Provisions which provide that the owner has all rights under the policy during the lifetime of the Insured, unless otherwise provided, that the Owner may name a Contingent Owner or a new Owner at any time during the lifetime of the Insured, that while the Insured is living, the Owner may change any Beneficiary or Contingent Beneficiary, and that if no Beneficiary is living or in existence when the Death Benefit becomes payable, the insurer will consider the Owner or the Owner's estate to be the Beneficiary:

### OWNER AND BENEFICIARY PROVISIONS

OWNERSHIP: The Owner has all rights under the policy during the lifetime of the Insured, unless otherwise provided. If the Owner dies before the Insured, the Owner's estate becomes Owner of the policy, unless the Owner has provided otherwise.

The Owner may name a Contingent Owner or a new Owner at any time during the lifetime of the Insured. Any new designation of an Owner will automatically revoke any existing designation. Any request for change must be made in writing and recorded at our Home Office. It is effective as of the date the written request is signed. It will not apply to any payment made or action taken by us before it was recorded.

BENEFICIARY: The Beneficiary and Contingent Beneficiary on the Policy Date are named in the application. More than one Beneficiary or Contingent Beneficiary may be named. If more than one Beneficiary is designated when the Death Benefit becomes payable, payment to the survivors will be made in equal shares, or in full to the last survivor, unless some other distribution of proceeds is provided.

If any Beneficiary does or ceases to exist before the Death Benefit becomes payable, that Beneficiary's interest will be paid to any surviving Beneficiaries or Contingent Beneficiaries according to their respective interests, unless you have specified otherwise. If no Beneficiary is living or in existence when the Death Benefit becomes payable, we will consider you or your estate to be the Beneficiary.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS     A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

CHANGE OF BENEFICIARY: While the Insured is living, you may change any Beneficiary or contingent Beneficiary. Any change must be in a written form satisfactory to us and recorded at our Home Office. Once recorded, whether or not the Insured is then alive, the change will take effect as of the date you signed it. It will not affect any payment made or action taken by us before it was recorded. We may require that you send us your policy for endorsement before making a change.

33. Thus, if William Keene, the Owner and Beneficiary, feloniously and intentionally killed Gary H. Lupiloff, William Keene would be prevented by the slayer statute, MCL 700.2803, from recovering under the policy as the Beneficiary or as the Owner in the absence of a Beneficiary.

34. Nicole Renee Lupiloff and Monica Lynn Lupiloff had been replaced as Contingent Beneficiaries before the death of Gary H. Lupiloff, and Gary H. Lupiloff had been replaced as the Owner before his death, and thus Nicole Renee Lupiloff, Monica Lynn Lupiloff, Gary H. Lupiloff and Nicole Renee Lupiloff, as Personal Representative of the Estate of Gary H. Lupiloff, would have no claim under the policy.

35. If there was fraud by William Keene in the issuance and procurement of the policy and for being named beneficiary and for changing the contingent beneficiary to Jennifer Keene, his wife, and to become the Owner of the policy, intending to obtain the policy benefits by feloniously and intentionally killing Gary H. Lupiloff, the policy would be void from its inception and Nationwide would retain the Death Benefit and return the premiums paid.

36. This result would be in accord with equity, the law of fraud, the slayer statute, MCL 700.2803 et seq, and the terms and provisions of the policy.

37. Nationwide has filed this complaint for interpleader and declaratory relief for the court to determine whether the policy is void based on the fraud of some or all of the defendants,

and in the event that the policy is not void due to the fraud of some or all of the defendants, which of the defendants is the appropriate payee of the Death Benefit of the policy.

WHEREFORE, the plaintiff, Nationwide Life Insurance Company, requests that:

(a) Each defendant be restrained from commencing any action against the plaintiff Nationwide on the policy;

(b) Judgment be entered that no defendant is entitled to proceeds of the policy or any part of it and that judgment be entered in favor of the plaintiff Nationwide that it may retain the Death Benefit and return the premium payments to the Owner; or

(c) If the court determines that the plaintiff Nationwide is not entitled to retain the proceeds of the policy, that the court determine which of the defendants are entitled to recover the Death Benefit under the policy and the plaintiff Nationwide be discharged from all liability upon payment of the Death Benefit to that defendant; and

(d) Nationwide be entitled to recover its costs and attorney fees.

Respectfully submitted,
HARVEY KRUSE, P.C.

BY: /s/Michael F. Schmidt
Michael F. Schmidt (P25213)
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
(248) 649-7800

DATED: May , 2011

## DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Nationwide Life Insurance Company, by and through its attorneys HARVEY KRUSE, P.C. and hereby demand a trial by jury.

> Respectfully submitted,
> HARVEY KRUSE, P.C.
>
> BY: /s/Michael F. Schmidt
> Michael F. Schmidt P25213
> 1050 Wilshire Drive, Suite 320
> Troy, Michigan 48084-1526
> (248) 649-7800

DATED: June 3, 2011

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800