# EXHIBIT

# 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
individually, jointly and severally,

    Defendants/Cross-Defendants.

Case: 2:11-cv-12422-AC-MKM
Hon. Avern Cohn

| Michael F. Schmidt (P25213)<br>Attorney for Plaintiff<br>1050 Wilshire Dr, Ste 320<br>Troy MI 48084<br>248 649-7800 | Albert L. Holtz (P15088)<br>ALBERT L. HOLTZ, P.C.<br>Attorney for Monica Lupiloff, Nicole<br>Lupiloff and Nicole Lupiloff,<br>Personal Representative of the<br>Estate of Gary Lupiloff, deceased<br>248 593-5000 |
|---|---|

**CROSS COMPLAINT and CERTIFICATE OF SERVICE**

NOW COME the Defendants/Cross-Plaintiffs herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and for their Cross Complaint state as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Nationwide Life Insurance Company (hereinafter "Nationwide") is an insurance corporation with its principal place of business in Columbus, Ohio.

2. Defendant/Cross-Plaintiff, Monica Lynn Lupiloff, is a resident of Chicago, Cook County, Illinois.

3. Defendant/Cross-Plaintiff, Nicole Renee Lupiloff, is a resident of Oakland County, MI and is also the duly-qualified Personal Representative of the Estate of Gary Lupiloff, her father, Oakland County Probate Court file: 10 330999 DE.

4. On July 13, 2010, Gary Lupiloff was murdered on his premises in Royal Oak, MI. He was shot in the back and died within an hour of the shooting.

## COUNT I
### The Insurance Policy

5. The Cross-Plaintiffs incorporate by reference each and every of the foregoing allegations as though fully set forth herein, and further state:

6. The Cross-Plaintiffs were contingent-beneficiaries of a Nationwide policy in the amount of $500,000 (hereinafter the "Policy") attached hereto as Exhibit A. Cross-Defendant, William Keene, on information and belief, was the alleged killer of Gary Lupiloff, or William Keene allegedly hired someone to kill Gary Lupiloff, for the proceeds of the Policy, which was issued without the knowledge of Cross-Plaintiffs.

2

7. William Keene has filed a claim with Nationwide for the proceeds of the Policy (attached hereto as Exhibit B).

8. Through fraud and/or duress, William Keene was substituted as owner (Exhibit C) and primary beneficiary and Jennifer Keene was substituted as contingent beneficiary in the place of Monica Lupiloff and Nicole Lupiloff (Exhibit D).

9. Gary Lupiloff's signature was allegedly forged on the Change of Beneficiary form the change of ownership form.

10. MCL 700.2803(4) bars William Keene from collecting under the Policy. Further, Jennifer Keene is barred also because of her alleged conspiracy in the killing, fraud and/or duress, and she has failed to file a proof of claim under the Policy.

WHEREFORE, Cross-Plaintiffs pray that this Court enter a judgment in favor of the Cross-Plaintiffs and award them interest, court costs and attorney fees for damages so wrongfully sustained.

## COUNT II
## Wrongful Death

11. The Cross-Plaintiffs incorporate by reference each and every of the foregoing allegations as though fully set forth herein, and further state:

12. William Keene is allegedly believed to have murdered Gary Lupiloff by shooting him, or allegedly hiring an assailant to shoot Gary Lupiloff, in stealth, in the back, and from behind the decedent's premises in Royal Oak, MI.

13. In said shooting, William Keene, was allegedly guilty of gross negligence and/or intentional misconduct resulting in the wrongful death of Gary Lupiloff to the detriment of his family and his estate.

3

14. Gary Lupiloff's death caused him extreme pain and suffering, and caused emotional pain and suffering to his family including, but not limited to, his daughters, Monica Lupiloff and Nicole Lupiloff.

15. Said wrongful death allegedly perpetrated by William Keene was allegedly within the knowledge, information and belief of his wife, Jennifer Keene, who knew or should have known of Keene's heinous act.

16. Gary Lupiloff's family and Estate have expended costs of medical treatment, expenses of his last illness, and funeral, burial and monument expenses, all of which have not been compensated.

17. Cross-Plaintiffs seek damages for wrongful death, pain, suffering, medical expenses, cost of last illness, burial, internment, and monument expenses and exemplary damages for the wrongful death of Gary Lupiloff.

WHEREFORE, Monica Lynn Lupiloff and Nicole Renee Lupiloff seek judgment in the amount of $500,000 plus, interest, court costs and attorney fees, and the Estate of Gary Lupiloff seeks judgment in the amount of $3,500,000 together with interest, court costs and attorney fees and such other and further relief as is justifiable in equity and good conscience.

ALBERT L. HOLTZ, P.C.

Dated: 20 June 2011         /s/ Albert L. Holtz

4