UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.

Case No. 11-cv-12422-AC-MKM
Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213<br>Nathan Peplinski P66596<br>Attorneys for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248)649-7800 | Albert L. Holtz P15088<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Per Rep of the Estate of<br>Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48302<br>(248)593-5000 |

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

### STATEMENT OF MATERIAL FACTS IN SUPPORT OF NATIONWIDE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON UNIFORM TRADE PRACTICES CLAIM

**I.    The Parties and Their Relationships**

1.     Nationwide Life Insurance Company (Nationwide) is an Ohio corporation with its principal place of business located in Columbus, Ohio. (Nationwide Corporate Information, Exhibit 1)

2.     Defendant William Keene (William) is a resident of Ann Arbor, Michigan. (Interpleader Complaint, Exhibit 2, ¶ 2; Keene Defendants' Answer, Exhibit 3, ¶ 2)

3.     Defendant Jennifer Keene (Jennifer) is a resident of Ann Arbor, Michigan. (Exhibit 2, ¶ 3; Exhibit 3, ¶ 3)

4.     Defendant Monica Lynn Lupiloff (Monica) is a resident of Cook County, Illinois. (Lupiloff Defendants' Answer, Exhibit 4, ¶ 4)

5.     Defendant Nicole Renee Lupiloff (Nicole) is a resident of Oakland County, Michigan. (Exhibit 2, ¶ 5; Exhibit 4, ¶ 5)

6.     Nicole is the personal representative of the estate of Gary Lupiloff. (Exhibit 2, ¶ 6; Exhibit 4, ¶ 6)

7.     On November 28, 2003, Nationwide issued Gary Lupiloff a policy of life insurance, Policy No. L034804300, with a face value of $500,000. (Policy, Exhibit 5)

8.     The policy listed Gary Lupiloff as the owner, Gary Lupiloff as the insured,

*HARVEY KRUSE  A PROFESSIONAL CORPORATION*
*ATTORNEYS & COUNSELORS  248-649-7800*
*1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526*

1

William Keene/ATIMA as the primary beneficiary, and Nicole and Monica as contingent beneficiaries. (Exhibit 5)

9. William was Gary Lupiloff's business partner. (Exhibit 5)

10. Nicole and Monica were Gary Lupiloff's daughters. (Exhibit 5)

**II.     The Court's Jurisdiction and Venue**

11. The policy provides for potential coverage greater than $75,000, and thus, the amount in controversy is greater than $75,000. (Exhibit 5)

12. As explained above, the citizenship of the parties is diverse. (Exhibits 1-4)

13. This Court has jurisdiction pursuant to 28 USC 1332(a).

14. This case also involves an interpleader action allowed by FRCP 22.

15. More than one defendant resides in the Eastern District of Michigan.

16. A substantial portion of the events involved in this case occurred in the Eastern District of Michigan.

17. Venue is proper in this Court pursuant to 28 USC 1391.

**III.    The Change of Contingent Beneficiary and Change of Ownership of the Policy**

18. On June 11, 2007, Nationwide received a change of beneficiary form maintaining William as the primary beneficiary but replacing Nicole and Monica as contingent beneficiaries with Jennifer. (Change of Beneficiary Form, Exhibit 6)

19. The change of beneficiary form is signed by Gary Lupiloff with a signature date of April 4, 2007. (Exhibit 6)

20. Also on June 11, 2007, Nationwide was faxed a copy of a change of ownership form. (Change of Ownership Form, Exhibit 7)

21. The change of ownership form designated the new owner as William. (Exhibit 7)

22. This form was signed by both William and Gary Lupiloff with a signature date of

2

April 4, 2007. (Exhibit 4)

### IV. Gary Lupiloff was Murdered, William is a Suspect, Defendants Have Made Conflicting Claims Regarding Their Rights to Recover Under the Policy and Therefore, Nationwide Filed This Interpleader

23. Gary Lupiloff was shot to death on the driveway of his home in Royal Oak, MI on July 13, 2011. (News Report, Exhibit 8)

24. Royal Oak police have informed Nationwide and its attorneys that William is a prime suspect in the Gary Lupiloff murder.

25. Two days after the murder, William sought to recover under the Nationwide policy. (William's Beneficiary Claim Form, Exhibit 9)

26. On September 8, 2010, Nationwide received a letter from Nicole and Monica's attorney asserting a claim to the proceeds of the Nationwide policy. (Claim Letter, Exhibit 10)

27. Nicole submitted a beneficiary claim form on December 13, 2010. (Nicole's Beneficiary Claim Form, Exhibit 11)

28. Monica submitted a beneficiary claim form on December 14, 2011. (Monica's Beneficiary Claim Form, Exhibit 12)

29. Michigan has a "slayer statute," MCL 700.2803, which states that an individual who feloniously and intentionally kills the decedent forfeits all benefits with respect to the decedent's estate including any insurance or annuity policy benefits.

30. Due to the conflicting claims for benefits, the possible elimination of William as a person legally capable of recovering under the policy, and the potential fraud in procuring and maintaining the policy by William and Jennifer with the intent to murder Gary Lupiloff, Nationwide filed this interpleader action. (Exhibit 2)

31. Monica, Nicole, and Gary Lupiloff's estate have filed a cross claim against William and Jennifer in this interpleader action. (Cross-Claim, Exhibit 13)

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

3

32. Monica, Nicole, and Gary Lupiloff's estate allege that William murdered Gary Lupiloff or hired someone to do so. (Exhibit 13, ¶¶10, 12)

33. Monica, Nicole, and Gary Lupiloff's estate allege that Jennifer knew of this murder. (Exhibit 13, ¶ 15)

### V. William and Jennifer File a Counter Complaint Against Nationwide

34. After Nationwide filed its interpleader complaint, William and Jennifer filed a counter complaint against Nationwide on June 17, 2011. (Keene Counter Complaint, Exhibit 14)

35. Count I of William and Jennifer's counter complaint alleges breach of contract. It generally asserts William and Jennifer's position from the interpleader action that they did not murder Gary Lupiloff and are therefore proper beneficiaries under the Nationwide policy. (Exhibit 14 ¶¶ 4-12)

36. Count II of William and Jennifer's counter complaint raises a claim that Nationwide violated the Michigan Uniform Trade Practices Act (UTPA), MCL 500.2006(4), by failing to pay William and Jennifer the policy proceeds after William submitted his beneficiary claim form. (Exhibit 14 ¶¶ 13-16)

37. William and Jennifer allege that the UTPA entitles them to 12% penalty interest for the failure to pay the insurance claim. (Exhibit 14, ¶ 16)

38. It was not possible for Nationwide to pay William's claim because of the disputed claims and the existence of the slayer statute in Michigan. Therefore, Nationwide was forced to file this interpleader action.

39. The interpleader action makes the claim for UTPA penalty interest inappropriate. Therefore, Nationwide files this motion for partial summary judgment.

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice to all attorneys of record.

    By: /s/Michael F. Schmidt
       Michael Schmidt (P25213)
       Attorney for Defendant
       1050 Wilshire Drive, Suite 320
       Troy, Michigan 48084-1526
       (248) 649-7800
       mschmidt@harveykruse.com

Dated: September 13, 2011

Respectfully submitted,
HARVEY KRUSE, P.C.

By: /s/Michael F. Schmidt
   Michael Schmidt (P25213)
   Attorney for Defendant
   1050 Wilshire Dr., Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800
   mschmidt@harveykruse.com

HARVEY KRUSE   ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800