UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,                      Case No. 2:11-cv-12422-AC-MKM

v.                                    Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

        Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI  48084<br>248-649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants, William<br> & Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>734-482-5000 |
| Albert L. Holtz (P15088)<br>ALBERT L. HOLTZ, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff Personal Representative<br>of the Estate of Gary Lupiloff, deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI  48146<br>248-593-5000 | Geoffrey N. Fieger (P30441)<br>Jeffrey A. Danzig (P36571)<br>Attorney for Monica Lupiloff,<br>Nicole Lupiloff and Nicole<br>Lupiloff, Personal Representative<br>of the Estate of Gary Lupiloff,<br>deceased<br>19390 West Ten Mile road<br>Southfield, MI  48075<br>248-355-5555 |

---

**RESPONSE IN OPPOSITION TO NATIONWIDE'S
MOTION FOR SUMMARY DISPOSITION
(DOCUMENT 37)**

**RESPONSE IN OPPOSITION TO NATIONWIDE'S**
**MOTION FOR SUMMARY DISPOSITION**
**(DOCUMENT 37)**

Defendant Nationwide filed this action and styled it as an interpleader.  However, it is not.  Nationwide has provided this court with a scholarly and thorough analysis of the slayer statute in Michigan, but has not come forth with any Michigan cases that stand for the proposition that Bill Keene may not make a counter claim for Nationwide's violation of the Uniform Trade Practices Act, MCL 500.2006.

### Statement of Relevant Facts

The facts of this case can be distilled to a few salient points as they relate to this motion.  There is no dispute that Gary Lupiloff purchased a $500,000 policy of life insurance from Nationwide.  There is also no dispute that defendant Keene had loaned Gary Lupiloff over $125,000 and that Lupiloff failed to repay this loan and that Lupiloff named Keene as the beneficiary of the life insurance policy in an attempt to satisfy this debt that he owed to Keene.  There is also no dispute that when Lupiloff took out the policy, he named his daughters as contingent beneficiaries of the policy.  There is also no dispute that at some point, the ownership of the policy was transferred from Gary Lupiloff to Bill Keene and that as owner of the policy, Keene removed the Lupiloff daughters as contingent beneficiaries and named his own wife, Jennifer Keene as contingent beneficiary.[1]  When ownership of the policy was transferred to Bill Keene, the premium payments were thereafter made by Bill Keene.

---

[1] Because Jennifer stands in line to collect on the policy, she has been named as a defendant by Nationwide to also declare her rights.

Although the Lupiloff daughters now claim that the transfer of the policy to Bill Keene was a forgery, there is no question that Nationwide is in possession of documents that transferred the policy to Bill Keene and named Jennifer Keene as a contingent beneficiary.  After more than a year of Keene paying the premiums on the policy, Gary Lupiloff was murdered in his own driveway.  Because of the existence of the life insurance policy, Keene was named as a "person of interest" by the Royal Oak police.  But it is also not in dispute that Gary Lupiloff had made  many potential enemies as he was a disbarred lawyer and had discharged millions of dollars in bankruptcy before his death. He also owed a substantial amount of money to other "investors" at the time of his death.  Prior to his death, Gary Lupiloff was featured on the local Fox affiliate's "Hall of Shame." He was basically portrayed as a con man.  We are not presenting the character of Gary Lupiloff as "facts" but this does provide a background as to motive for shooting Gary Lupiloff, by any number of people other than William Keene.

**Legal Argument**

The basis of Nationwide's argument is that it is a mere stake holder and therefore it would be unfair to allow Bill Keene to seek attorney fees from Nationwide as it simply wants to pay the proceeds of the policy but needs judicial guidance as whom to pay.  However, Nationwide has not really filed an interpleader action.  Many years ago (as pointed out by Nationwide, Interpleader is an ancient doctrine), our Supreme Court stated:

3

> "The amount due from a plaintiff cannot be the subject of controversy in an action of interpleader; the action can only be maintained when plaintiff admits liability, for the full amount claimed, to one or the other of the claimants." *Baltimore & Ohio R. Co. v. Arthur*, 90 N.Y. 234.
>
> *See Maxim v. Shotwell*, 209 Mich. at p. 84, and cases there cited.
>
> This uncertainty of the exact sum in the hands of the plaintiffs and the necessity for its determination are in themselves fatal to the right to maintain a bill of interpleader. [*Rosewarne v. D. Karle Co.*, 236 Mich. 41 (1926)]

Nationwide has not admitted that it owes the $500,000 dollar proceeds. If this was truly an interpleader, Nationwide would simply tender the $500,000 to the court and leave it to the Defendants to litigate the entitlement to the policy. Instead, Nationwide is claiming that it does not have to pay the proceeds to either of the defendants and claims it can ultimately not pay either of the defendants. So, the amount due the defendants is in dispute. Accordingly, this is not really an interpleader.

The Michigan Court of Appeals has previously addressed the question of whether attorney fees can be awarded in the context of an interpleader action. The Court stated:

> Defendants first argue that the trial court erred in awarding attorney fees to plaintiffs because, as a matter of law, attorney fees cannot be awarded in an interpleader action. We disagree. This issue presents a question of law, which we review de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n, 437 Mich. 75, 80; 467 N.W.2d 21 (1991)*. [*Terra Energy, Ltd v State of Mich, et al*, 241 Mich App 393 (2000)]

And even though it was the plaintiff that was awarded attorney fees in *Terra Energy, supra,* the case stands for the proposition that attorney fees can be awarded in an interpleader action.  But more fundamentally, Nationwide is making an equitable argument.  It is claiming that it is unfair to allow Keene to make a claim for attorney fees and penalty interest, that it wants to pay but cannot.  The truth is, Nationwide has not admitted liability, has not paid the money into the Court and hopes to conclude this litigation by not paying any of the defendants.  Keene has simply claimed Nationwide has breached the contract and he should be entitled to the penalties provided for in the Uniform Trade Practices Act.

Since the Uniform Trade Practices Act is a statutory remedy available to Michigan insureds and Nationwide has not come forward with a single case or other legal authority that   allows it to file an interpleader action and then dispute liability and avoid paying interest and attorney fees, its motion for partial summary judgment should be denied.

                                        Respectfully submitted,

                                        <u>s/John H. Bredell</u>
                                        119 N. Huron Street
                                        Ypsilanti, Michigan  48197
                                        Phone:  (734) 482-5000
                                        E-mail:  jbredell@bredell.com
                                        P36577

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael F. Schmidt, Albert L. Holtz, and Geoffrey N. Fieger/ Jeffrey A. Danzig.

                      s/John H. Bredell
                      119 N. Huron Street
                      Ypsilanti, Michigan  48197
                      Phone:  (734) 482-5000
                      E-mail:  jbredell@bredell.com
                      P36577