UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs.                                         Case No. 11-cv-12422-AC-MKM
                                                          Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

    Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff and Nicole |
| Attorneys for Plaintiff | Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased |
| 1050 Wilshire Drive, Suite 320 | 3910 Telegraph Road, Suite 200 |
| Troy, MI 48084 | Bloomfield Hills, MI 48302 |
| (248)649-7800 | (248)593-5000 |
| | |
| John H. Bredell P36577 | Geoffrey N. Fieger P30441 |
| Attorney for Keenes | Jeffrey A. Danzig P36571 |
| 119 N. Huron Street | Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole |
| Ypsilanti, MI 48197 | Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased |
| (734)482-5000 | 19390 West Ten Mile Road |
| | Southfield, MI 48075 |
| | (248)355-5555 |

_____/

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

**NATIONWIDE'S REPLY TO THE RESPONSE TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE UTPA PENALTY INTEREST CLAIM**

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

Case 2:11-cv-12422-AC-MKM   ECF No. 42, PageID.660   Filed 10/26/11   Page 2 of 8

This case is an action in nature of interpleader brought by plaintiff/counter-defendant Nationwide Life Insurance Company to determine who, if anyone, is entitled to the proceeds of a life insurance policy on the life of the decedent Gary Lupiloff.  Gary Lupiloff was murdered.  Gary Lupiloff's daughters were once contingent beneficiaries on the policy and have accused William Keene (William) and Jennifer Keene (Jennifer) of being involved in their father's murder.  Each side has made claims to Nationwide seeking the proceeds of the insurance policy and asserting that the other side has no rights to those benefits.

Because of the conflict in potential claimants Nationwide filed this action in nature of interpleader as allowed by well established Michigan law and FRCP 22.  Nationwide also raised an additional defense of potential fraud in the procurement of the policy.  If such fraud exists, the policy would be void from the inception.  Nationwide would return the premiums paid but would not have to pay.  William and Jennifer filed a counter-claim seeking penalty interest based on an assertion that Nationwide wrongfully failed to pay their claim for the disputed benefits.  This argument ignores the fact that, regardless of Nationwide's additional defense of potential fraud in the procurement of the policy, there are competing claims by the Keenes and the Lupiloffs, which prevent Nationwide from making any payment and which required that Nationwide file an interpleader action.  Nationwide's additional defense will not cause any delay in payment to justify UTPA penalty interest.  The only cause of the delay is the competing claims by the Keeenes and the Lupiloffs.  Nationwide should not be required to pay penalty interest to the Keenes when it is their competing claim with the Lupiloffs that caused the delay.

### Counter-Plaintiffs Failed to Comply With the Mandatory Briefing Requirements

William and Jennifer failed to comply with the mandatory briefing requirements

-1-

established by Judge Cohn's standing order[1] by failing to file a concise response to the movant's statement of facts. The supposed background "facts" from William and Jennifer should be disregarded as unsupported, improperly presented, and irrelevant to this motion. But as a brief response to the background "facts" offered by William and Jennifer, Gary Lupiloff's disbarment and the "Hall of Shame" investigation both occurred well over a decade before Gary Lupiloff's murder. Nationwide has not been presented with any documentation that Gary Lupiloff owed substantial money to other individuals, and even if such evidence existed, those individuals would not have stood to financially gain from Gary Lupiloff's murder as only William did with the insurance policy.

William was the only creditor to require Gary Lupiloff, who was in his 40's, to take out a term life insurance policy. Thus, he would be the only creditor to recover from that term life insurance policy on the sudden death of Gary Lupiloff. All other creditors would lose the possibility of being paid back at some point by Gary Lupiloff. Moreover, the increasing premiums of a term life policy as Gary Lupiloff aged made the policy less and less valuable to William as the years passed.[2] If Gary Lupiloff died a natural death some 30 years from now, William would see no return on his payments for the life insurance policy. It was only if Gary Lupiloff died at the beginning of the policy when premium payments were low that William would make his recovery. In fact, the premium payment was scheduled to go up tenfold *the year after the murder*. The premium would increase every year thereafter until it topped $400,000 a year. Thus, William was the only person with a financial motive to kill Gary Lupiloff and that financial motive is arguably the only reason for the existence of the term life policy.

---

[1] This is not to mention the fact that William and Jennifer failed to comply with the requirement of Local Rule 7.1(e)(1)(B) by filing their response brief more than two weeks late.

[2] This is because the cost of term life insurance increases as the years pass and the insured ages.

### Actions in Nature of Interpleader are Valid and Well Established

William and Jennifer first argue that their claim for penalty interest for the claimed violation of the Michigan Uniform Trade Practices Act (UTPA), MCL 500.2006(4), should stand because this is not a proper interpleader action. (Response, pp 3-4) Nationwide has already explained this point in its motion. (Nationwide Brief, p 5) This action is in nature of interpleader because Nationwide has a potential interest in the proceeds. See 48 CJS Interpleader § 7. FRCP 22(a)(1)(B) specifically allows for a party to bring an interpleader action despite the fact that "the plaintiff denies liability in whole or in part to any or all of the claimants". Nationwide brought this action pursuant to this federal rule. Contrary to William and Jennifer's assertion (Response, p 5), Nationwide has clearly established its right to bring an action in the nature of interpleader while contesting its responsibility to pay the insurance benefits. FRCP 22 cannot make this point any clearer.

