UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,                 Case No. 11-12422

v.

WILLIAM KEENE, JENNIFER KEENE,          HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE
RENEE LUPILOFF,and NICOLE RENEE
LUPILOFF as personal representative
of the estate of GARY LUPILOFF, deceased,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

v.

WILLIAM KEENE and
JENNIFER KEENE, jointly
and severally,

    Defendants/Cross-Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 37)

### I. Introduction

    This is an insurance case. Nationwide Life Insurance Company (Nationwide) has filed a complaint for interpleader and declaratory relief to determine who is entitled to the proceeds of an insurance policy on the life of Gary Lupiloff. Defendants are a former business partner and primary policy beneficiary William Keene; the contingent beneficiary and William's spouse, Jennifer Keene (collectively, the Keenes); Lupiloff's daughters Nicole and Monica Lupiloff; and the estate of Gary Lupiloff. William Keene filed a claim to collect the proceeds of the life insurance policy after Gray Lupiloff's

murder.  Lupiloff's daughters submitted a claim to the same policy asserting that the Keenes murdered Gary Lupiloff and are therefore barred from recovery of life insurance proceeds by Michigan's "slayer statute" M.C.L. 700.2803. [1]

The Keenes filed a counter complaint against Nationwide alleging breach of contract and violation of the Michigan Uniform Trade Practices Act (UTPA) M.C.L. 500.2006(4) for failure to the policy proceeds.  Violation of the M.C.L. 500.2006 would allow the Keenes to collect 12% interest from Nationwide.  Nationwide asserts that, as a matter of law, the Keenes are not entitled to recover under the UTPA because there is a reasonable dispute over ownership of the policy proceeds.

Now before the Court is Nationwide's motion for partial summary judgment as to the Keenes' counterclaim for violation of the UTPA.  For the reasons that follow, the motion is **GRANTED,** the claim is **DISMISSED** without prejudice.

## II. Background[2]

The material facts as gleaned from the parties' papers follow.  Gary Lupiloff purchased a term life insurance policy on November 28, 2003, with a face value of $500,000 from Nationwide. Lupiloff named his business partner and a creditor, William Keene, as the primary beneficiary and his daughters as contingent beneficiaries. Keene says that he loaned Lupiloff in excess of $125,000 and he asked Lupiloff to purchase the policy to protect his loan.  While Lupiloff owned the policy, he paid the premiums.

---

[1] Commonly referred to as a "slayer statute" a person responsible for an intentional death cannot inherit property or profit from the deceased.

[2] The Keenes failed to file a response to Nationwide's statement of material facts not in dispute (Doc. 38) in accordance with the motion practice guidelines of the Court.

On June 11, 2007, Nationwide received two communications making changes to the policy.  The first was a transfer of ownership from Lupiloff to William Keene.  The second was a change of the contingent beneficiaries from Lupiloff's daughters to Keene's wife.  After the change in ownership, Keene paid the premiums on the policy.  Nicole and Monica Lupiloff contend that these changes were the result of forgery or fraud.

Gary Lupiloff was shot to death in front of his Royal Oak home on July 13, 2011.  Two days later Keene filed a claim to collect the policy's proceeds.  Nationwide says that the Royal Oak police department informed it that William Keene is a prime suspect in Lupiloff's murder.  Nicole and Monica Lupiloff[3] and the estate of Gary Lupiloff also filed claims against the policy to collect its proceeds on the basis that Michigan's slayer statute barred the Keenes from recovering because they were responsible for Lupiloff's death.  M.C.L. 700.2803.

In light of the conflicting claims to the insurance proceeds, Nationwide filed the present suit, which it styles as a complaint for interpleader and declaratory relief.  Nationwide named William and Jennifer Keene, Nicole and Monica Lupiloff, and the estate of Gary Lupiloff as defendants in this case. Nationwide asks the Court to determine whom, if anyone, is entitled to the death benefit.  Nationwide says further that the policy may be void from its inception; if the policy was purchased with the intention to murder Lupiloff no death benefit is due to anyone.

---

[3] In their individual capacities and Nicole Renee Lupiloff in her capacity as personal representative of the estate of Gary Lupiloff.

3

The Keenes filed a counter complaint alleging breach of contract and violation of UTPA for failure to pay under the terms of the policy. Nicole and Monica Lupiloff filed a cross complaint against the Keenes claiming the change in beneficiaries on the policy was procured by fraud or duress and they are the proper beneficiaries under the policy. The Lupiloffs also claim wrongful death and assert the Keenes either committed or arranged the murder of Gary Lupiloff.

