UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.                                                    Case No.   11-cv-12422-AC-MKM
                                                      Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
|---|---|
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff |
| Attorneys for Plaintiff | and Nicole Lupiloff, Per Rep of the Estate of |
| 1050 Wilshire Drive, Suite 320 | Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT JENNIFER KEENE TO PROVIDE COMPLETE ANSWERS TO DISCOVERY REQUESTS**

**I.   The Parties and Their Relationships**

1.   Plaintiff Nationwide Life Insurance Company (Nationwide) is an Ohio corporation with its principal place of business located in Columbus, Ohio. (Nationwide Corporate Information, Exhibit 1)

2.   Defendant William Keene is a resident of Ann Arbor, Michigan. (Interpleader Complaint, Exhibit 2, ¶ 2; Keene Defendants' Answer, Exhibit 3, ¶ 2)

3.   Defendant Jennifer Keene[1] is a resident of Ann Arbor, Michigan. (Exhibit 2, ¶ 3; Exhibit 3, ¶ 3)

4.   Defendant Monica Lynn Lupiloff (Monica) is a resident of Cook County, Illinois. (Lupiloff Defendants' Answer, Exhibit 4, ¶ 4)

5.   Defendant Nicole Renee Lupiloff (Nicole) is a resident of Oakland County, Michigan. (Exhibit 2, ¶ 5; Exhibit 4, ¶ 5)

6.   Nicole is the personal representative of the estate of Gary Lupiloff. (Exhibit 2, ¶ 6; Exhibit 4, ¶ 6)

7.   On November 28, 2003, Nationwide issued Gary Lupiloff a policy of life

---

[1] Plaintiff will refer to William and Jennifer Keene collectively as the Keenes and individually by their first name.

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

1

insurance, Policy No. L034804300, with a face value of $500,000.  (Policy, Exhibit 5)

8. The policy listed Gary Lupiloff as the owner, Gary Lupiloff as the insured, William Keene/ATIMA as the primary beneficiary, and Nicole and Monica as contingent beneficiaries.  (Exhibit 5)

9. William was Gary Lupiloff's business partner.  (Exhibit 5)

10. Nicole and Monica were Gary Lupiloff's daughters.  (Exhibit 5)

## II. The Court's Jurisdiction and Venue

11. The policy provides for potential coverage greater than $75,000, and thus, the amount in controversy is greater than $75,000.  (Exhibit 5)

12. As explained above, the citizenship of the parties is diverse.  (Exhibits 1-4)

13. This Court has jurisdiction pursuant to 28 USC 1332(a).

14. This case also involves an interpleader action allowed by FRCP 22.

15. More than one defendant resides in the Eastern District of Michigan.

16. A substantial portion of the events involved in this case occurred in the Eastern District of Michigan.

17. Venue is proper in this Court pursuant to 28 USC 1391.

## III. The Discovery Requests and Initial Answers

18. On July 21, 2011, Nationwide served interrogatories and request to produce on the Keenes.  William and Jenifer each received a separate set of discovery requests, but those discovery requests sought the same information from William and Jennifer.  (Jennifer's Discovery Requests, Exhibit 6; William's Discovery Requests, Exhibit 7)  Pursuant to FRCP 33 and FRCP 34, answers were due within 30 days, which would have been August 20, 2011.

19. On September 23, 2011, the Keenes supplied late answers to the discovery requests. (Jennifer's Responses, Exhibit 8; William's Responses, Exhibit 9)

20. These late discovery responses were incomplete and evasive. They failed to provide key information sought in several requests. For Jennifer, the answers simply stated "Objection, not applicable to this Defendant" for almost every response. Therefore, despite being a claimant and party to the case, Jennifer refused to provide discovery. The answers that were provided primarily referred to William's answers. (Exhibit 8)

21. Nationwide sent a letter to the Keenes' attorney on October 3, 2011. This letter detailed the missing information and requested complete answers to the discovery requests. (10/3/11 Letter, Exhibit 10)

### IV. The Supplemental Answers and Second Request for Complete Answers

22. On October 21, 2011, Nationwide received a letter and supplemental answers to the discovery requests from William. (Supplemental Answers, Exhibit 11) These documents provided some of the missing documents and information, but they remained incomplete. Documents supposedly provided were still not included with the discovery responses. The Keenes continued to fail to provide critical financial information necessary for this case. (Exhibit 11)

23. On October 26, 2011, Nationwide sent a second letter detailing the missing information. (10/26/11 Letter, Exhibit 12)

24. The Keenes never responded to this request to complete their answers.

25. On January 11, 2012, the Court heard argument on plaintiff's motion for partial summary judgment. During this hearing, plaintiff's attorney informed the Court that plaintiff planned to file a motion to compel against the Keenes. This discussion led to the Court then and there ordering William to provide the requested complete answers, including disclosing the requested financial information.

26. The parties submitted a proposed order on February 2, 2012. This proposed

3

order was approved by the Keenes' attorney and required William to provide complete answers. This Court entered the order on February 13, 2012. (Order to Compel, Exhibit 13)

27. The court advised to file a motion on the issue of complete answers from Jennifer and thus, plaintiff files this motion.

