UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.                                      Case No.   11-cv-12422-AC-MKM
                                        Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                                        **MOTION TO COMPEL**

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
|---|---|
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff |
| Attorneys for Plaintiff | and Nicole Lupiloff, Per Rep of the Estate of |
| 1050 Wilshire Drive, Suite 320 | Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

1

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

**PLAINTIFF'S MOTION TO COMPEL THE KEENE DEFENDANTS
TO PROVIDE DISCOVERY BASED ON THE KEENE DEFENDANTS'
FAILURE TO COMPLY WITH THE COURT'S ORDERS
<u>AND NOTICE OF HEARING THEREON</u>**

PLEASE TAKE NOTICE that on a date and time to be set by the Court, or as soon thereafter as counsel can be heard by the Honorable Avern Cohn in his Courtroom, plaintiff, Nationwide Life Insurance Company, will move to compel defendant William Keene and defendant Jennifer Keene to comply with the Court's orders to answer plaintiff's discovery requests dated July 21, 2011. Plaintiff also moves to compel defendant Jennifer Keene to sign authorizations for certain medical records.

Pursuant to Local Rule 7.1, concurrence has been sought from the defendant Keenes' attorney, but it cannot be obtained.

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

Plaintiff bases this motion on the records and files in this case and supports it with the accompanying memorandum of law and the required separate statement of material facts.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Lisa M. Simpkins
Secretary Harvey Kruse PC
1050 Wilshire Drive, Suite 320
Troy, MI  48084-1526
DATED:   December 18, 2012

Respectfully submitted,

BY: /s/Michael F. Schmidt
    Michael F. Schmidt P25213
    Kimberly A. Kardasz P57694
    Nathan Peplinski P66596
    Harvey Kruse P.C.
    Attorneys for Plaintiff
    mschmidt@harveykruse.com
    kkardasz@harveykruse.com
    npeplinski@harveykruse.com
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.                                                    Case No.   11-cv-12422-AC-MKM
                                                        Hon.  Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                                                                   **MEMORANDUM OF LAW**

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
|---|---|
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff |
| Attorneys for Plaintiff | and Nicole Lupiloff, Per Rep of the Estate of |
| 1050 Wilshire Drive, Suite 320 | Gary Lupiloff, Deceased |
| Troy, MI 48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI 48302 |
| | (248)593-5000 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

1

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL THE KEENE DEFENDANTS TO PROVIDE
DISCOVERY BASED ON THE KEENE DEFENDANTS' FAILURE TO COMPLY
WITH THE COURT'S ORDERS**

**ISSUES PRESENTED**

1.   Whether defendants William Keene and Jennifer Keene should be compelled to provide discovery responses as ordered by the Court on February 13, 2012 and April 18, 2012?

2.   Whether defendant Jennifer Keene should be compelled to provide plaintiff with an authorization to obtain her medical records from Michelle Riba, MD?

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**CONTROLLING AUTHORITY**

This matter is controlled by FRCP 33, FRCP 34 and FRCP 37.

**ARGUMENT**

**I.   FINANCIAL INFORMATION**

This Court, through its orders on February 13, 2012 and April 18, 2012, has already determined that plaintiff's requested discovery is potentially relevant and subject to discovery. The defendant Keenes are bound by these orders and cannot object to the production of their financial information. Further, a review of the discovery materials produced to plaintiff, as detailed in the material statement of facts, makes clear that the Keenes failed to fully comply with plaintiff's discovery requests or this Court's orders. The Keenes cannot dispute this fact.

The Keenes' supplemental responses are incomplete as set forth in plaintiff's correspondence to defense counsel on July 30, 2012 and October 12, 2012. Their failure to provide complete answers to the discovery requested is by definition of the FRCP 37(a)(4) a failure to answer.

Courts have explained that a party may not merely provide incomplete or evasive answers simply because he or she does not want to go through the trouble of searching his or her records:

> Under Rule 33 of the Federal Rules of Civil Procedure, a party must give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him. Information which is controlled by a party is available to him. [*Trane Co v Klutznick*, 87 FRD 473, 476 (WD Wis, 1980).]

The federal discovery rules are intended to be given a broad and liberal construction. Their intent is to ensure that federal trials are not conducted in the dark. *Schlagenhauf v Holder*, 379 US 104, 114-115; 85 S Ct 234; 13 L Ed 2d 152 (1964). This is especially true when the interrogatory

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

goes to the facts on which claims or defense are founded:

> Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. [*Hickman v Taylor*, 329 US 495, 507; 67 S Ct 385; 91 L Ed 451 (1947).]

As the District Court for the Northern District of Illinois stated in following the United States Supreme Court's directions from *Hickman*:

> It is clear that the defendants are entitled to know the facts upon which plaintiff's claim is founded. Mutual knowledge of the relevant facts is essential to proper litigation. Either party may compel the other to disclose what relevant facts he has in his possession. [*Sargent-Welch Scientific Co v Ventron Corp*, 59 FRD 500, 503 (ND Ill, 1973).]

In this case, the Keenes provided incomplete and evasive answers and failed to produce documents as outlined in the accompanying material statement of facts despite this Court's orders that they answer plaintiff's requests. Specifically, the Keenes have not produced all of the financial information requested.

