UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs.                                                                                 Case No.   11-cv-12422-AC-MKM
                                                                                         Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
                                                                                         **STATEMENT OF MATERIAL FACTS**

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

    Defendants/Cross-Defendants.
_____/

Michael F. Schmidt P25213                  Albert L. Holtz P15088
Nathan Peplinski P66596                   Attorney for Monica Lupiloff, Nicole Lupiloff
Attorneys for Plaintiff                           and Nicole Lupiloff, Per Rep of the Estate of
1050 Wilshire Drive, Suite 320              Gary Lupiloff, Deceased
Troy, MI  48084                                       3910 Telegraph Road, Suite 200
(248)649-7800                                           Bloomfield Hills, MI  48302
                                                                  (248)593-5000

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL THE KEENE DEFENDANTS TO PROVIDE
DISCOVERY BASED ON THE KEENE DEFENDANTS'
FAILURE TO COMPLY WITH THE COURT'S ORDERS**

**I.    The Parties and Their Relationships**

1. Plaintiff Nationwide Life Insurance Company (Nationwide) is an Ohio corporation with its principal place of business located in Columbus, Ohio. (Nationwide Corporate Information, Exhibit 1)

2. Defendant William Keene is a resident of Ann Arbor, Michigan. (Interpleader Complaint, Exhibit 2, ¶ 2; Keene Defendants' Answer, Exhibit 3, ¶ 2)

3. Defendant Jennifer Keene[1] is a resident of Ann Arbor, Michigan. (Exhibit 2, ¶ 3; Exhibit 3, ¶ 3)

4. Defendant Monica Lynn Lupiloff (Monica) is a resident of Cook County, Illinois. (Lupiloff Defendants' Answer, Exhibit 4, ¶ 4)

5. Defendant Nicole Renee Lupiloff (Nicole) is a resident of Oakland County, Michigan. (Exhibit 2, ¶ 5; Exhibit 4, ¶ 5)

6. Nicole is the personal representative of the estate of Gary Lupiloff. (Exhibit 2, ¶ 6; Exhibit 4, ¶ 6)

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

1

7. On November 28, 2003, Nationwide issued Gary Lupiloff a policy of life insurance, Policy No. L034804300, with a face value of $500,000. (Policy, Exhibit 5)

8. The policy listed Gary Lupiloff as the owner, Gary Lupiloff as the insured, William Keene/ATIMA as the primary beneficiary, and Nicole and Monica as contingent beneficiaries. (Exhibit 5)

9. William was Gary Lupiloff's business partner. (Exhibit 5)

10. Nicole and Monica were Gary Lupiloff's daughters. (Exhibit 5)

## II. The Court's Jurisdiction and Venue

11. The policy provides for potential coverage greater than $75,000, and thus, the amount in controversy is greater than $75,000. (Exhibit 5)

12. As explained above, the citizenship of the parties is diverse. (Exhibits 1-4)

13. This Court has jurisdiction pursuant to 28 USC 1332(a).

14. This case also involves an interpleader action allowed by FRCP 22.

15. More than one defendant resides in the Eastern District of Michigan.

16. A substantial portion of the events involved in this case occurred in the Eastern District of Michigan.

17. Venue is proper in this Court pursuant to 28 USC 1391.

## III. The Discovery Requests and Initial Answers

18. On July 21, 2011, Nationwide served interrogatories and requests to produce on the Keenes. William and Jenifer each received a separate set of discovery requests, but those discovery requests sought the same information from William and Jennifer. (Jennifer's Discovery Requests, Exhibit 6; William's Discovery Requests, Exhibit 7) Pursuant to FRCP 33

---

[1] Nationwide will refer to William and Jennifer Keene collectively as the Keenes and individually by their first name.

2

and FRCP 34, answers were due within 30 days, which would be August 20, 2011.

