# EXHIBIT 10

JOHN A. KRUSE
DENNIS M. GOEBEL
MICHAEL F. SCHMIDT
FRANK H. PORRETTA
GEORGE W. STEEL
JAMES SUKKAR
LARRY W. DAVIDSON
DALE R. BURMEISTER
GARY L. STEC
TERRY J. PAWLOWSKI
WILLIAM F. RIVARD
MICHAEL J. GUSS
J. KENNETH WAINWRIGHT, JR
JOHN R. PREW

**HARVEY | KRUSE, P.C.**
Attorneys & Counselors
Dedicated to Excellence Since 1969

1050 WILSHIRE DRIVE
SUITE 320
TROY, MICHIGAN 48084-1526
248-649-7800
FAX 248-649-2316
www.harveykruse.com

4110 PIER NORTH BLVD.
FLINT, MICHIGAN 48504-1358
810-230-1000
FAX 810-230-0844

60 MONROE CENTER NW
500B SELECT BANK BUILDING
GRAND RAPIDS, MICHIGAN 49503-2926
616-771-0050
FAX 616-776-3646

LANAE L. MONERA
ANNE V. McARDLE
COLLEEN T. CALANDRA
JASON R. MATHERS
DAHLIA N. DALLO
STEPHANIE MARINO ANDERSON
THOMAS W. WERNER
KIMBERLY A. KARDASZ
NATHAN G. PEPLINSKI
ANTHONY J. SUKKAR
MICHAEL D. CUMMINGS
JOHN R. LaPARL, JR

OF COUNSEL
DENISE P. HICKEY
MICHAEL T. SMALL

RICHARD A. HARVEY
1922-2001
PAUL B. HYNES
1946-2005

October 3, 2011

John H. Bredell, Esq.
119 North Huron Street
Ypsilanti, MI 48197
jbredell@bredell.com

Re: Nationwide v Keene
    O/File: 839576

Dear Mr. Bredell:

We received the Keenes' answers to Nationwide's interrogatories and requests to produce.

Nationwide objects to the responses as incomplete and evasive.

Regarding the responses by William Keene:

1. Almost all of the documents which are claimed to be attached were not attached. None of the loan documents, checks, statements, receipts or cell phone records were attached. The only documents attached were the Nationwide Application For Designation Of Owner, correspondence from Nationwide and several premium billing statements.

2. The response to 2(a) makes no sense. Please answer the question.

3. Interrogatory 6 regarding premium payments is not answered. We need to know exactly what premium payments Keene claims to have made.

4. 7(b) is not answered. We need copies of whatever documents Keenes have regarding the change of ownership. Please produce them.

5. Similarly, 8(b) is not answered. We need whatever documents the Keenes have regarding the Change of Beneficiary Form.

6. Regarding 9(d), nothing was attached.

John H. Bredell, Esq.
October 3, 2011
Page 2

7. For interrogatory 14 you claim there is a statement from Mary Columbo which is not attached.

8. For interrogatory 15 you do not indicate employment for the year 2011. In addition, for 15(a) you did not provide any income information. The Keenes financial status is certainly at issue in this case and this information is certainly discoverable.

9. For 15(i) you have not provided the name of the parties to the suit.

10. For 15(j) you have not provided information regarding the name of the insurer.

11. For interrogatories 17 and 19 you have not responded. Once again, this is financial information which is definitely at issue in this case and discoverable. Please provide the responses.

12. For interrogatory 20(c) you have not attached any cell phone records.

Regarding the responses by Jennifer Keene, you objected to the responses. If the answer is in the negative, then there should be a response that there is no such information as opposed to an objection. Please answer the interrogatories as opposed to objecting to them if there is a negative response. Otherwise the objection is not applicable because the issues are all relevant to Jennifer Keene as a claimant under the policy. Her financial information, any information about any loans or business dealings with Lupiloff, her background information, her financial information and her activities on the day of the incident are all relevant and discoverable. Please provide the responses.

If the responses are not provided, we will have to take the matter up with the court.

Please advise.

Very truly yours,
HARVEY KRUSE, P.C.

Michael F. Schmidt

MFS:ja
cc:   Jeffrey A. Danzig, Esq.