UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

    Defendants/Cross-Defendants.

Case No. 11-cv-12422-AC-MKM
Hon. Avern Cohn

_____/

| | |
|---|---|
| Michael F. Schmidt P25213<br>Nathan Peplinski P66596<br>Attorneys for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248)649-7800 | Albert L. Holtz P15088<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Per Rep of the Estate of<br>Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48302<br>(248)593-5000 |

1

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

### SUPPLEMENTAL BRIEF BY PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY REGARDING MOTION TO COMPEL

On December 18, 2012 the Plaintiff Nationwide Life Insurance Company ("Nationwide") filed a motion to compel the Keene defendants to provide discovery based on the Keene defendants' failure to comply with the Court's discovery orders. The motion argued that the defendants William Keene and Jennifer Keene should be compelled to provide discovery responses as ordered by the Court on February 13, 2012 and April 18, 2012.

The Court set the motion for hearing for January 23, 2013.

The Keene defendants did not answer the motion, contrary to Local Rule 7.1(e)(2) within 14 days after service of the motion. The Keene defendants' answer to the motion was not filed until January 22, 2013, the day before the hearing.

The Keene defendants' response argued that it was providing all of the requested documents and/or explained which documents were not under its control. These documents were then produced at the motion hearing the following day, January 23, 2013.

At the motion hearing, the Keene defendants' attorney advised that the Keenes were turning over at that time all of the requested documents under their control.

The Court stated that if all of the requested documents under the Keenes' control had not been produced, that the plaintiff Nationwide was to advise the Court.

The plaintiff Nationwide has reviewed the documents provided, and determined that numerous documents requested have *not* been provided. These documents have been requested since discovery requests of July 21, 2011 and were ordered to be produced by orders of 2/13/12 and 4/18/12.

The following requested documents were not produced:

17(e)  Please provide <u>all</u> monthly statements or other such documents, from 1998 through 2010, for <u>all</u> financial accounts (savings accounts, investment accounts, checking accounts, money market accounts, 401(k) accounts, IRAs, stocks, investment accounts, etc.), including, but not limited to the following accounts:

   a. Fidelity Account ending #6204

   **The documents produced are missing every other page.**

   e. Accounts with DCFU Financial (as identified on US-1040)

   **Keenes advised that these have been requested and that they will be produced. They have not been produced.**

   g. Chase account ending #6764 (previously received 2005 through 2010)

   **Keenes attached a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."**

   **There is no information provided regarding obtaining these documents from the Chase branch bank.**

17(f)  Please provide copies of <u>all</u> debt documents (personal loans, land contracts, promissory notes, mortgages, bank loans, business loans, credit cards, credit accounts, lines of credit, etc.), from 1998 through 2010 including, but not limited to the following accounts:

   a. National City Home equity line of credit account ending #7813:
      i. All statements except for statement ending March 10, 2010

3

Keenes advised that these have been requested and that they will be produced. They have not been produced.

b. Washington Mutual Account ending #1514:
   i. Statements for all months except for October 17, 2006

Keenes claimed this account was transferred to Chase and then attached a transaction history from 1/1/08 to 12/9/13. There is no indication whether or not Washington Mutual has or has not retained records prior to 1/1/08 or if a request for these records was even made to Washington Mutual.

c. Chase MasterCard account ending #0389:
   i. All statements from 1998 to statement ending November 10, 2008

Keenes attached a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."

There is no information provided regarding obtaining these documents from the Chase branch bank.

Further, although Keenes claimed to attach statements from 12/11/06 to 12/10/08, these were not attached.

d. Chase credit card account ending #1499:
   i. Statements ending May 15, 2006 through August 15, 2006

Keenes attached a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."

There is no information provided regarding obtaining these documents from the Chase branch bank.

   ii. Statements ending December 15, 2006 through November 11, 2008

4

**Keenes' response indicates that attached are all statements for 12/16/06 to 12/16/10. However, statements are still missing for the periods <u>ending</u> on 12/15/06, 5/15/07, 6/15/07, 7/15/07, and 10/15/07 to 3/15/08.**

e. Costco Card account ending #1002:
   i. All statements from 1998 to 2008

**Keenes' response is to see the attached statements. However, the attachment is missing statements for 10/07, 12/07, 1/08, 4/08, and 6/08.**

f. National City Card account ending #9960:

**Keenes advised that these have been requested and that they will be produced. These documents have not been produced.**

g. Citi Card account ending #7421:

**Keenes advised that these have been requested and that they will be produced. These documents have not been produced.**

h. Citi Drivers Edge Card account ending #4617:

**Keenes claimed to attach statements for 1/1998 to 12/21/10. However, the Keenes only attached statements for 3/24/98 to 4/23/01. Keenes have not produced the requested statements.**

Attached as Exhibit A is correspondence sent to the defendant Keenes' attorney advising of the documents that were not produced in violation of the Court's order.

It is respectfully requested that this Court order that these documents be produced as previously ordered by the Court and as requested in the plaintiff Nationwide's motion to compel.

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Janice A. Albertson
Secretary to Michael F. Schmidt

DATED:  February 12, 2013

</td><td>

Respectfully submitted,

BY: /s/Michael F. Schmidt
    Michael F. Schmidt P25213
    Kimberly A. Kardasz P57694
    Nathan Peplinski P66596
    Harvey Kruse P.C.
    Attorneys for Plaintiff
    mschmidt@harveykruse.com
    kkardasz@harveykruse.com
    npeplinski@harveykruse.com
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800

</td></tr>
</table>