# EXHIBIT A

JOHN A. KRUSE
DENNIS M. GOEBEL
MICHAEL F. SCHMIDT
FRANK H. PORRETTA
GEORGE W. STEEL
JAMES SUKKAR
LARRY W. DAVIDSON
DALE R. BURMEISTER
GARY L. STEC
TERRY J. PAWLOWSKI
WILLIAM F. RIVARD
MICHAEL J. GUSS
J. KENNETH WAINWRIGHT, JR
JOHN R. PREW
JASON R. MATHERS
STEPHANIE MARINO ANDERSON
ANNE V. McARDLE
DAHLIA N. DALLO

# HARVEY | KRUSE, P.C.
Attorneys & Counselors
Dedicated to Excellence Since 1969

1050 WILSHIRE DRIVE
SUITE 320
TROY, MICHIGAN 48084-1526
248-649-7800
FAX 248-649-2316
www.harveykruse.com

5206 GATEWAY CENTRE, SUITE 200
FLINT, MICHIGAN 48507
810-230-1000
FAX 810-230-0844

60 MONROE CENTER NW
500B SELECT BANK BUILDING
GRAND RAPIDS, MICHIGAN 49503-2926
616-771-0050
FAX 616-776-3646

LANAE L. MONERA
KIMBERLY A. KARDASZ
NATHAN G. PEPLINSKI
ANTHONY J. SUKKAR
MICHAEL D. CUMMINGS
DAVID W. THOMPSON
DANIEL J. JAMES
ERIC T. KETELHUT
DAVID C. MOLL

OF COUNSEL
DENISE P. HICKEY
MICHAEL T. SMALL

RICHARD A. HARVEY
1922-2001
PAUL B. HYNES
1946-2005

February 12, 2013

John H. Bredell, Esq.
119 North Huron Street
Ypsilanti, MI 48197

Re:   Nationwide v Keene
      O/File: 839576

Dear Mr. Bredell:

We reviewed the documents that you produced the evening before and during the hearing on Nationwide's motion to compel. Although you advised the Court that *all* of the documents were now produced, a review of the documents shows that this is not the case.

The following documents have still *not* been produced and there is no affirmative statement indicating that they do not exist:

17(e)   Please provide **all** monthly statements or other such documents, from 1998 through 2010, for **all** financial accounts (savings accounts, investment accounts, checking accounts, money market accounts, 401(k) accounts, IRAs, stocks, investment accounts, etc.), including, but not limited to the following accounts:

   a. Fidelity Account ending #6204

      **The documents you produced are missing every other page.**

   e. Accounts with DCFU Financial (as identified on US-1040)

February 12, 2013
Page 2

      You advise that these have been requested and that they will be produced. They have not been produced.

  g. Chase account ending #6764 (previously received 2005 through 2010)

      You attach a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."

      There is no information provided regarding obtaining these documents from your Chase branch bank.

17(f)  Please provide copies of **all** debt documents (personal loans, land contracts, promissory notes, mortgages, bank loans, business loans, credit cards, credit accounts, lines of credit, etc.), from 1998 through 2010 including, but not limited to the following accounts:

  a. National City Home equity line of credit account ending #7813:
     i. All statements except for statement ending March 10, 2010

      You advise that these have been requested and that they will be produced. They have not been produced.

  b. Washington Mutual Account ending #1514:
     i. Statements for all months except for October 17, 2006

      You claim this account was transferred to Chase and then attach a transaction history from 1/1/08 to 12/9/13. There is no indication whether or not Washington Mutual has or has not retained records prior to 1/1/08 or if a request for these records was even made to Washington Mutual.

  c. Chase MasterCard account ending #0389:
    i. All statements from 1998 to statement ending November 10, 2008

 You attach a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."

 There is no information provided regarding obtaining these documents from your Chase branch bank.

 Further, although you claim to attach statements from 12/11/06 to 12/10/08, these were <u>not</u> attached.

  d. Chase credit card account ending #1499:
    i. Statements ending May 15, 2006 through August 15, 2006

 You attach a letter from the bank stating "[w]e are unable to send you your statements from 1998 to 2005. Statement copies can only be ordered for up to seven years from the current date of request." However, the bank goes on to state that "[y]ou can visit a Chase branch to inquire if they will be able to provide you the copies of the statements that you need . . . ."

 There is no information provided regarding obtaining these documents from your Chase branch bank.

    ii. Statements ending December 15, 2006 through November 11, 2008

 In your response you indicate that you have attached all statements for 12/16/06 to 12/16/10. However, statements are still missing for the periods <u>ending</u> on 12/15/06, 5/15/07, 6/15/07, 7/15/07, and 10/15/07 to 3/15/08.

February 12, 2013
Page 4

    e. Costco Card account ending #1002:
        i. All statements from 1998 to 2008

**Your response is to see the attached statements. However, the attachment is missing statements for 10/07, 12/07, 1/08, 4/08, and 6/08.**

    f. National City Card account ending #9960:

**You advise that these have been requested and that they will be produced. These documents have not been produced.**

    g. Citi Card account ending #7421:

**You advise that these have been requested and that they will be produced. These documents have not been produced.**

    h. Citi Drivers Edge Card account ending #4617:

**You claim to attach statements for 1/1998 to 12/21/10. However, you only attach statements for 3/24/98 to 4/23/01. You have not produced the requested statements.**

                Very truly yours,
                 HARVEY KRUSE, P. C.

                 Michael F. Schmidt

MFS:KAK
cc:    Jeffrey A. Danzig, Esq.
        Albert L. Holtz, Esq.