UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

                    Plaintiff/Counter-Defendant,

vs.                                 Case No. 11-cv-12422-AC-MKM
                                 Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

                    Defendants/Cross-Defendants.

> **NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS**

_____/

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI  48084<br>248-649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>  William & Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>734-482-5000 |
| Albert L. Holtz (P15088)<br>ALBERT L. HOLTZ, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff Personal Representative | Geoffrey N. Fieger (P30441)<br>Jeffrey A. Danzig (P36571)<br>Attorney for Monica Lupiloff,<br>Nicole Lupiloff and Nicole |

of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI  48146
248-593-5000

Lupiloff, Personal Representative
of the Estate of Gary Lupiloff,
deceased
19390 West Ten Mile Road
Southfield, MI  48075
248-355-5555

_____/

### NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS

NOW COMES Non-Party Oakland County Prosecutor, JESSICA R. COOPER, by her Attorney, OAKLAND COUNTY CORPORATION COUNSEL, by JOYCE F. TODD, Assistant Corporation Counsel, and files her Motion to Set Aside the Order Compelling the Oakland County Prosecutor to Produce Records, stating the following:

1.      On June 3, 2011, Plaintiff NATIONWIDE LIFE INSURANCE COMPANY filed a Complaint for Interpleader and Declaratory Relief against William Keene, Jennifer Keene, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff in her capacity as Personal Representative of the Estate of Gary Lupiloff, Deceased. (Dkt. #1).

2.      On July 19, 2011, this Honorable Court issued a Scheduling Order, setting January 20, 2012 as the date discovery was due, and setting June 18, 2012 as the date for jury trial. (Dkt. #30).

3.      On January 13, 2012, an Amended Scheduling Order was entered, setting July 20, 2012 as the amended date discovery was due, and setting July 17, 2012 as the amended date for jury trial. (Dkt. #44).

4.      On July 23, 2012, a Stipulated Order was entered, setting January 21, 2013 as the amended cutoff date for discovery. (Dkt. #50).  No further order extending the January 21, 2013 discovery cutoff has been entered.

2

5.      After the close of discovery, all parties to the action entered into a Stipulated Order compelling the Royal Oak Police Department and the Oakland County Prosecutor to produce "any and all files, reports, statements, photos, computer records, correspondence and records and documents of any type whatsoever pertaining to any and all investigation of William Keene and/or Jennifer Keene and/or anyone else in regard to the murder of Gary Lupiloff which occurred in Royal Oak, Michigan on 7/13/10." (Dkt. #61, Pg. ID. 1430-1431).  This Honorable Court signed the Stipulated Order on February 25, 2013, requiring the above-referenced materials to be produced and/or delivered to the law offices of counsel representing Nationwide Insurance within 14 days from the date of the Order. *Id*.

6.      During the 18 months that this matter was pending, none of the parties issued any subpoenas directed to non-party Oakland County Prosecutor requesting production of any of the items listed in the Order to Compel Production (Dkt. #61) dated February 25, 2013. As such, non-party Oakland County Prosecutor was deprived of the procedures available through the Federal Court Rules to assert valid privileges or objections to subpoenas seeking the production of this requested discovery.

7.      Non-party Oakland County Prosecutor was also given no notice that the parties were seeking an order to compel disclosure or discovery, contrary to Fed. R. Civ. P. 37(a)(1), which requires that a party give notice to "all affected persons" prior to moving for an order compelling disclosure or discovery, with such notice affording the affected non-parties an opportunity to oppose such discovery demands through the assertion of privileges or other objections to the production of the requested discovery.

7.      Non-party Oakland County Prosecutor contends that the parties circumvented the provisions and protections afforded non-parties by Fed. R. Civ. P. 26(c)(1), Fed. R. Civ. P. 34(c),

Fed. R. Civ. P. 37(a)(1) and Fed. R. Civ. P. 45(c)(2)(B) by ignoring the procedural rules and safeguards applicable to discovery requests seeking to compel the production of information from non-parties, and instead stipulating to an order compelling the production of the entire investigative file of the non-party Oakland County Prosecutor.

