

Exhibit A

Caution
As of: March 8, 2013 9:39 AM EST

# Shipes v. Amurcon Corp.

United States District Court for the Eastern District of Michigan, Southern Division
April 9, 2012, Decided; April 9, 2012, Filed
Civil Action No. 10-14943

**Reporter:** 2012 U.S. Dist. LEXIS 49448

Allison Shipes, et al., Plaintiffs, vs. Amurcon Corp., Defendant.

**Subsequent History:** Motion granted by, in part, Motion denied by, in part, Sanctions disallowed by *Shipes v. Amurcon Corp., 2012 U.S. Dist. LEXIS 49449 ( E.D. Mich., Apr. 9, 2012)*

**Prior History:** *Shipes v. Amurcon Corp., 2012 U.S. Dist. LEXIS 39794 ( E.D. Mich., Mar. 23, 2012)*

**Core Terms**

subpoena, motion to compel, non-party, audio recording, discovery, tapes, quashing a subpoena, compel discovery, grant a motion, hurdle

**Counsel:** [*1] For Allison Shipes, Theresa Jull, Plaintiffs: Jesse L. Young, Sommers Schwartz, Southfield, MI; Matthew L. Turner, Jason J. Thompson, Sommers Schwartz, P.C., Southfield, MI; Robert Anthony Alvarez, Avanti Law Group, PLLC, Wyoming, MI.

For Amurcon Corporation, Defendant: Michael F. Jacobson, Patrice S. Arend, Thomas H. Williams, Jaffe, Raitt, Southfield, MI.

**Judges:** MONA K. MAJZOUB, UNITED STATES MAGISTRATE JUDGE. District Judge Victoria A. Roberts.

**Opinion by:** MONA K. MAJZOUB

**Opinion**

## ORDER

Before the Court is Plaintiffs' "motion to compel audio tapes from third-party witness." [1] (Dkt. 55.) The Court has been referred this motion for determination pursuant to *28 U.S.C. § 636(b)(1)(A)*. (Dkt. 63.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order. [2] Because the Court finds that Plaintiffs have failed to issue a subpoena for the production of the tapes from a nonparty, making this motion not procedurally proper, the Court is unable to grant Plaintiffs the relief they request. The Court therefore denies Plaintiffs' motion to compel.

### I. Background

On August 19, 2011 Plaintiffs issued a subpoena to Gene Farkas, Defendant's former Vice-President of Human Resources. (Pls.' Mot. at 1.) Plaintiffs were requesting Mr. Farkas to produce two audio recording tapes that they believed were relevant to the case. (*Id.*) On Sep-

---

[1] Although Plaintiffs have stated that the witness is a "third-party witness," the subject, Mr. Gene Farkas, is actually not a party to this case.

[2] The Court [*2] dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

tember 1, 2011 Defendant filed an emergency motion to quash Plaintiffs' subpoena, claiming the attorney-client privilege prohibited disclosure of the the audio recordings in Mr. Farkas's possession. (*Id.*) On that same day, Judge Cleland quashed the subpoena.³ (*Id.*) In Judge Cleland's order, he stated that he "will grant the motion subject to further possible motion practice before Judge Roberts and quash the subpoena of Mr. Gene Farkas at this time." (Dkt. 40, Cleland's Order at 1.) Judge Cleland concluded, "[i]f [] Plaintiffs wish to re-file or otherwise pursue the objects of this subpoena, counsel should contact Judge Roberts's case manager . . . for further direction." (*Id.* at 4.) Nothing happened regarding this audio recording issue until Plaintiffs filed this motion to compel on February 23, 2012. (Dkt. 55, Pls.' [*3] Mot.) Plaintiffs have not requested a new subpoena, stating that "[i]nstead of reissuing another subpoena that would surely draw another objection, Plaintiffs decided to file this motion." (Pls.' Mot. at 1.)

## II. Analysis

While Plaintiffs and Defendant present various arguments for and against granting this motion, the Court ultimately agrees with Defendant on its first, most basic argument—Plaintiffs' motion is procedurally improper because the Court cannot grant a motion to compel discovery from a non-party when no underlying subpoena exists. See *Smith v. Florida Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (holding that the district court did not abuse its discretion when it denied the plaintiff's motion to compel discovery because the plaintiff failed to pay the fee required for the subpoena to issue.) See also *Myers v. Andzel*, 06-14420, 2007 U.S. Dist. LEXIS 79156, 2007 WL 3256879, at *1 (S.D.N.Y. Oct.15, 2007) (quoting *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to [*Rule 45*]."). Without a subpoena, "[a]ny interrogatories [*4] or requests for production of documents served on non-parties are a nullity."

*Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001).

Plaintiffs argue that Judge Cleland's order gives them the right to directly file this motion to compel. Plaintiffs have misread Judge Cleland's order—the order does not give Plaintiffs the right to circumvent the Federal Rules. Plaintiffs must file a subpoena for discovery from a non-party such as Mr. Farkas. The Court acknowledges that the procedural hurdle of getting a subpoena will most likely lead to an objection, which will most likely lead to another motion to compel in front of this Court, but the Federal Rules's hurdles exist for a reason, and a party cannot leap over them so haphazardly. See *In re Northfield Laboratories, Inc. Securities Litigation*, 06-1493, 2012 U.S. Dist. LEXIS 12741, 2012 WL 266852, at *8 (N.D.Ill. Jan. 31, 2012) ("Generally, to obtain discovery from nonparties, a party must first issue a subpoena, pursuant to *Rule 45*. To obtain an order compelling compliance with such a subpoena, a party must file a motion to compel.").

The Court therefore DENIES Plaintiffs' motion.

## **NOTICE TO THE PARTIES**

Pursuant to *Federal Rule of Civil Procedure 72(a)*, the parties have [*5] a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under *28 U.S.C. § 636(b)(1)*.

Dated: April 9, 2012

/s/ Mona K. Majzoub

MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

---

³ Plaintiffs state that Judge Roberts, the district judge presiding over this case, was unavailable for ruling.