


**Exhibit B**

Neutral
As of: March 8, 2013 11:17 AM EST

# McGuire v. Warner

United States District Court for the Eastern District of Michigan, Southern Division
July 29, 2009, Decided; July 29, 2009, Filed
Case No. 05-40185

**Reporter:** 2009 U.S. Dist. LEXIS 66614; 2009 WL 2370738

Timothy McGuire and James Lee Joseph Ryan, Plaintiffs, v. Royal Oak Police Sgt. Douglas Warner, et al., Defendants.

**Subsequent History:** Request denied by *McGuire v. Warner, 2009 U.S. Dist. LEXIS 66979 ( E.D. Mich., Aug. 3, 2009)*

**Prior History:** *McGuire v. Warner, 2009 U.S. Dist. LEXIS 35644 ( E.D. Mich., Apr. 28, 2009)*

**Core Terms**

discovery, subpoena, deadline, scheduling order, prosecutor's office

**Counsel:** [*1] For Timothy Daniel McGuire, James Lee Joseph Ryan, Plaintiffs: David A. Robinson, LEAD ATTORNEY, Robinson Assoc. (Southfield), Southfield, MI; Theophilus E. Clemons, LEAD ATTORNEY, Robinson & Associates, Southfield, MI; Racine M. Miller, Robinson & Associates, P.C., Southfield, MI.

For Douglas Warner, Royal Oak Police Sergeant, Officially and Individually, Barry Gale, Royal Oak Police Sergeant, Officially and Individually, City of Royal Oak, Ted Quisenberry, Royal Oak Police Chief, in his Official Capacity, Defendants: Karen M. Daley, LEAD ATTORNEY, T. Joseph Seward, Cummings, McClorey, Livonia, MI.

For Oakland County Prosecutor's Office, Interested Party: John S. Pallas, Oakland County Prosecutor's Office, Pontiac, MI.

**Judges:** Honorable SEAN F. COX, UNITED STATES DISTRICT JUDGE.

**Opinion by:** SEAN F. COX

**Opinion**

## ORDER DENYING MOTION TO COMPEL

Discovery in this case has been closed since June 1, 2006 (Docket Entry No. 9). Plaintiffs have not sought a modification of the Scheduling Order permitting additional time to conduct discovery. Nevertheless, *more than two full years after the close of discovery*, and *just a week prior to trial*, Plaintiffs essentially ask this Court to reopen discovery and compel the Oakland County [*2] Prosecutor's Office to produce documents in response to a July 13, 2009 subpoena issued by Plaintiffs.

Based on the prosecutor's written response to the July 13, 2009 subpoena, which neither party contests the accuracy of, Plaintiffs previously issued a subpoena to the Oakland County Prosecutor's office requesting certain materials relating to Plaintiffs' criminal files and the prosecutor's office produced documents in response to that subpoena. Notably, neither party has provided this Court with a copy of the original subpoena. The prosecutor's response further notes that while it produced documents in response to the original subpoena in

July 2005, an envelope containing the following three items was added to the "McGuire/Ryan file" in March of 2006 and those items were not produced by the prosecutor's office:

    a. Letter from Attorney James Howath, dated August 6, 2004, providing a summary of the testimony of defense witnesses.

    b. Letter from Attorney Christopher Chekan, dated August 17, 2004, providing "Defendant Timothy McGuire's Witness Summaries, Without Prejudice and Subject to *MRE 408*."

    c. A series of handwritten witness statements and driver's license photocopies.

Per the July 24, [*3] 2009 letter, the prosecutor has turned over the above noted documents to Plaintiffs. The prosecutor's response further stated that the remaining additional documents sought by the subpoena would not be produced because they are protected by the work product privilege. (Docket Entry No. 150-3).

Because the parties have not provided the Court with a copy of the original subpoena, or discussed whether there was an obligation to supplement the original production during discovery, the Court is not able to rule on whether Plaintiffs should be able to retain items a, b, and c above and use them at trial.

With respect to the additional documents subpoenaed that have *not* been produced by the prosecutor, however, the Court shall deny Plaintiffs' motion seeking to compel production of those documents.

