UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,                        Case No. 2:11-cv-12422-AC-MKM

v.                                     Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

        Defendants.

---

Michael F. Schmidt (P25213)
Harvey Kruse, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
248-649-7800

Albert L. Holtz (P15088)
ALBERT L. HOLTZ, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146
248-593-5000

John H. Bredell (P36577)
Bredell & Bredell
Attorney for Defendants,
 William & Jennifer Keene
119 N. Huron Street
Ypsilanti, MI 48197
734-482-5000

Geoffrey N. Fieger (P30441)
Jeffrey A. Danzig (P36571)
Attorney for Monica Lupiloff,
Nicole Lupiloff and Nicole
Lupiloff, Personal Representative
of the Estate of Gary Lupiloff,
deceased
19390 West Ten Mile Road
Southfield, MI 48075
248-355-5555

## SUPPLEMENTAL RESPONSE TO NATIONWIDE'S MOTION TO COMPEL DISCOVERY

NOW COMES Defendants, **WILLIAM KEENE and JENNIFER KEENE,** and responding to Plaintiff **NATIONWIDE LIFE INSURANCE COMPANY's** Motion to Compel, scheduled on March 27, 2013, state as follows:

Nationwide filed this action and styled it as an interpleader to avoid paying a $500,000 life insurance policy to Defendant Bill Keene. The only "evidence" of Bill Keene's involvement in the murder of Gary Lupiloff, according to Nationwide, is the fact that Lupiloff named Keene as a beneficiary on a life insurance policy. The Keenes, Bill and his wife, Jennifer, have previously provided Nationwide with all of the bank and phone records in their possession. However, Nationwide has requested financial records dating back to 1998, a period of 15 years, and the Keenes responded to this request that these records were not in their possession. However, with this motion, the Keenes have contacted all of the keepers of these records and the results of those contacts will be set forth below.

## Statement of Relevant Facts

The facts of this case can be distilled to a few salient points as they relate to this motion. There is no dispute that Gary Lupiloff purchased a $500,000 policy of life insurance from Nationwide. There is also no dispute that defendant Keene had loaned Gary Lupiloff over $125,000 and that Lupiloff failed to repay this loan and that Lupiloff named Keene as the beneficiary of the life insurance policy in an attempt to satisfy this debt that he owed to Keene. There is also no dispute that when Lupiloff took out the policy, he named his daughters as contingent beneficiaries of the policy. There is also no dispute that at some point, the ownership of the policy was transferred from Gary Lupiloff to Bill Keene and that as owner of the policy, Keene removed the Lupiloff daughters as contingent beneficiaries and named his own wife,

2

Jennifer Keene as contingent beneficiary.[1] When ownership of the policy was transferred to Bill Keene, the premium payments were thereafter made by Bill Keene.

Although the Lupiloff daughters now claim that the transfer of the policy to Bill Keene was a forgery, there is no question that Nationwide is in possession of documents that transferred the policy to Bill Keene and named Jennifer Keene as a contingent beneficiary. After more than a year of Keene paying the premiums on the policy, Gary Lupiloff was murdered in his own driveway. Because of the existence of the life insurance policy, Keene was named as a "person of interest" by the Royal Oak police. But it is also not in dispute that Gary Lupiloff had made many potential enemies as he was a disbarred lawyer and had discharged millions of dollars in bankruptcy before his death. He also owed a substantial amount of money to other "investors" at the time of his death. Prior to his death, Gary Lupiloff was featured on the local Fox affiliate's "Hall of Shame." He was basically portrayed as a con man. We are not presenting the character of Gary Lupiloff as "facts" but this does provide a background as to motive for shooting Gary Lupiloff, by any number of people other than William Keene.

### Supplemental Response to Requested Discovery - Financial Records

What follows is the discovery requested by the Plaintiff and the Defendants' response. It should be pointed out that the Defendants view these requests as oppressive and unduly burdensome and tracking down 15 years of financial records required extensive time, effort and in some cases, detective work. However, without waiving these objections, Defendants provide the following:

---

[1] Because Jennifer stands in line to collect on the policy, she has been named as a Defendant by Nationwide to also declare her rights.

3

I am writing in response to each discovery request in your letter of February 12, 2012 as follows:

17(e)  Please provide <u>all</u> monthly statements or other such documents, from 1998 through 2010, for <u>all</u> financial accounts (savings accounts, investment accounts, checking accounts, money market accounts, 401(k) accounts, IRAs, stocks, investment accounts, etc.), including, but not limited to the following accounts:

    a. Fidelity Account ending **#6204**

**RESPONSE:** I enclose the even numbered pages for each of the statements sent previously.

    e. Accounts with **DCFU Financial** (as identified on US-1040)

**RESPONSE:** See attached Authorization for release of records signed by Jennifer Keene.

    g. Chase account ending **#6764** (previously received 2005 through 2010)

**RESPONSE:** See attached letter from a Chase branch stating that it is not possible to obtain copies of statements older than 7 years.

