UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs.                                                                 Case No.   11-cv-12422-AC-MKM
                                                                    Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

    Defendants/Cross-Defendants.

**PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S RESPONSE TO NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE THE ORDER COMPELLING PRODUCTION OF RECORDS**

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff |
| Attorneys for Plaintiff | and Nicole Lupiloff, Per Rep of the Estate of |
| 1050 Wilshire Drive, Suite 320 | Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |
| Joyce F. Todd P31026<br>Attorney for Oakland County Prosecutor<br>1200 N. Telegraph Road, Bldg. 14 East<br>Courthouse West Wing Extension, 3rd Floor<br>Pontiac, MI 48341<br>(248)858-2033 | |

_____/

**PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S RESPONSE TO NON-PARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE THE <u>ORDER COMPELLING PRODUCTION OF RECORDS</u>**

This case deals with the appropriate beneficiary, if any, of a life insurance policy potentially covering a murder victim, Gary Lupiloff. Nationwide Life Insurance Company (Nationwide) is facing multiple claims for the proceeds of the life insurance policy issued on the life of Gary Lupiloff. Claims have been made by William Keene (William) as the listed beneficiary and by Nicole Lupiloff (Nicole) and Monica Lupiloff (Monica) as alleged contingent beneficiaries. William's wife, Jennifer Keene, has also been alleged to be a contingent beneficiary on the policy. William claims to be a business partner who demanded that Gary Lupiloff obtain the policy to supposedly protect the business transaction between the two of them. Nicole and Monica were Gary Lupiloff's daughters. Nicole also brings a claim as the personal representative of Gary Lupiloff's estate. Nicole and Monica have alleged that William murdered Gary Lupiloff for the insurance proceeds with Jennifer's knowledge and that this disqualifies William and Jennifer from claiming under the policy. The possibility has also been raised that the policy was obtained from its inception with the intention of murdering Gary

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

1

Lupiloff, which would potentially void the policy from its inception. Nationwide subsequently brought this action in the nature of interpleader to determine if any proper beneficiary exists and who that beneficiary actually is, or if there is no coverage due to fraud.

In phone conversations with the investigating Royal Oak Police Department, Nationwide and its attorneys have been informed that William is a prime suspect in the murder of Gary Lupiloff. The Police Department issued a subpoena to Nationwide for its records as part of its investigation. The Police Department has also indicated that a grand jury was convened in Oakland County Michigan regarding the murder. As it currently stands, however, Nationwide is unaware of any warrant issued for an arrest in the case.

At the request of defendants, Nationwide agreed to stipulate to an order compelling the Police Department and the Oakland County Prosecutor to produce their file materials regarding the investigation of Gary Lupiloff's murder. (Order to Compel, Exhibit 1) The Oakland County Prosecutor has now filed an objection to this production. The Prosecutor has raised claims of privilege against production of the documents, essentially arguing that production may negatively affect the ongoing investigation or future trial.

Nationwide agrees that any criminal investigation and any criminal trial should not be hampered by this civil suit. The people of the state of Michigan have an interest in seeing the murderer of Gary Lupiloff tried and convicted. Therefore, if an actual active investigation is underway and if a trial against some suspect is reasonably anticipated, Nationwide would agree that the Prosecutor should not produce the file materials at this time. Instead, this case should simply be held in abeyance of the criminal case. When that case is determined, this case can move forward.

On the other hand, if there is no active investigation, if this has been become a cold case

2

file, and if no trial is expected within any reasonable time, then the file materials should be produced. If there is no pending investigation and no pending trial, then there is no investigation or trial to be damaged or hampered by the production. "The work-product privilege is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. *United States v. Nobles*, 422 U.S. 225, 236-39, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975); *Hickman v. Taylor*, 329 U.S. 495, 510-11, 91 L. Ed. 451, 67 S. Ct. 385 (1947); *id*. at 516 (Jackson, J., concurring)." *United States v Frederick*, 182 F3d 496, 500 (CA 7, 1999). If there is no opposing party to take such a "free ride," then the purpose of the work-product privilege would not be fulfilled by holding back the requested file materials.

The same is true of the claimed privilege for the on-going criminal investigation. As the Prosecutor has conceded (Brief, p 4), the purpose of the qualified privilege is to insure the public interest in a properly functioning criminal investigation: "The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Tuite v Henry*, 181 FRD 175, 176 (D DC, 1998). *Tuite* properly recognizes, however, that this interest is not unlimited and that a serious interest also exists in allowing access to all available evidence: "As the Supreme Court has stated 'whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search the truth.'" *Id*. at 177, quoting *United States v Nixon*, 418 US 683, 710, 41 L Ed 2d 1039, 94 S Ct 3090 (1974). *Tuite* further recognized that the application of the privilege is a balancing test, which is weighted in favor of disclosure: "it is appropriate to conduct the balancing test for determining whether the law enforcement privilege applies with an eye

3

towards disclosure." *Tuite*, 181 FRD at 177.  In this case, the Prosecutor should demonstrate that the scales tip in favor of preventing the materials from being produced at this time.  If there is an actual investigation with an actual charge pending or contemplated, the Prosecutor will be able to accomplish this task.  If not, the order for production should stand.

        Respectfully submitted,
        HARVEY KRUSE, P.C.

        By:/s/Michael F. Schmidt
            Michael F. Schmidt (P25213)
            Nathan Peplinski (P66596)
            Attorneys for Plaintiff
            1050 Wilshire Dr., Suite 320
            Troy, Michigan  48084-1526
            (248) 649-7800
            mschmidt@harveykruse.com
            npeplinski@harveykruse.com

DATED:  March 22, 2013

### CERTIFICATE OF SERVICE

I hereby certify that Janice A. Albertson on 3/22/13 electronically filed the foregoing pleading with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record.

        /s/Janice A. Albertson
        Secretary to Michael F. Schmidt

**HARVEY KRUSE**  ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800