UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.                                        Case No. 11-cv-12422-AC-MKM
                                               Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and

Cross-Plaintiffs,
vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.
_____/

**NON-PARTY OAKLAND COUNTY PROSECUTOR'S REPLY TO NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS**

| | |
|---|---|
| Michael F. Schmidt (P25213) | John H. Bredell (P36577) |
| Harvey Kruse, P.C. | Bredell & Bredell |
| Attorney for Plaintiff | Attorney for Defendants, |
| 1050 Wilshire Drive, Suite 320 |    William & Jennifer Keene |
| Troy, MI  48084 | 119 N. Huron Street |
| 248-649-7800 | Ypsilanti, MI  48197 |
| | 734-482-5000 |
| | |
| Albert L. Holtz (P15088) | Geoffrey N. Fieger (P30441) |
| ALBERT L. HOLTZ, P.C. | Jeffrey A. Danzig (P36571) |
| Attorney for Monica Lupiloff, Nicole Lupiloff | Attorney for Monica Lupiloff, |
| and Nicole Lupiloff Personal Representative | Nicole Lupiloff and Nicole |

| | |
|---|---|
| of the Estate of Gary Lupiloff, deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI  48146<br>248-593-5000 | Lupiloff, Personal Representative<br>of the Estate of Gary Lupiloff,<br>deceased<br>19390 West Ten Mile Road<br>Southfield, MI  48075<br>248-355-5555 |

_____/

**NON-PARTY OAKLAND COUNTY PROSECUTOR'S REPLY TO NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS**

A.    *Unrebutted Procedural Defects*

Plaintiff Nationwide failed to respond or rebut Non-Party Oakland County Prosecutor's Office's assertions of error that the parties attempted to compel the disclosure of third-party records without the issuance of a subpoena and without following the applicable Federal Rules of Civil Procedure, thus rendering the resulting disclosure order a "nullity." *Lehman v. Kornblau,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45 . . . ."). Plaintiff did not deny that the parties circumvented discovery cutoff dates issued by this Court. Nor did Plaintiff deny that the parties failed to give proper notice required by Fed. R. Civ. P. 37(a)(1) before moving for an order to compel disclosure.

In the absence of any opposition to the assertion of fatal procedural defects underlying the issuance of the challenged order, Non-Party Oakland County Prosecutor's Office's motion to set aside the order compelling production of records should be granted.

B.    *On-Going Criminal Investigation*

Plaintiff Nationwide concedes that "any criminal investigation and any criminal trial should not be hampered by this civil suit." (Dkt. #66, Pg. ID. 1474).  Non-Party Oakland County Prosecutor's Office agrees.  The investigation into the homicide of Gary Lupiloff is continuing

with officers of the Royal Oak Police Department actively pursuing the investigation into Mr. Lupiloff's murder to ultimately bring the perpetrator or perpetrators to justice. (*See* Ex. A - Affidavit in Support).

In light of the ongoing investigation and Plaintiff Nationwide's concessions that disclosure of Non-Party Oakland County Prosecutor's Office investigation file would compromise the criminal investigation, the order compelling production should be set aside.

C.     *Work Product Privilege*

Plaintiff Nationwide Insurance contends that a work product privilege ceases to be a viable protection from disclosure if "there is no pending investigation and no pending trial . . . ." (Dkt. #66, Pg. ID. 1475).  Plaintiff is wrong.

The work product privilege protects all documents created by, or assembled by, prosecutors preparing for possible future litigation. *See Hickman v Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975).  Moreover, the work product privilege does not expire nor disappear when the possibility of litigation ends.  Instead, the documents created or assembled by an attorney in anticipation of possible litigation remain protected from disclosure even after a criminal case is completed or a decision has been made not to bring criminal charges. *See People v. Gilmore*, 564 N.W. 2d 158, 222 Mich. App. 442, 445-447 (1997) (a memo detailing a recommendation <u>not</u> to initiate criminal charges on a case was protected by the work product privilege because the memo was created by an attorney while the possibility of litigation existed).

As with all attorneys, the work product privilege is <u>absolute</u> as to deliberative documents created by Non-Party Oakland County Prosecutor's Office's attorneys.  Even factual documents in the possession of Non-Party Oakland County Prosecutor's Office are protected through this

privilege. This privilege is only capable of being breached as to factual work product documents in the limited circumstances where the requesting party makes the substantive showings required in Fed. R. Civ. P. 26(b)(3)(A). In this case, the parties have made no such showing and have failed to meet its burden under Fed. R. Civ. P. 26(b)(3)(A) to compel the disclosure of Non-Party Oakland County Prosecutor's Office's factual work product. Therefore, the order to compel disclosure of Non-Party Oakland County Prosecutor's investigative file should be set aside.

### D.     *State Grand Jury Proceedings*

Plaintiff Nationwide asserted in its response to Non-Party Oakland County Prosecutor's Office's motion to set aside order that it was advised by police that an Oakland County grand jury was convened to investigate the homicide of Gary Lupiloff. (Dkt. #66, Pg. ID. 1474). State law prohibits Non-Party Oakland County Prosecutor's Office from confirming or denying the existence of any particular grand jury investigation. However, if grand jury materials exist, state law *criminalizes* the improper release of these records. *See* MCL 767.1 *et. seq.*; MCL 767.19f.

In the infrequent circumstance where a federal litigant wishes to access state grand jury files, the court in *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 643 (7th Cir. 1980) established the procedure that a federal litigant must follow when seeking access to state grand jury materials. The Seventh Circuit held that the federal litigant must first seek permission to unseal the records from the state court judge that oversaw the grand jury proceeding. *Id*. In this case, none of the parties have sought to unseal these alleged records in state court. Because state law bars the disclosure of grand jury materials and no attempt has been made by the parties to unseal the records in state court, Non-Party Oakland County's Prosecutor's Motion to Set Aside should be granted.

Respectfully submitted,

| OAKLAND COUNTY PROSECUTOR'S OFFICE | OAKLAND COUNTY CORPORATION COUNSEL |
|---|---|
| */s/Jessica R. Cooper* | */s/Joyce F. Todd* |
| JESSICA R. COOPER (P23242) | JOYCE F. TODD (P31026) |
| Oakland County Prosecutor | Assistant Corporation Counsel |
| 1200 N. Telegraph Road | 1200 N. Telegraph Road |
| Pontiac, MI 48341 | Pontiac, MI 48341-0419 |
| (248) 858-1000 | (248) 858-2003 |
| cooperj@oakgov.com | toddj@oakgov.com |

Dated: March 29, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2013, I electronically filed the foregoing papers (MOTION & BRIEF TO SET ASIDE THE ORDER COMPELLING THE OAKLAND COUNTY PROSECUTOR TO PRODUCE RECORDS) with the Clerk of the Court using the ECF System which will send notification of same to the attorneys of record and I hereby certify that I have mailed by United States Postal Service the aforementioned to the following non-ECF participant: NONE.

Respectfully submitted,

| OAKLAND COUNTY PROSECUTOR'S OFFICE | OAKLAND COUNTY CORPORATION COUNSEL |
|---|---|
| */s/Jessica R. Cooper* | */s/Joyce F. Todd* |
| JESSICA R. COOPER (P23242) | JOYCE F. TODD (P31026) |
| Oakland County Prosecutor | Assistant Corporation Counsel |
| 1200 N. Telegraph Road | 1200 N. Telegraph Road |
| Pontiac, MI 48341 | Pontiac, MI 48341-0419 |
| (248) 858-1000 | (248) 858-2003 |
| cooperj@oakgov.com | toddj@oakgov.com |

Dated: March 29, 2013