UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs/Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
individually, jointly and severally,

    Defendants/Cross-Defendants.

Case: 2:11-cv-12422-AC-MKM
Hon. Avern Cohn

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS' RESPONSE TO NON-PARTY'S REPLY TO NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS**

**CERTIFICATE OF SERVICE**

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Attorney for Plaintiff<br>1050 Wilshire Dr, Ste 320<br>Troy MI 48084<br>248 649-7800<br><br>John H. Bredell (P36577)<br>BREDELL & BREDELL<br>Attorneys for Defendants Keene | Albert L. Holtz (P15088)<br>ALBERT L. HOLTZ, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Personal Representative of the Estate of Gary Lupiloff, deceased<br>3910 Telegraph, Ste 200<br>Bloomfield Hills MI 48302<br>248 593-5000 |

119 N Huron Street
Ypsilanti MI 48197
734 482-5000

Joyce F. Todd (P31026)
Attorney for Oakland County Prosecutor
1200 N Telegraph, Bldg 14 East
Courthouse West Wing Extension, 3rd Floor
Pontiac MI 48341
248 858-2033

Geoffrey N Fieger (P30441)
Jeffrey A Danzig (P36571)
Attorney for Defendants Lupiloff
19390 West Ten Mile
Southfield MI 48075
248 355-5555

**DEFENDANTS/COUNTER-PLAINTIFFS and CROSS-PLAINTIFFS,
NICOLE LUPILOFF and MONICA LUPILOFF'S
RESPONSE TO NON-PARTY OAKLAND COUNTY PROSECUTOR'S
REPLY TO NATIONWIDE LIFE INSURANCE COMPANY'S
ANSWER TO MOTION TO SET ASIDE ORDER
COMPELLING PRODUCTION OF RECORDS**

**CERTIFICATE OF SERVICE**

NOW COME Nicole Lupiloff, Monica Lupiloff, and Nicole Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and in response to the Oakland County Prosecutor's Reply states as follows:

**INTRODUCTION**

Gary Lupiloff was killed outside his home on July 13, 2010 by a single rifle shot to the back. Though the Royal Oak Police Department was called to the scene and removed many documents from Mr. Lupiloff's home, the Department did not conduct a thorough investigation. The Department confiscated significant written material from Mr. Lupiloff's home that were in his office closet. It is believed that the Department carried on a moderate investigation because Mr. Lupiloff was not a "model citizen." Nonetheless, he was a father to his two daughters and a son to his mother – all of whom remain alive today and all of whom are seeking justice and wish to deprive the likely suspect of the fruits of

his crime. Sometime during the proceedings, the investigation began to focus on William Keene, and the dispute before this Court involves the proceeds of a life insurance policy first taken out on Mr. Lupiloff's life (in the amount of $500,000) with William Keene as the primary beneficiary and Mr. Lupiloff's daughters as contingent beneficiaries. Subsequently, it was alleged that Mr. Lupiloff changed the primary beneficiary to William Keene and the contingent beneficiary to his wife, Jennifer Keene.

The Lupiloff daughters provided the Royal Oak Police Department with any and all information requested. It is apparent from the inaction of the past year on the part of the Royal Oak Police Department that the criminal case has been dubbed "a cold case."

## ARGUMENT

### Who Didn't Follow the Rules?

The Non-Party, Oakland County Prosecutor's Office's premise is inaccurate. Counsel bases Non-Party's argument on the fact that proper procedure was not followed in seeking information held by the Royal Oak Police Department regarding the murder of Gary Lupiloff. The truth is, undersigned counsel issued a Subpoena Duces Tecum from the United States District Court to the Royal Oak Police Department on November 6, 2012 requesting all documents concerning the Royal Oak Police Department's investigation of said murder (see Exhibit A). No documents were requested from the Oakland County Prosecutor's Office.

On November 26, 2012, the Royal Oak Police Department responded to said Subpoena by letter stating that the case report was not available for release (see Exhibit B). Thus, Non-Party's basic premise that proper Federal procedures were not followed is

3

true, but it was the Royal Oak Police Department that failed to follow procedures because if it desired not to produce, it should have filed objections rather than responding by letter. The Royal Oak Police Department should have followed Federal procedures upon receipt of the Subpoena hired counsel to timely object. Apparently, the Police Department did not.

The within case is not criminal in nature, but is a dispute over a life insurance contract. The burden of proof in a criminal case is that beyond a reasonable doubt; the burden of proof in a civil case is a preponderance of the evidence. It is argued that because of the failure of the Royal Oak Police Department to provide any information whatsoever, in so doing, it is withholding vital information from undersigned litigants.

