UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

       Plaintiff,

vs.                                             Case No. 11-12422

WILLIAM KEENE, JENNIFER KEENE,         HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

       Defendants.

_____/

### MEMORANDUM AND ORDER GRANTING NONPARTY OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE ORDER COMPELLING PRODUCTION OF RECORDS (Doc. 64)

### I. INTRODUCTION

This is an insurance case. Nationwide Life Insurance Company (Nationwide) has filed a complaint for interpleader and declaratory relief to determine who, if anyone, is entitled to the proceeds of an insurance policy on the life of Gary Lupiloff (Gary). Gary was murdered in Royal Oak in July of 2010. Defendants are the following parties who each claim to be entitled to the life insurance proceeds:

    1.     William and Jennifer Keene (collectively, the Keenes): William was Gary's former business partner and is the primary policy beneficiary. His wife, Jennifer, is the contingent beneficiary. William is a "person of interest" in the murder investigation;

    2.     Nicole and Monica Lupiloff (collectively, the Lupiloffs): Nicole and Monica are Gary's daughters; and

3.     Gary's estate.

On February 25, 2013, the Court entered a stipulated "Order Compelling Royal Oak Police Department And Oakland County Prosecutor To Produce Records." *See* (Doc. 61). The Order requires the Royal Oak Police Department (Royal Oak PD) and the Oakland County Prosecutor (Oakland County) to "produce any and all files, reports, statements, photos, computer records, correspondence and records and documents of any type whatsoever pertaining to any and all investigation of William Keene and/or Jennifer Keene and/or anyone else in regard to the murder of Gary Lupiloff which occurred in Royal Oak, Michigan on 7/13/10." (*Id.* at 1).  Before the Court is Oakland County's "Motion to Set Aside Order Compelling Production of Records." (Doc. 64).[1]  For the reasons that follow, the motion is GRANTED.  The order is set aside.

## II. BACKGROUND

This case arises out of the unsolved murder of Gary Lupiloff.  On July 13, 2011, Gary was shot to death in front of his Royal Oak home.  Two days later, William Keene filed a claim with Nationwide to collect the proceeds of Gary's life insurance policy.  The Royal Oak PD informed Nationwide that William is a prime suspect in Gary's murder. Subsequently, Gary's daughters, Nicole and Monica, and Gary's estate, made a claim to the life insurance proceeds on the basis that Michigan's slayer statute barred the Keenes from recovering because they were responsible for Gary's death.  *See* Mich. Comp. Laws § 700.2803.

Nationwide filed this interpleader action to determine which party, if any, is entitled

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

to the proceeds of Gary's policy.  Further, Nationwide says that the policy may be void from its inception.  If the policy was purchased with the intention to murder Gary, no death benefit is due to anyone.

This case, filed on June 3, 2011, has been pending for nearly two years.  To date, William has not been charged with Gary's murder.  Nationwide wants to move forward with the case and take William's deposition.  However, the parties seek discovery from the Royal Oak PD and Oakland County before Nationwide proceeds with William's deposition. Thus, on February 25, 2013, the Court entered a stipulated Order Compelling Royal Oak Police Department and Oakland County Prosecutor to Produce Records.  *See* (Doc. 61) (the Order).  Oakland County seeks to have the Order set aside.

### III. LEGAL STANDARDS

#### A. Relief From Order

A district court "[o]n motion and just terms, . . . may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Generally, a nonparty does not have standing under Rule 60(b).  "There is a small exception to this limit on the persons entitled to seek Rule 60(b) relief."  Joseph T. McLaughlin, *Only Party or Privy of Party Has Standing to Make Motion*, 12-60 Moore's Federal Practice – Civil § 60.63 (Matthew Bender & Co., Inc. 2013).  A nonparty, in certain situations, has standing to bring a motion under Rule 60(b).  *See, e.g.*, *Sutherland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (finding nonparty had standing to file Rule 60(b) motion where judgment was induced by fraud); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 188 (2d Cir. 2006) (party that is "strongly affected" by judgment has standing to bring motion under Rule 60(b)); *Eyak*

3

*Native Village v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1995) ("[A] nonparty may seek relief from a judgment procured by fraud if the nonparty's interests are directly affected.") (citations omitted); *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (same).

### B. Procedure – Compelling Document Production

The Federal Rules of Civil Procedure state, "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."  Fed. R. Civ. P. 34(c).  Pursuant to Rule 45, a party seeking to compel production of documents from a nonparty must do so by subpoena.  A subpoena must issue "for production or inspection . . . from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C).  After being served with a proper subpoena, "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection. . . ."  Fed. R. Civ. P. 45(c)(2)(B).  "On timely motion, the issuing court must quash or modify a subpoena that," among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).  If an objection is made to the subpoena, "the serving party may move the issuing court for an order compelling production or inspection."  Fed. R. Civ. P. 45(c)(2)(B)(i).