William and Jennifer's argument regarding this point is irrelevant and offers no justification for their claimed right to penalize Nationwide for bringing this action rather than paying them. "Aside from the distinction as to the interest of the plaintiff, actions in the nature of interpleader are identical to traditional interpleader suits. Therefore, a bill in the nature of a bill of interpleader and a bill of interpleader ordinarily are governed by the same general principles." 48 CJS Interpleader § 7. William and Jennifer's counter argument to this hornbook law simply ignores FRCP 22.

Moreover, it is irrelevant that Nationwide raised the additional defense regarding potential fraud in obtaining the policy. This defense was not what prevented Nationwide from paying William and Jennifer and offers no delay to these proceedings. Nationwide could not pay because of the conflicting claims by the defendants to this action. These conflicting claims

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

meant that Nationwide could not pay without facing a claim for double liability from the other claimants. These conflicting claims were what required this action. Nationwide simply raised an additional defense allowed by FRCP 22 when it brought this action to protect all of its potential rights. Nationwide should not be punished with potential penalty interest simply because it raised this additional defense specifically allowed by FRCP 22. UTPA penalty interest is meant to punish delay by an insurer. Nationwide's claim has not caused any delay. The delay is due to the competing claimants and the need to file this action in nature of interpleader.

### The Right of Plaintiffs in an Interpleader Action to Recover Attorney Fees Does Not Justify a Claim for Penalty Interest by an Interpleader Defendant

The only other argument asserted by William and Jennifer for their right to seek penalty interest based on Nationwide exercising its right to bring an action in nature of interpleader is that such a penalty is justified by the fact that interpleader plaintiffs are often allowed to recover attorney fees. (Response, pp 4-5) William and Jennifer rely on *Terra Energy Ltd v State*, 241 Mich App 393; 616 NW2d 691 (2000). That case provides no justification for awarding penalty interest to an interpleader *defendant*. Instead, it focused on the point that the interpleader *plaintiffs* were recovering for the expense of bringing the dispute for resolution, which in the end, benefited the recovering defendants. *Id*. at 399. The Court of Appeals affirmed the trial court's order that directed that the plaintiff's attorney fees be taken out of the escrow funds in dispute. *Id*. at 397. Along these lines, *Terra Energy Ltd* cited to *Star Transfer Line v Gen Exporting Co*, 308 Mich 86; 13 NW2d 217 (1944). In that case, once again the interpleading *plaintiff* was awarded attorney fees but only those that could be taken out of the disputed property. The Court found it would be inequitable to otherwise order the payment of attorney fees. *Id*. at 119-120.

William and Jennifer seek to do the *exact opposite* of what occurred in *Terra Energy Ltd*

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

and *Star Transfer Line*. Where those cases sought to insure that the person filing the interpleader was **not** punished by having to incur attorney fees and costs for taking the action necessary to bring the dispute over the funds to a resolution through interpleader, William and Jennifer seek to punish Nationwide for doing so through imposing penalty interest based on that fact that Nationwide filed this action rather than simply ignoring the dispute and paying William. Further, where *Star Trans Line* and *Terra Energy Ltd* limited the recovery of fees and costs to the funds in dispute, William and Jennifer seek to have Nationwide pay penalties in addition to the disputed funds. Simply, exactly what the Michigan courts found to be inequitable is exactly what William and Jennifer seek to do in this case. William and Jennifer's cited cases not only do not support their proposition in their response, but they actually support the exact opposite conclusion.

William and Jennifer have not cited a single case that would support penalizing Nationwide for bringing this action. Nationwide, on the other hand, has cited ample authority indicating that such a penalty would be inconsistent with both the slayer stature and the purpose of interpleader actions. (Nationwide Brief, pp 12-17) Simply, it is a well accepted rule that "[a]n insurance company should not be compelled to act as judge and jury at its own peril when faced with such [competing] claims . . . . Interpleading the funds is the only realistic remedy." *Metro Life Ins Co v Barretto*, 178 F Supp2d 745, 748 (SD Tex, 2001). William and Jennifer seek to have this Court reject this rule without offering any supporting authority for doing so. Their position is simply without merit and should be rejected.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice to all attorneys of record.

    By: /s/Michael F. Schmidt
       Michael Schmidt (P25213)
       Attorney for Defendant
       1050 Wilshire Drive, Suite 320
       Troy, Michigan 48084-1526
       (248) 649-7800
       mschmidt@harveykruse.com

Dated:  October 26, 2011

Respectfully submitted,
HARVEY KRUSE, P.C.

By: /s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Attorney for Defendant
    1050 Wilshire Dr., Suite 320
    Troy, Michigan  48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800