### III. Motion for Partial Summary Judgment

The issue before the Court is whether the Keenes can recover 12% penalty interest against Nationwide should they prevail. Nationwide asserts that penalty interest is unavailable when there is legitimate dispute as to the ownership of a policy's proceeds and moves the Court to enter summary judgment in its favor on this claim.

### IV. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of

4

the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see Anderson, 477 U.S. at 249–50.

## V. Discussion

Michigan law prohibits insurance companies from engaging in certain unfair trade practices. One such practice is employing dilatory tactics to avoid prompt payment on an insurance claim. M.C.L. 500.2006(1).

> A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance…in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance…2% interest…on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

The purpose of this provision is to penalize insurers for unwarranted delay in settling meritorious claims. Dept. of Transp. v. Initial Transport, Inc., 240 Mich. App. 684 (Mich. Ct. App. 2007), *reversed in part* 748 N.W.2d 239. However, the statute provides an exception for claims "reasonably in dispute." The determination of what is "reasonably in dispute" is question of law for the Court. All American Life & Casualty Co. v. Oceanic Trade Alliance Council Int'l, 756 F.2d 474, 481 (6th Cir. 1985). When making this decision courts consider whether the insurance company acted in good faith, disputed legitimate issues, and if there was an effort to delay. Arco Industries Corp. v. American Motorists Ins. Co., 233 Mich. App. 143, 146 (Mich. Ct. App. 1998).

The Sixth Circuit previously considered whether an insurance claim was "reasonably in dispute" in the context of a corporate homicide. American Life & Casualty Co., 756 F.2d at 481-82.  American Life & Casualty Co. involved a "key man" life insurance policy.  A "key man" policy is designed to protect a business from the financial loss resulting from the death of a top executive.  In American Life & Casualty Co., the insured was murdered and his business partners arrested for the crime.  Subsequently, a jury found one of the partners not-guilty, another plead guilty to second-degree murder, one received immunity for testimony, and charges against the fourth partner dismissed.  The partner acquitted by a jury demanded payment of the proceeds of the insurance policy and penalty interest.

The Six Circuit determined there was a reasonable dispute over whether the acquitted partner was entitled to proceeds of the policy therefore penalty interest was not appropriate.  Similarly, Lupiloff's business partner is a suspect in his death.  Presently there is no pending criminal prosecution as was the case in American Life & Casualty Co.  Nevertheless, the burden to demonstrate a reasonable dispute does not require facts as compelling as American Life & Casualty Co.

In a less sensational case, the Michigan Court of Appeals considered the same question. Marketos v. American Employers Ins. Co., 240 Mich. App. 684, 612 N.W.2d 848 (Mich. Ct. App. 2000) *reversed in part on other grounds*, 465 Mich. 407, 633 N.W.2d 371 (2001).  Marketos involved destruction of a building by fire. The insurance company refused to pay the claim on the basis that the insured intentionally set the fire.  There was conflicting evidence as to the cause of the fire.  Firefighters testified there was no indication of arson while the expert hired by the insurance company reached the

6

opposite conclusion. Further, there was also conflicting evidence as to motive. The business was historically unprofitable but at the time of the fire, the business was turning a profit. The court of appeals found the question of whether the insured burned the building intentionally was in reasonable dispute therefore penalty interest inappropriate.

The existence criminal act is not a prerequisite to a finding of a reasonable dispute; straightforward factual disputes also qualify. In <u>Michigan Twp. Participating Plan v. Federal Ins. Co.</u>, 233 Mich. App. 422, 592 N.W.2d 760 (Mich. App. 1999) two insurance companies disputed whether a building destroyed by fire was previously vacant (which would relieve the insurance company of liability). The existence of a genuine factual dispute that affected liability under the policy made penalty interest inapplicable.

There is a "reasonable dispute" over whether the Keenes can collect under the insurance policy because they are suspects in Lupiloff's death. Moreover, the uncertainty as to who cause Lupiloff's death comes from the Royal Oak Police Department, a disinterested third party, not from Nationwide.

The purpose of MCL 500.2006 is to discourage bad faith delay and untimely payment of meritorious claims. There is no indication in the record of dilatory tactics or bad faith on the part of Nationwide. On the contrary, Nationwide promptly filed suit to determine to whom, if anyone, was entitled to the proceeds of the policy. Premature payment to either the Keenes or Luplioff's daughters could expose Nationwide to double payment if it made a mistake. Although penalty interest is not presently appropriate, Nationwide has not yet paid the proceeds of the policy to anyone- making the resolution

7

of this issue limited in scope. It remains to be seen whether penalty interest may be appropriate.

    SO ORDERED.


Dated: January 13, 2012        s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, January 13, 2012, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5160