**V.  Jennifer's Unanswered Requests**

28. Separate and complete responses were not provided for nearly all of Jennifer's discovery requests despite the fact that she is a claimed contingent beneficiary and a contingent claimant under the policy. (Exhibit 8)

29. Discovery request 2 seeks information regarding the purpose of the Nationwide policy. Jennifer refused to answer the request or its subparts, but instead stated "Objection, not applicable to this Defendant." (Exhibit 8)  If the answer to this request and others is "none", then it should be stated.

30. Discover request 3 seeks information regarding any business dealing Jennifer had with Gary Lupiloff. Jennifer refused to answer the request or its subparts, but instead stated "Objection, not applicable to this Defendant." (Exhibit 8)

31. Discover request 4 seeks information regarding whether Gary Lupiloff breached any business deal. Jennifer again refused to answer the request or its subparts, but instead stated "Objection, not applicable to this Defendant." (Exhibit 8)

32. Discovery request 5 follows up on request 4 and seeks further detail regarding any breached business deal. Again, Jennifer merely repeated the objection and refused to answer. (Exhibit 8)

33. Discovery request 6 seeks information regarding whether Jennifer made any premium payments on the policy. Jennifer again objected and failed to offer an answer. (Exhibit 8)

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4

34. Discovery request 7 seeks an explanation why there was a change of ownership in the policy. Jennifer again objected and refused to provide an answer. (Exhibit 8)

35. Discovery request 8 seeks an explanation for the change of beneficiary form. This directly related to Jennifer's supposed addition as a beneficiary under the policy, but she again objected and refused to provide an answer. (Exhibit 8)

36. Discovery request 9 seeks information regarding Jennifer's activities on the date of Gary Lupiloff's murder. Jennifer again objected and refused to answer. (Exhibit 8)

37. Each of these requests applies to Jennifer who is a contingent beneficiary and claimant in this case. Jennifer should provide an actual answer to these discovery requests. If she has information, she should provide it. If she has no information, she should state such in an actual answer to the request. (Exhibit 8)

38. Discovery request 15 seeks background information regarding the Keenes. Specifically, subsection (i) requests information regarding Jennifer's involvement in any past litigation; subsection (j) requests information regarding any prior insurance claims; and subsection (k) seeks Jennifer's criminal history. Again, Jennifer fails to offer an actual answer. She simply states "N/A" for each of these subparts. (Exhibit 8)  This does not answer the discovery request. The request is applicable to Jennifer. If the answer is that she has no such litigation, criminal or claim history, Jennifer should state as much. If there is a litigation, or criminal or claim history, she should provide it.

39. Discovery request 16 requests any businesses, corporations, LLCs, or other such organizations that Jennifer has or had an interest in. She again objects and refuses to answer and merely states that the question is not applicable. (Exhibit 8)

40. Discovery request 17 seeks financial information regarding investments, debts,

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

savings and similar information. Jennifer again objects and refuses to provide an answer. (Exhibit 8)

41. Discovery request 18 requests information regarding any businesses opened, closed, sold, or purchased by Jennifer. She objects and provides no answer to this and again states that it is not applicable to her. (Exhibit 8)

42. Discovery request 19 seeks information regarding debts and loans. Jennifer objects and refuses to provide this information claiming that the request is not applicable to her. (Exhibit 8)

43. Interrogatories 16-19 seek relevant financial information regarding Jennifer. The Court ordered that such interrogatories must be answers by William. (Exhibit 13)

44. Allegations exist that the Keenes murdered Gary Lupiloff, or had him murdered, in order to benefit from his life insurance proceeds.

45. Further, a potential defense to the Keenes' claims under the policy is that the entire insurance transaction was fraudulent from the inception with the Keenes planning to financially benefit from the insurance policy by murdering Gary Lupiloff.

46. Jennifer is a contingent beneficiary and claimant under the policy. Her financial condition is relevant to these defenses/case theories and is relevant to show motivation for the murder.

47. Jennifer's finances are also interconnected with her husband's finances, who is a named suspect in the murder.

48. Discovery request 20 seeks information regarding Jennifer's phones. In initial responses, the Keenes indicate that there was a cell phone number and a home number but did not attach any records. (Exhibit 8; Exhibit 9, p 11) In supplemental answers, they attached cell

6

phone records from two cell phone numbers without identifying this second number in their response. They provide no records regarding the home phone. (Exhibit 11)

49. Because the discovery responses remain incomplete, Nationwide filed this motion to compel.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.<br><br>/s/ Carolyn R. Urbanik<br>Carolyn R. Urbanik, Assistant, Harvey Kruse P.C.<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084-1526<br><br>DATED:  February 17, 2012 | Respectfully submitted,<br><br>BY: /s/Michael F. Schmidt<br>　　Michael F. Schmidt P25213<br>　　Nathan Peplinski P66596<br>　　Harvey Kruse P.C.<br>　　Attorneys for Plaintiff<br>　　mschmidt@harveykruse.com<br>　　npeplinski@harveykruse.com<br>　　1050 Wilshire Drive, Suite 320<br>　　Troy, Michigan 48084-1526<br>　　(248) 649-7800 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800