The Keenes' discovery responses fail to provide any of their financial information prior to 2005 despite the fact that plaintiff requested and this Court ordered that such information be produced from 1998 to 2010. Seven years of financial information was not produced. Moreover, the financial information provided identifies several accounts for which documentation was never received. The bank statements and debt documents are also incomplete with several statements missing. All of these accounts, bank statements, and debt documents are clearly set forth in Nationwide's letters to defense counsel on July 30, 2012 and October 12, 2012. Nor did the Keenes provide all of their tax records from 1998 through 2004 or certified copies of their tax returns for 1998 through 2011. The Keenes also failed to provide documentation regarding B.K. Development, LLC; BK 2 Development, LLC, or GK

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4

Development, LLC. All of these were entities that the Keenes admitted having an interest in during the past ten years.

The Court ordered defendants to provide this discovery on two occasions. All of the missing information discussed above was itemized in plaintiff's July 30, 2012 and October 12, 2012 correspondence to the Keenes' defense counsel. There was no response to these letters. No justification can be offered for the Keenes' failure to properly answer the discovery requests.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions where a party fails to obey a discovery order:

> **(2)** *Sanctions in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> * * *
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Further, FRCP 37(b)(2)(C) states that the Court "must" order the party or his/her attorney to pay the reasonable costs and fees caused by the failure to comply with the Court's discovery orders:

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

The Keenes have presented no evidence that would excuse them from their failure to comply with this Court's orders or FRCP 37(b)(2)(A), (C). In such cases, courts have imposed sanctions "to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Bell v Automobile Club of Mich*, 80 FRD 228, 229 (ED Mich 1978).

It is therefore appropriate under FRCP 37(b)(2)(A) to again order the Keenes to produce the requested discovery and warn the Keenes that future failures to comply with discovery requests could result in default judgment for plaintiff.

## II.   AUTHORIZATION FOR MEDICAL RECORDS

Plaintiff also subpoenaed Jennifer Keene's records from Michelle Riba, MD, but Jennifer has refused to provide the necessary authorization. Without Jennifer's authorization, Dr. Riba will not produce the medical records.

### A.   Discovery is Intended to Be Broad and Complete

FRCP 26(b) allows for the discovery of any non-privileged matter that is relevant to any claim or defense. FRCP 33 and 34 detail the means of obtaining that relevant discovery. Specifically, FRCP 34 allows for requests for production of documents, electronically stored information, and other tangible evidence. To the extent the documents are held by a non-party, a subpoena pursuant to FRCP 45 is appropriate.

William is the primary beneficiary on Gary Lupiloff's life insurance policy. Royal Oak police have informed Nationwide and its attorneys that William is a prime suspect in Lupiloff's murder. Jennifer is a potential claimant under the Nationwide policy because William changed the policy to list her as a contingent beneficiary. If William is disqualified as a claimant, Jennifer arguably is the next in line to recover. Thus, the facts and requests regarding Jennifer's

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

6

involvement/knowledge in this case are crucial. This is exactly why Jennifer is a party to the case. As a party to the case, she is required to answer the discovery requests like anyone else.

### B.   The Medical Information is Relevant

Jennifer refuses to sign an authorization for plaintiff to obtain her medical records from Dr. Riba regarding her mental health treatment. A subpoena request was submitted for Dr. Riba on July 23, 2012. Jennifer was asked to sign an authorization to allow the release of documents under the subpoena. The medical information is potentially relevant to this case. The discovery provided to date shows that Jennifer was having problems at work and mental health issues, including depression, around the time of the murder. Jennifer's employment records show that she was treating with Dr. Riba for her mental health problems. A major issue in this case is whether the Keenes either committed the murder or hired someone to murder Gary Lupiloff to obtain money from his life insurance policy due to financial distress and other possible motives. The medical records at issue could show Jennifer discussing the murder, the murder investigation, or William's attempts to recover money under the life insurance policy with Dr. Riba. Jennifer's treatment with Dr. Riba is also relevant to show Jennifer's state of mind around the time of the murder and the Keenes' possible motivation for their alleged actions. Specifically, Jennifer's mental issues and employment problems could have been a motivating factor for the murder. Likewise, the records could show that Jennifer's mental health problems were triggered or worsened by events leading up to and including the murder. All of this information would be relevant to this case. For these reasons, the medical records of Jennifer's mental health treatment with Dr. Riba are relevant and discoverable in this case. As such, Jennifer should be compelled to provide an authorization allowing Nationwide to obtain access to these records.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**RELIEF REQUESTED**

Nationwide respectfully requests that this Honorable Court order the Keenes to comply with the Court's previous orders within 10 days by providing complete responses to Nationwide's discovery requests. Nationwide also requests that Jennifer Keene be ordered to sign a release for her medical records with Dr. Michelle Riba.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Lisa M. Simpkins
Secretary Harvey Kruse PC
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526
DATED: December 18, 2012

Respectfully submitted,

BY: /s/Michael F. Schmidt
    Michael F. Schmidt P25213
    Kimberly A. Kardasz P57694
    Nathan Peplinski P66596
    Harvey Kruse P.C.
    Attorneys for Plaintiff
    mschmidt@harveykruse.com
    kkardasz@harveykruse.com
    npeplinski@harveykruse.com
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

8