19.     William failed to supply proper responses to the discovery requests and the responses he did provide were untimely, incomplete, and evasive.  Significantly, William failed to answer the requests concerning his financial information which is important given that this case centers on potential insurance fraud and murder for profit.  (William's Responses, Exhibit 8)

20.     Likewise, Jennifer failed to provide proper responses to the discovery requests. Instead, Jennifer refused to provide any discovery responses claiming that the requests were "not applicable to this Defendant" for almost every response.  (Jennifer's Responses, Exhibit 9)

21.     In an effort to obtain this discovery, Nationwide sent a letter to the Keene's attorney on October 3, 2011 detailing the missing information and requesting complete answers to the discovery requests.  (10/3/11 Letter, Exhibit 10)

**IV.   The Supplemental Answers and Second Request for Complete Answers**

22.     On October 21, 2011, Nationwide received a letter and supplemental answers to the discovery requests from the Keenes.  (Supplemental Answers, Exhibit 11)  Only some of the information was provided and the critical financial information necessary for this case remained missing.  (Exhibit 11)

23.     On October 26, 2011, Nationwide sent a second letter detailing the missing information.  The Keenes never responded to this request to complete their answers.  (10/26/11 Letter, Exhibit 12)

**V.    The Court Orders The Keenes To Provide Complete Answers**

24.     Because William's responses to discovery were incomplete, plaintiff prepared a motion to compel and sent it to defendants' counsel seeking concurrence.  This motion was discussed with the Court on January 11, 2012.

3

25. As a result of this conference, on February 13, 2012, a Stipulated Order was entered requiring defendants, in pertinent part, to "5. Answer discovery requests 15, 17, and 19 regarding defendant William Keene." (2/13/12 Stipulated Order, Exhibit 13)

26. Interrogatory 15 required William to provide information regarding his employment and salary history for the past ten years, his involvement in other litigation and insurance claims, and any arrests or convictions for any crimes. (William's Discovery Requests, Exhibit 7)

27. Pursuant to Interrogatory 17, William was to provide the following information:

   (a) list any and all investments from 1998 through 2010.

   (b) list any accounts, investments, etc. that were closed or placed into collection from 1998 through 2010.

   (c) identify any realtors used from 1998 through 2010.

   (d) identify any accountants used from 1998 through 2010.

   (e) provide all monthly statements or other such documents for all financial accounts, including, but not limited to, savings accounts, checking accounts, money market accounts, 401(k) accounts, IRAs, stocks, investment accounts, etc. for 1998 through 2010.

   (f) provide copies of all debt documents including, but not limited to, personal loans, land contracts, promissory notes, mortgages, bank loans, business loans credit cards, credit accounts, lines of credit, etc. for 1998 through 2010.

   (g) provide all federal, state, and local tax records for 1998 through 2010. (William's Discovery Requests, Exhibit 7)

28. William was also required to answer Interrogatory 19 concerning his debt history from 1998 to 2010. (William's Discovery Requests, Exhibit 7)

29. Per the Stipulated Order, William was to provide the above information within fourteen days. (2/13/12 Stipulated Order, Exhibit 13)

30. At the Court's direction during the January 11, 2012 conference, on February

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4

17, 2012, plaintiff filed a motion to compel Jennifer to also provide complete discovery responses. (2/17/12 Motion to Compel, Exhibit 14)

31. A Stipulated Order compelling Jennifer to "answer the interrogatories and requests to produce by plaintiff" within fourteen days was entered on April 18, 2012. (4/18/12 Stipulated Order, Exhibit 15)

**VI.  The Supplemental Responses Following the Court's Orders Are Still Incomplete**

32. On March 21, 2012, plaintiff received unsigned and late supplemental discovery responses from William. (William's 3/21/12 Supplemental Responses, Exhibit 16)

33. Plaintiff received supplemental answers from Jennifer on April 25, 2012. (Jennifer's 4/25/12 Supplemental Responses, Exhibit 17)

34. On July 30, 2012, after reviewing the documents provided by the Keenes, plaintiff sent a detailed letter to the Keenes' counsel detailing the information and documentation that was *still* missing from the discovery responses despite the Court's two orders. (7/30/12 Letter, Exhibit 18)

35. Specifically, the Keenes failed to fully respond to Interrogatory and Request to Produce Nos. 17(e)-(g) and 18.

36. Defense counsel advised in an e-mail on September 13, 2012, that the Keenes would supplement their answers. (9/13/12 Email, Exhibit 19) No supplement was forthcoming.