8.     For the reasons more fully set forth in its Brief in Support, non-party Oakland County Prosecutor asserts that valid privileges prohibit the disclosure of the requested discovery, and respectfully requests that this Honorable Court set aside the Order Compelling Production (Dkt. #61), entered by stipulation of the parties on February 25, 2013.

9.     Pursuant to E.D. Mich. LR 7.1, concurrence in this motion was sought and not obtained.

Respectfully submitted,

OAKLAND COUNTY PROSECUTOR'S OFFICE

*/s/Jessica R. Cooper*
JESSICA R. COOPER (P23242)
Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, MI 48341
(248) 858-1000
cooperj@oakgov.com


OAKLAND COUNTY CORPORATION COUNSEL

*/s/Joyce F. Todd*
JOYCE F. TODD (P31026)
Assistant Corporation Counsel
1200 N. Telegraph Road
Pontiac, MI 48341-0419
(248) 858-2003
toddj@oakgov.com

Dated: March 8, 2013

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

                Plaintiff/Counter-Defendant,

vs.                               Case No. 11-cv-12422-AC-MKM
                               Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                Defendants,

and

|  |
|---|
| **BRIEF IN SUPPORT OF NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS** |

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

                Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt (P25213) | John H. Bredell (P36577) |
| Harvey Kruse, P.C. | Bredell & Bredell |
| Attorney for Plaintiff | Attorney for Defendants, |
| 1050 Wilshire Drive, Suite 320 |   William & Jennifer Keene |
| Troy, MI  48084 | 119 N. Huron Street |
| 248-649-7800 | Ypsilanti, MI  48197 |
| | 734-482-5000 |
| | |
| Albert L. Holtz (P15088) | Geoffrey N. Fieger (P30441) |
| ALBERT L. HOLTZ, P.C. | Jeffrey A. Danzig (P36571) |

Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI  48146
248-593-5000

Attorney for Monica Lupiloff,
Nicole Lupiloff and Nicole
Lupiloff, Personal Representative
of the Estate of Gary Lupiloff,
deceased
19390 West Ten Mile Road
Southfield, MI  48075
248-355-5555

_____/

**BRIEF IN SUPPORT**
**NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE**
**ORDER COMPELLING PRODUCTION OF RECORDS**

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ........................................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................................ iii

ARGUMENT ..................................................................................................................1

    I.     INTRODUCTION ..............................................................................1

    II.    PRODUCTION OF DOCUMENTS FROM NON-PARTIES ...........................1

    III.   OBJECTIONS TO THE PRODUCTION OF DOCUMENTS ........................2

CONCLUSION AND RELIEF REQUESTED ....................................................................11

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

I.       Whether the Order (Dkt. #61), entered by the Court upon stipulation of the parties, compelling Non-Party Oakland County Prosecutor to produce various investigative records of an ongoing murder investigation should be set aside because the records sought contain privileged information and the Oakland County Prosecutor was deprived of the procedures available under the Federal Court Rules of Civil Procedure to assert valid privileges or objections to subpoenas seeking the production of documents?

> **Non-party Oakland County Prosecutor states:**          **"YES"**
>
> Plaintiff/Counter–Defendant states:                       "No"
>
> Defendants state:                                         "No"
>
> Defendants/Counter-Plaintiffs and Cross-Plaintiffs state:  "No"
>
> Defendants/Cross-Defendants state:                        "No"

**<u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>**

I.  **Fed. R. Civ. P. 34(c) –** governs the process by which a non-party may be compelled to produce documents

II.  **Fed. R. Civ. P. 45 –** governs the process and procedure for issuing and objecting to subpoenas commanding a nonparty to produce documents

III.  ***United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975) -** holding that the work product privilege applies to prosecution files and assures the proper functioning of the criminal justice system