The decision in *Fabery v. Mid-South OB-GYN*, 2008 U.S. Dist. LEXIS 39679, 2000 WL 35641544 (W.D. Tenn. 2008), heavily relied on in *Martin v. Oakland County*, 2008 U.S. Dist. LEXIS 84217, 2008 WL 4647863 (E.D. Mich. 2008), sets forth a thorough analysis of the case law that prohibits Plaintiffs' attempt to re-open discovery on the eve of trial:

A subpoena that seeks documents under *Federal Rule of Civil Procedure 45* is a discovery device subject to the same deadlines [*4] as other forms of discovery set forth in the court's scheduling order. *Hamilton v. Am. Corrective Counseling Servs., Inc.*, No. 3:05-CV-434 RM, 2007 U.S. Dist. LEXIS 28322, 2007 WL 724791, *1 (N.D. Ind. Apr. 13, 2007); see also *Wantanabe Realty Corp. v. City of New York*, 159 Fed. Appx. 235, 240 n.2 (2d Cir. 2005) (noting that "*Rule 45* subpoenas may not be used to circumvent the discovery deadlines"); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (holding that because the plaintiff "had adequate opportunity to discover [material requested in a *Rule 45* subpoena] through the normal discovery process, the district court did not abuse its discretion in quashing the [*Rule 45*] subpoena"); *Ghandi v. Police Dept. of the City of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984) (finding that the district court did not abuse its discretion in deciding to quash plaintiffs' *Rule 45* subpoena when plaintiffs waited until after the discovery deadline had passed and plaintiffs were given ample opportunity to complete discovery); *Garvin v. S. States Ins. Exch. Co.*, No. 1:04cv73, 2007 U.S. Dist. LEXIS 63664, 2007 WL 246282, at *3 (N.D. W.Va. Aug. 28, 2007) (stating that "[g]enerally, [*5] a *Rule 45* subpoena duces tecum constitutes 'discovery,' which must be filed and served prior to the close of the discovery period"); *Regal Coal, Inc., v. LaRosa*, No. Civ.A. 2:03CV90, 2006 U.S. Dist. LEXIS 15541, 2006 WL 696181, at *21 (N.D. W.Va. March 17, 2006) (holding "that a *Rule 45* subpoena does in fact constitute discovery"); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D. C. 2005) (holding that "*Rule 45* sub-

poenas are 'discovery' under *Rules 16* and *26 of the Federal Rules of Civil Procedure*, and are subject to the same deadlines as other forms of discovery"); *Dodson v. CBS Broad, Inc., No. 02 Civ 9270(KMW), 2005 U.S. Dist. LEXIS 29703, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005)* (stating that *Rule 45* subpoenas "may not be used . . . as means to engage in discovery after the discovery deadline has passed"); *Integra Lifesciences I, Ltd., v. Merck KgaA, 190 F.R.D. 556, 561 (S.D. Cal 1999)* ("Case law establishes that subpoenas under *Rule 45* are discovery, and must be utilized within the time period permitted for discovery in a case."); *Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995)* ("After careful consideration, the Court finds that the *Rule 45* [*6] subpoenas duces tecum in this case constitute discovery.")

*Fabery, supra,* 2008 U.S. Dist. LEXIS 39679, [WL] at *1.

When a party seeks to conduct discovery after the deadline has passed, that party must seek a modification of the scheduling order by demonstrating "good cause" under *FED. R. CIV. P. 16(b)*. "Good cause exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.' *Fed.R. Civ. P. 16* advisory committee notes (1983)." *Fabery, supra,* 2008 U.S. Dist. LEXIS 39679, [WL] at *2. "In deciding whether the moving party has demonstrated sufficient good cause to modify the scheduling order, the court considers two factors:" the diligence of the party seeking discovery 'in attempting to meet the case management order's requirements' and 'whether the opposing party will suffer prejudice by virtue of the amendment.'" *Id.* (quoting *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).

Both factors weigh against Plaintiffs here. Plaintiffs' subpoena clearly violates this Court's Scheduling Order, as it was served more than two years after the expiration of the discovery period. Plaintiffs had ample time to obtain the requested discovery within the time period set forth in the scheduling order and they have offered [*7] no explanation whatsoever as to why they could not have done so. In addition, even if the Plaintiffs could not have obtained the requested discovery by the June 1, 2006 close of discovery, Plaintiffs could have asked the Court to extend discovery but chose not to do so. Plaintiffs have provided no reason whatsoever why they waited more than two years after the close of discovery, and just a few weeks prior to trial, to seek the documents requested in the subpoena at issue. Nor did Plaintiffs raise the need for such documents at the Final Pretrial Conference in this matter. In addition, the Court concludes that Defendants would be unfairly prejudiced by the reopening of discovery on the eve of trial.

Accordingly, **IT IS ORDERED** that "Plaintiffs' Emergency Motion to Compel Production of Documents from Oakland County Prosecutor's Office" (Docket Entry No. 150) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sean F. Cox

SEAN F. COX

UNITED STATES DISTRICT JUDGE

Date: July 29, 2009