17(f)  Please provide copies of <u>all</u> debt documents (personal loans, land contracts, promissory notes, mortgages, bank loans, business loans, credit cards, credit accounts, lines of credit, etc.), from 1998 through 2010 including, but not limited to the following accounts:

    a. National City Home equity line of credit account ending **#7813**:
        i. All statements except for statement ending March 10, 2010

**RESPONSE:** The Home Equity Loan was sold/given to SRA Associates. This property went into a foreclosure when the real estate market flipped. See attached sales/listing information. The house was originally $559,900 and sold for $249,900. See attached letter from PNC Bank regarding settlement of the account in full. National City/PNC and SRA do not have statements. It was a clerical error/confusion of accounts, when it was stated that the statements were being faxed for this account. The statements were requested for this account, but there are none to provide.

    b. Washington Mutual Account/Chase ending **#1514**:
        i. Statements from all months except for October 17, 2006

**RESPONSE:** This is the mortgage for a rental property that went into foreclosure. Chase cannot print out statements and Mr. Keene has previously provided all the information that the bank has available to him regarding the foreclosure and payoff of the loan.

    c. Chase MasterCard account ending **#0389:**
        i. All statements from 1998 to statement ending November 10, 2008

**RESPONSE:** See attached letter from a Chase branch stating that it is not possible to obtain copies of statements older than 7 years. Also, see attached statements from 12/11//06 to 12/10/08.

    d. Chase credit card account ending **#1499:**
        i. Statements ending May 15, 2006 through August 15, 2006

**RESPONSE:** See attached letter from a Chase branch stating that it is not possible to obtain copies of statements older than 7 years.

        ii. Statements ending December 15, 2006 through November 11, 2008

**RESPONSE:** See attached statement for ending date 12/15/06. See attached letter from Nathan Lamb, Branch Manager, Chase, regarding no activity, no statements for 5/15/07, 6/15/07, 7/15/07, and 10/15/07 to 3/15/08.

    e.    Costco Card account ending **#1002:**
        i. All statements from 1998 to 2008

**RESPONSE:** Regarding statements for 10/07, 12/07, 1/08, 4/08, and 6/08, see the following month's statements, showing a -0- previous balance, -0- payments; Also see attached letter stating that if there is no activity, there is no statement.

    f.    National City Card account ending **#9960:**

**RESPONSE:** This was a National City account that became a PNC account. This was sent to attorneys, Weltman, Weinberg & Reif. National City/PNC and the attorneys do not have statements. When we advised that we would produce statements, we assumed the bank or the law firm would have statements. They do not, and there are no statements to produce.

    g.    Citi Drivers Edge Card account ending **#7421:**

**RESPONSE:** (This account was formerly #4617 and it became account #7421, see 10/24/06 statement for account #4617 and 1/15/07 statement for account #7421). See attached statements for the period 12/21/06 to 12/21/10.

    h.    Citi Drivers Edge Card account ending **#4617** (This account became account #7421, see 10/24/06 statement for account #4617 and 1/15/07 statement for account#7421):

5

**RESPONSE:** (This account became account #7421, see 10/24/06 statement for account #4617 and 1/15/07 statement for account #7421.) See attached statements for 1/22/98 and 2/20/98 and for the period 5/22/01 to 12/15/06.

WHEREFORE, Nationwide's Motion to Compel and requests for discovery of additional financial documentation beyond all of the years of documentation that have already been provided should be denied.

                                                  Respectfully submitted,

Dated: March 21, 2013                        s/John H. Bredell
                                                  John H. Bredell (P36577)
                                                  Attorney for Plaintiff
                                                  119 N. Huron Street
                                                  Ypsilanti, MI 48197
                                                  Phone: 734-482-5000
                                                  E-mail: jbredell@bredell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael F. Schmidt, Albert L. Holtz, and Geoffrey N. Fieger/Jeffrey A. Danzig. I further certify that on March 21, 2013, I mailed a copy of the foregoing paper along with the attachments to Michael F. Schmidt, Albert L. Holtz and Geoffrey N. Fieger/Jeffrey A. Danzig to their respective addresses disclosed by the pleadings and a Judge's copy was also mailed to Judge Avern Cohn at U.S. District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Room 257, Detroit, Michigan 48226.

                                                  s/John H. Bredell
                                                  John H. Bredell (P36577)
                                                  119 N. Huron Street
                                                  Ypsilanti, Michigan 48197
                                                  Phone: (734) 482-5000
                                                  E-mail: jbredell@bredell.com