### The Non-Party's Affidavit

The Affidavit supplied by Assistant Prosecutor, Jeffrey M. Kaelin, is vague, double-hearsay and conclusory. Further, it is counsel, Albert L. Holtz's, understanding from Assistant Prosecutor, John Pietrofesa, that he was the primary Assistant handling the case. The Affidavit bearing Kaelin's signature marks the first time counsel Holtz has seen or heard Kaelin's name in conenction the Lupiloff murder which counsel Holtz has been following since day one.

### Who Owns the Documents?

The Estate in part is the owner of all the documents confiscated and those should clearly be returned to the rightful owner.

### No Privilege

The Estate had not sought information from the Prosecutor, but from the Royal Oak Police Department.

4

## The Law

Undersigned counsel will not repeat the law already cited by the parties, but calls the Court's attention to a more advanced test than **Tuite** – see **U.S. Dept of Homeland Security, 459 F.3d 565 (Fifth Circuit, 2006).**

The oft-cited **Frankenhauser** test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. See **Tuite v. Henry, 98 F.3d 1411, 1417 (D.C.Cir.1996)** (utilizing the **Frankenhauser** factors). "Although a district court has considerable *571 leeway in weighing the different factors, ... the failure to balance at all requires remand ... to consider the respective interests." **In re Sealed Case, 856 F.2d 268, 272 (D.C.Cir.1988)**. Here, the district court must apply the **Frankenhauser** test, even if in a flexible manner, when making its privilege determinations. **Coughlin, 946 F.2d at**

**1160** (instructing the district court to consider the*Frankenhauser* factors on remand in determining whether documents are discoverable). Almost none of above support Non-Party's suppression argument.

Also, the so-called investigation here is almost three years old in length. See *Tri-Star Airlines, Infra.* The law-enforcement privilege was not applicable so as to permit the Federal Bureau of Investigation to withhold documents, held in connection with a criminal investigation of a corporation's financier, and sought by defendant in the corporations' civil tax action, even though the investigation was not yet complete; the FBI had had well over a year to perform its investigation, dn the documents were important to the requester's defense. ***Tri-Star Airlines, Inc. V Willis Careen Corp of Los Angeles,* D.C. Tenn 1999, 75 F.Supp.2d 835.**

## RELIEF REQUESTED

For the reasons set forth, it is respectfully requested that Non-Party's Motion be denied.

ALBERT L. HOLTZ, P.C.

Dated: 5 April 2013        /s/ Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively
state that on 4/5/13 she electronically filed
the foregoing and this Certificate of Service
with the Clerk of the Court via the Electronic
Case Filing system which will effectuate service upon
all counsel of record.

/s/ Lynn Parsons

## INDEX OF EXHIBITS

A. Subpoena to Produce Documents, Information, or Objects, etc. directed to the Royal Oak Police Department, dated 11/6/12

B. Letter dated November 26, 2012 in response to Subpoena to Produce

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| Nationwide Life Insurance Company<br>*Plaintiff*<br>v.<br>William Keene, Jennifer Keene, et al<br>*Defendant* | )<br>)<br>) Civil Action No. 11-cv-12422-AC-MKM<br>)<br>) (If the action is pending in another district, state where:<br>) _____ District of _____ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Royal Oak Police Department, 221 E Third Street, Royal Oak MI 48067

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment hereto and made a part hereof.

| Place: Law Offices of Albert L. Holtz, 3910 Telegraph, Ste 200<br>Bloomfield Hills MI 48302<br>248 593-5000 | Date and Time: November 20, 2012 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11-6-13

*DAVID J. WEAVER, CLERK OF COURT*

_____ OR _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

## ATTACHMENT TO SUBPOENA

Please produce, whether held physically or stored electronically, for inspection and/or copying your complete and entire file regarding the death of Gary Lupiloff (date of death July 13, 2010) in Royal Oak, MI including, but not limited to, all papers, notes, memoranda, sketches, drawings, photographs, witness statements, charts, lists, ballistic reports, autopsy reports, telephone records and/or logs, video tapes, sketches, finger print documents, general logs, spread sheets, names of persons interviewed, lists of any documents and/or items removed from the home of the decedent on July 13, 2010 or thereafter, and any evidence whatsoever in the Department's possession or being held for the Royal Oak Police Department.

# EXHIBIT B



# Royal Oak
# Police Department

221 E. Third Street
Royal Oak, MI 48067-2693

November 26, 2012

Law Offices of Albert L. Holtz
3910 Telegraph, Ste 200
Bloomfield Hills, MI 48302
Attn: Mr. Albert Holtz

RE: Civil Action No. 11-cv12422-AC-MKM
Nationwide Life Insurance Co v. William Keene, Jennifer Keene

Dear Mr. Holtz:

As per my telephone message left with your secretary, Lynn Parsons, enclosed is your check number 11038 in the amount of $25.00. This case is still under investigation and the case report is not available for release.

Cordially,

Kathleen Kantarian
Royal Oak Police Department
Records and Identification Bureau
248-246-3532