### IV. DISCUSSION

### A. Oakland County's Standing[2]

The Order directs the Royal Oak PD and Oakland County to produce numerous

---

[2] The parties do not address whether Oakland County has standing to bring a Rule 60(b) motion.  None of the parties cite Rule 60(b) in their papers, and Oakland County does not frame its motion as a Rule 60(b) motion.  Nevertheless, in order to grant Oakland County the relief it requests, the Court must first determine that it has standing.

4

documents related to an open murder investigation.  There is no question that Oakland County is directly, indeed strongly, affected by the Order.  Oakland County is a named party in the Order required to comply with its instructions.  Therefore, Oakland County has standing to bring a Rule 60(b) motion to set aside the Order.

## B. Good Cause Exists to Set Aside Order

The parties did not follow the proper procedure for compelling documents from a nonparty.  Therefore, the Court prematurely entered the Order.  *See, e.g.*, *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 1183686, at *2 (E.D. Mich. April 9, 2012).  As Oakland County correctly states:

> In this case, no subpoenas were served on the non-party Oakland County Prosecutor.  The parties failed to follow the procedures set forth in Fed. R. Civ. P. 45, depriving Oakland County Prosecutor of an opportunity to file objections to the production of documents, an opportunity to assert valid privileges precluding the disclosure of the requested information, or an opportunity to avail [itself] of any other relief provided by the Rules.

(Doc. 64 at 11, Oakland County's Mot. to Set Aside Order).[3]

In *Shipes*, the court recognized the need to issue a subpoena to a nonparty prior to compelling discovery.  There, the court stated,

> The Court acknowledges that the procedural hurdle of getting a subpoena will most likely lead to an objection, which will most likely lead to another motion to compel in front of this Court, but the Federal Rules's hurdles exist for a reason, and a party cannot leap over them so haphazardly.  *See In re Northfield Laboratories, Inc. Securities Litigation*, 06-1493, 2012 WL

---

[3] The parties address in detail certain objections Oakland County would have raised if properly served with a subpoena.  These issues are premature.  Oakland County must first be served with a proper subpoena.  In response, Oakland County can list any objections it has.  The Court will then be in a position to address the issues on a motion to compel.

> 266852, at *8 (N.D. Ill. Jan. 31, 2012) ("Generally, to obtain
> discovery from nonparties, a party must first issue a subpoena,
> pursuant to Rule 45.   To obtain an order compelling
> compliance with such a subpoena, a party must file a motion
> to compel.").

*Shipes*, 2012 WL 1183686, at *2.

The Lupiloffs say that they followed the proper procedures to obtain the information

from the Royal Oak PD,[4] and that it was the Royal Oak PD who did not comply with the

rules.   On November 6, 2012, the Lupiloffs, through counsel, issued a subpoena to the

Royal Oak PD to produce the "complete and entire file regarding the death of Gary Lupiloff.

. . ." (Doc. 70 at 9-10, Lupiloffs' Resp. Br., Ex. A).   Instead of filing objections, the Royal

Oak PD responded by letter and informed the Lupiloffs that the "case is still under

investigation and the case report is not available for release."  (*Id.* at 12, Ex. B).   Thus, the

Lupiloffs say that Oakland County's "basic premise that proper Federal procedures were

not followed is true, but it was the Royal Oak [PD] that failed to follow procedures because

if it desired not to produce, it should have filed objections rather than responding by letter."

(*Id.* at 4).   Notwithstanding, however, the Lupiloffs did not provide the Royal Oak PD or

Oakland County with notice that they would seek an order compelling disclosure or

discovery.   *See* Fed. R. Civ. P. 37(a)(1).   Instead, the Order was entered based on the

stipulation of the parties to this case without any notice to the Royal Oak PD or Oakland

County.

Rule 37 provides:

> **(1) *In General.***   On notice to other parties and all affected
> persons, a party may move for an order compelling disclosure
> or discovery.   The motion must include a certification that the

---

[4] The Lupiloffs concede that they never subpoenaed Oakland County.

6

> movant has in good faith, conferred or attempted to confer with
> the person or party failing to make disclosure or discovery in an
> effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).  The Lupiloffs did not follow this course of action.  Further, the subpoena that the Lupiloffs did issue was directed only at the Royal Oak PD and not Oakland County.

The Order allows the parties to circumvent the explicit requirements contained in the Federal Rules.  Accordingly, good cause exists to set aside the Order.  The parties must follow the procedures set forth in the Federal Rules.

SO ORDERED.


 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 10, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 10, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami_____
Case Manager, (313) 234-5160