37. On October 12, 2012, plaintiff sent a second letter to the Keenes' counsel advising that that it had still not received any response from the Keenes regarding the missing information detailed in its July 30, 2012 correspondence. (10/12/12 Letter, Exhibit 20) Defense counsel did not respond to this letter.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

### VII. The Unanswered Requests

38. Defendants' supplemental responses to Interrogatory 17 are missing information and documentation for at least seven (7) of their financial accounts for the time period at issue. Plaintiff further identified at least ten (10) entities from the information provided where defendants failed to provide all of the requested debt documents (personal loans, land contracts, promissory notes, mortgages, bank loans, business loans, credit cards, credit accounts, lines of credit, etc.) for the time period at issue. These financial accounts and entities are all clearly identified in plaintiff's July 30, 2012 and October 12, 2012 letters. (7/30/12 Letter, Exhibit 18; 10/12/12 Letter, Exhibit 20)

39. Defendants also failed to provide copies of their tax records and certified copies of their tax returns for 1998 through 2011 as requested by Interrogatory 17(g) and as ordered by this Court.

40. Nor did defendants provide documentation regarding their income and expenses for B.K. Development, LLC, BK 2 Development, LLC, or GK Development, LLC. All of these were entities that defendants identified as entities in which they had an interest in the past ten years. (7/30/12 Letter, Exhibit 18)

41. As shown by this Court's previous orders compelling the Keenes to answer the above interrogatories and requests to produce concerning their finances, the Keenes financial information is potentially relevant to this case and subject to discovery. The information could support the allegations that the Keenes were in financial distress and had a motive to murder Gary Lupiloff, or had him murdered, in order to benefit from his life insurance proceeds. Further, a potential defense to the Keenes' claims under the policy is that the entire insurance transaction was fraudulent from the inception with the Keenes planning to financially benefit

6

from the insurance policy by murdering Gary Lupiloff. The Keenes' financial condition is relevant to these defenses/case theories and is relevant to show motivation for their alleged actions.

### VIII. Jennifer Keene Refuses To Authorize Production Of Her Mental Health Records

42. After reviewing Jennifer's employment records that show a history of mental health issues, including around the time of the murder, plaintiff attempted to subpoena Jennifer's medical records from Dr. Michelle B. Riba on July 23, 2012. (Subpoena Request, Exhibit 21)

43. In order to obtain these medical records, an authorization form was sent to defense counsel for Jennifer to execute. Jennifer has refused to provide such an authorization.

44. From the records reviewed to date, it appears that Jennifer was treating with Dr. Riba for various mental health problems and for problems at work around the time of the murder. This included the fact that she was placed on a Last Chance Agreement at work.

45. Jennifer's mental health records are relevant to this case because they could show her state of mind both before and after the murder, whether she was experiencing any undue anxiety, and could provide important information regarding her job status/security. In other words, this information could explain the motivation behind Lupiloff's murder.

46. Jennifer has not provided an authorization for Dr. Riba's records.

47. A telephone conference regarding this discovery was held with the Court on November 8, 2012, during which time the Court advised plaintiff to file this motion.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Lisa M. Simpkins_____
Secretary Harvey Kruse PC
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526
DATED:   December 18, 2012

Respectfully submitted,

BY: /s/Michael F. Schmidt_____
    Michael F. Schmidt P25213
    Kimberly A. Kardasz P57694
    Nathan Peplinski P66596
    Harvey Kruse P.C.
    Attorneys for Plaintiff
    mschmidt@harveykruse.com
    kkardasz@harveykruse.com
    npeplinski@harveykruse.com
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800