<u>**ARGUMENT**</u>

## I.      INTRODUCTION

It is undisputed that Gary Lupiloff was a victim of a homicide on July 13, 2010. The murder occurred in the City of Royal Oak, Michigan. According to Plaintiff Nationwide Insurance, it was informed by a representative of the Royal Oak Police Department that it was investigating the death of Gary Lupiloff, and that William Keene, a party in this litigation, was a suspect in the murder. Nationwide claims that the Royal Oak Police Department served a search warrant on Nationwide, requesting any and all documents related to the Nationwide policy owned by Gary Lupiloff. (Dkt. #1, ¶¶ 14, 16, 21-24).

Plaintiff Nationwide Insurance filed a Motion for Partial Summary Disposition on September 13, 2011. (Dkt. #37).  In the accompanying Memorandum of Law in support of its motion, Nationwide Insurance stated that the Royal Oak Police Department was continuing its investigation of Lupiloff's murder, that the Royal Oak Police Department claimed that William Keene "is a prime suspect in the killing, . . ." and that  "[a] grand jury has been convened in Oakland County Michigan."[1] *Id*. at Pg. ID. 539.

## II.      PRODUCTION OF DOCUMENTS FROM NON-PARTIES

The Federal Rules of Civil Procedure provide for an orderly procedure whereby parties may obtain documents from a non-party. Fed. R. Civ. P. 34(c) provides: "*As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.*" (emphasis added).  Fed. R. Civ. P. 45(c)(2)(B) provides that a person commanded to produce documents may serve written objections on the part or attorney designated in the subpoena, including invoking the list of protections provided by Fed. R. Civ. P. 26(c)(1).  This

---

[1] As will be discussed later in this brief, state law prohibits the Oakland County Prosecutor from confirming the existence of a grand jury proceeding as to a particular criminal investigation.

orderly procedure provided by the Rules insures that non-parties are afforded fairness and protection in the discovery process.

Among the protections provided in the Rules is fair notice to a non-party that information or documents in its possession may be sought by parties to the litigation. "If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)." *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1341 (8th Cir. 1975). Without a subpoena, "any . . . requests for production of documents served on non-parties are a nullity." *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001). "[T]he Federal Rules's hurdles exist for a reason, and a party cannot leap over them so haphazardly." *Shipes v. Amurcon Corp.,* Case No. 10-14943, 2012 U.S. Dist. LEXIS 49448, *4 (E.D. Mich. April 9, 2012) (Ex. A) ("Court cannot grant a motion to compel discovery from a non-party when no underlying subpoena exists."). *Id.* at *3.

Therefore, the serving party may move for an order compelling production of document only ***after*** a non-party is afforded an opportunity to object to the subpoena. Fed. R. Civ. P. 45(c)(2)(B)(i). In this case, no subpoenas were served on the non-party Oakland County Prosecutor. The parties failed to follow the procedures set forth in Fed. R. Civ. P. 45, depriving Oakland County Prosecutor of an opportunity to file objections to the production of documents, an opportunity to assert valid privileges precluding the disclosure of the requested information, or an opportunity to avail herself of any other relief provided by the Rules.

### III.      OBJECTIONS TO THE PRODUCTION OF DOCUMENTS

Under Fed. R. Civ. P. 45(c)(2)(B), had the parties followed the applicable discovery rules, non-party Oakland County Prosecutor would have been afforded the opportunity to file written objections to a party's request to produce documents prior to inspection. Although the

following does not represent an exhaustive list of objections that would have been filed by the Prosecutor, had the parties followed the proper procedure set forth in Fed. R. Civ. P. 45, the following objections demonstrate that non-party Oakland County Prosecutor's opposition to the production of her files is well-grounded in both in law and procedure.

***Work Product Privilege***. Because there is an active and ongoing investigation into the murder of Gary Lupiloff, the Oakland County Prosecutor's file contains documents that were created or assembled in anticipation of possible litigation. Further, because the case is still in the pre-charge stage, the documents in the Oakland County Prosecutor's file are comprised solely of either (1) documents created by the attorneys in the Prosecutor's Office, or (2) copies of documents from various entities that were selected by the attorneys in the Prosecutor's Office as being particularly relevant to the Prosecutor's legal theories on this ongoing investigation. As such, the Oakland County Prosecutor's file on the Lupiloff homicide constitutes the work product of the Oakland County Prosecutor, and is protected from disclosure to the parties by the work product privilege.

The Work Product doctrine was first recognized by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947).  In *United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975), the Supreme Court held that the work product privilege applies also to prosecution files prepared for criminal proceedings as well as attorney files prepared for civil litigation. The Court acknowledged that application of the work product privilege in the criminal context "assuring the proper functioning of the criminal justice system . . . ."  *Id.* at 238.

Fed. R. Civ. P. 26(b)(3)(A) protects attorney's files created in anticipation of litigation, with the limitation that while documents disclosing legal theories (i.e. deliberative work product)

are absolutely exempt from disclosure, factual documents within the file can be ordered disclosed *if* "they are otherwise discoverable under Rule 26(b)(1)" ***and*** the requestor "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

Here, the parties were never required to identify the need or relevance that must be shown to pierce the factual work product privilege of the Prosecutor. Recitation in the parties' stipulated order  to "any and all" or "documents of any type whatsoever" clearly demonstrates that no weighing or balancing of the Prosecutor's factual work product privilege was identified or required in the clear language of the patently overbroad Order stipulated to by the parties. Nor can ***any*** showing of the parties overcome the work product privilege shielding the deliberative work product of the Oakland County Prosecutor. Yet the overbroad order, presented to this Court by the parties, contained no distinction between compelling the disclosure of the Oakland County Prosecutor's factual or deliberative work product.

***<u>On-Going Criminal Investigation by Law Enforcement</u>***. In addition to being shielded from disclosure by the work product privilege, the information sought by the parties' stipulated discovery order is protected from disclosure by a qualified common law privilege applicable to ongoing law enforcement investigative files. This qualified privilege for law enforcement investigatory files has been recognized by both federal and state courts. See *Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1341 (D.C. Cir. 1984).

Federal law recognizes a qualified privilege protecting the information contained in the files of a law enforcement agency's ongoing criminal investigations. This is "a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Tuite v. Henry*, 181 F.R.D. 175, 176-

177 (D.D.C. 1998).   Among the factors that a court would consider in weighing non-disclosure under the law enforcement privilege are: (1) the impact upon persons who have given information, of having their identities disclosed, (2) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding; and (3) whether the investigation has been completed. *Id*. All of these factors weigh against the disclosure of the Oakland County Prosecutor's files in this case.

Although the federal law enforcement privilege is not recognized in a diversity case such as this, nonetheless, this underscores the fact that reviewing courts are tasked with the responsibility of closely scrutinizing this type of information, before allowing its disclosure.

The Michigan Freedom of Information Act, ("FOIA"), 1976 P.A. 442, MCL 15.231 et seq., similar to the federal statute, also recognizes that investigating records compiled for law enforcement purposes may be exempt from disclosure as a public record if the disclosure would interfere with a law enforcement proceeding. MCL 15.243(1)(b).   Even federal courts have acknowledged exemptions from disclosure under the premise that such disclosures can interference with a law enforcement proceeding. "Interference with a law enforcement proceeding" may include, for example, disclosure of evidence, witnesses, prospective testimony, reliance placed on particular evidence by the government, the identification of the direction of the investigation, government strategies, scope of the government investigation, prospective new defendants, subjects of surveillance, or disclosure which would allow the target to construct defenses or even tamper with witnesses or evidence. *Evening News Ass'n. v. Troy,* 339 N.W.2d 421, 435*,* 417 Mich. 481 (1983) (citing *Kanter v. Internal Revenue Service,* 433 F. Supp. 812, 822, fn 18 (N.D. Ill. 1977)).

Here, the very pleading of the parties has identified one of the litigants in this case as being a suspect in the murder investigation. This same party now seeks to compel disclosure of the Prosecutor's entire file on this active and on-going criminal investigation, seeking information that he would be precluded from obtaining under state law. The parties' actions in this case have allowed them to circumvent the very safeguards and protections that have been built into the very discovery Rules that were created to ensure that information in the possession of non-parties is not subject to improper disclosure. By simply stipulating to an order compelling production of the Prosecutor's file, the parties, including the named suspect, would be able to peruse confidential or privilege information obtained in a criminal investigation without limitations.[2]  Permitting parties to bypass the discovery Rules and instead improperly use a stipulation to compel the inspection of the entire investigative file of the Prosecutor, in an active and on-going criminal investigation, would establish an extremely dangerous precedent, not only for law enforcement, but for all non-parties who possess privileged information. Permitting such a procedure would foster abuse in all manner of cases, as nothing would prevent parties from colluding to use discovery in a civil lawsuit as a vehicle to bypass valid privileges, and access sensitive and privileged information held by any non-party of their choosing.

***_Information Protected from Disclosure by Michigan Statutes._*** Non-party Oakland County Prosecutor is also precluded by statute from disclosing or making public other types of information that may be contained in its investigative file.  The language of the stipulated order is patently overbroad, requesting ***any and all*** files, reports, statements, photos, computer records, correspondence and records ***and documents of any type whatsoever*** pertaining to and all investigation of William Keene and/or Jennifer Keene in regard to the murder of Gary Lupiloff.

---

[2] Even a criminal defendant is not permitted such wholesale access to the prosecutor's file in a criminal prosecution. See Michigan Rules of Criminal Procedure 6.201.

(See Dkt. #61). The order even required the Oakland County Prosecutor to reveal to the parties any other individuals that may be under investigation in Lupiloff's murder.  Further, there are no restrictions placed on the use of the information gained from inspecting the Prosecutor's file.

There is no appreciation, recognition or acknowledgment in the wording of this order that the investigative file of the Oakland County Prosecutor likely contains privileged information, work product, or other information specifically precluded by statute from being released. Because the parties stipulated to the order, the Oakland County Prosecution was precluded from requesting that the parties demonstrate need or relevance as to her factual work product, or that this request should be quashed or modified because it was patently overbroad and clearly an attempt at a forbidden "fishing expedition." See *Ghandi v. Police Dep't. of Detroit*, 747 F.2d 338, 353 (6th Cir. 1984).

In addition to the work-product privilege previously discussed, MCL 28.214 prevents the disclosure of information contained in the Law Enforcement Information Network [LEIN] by the Prosecutor unless authorized by law or statute. MCL 333.2855A precludes the publication or release of autopsy photographs to a member of the public by the Prosecutor unless certain statutory requirements are met. The Michigan Crime Victim's Rights Act precludes disclosure under FOIA of any visual depiction of the victim, including drawings or photographs. See MCL 780.758.

The Oakland County Prosecutor acknowledges that the Federal Rules regarding discovery are not governed by the provisions precluding disclosure contained in Michigan FOIA statutes.  However, these factors are relevant under Fed. R. Civ. P. 26(c)(1), where "any person from whom discovery is sought" may move for a protective order which may protect or forbid

the disclosure or discovery, limit the scope of disclosure, or proscribe a discovery method other than the one selected by the party seeking discovery.

Here, the Order Compelling Production provides no protections to non-party Oakland County Prosecutor in her quest to maintain the integrity of an active and on-going murder investigation.  (See Dkt. #61). There are no restrictions imposed by the Order as to what can be done with the information acquired by inspecting the entire investigative file of the Prosecutor. There are no provisions to protect potential witnesses in a potential murder prosecution, or to prevent possible tampering with evidence contained in the Prosecutor's file. The Prosecutor is certain that any potential suspect in a criminal investigation would be eager to discover the stage of the investigation as well as the scope of the investigation, or where the investigation might be heading. Furthermore, there is no acknowledgment or appreciation for the fact that a request for the *entire file* of an attorney will contain work-product information. The Order, however, provides no protection for the Prosecutor's work-product or other privileged information contained in the file.

***Plaintiff's Reference to a State Grand Jury Proceeding***.  One of the parties has referenced the existence of a grand jury proceeding investigating the murder of Gary Lupiloff. (See Dkt. #37, Pg. ID. 539). However, Michigan law prevents the Oakland County Prosecutor from publicly confirming or denying the existence of any such grand jury investigation, disclosing any details regarding these proceedings, or even identifying any individual case that was investigated by a grand jury. MCL 767.3; MCL 767.4; MCL 767.4a.

If these grand jury materials did exist, this Order permits parties in a civil proceeding, including a party who has been identified by law enforcement as the prime suspect, to freely access and review any and all secret documents currently under State seal with no prohibitions

8

on disclosure, publication, or use of this information. This action is unprecedented either in federal or state jurisprudence.

"It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions." *In re Grand Jury Subpoenas*, 454 F.3d 511, 521 (6th Cir. 2006).  In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979), the Supreme Court emphasized several interests served by safeguarding the confidentiality of grand jury proceedings, including a recognition that witnesses may hesitant to come forward voluntarily, "knowing that those against whom they testify would be aware of that testimony."  The Court also acknowledged that witnesses appearing before a grand jury would be less frank in their testimony if they feared they would be open to retribution as well as inducements. *Id.* at 218-219.

If a party in civil litigation seeks state grand jury materials, federal case law has established a proper procedure for litigants to obtain such materials. In *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 643 (7th Cir. 1980), the court held that the principles of comity required that the state court who supervised the grand jury be given the first opportunity to determine whether the materials in question should be released. The court stated:

> . . . "The supervisory court has first-hand knowledge of the need for secrecy in those particular proceedings. Moreover, when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure request until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continued need for secrecy. Otherwise, the potential threat of disclosure orders in subsequent federal litigation would seriously weaken the state court's control of the secrecy of this essential component of its criminal justice system."

*Id.* at 644.

See also *Brunson v. City of Dayton*, 163 F. Supp. 2d 919, 922 (S.D. Ohio 2012).

According to the Motion for Partial Summary Judgment filed by Plaintiff Nationwide Insurance, on September 13, 2011, Plaintiff believed that a grand jury had been convened to investigate the murder of Gary Lupiloff. (Dkt. #37, Pg. ID. 539).  As of the date of the entry of the Order, however, none of the parties has sought disclosure or the unsealing of any grand jury materials from the state court.

If a grand jury had been convened in this matter, the Oakland County Prosecutor would be entitled to file a motion to quash any subpoena to prevent the disclosure of grand jury material in the file of non-party Oakland County Prosecutor. Because of the manner in which the parties stipulated to compel the Oakland County Prosecutor to produce her file, the Prosecutor was prevented from taking action to protect against the improper disclosure of grand jury material, if such material existed.

***Discovery Deadlines*.**  As an additional ground for setting aside the Order Compelling Production (Dkt. #61), non-party Oakland County Prosecutor contends that the parties also circumvented the very discovery deadline set by this Court, when they filed the challenged stipulated order to compel production of records ***after*** the expiration of the discovery cutoff in this case.

When a party seeks to conduct discovery after the deadline has passed, the party must seek modification of the scheduling order by demonstrating "good cause" under Fed. R. Civ. P. 16(b).  Here, the parties did not seek a modification of the scheduling order which provided for a discovery cutoff date of January 21, 2013.  (See Dkt. #50). The parties had been given ample opportunity by this Honorable Court to conduct discovery, including 18 months to issue a proper subpoena under Fed. R. Civ. P. 45 for the production of documents to the Oakland County

Prosecutor.   All the parties declined to use the procedures provided by the Rules for the production of documents by non-parties.

Because the parties circumvented the discovery schedule set by this Court by presenting the stipulated order to compel production of records *after* the close of discovery in this case, the Oakland County Prosecutor was deprived of an opportunity to file a motion to quash, asserting that the parties' motion to compel production of records was untimely and exceeded the discovery deadline set by this Court.

This Court has authority to deny the parties request to compel discovery once the discovery deadline has past and where the parties did not seek modification of the scheduling order permitting additional time for discovery. See *McGuire v. Warner*, Case No. 05-40185, 2009 U.S. Dist. LEXIS 66614 (E.D. Mich. July 29, 2009) (Ex. B).

## CONCLUSION AND RELIEF REQUESTED

The Oakland County Prosecutor contends that she was prejudiced by the parties' circumvention of the Federal Rules by their stipulating to the entry of an order compelling production of "any and all files, reports, statements, photos, computer records, correspondence and records and documents of any type whatsoever pertaining to any and all investigation of William Keene and/or Jennifer Keene and/or anyone else in regard to the murder of Gary Lupiloff which occurred in Royal Oak, Michigan on 7/13/10."

An order compelling production of documents, without notice to the Oakland Prosecutor or without the issuance of a subpoena, contravenes Fed. R. Civ. P. 37(a)(1), which requires that a party give notice to "all affected persons" *prior* to moving for an order compelling disclosure or discovery.   Because the order, entered into by stipulation of the parties, was submitted to this Court for entry without notice to the non-party Oakland County Prosecutor, the parties deprived

11

the Oakland County Prosecutor of any opportunity to file objections to the production of her documents, as provided in Fed. R. Civ. P. 45(c)(2)(B). The parties' actions deprived non-party Oakland County Prosecutor of the opportunity to assert valid privileges and objections to this discovery request. Prosecutor Cooper was further prejudiced because she was deprived of the notice that she should have been given, as well as the opportunity to object to the requested production of documents at the hearing described and required by Fed. R. Civ. P. 45(c)(2)(B)(i), if the serving party moved for an order compelling production.

THEREFORE, for the reasons set forth, non-party Oakland County Prosecutor requests that this Honorable Court set aside the Order Compelling Production (Dkt. #61) entered February 25, 2013.

Respectfully submitted,

OAKLAND COUNTY PROSECUTOR'S OFFICE

*/s/Jessica R. Cooper*
JESSICA R. COOPER (P23242)
Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, MI 48341
(248) 858-1000
cooperj@oakgov.com

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Joyce F. Todd*
JOYCE F. TODD (P31026)
Assistant Corporation Counsel
1200 N. Telegraph Road
Pontiac, MI 48341-0419
(248) 858-2003
toddj@oakgov.com

Dated: March 8, 2013

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2013, I electronically filed the foregoing papers (MOTION & BRIEF TO SET ASIDE THE ORDER COMPELLING THE OAKLAND COUNTY PROSECUTOR TO PRODUCE RECORDS) with the Clerk of the Court using the ECF System which will send notification of same to the attorneys of record and I hereby certify that I have mailed by United States Postal Service the aforementioned to the following non-ECF participant: NONE.

Respectfully submitted,

OAKLAND COUNTY PROSECUTOR'S OFFICE

*/s/Jessica R. Cooper*
JESSICA R. COOPER (P23242)
Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, MI 48341
(248) 858-1000
cooperj@oakgov.com

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Joyce F. Todd*
JOYCE F. TODD (P31026)
Assistant Corporation Counsel
1200 N. Telegraph Road
Pontiac, MI 48341-0419
(248) 858-2003
toddj@oakgov.com

Dated: March 8, 2013