UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs.

                                          Case No.   11-cv-12422-AC-MKM
                                          Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

        Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole Lupiloff |
| Attorneys for Plaintiff | and Nicole Lupiloff, Per Rep of the Estate of |
| 1050 Wilshire Drive, Suite 320 | Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

1

John H. Bredell P36577
Attorney for Keenes
119 N. Huron Street
Ypsilanti, MI  48197
(734)482-5000

Geoffrey N. Fieger P30441
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff, Nicole
Lupiloff and Nicole Lupiloff, Per Rep of the
Estate of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI  48075
(248)355-5555

_____/

## SECOND SUPPLEMENTAL BRIEF BY PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY REGARDING MOTION TO COMPEL

This is Plaintiff Nationwide Life Insurance Company's ("Nationwide") second supplemental brief in support of its motion to compel the Keene defendants to provide discovery in accordance with the Court's discovery orders dated February 13, 2012 and April 18, 2012.

Nationwide filed a motion to compel discovery on December 18, 2012. The Court set the motion for hearing for January 23, 2013.

On January 22, 2013, the day before the hearing on the motion, the Keenes provided supplemental answers. At the hearing, the Court advised Nationwide to inform the Court if all of the requested documents under the Keenes' control had not been produced.

After Nationwide reviewed the documents provided by the Keenes, it determined that numerous documents were not provided despite the Court's previous orders of 2/13/12 and 4/18/12. Nationwide sent correspondence to the Keenes' counsel detailing the missing discovery on February 12, 2013, and informed the Court of the Keenes' continuing failure to comply with the Court's discovery orders by filing a Brief on February 12, 2013.

A week later, on February 25, 2013, the Court held a telephone hearing to discuss the missing discovery. During this hearing, the Court ordered the Keenes to answer each of the discovery requests indicating whether they have produced all of the documents in their possession and/or whether they have requested them. If the Keenes requested the documents, the

HARVEY KRUSE

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

Court ordered that they attach proof of the request and any response. The Court then advised that a status conference would be set in 30 days to assure that this was done.

On March 21, 2013, the Keenes filed a supplemental response to Nationwide's motion to compel discovery.

On March 26, 2013, Nationwide sent correspondence to the Keenes' counsel indicating that several of the Keenes' supplemental responses still failed to comply with the Court's discovery orders. A copy of this letter is attached as Exhibit A.

The following documents have still not been produced:

**17(f)    Please provide copies of all debt documents (personal loans, land contracts, promissory notes, mortgages, bank loans, business loans, credit cards, credit accounts, lines of credit, etc.), from 1998 through 2010 including, but not limited to the following accounts:**

> **a. National City Home equity line of credit account ending #7813:**
>    **i. All statements except for statement ending March 10, 2010**

The Keenes' initially advised that these statements were requested and would be produced.

In the Keenes' supplemental response, however, they claimed that this was a Home Equity Loan that was sold/given to SRA Associates and that the property went into foreclosure. The Keenes then attached copies of the sales/listing information and a letter from PNC bank discussing the settlement of the account. The Keenes then claimed that National City and PNC had no statements.

Nationwide advised that this response was inconsistent with the fact that a previous statement dated March 10, 2010 had already been provided regarding this account. Further, the PNC letter the Keenes attached appeared to have been heavily redacted and part of the page and wording was cut off on the copy provided. Finally, the Keenes did not provide any letter from National City/PNC affirmatively stating that no statements were available for this account.

HARVEY KRUSE
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

HARVEY KRUSE A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

**b. Washington Mutual Account ending #1514:**
  **i. Statements for all months except for October 17, 2006**

In the Keenes' initial response they advised that this account was transferred to Chase and then attached a transaction history from 1/1/08 to 12/9/13. Nationwide requested further information because there was no indication whether or not Washington Mutual (not Chase) retained records prior to 1/1/08 or if a request for these records was even made to Washington Mutual.

In the Keenes' supplemental response, they indicated that this was a mortgage for a rental property that went into foreclosure and that Chase cannot print out statements. The Keenes they stated that they had previously provided all of the information the bank had available.

Nationwide noted, however, that there was still no mention in the supplemental response, as to whether the Keenes contacted Washington Mutual or if Washington Mutual retained any of these letters. Nor did the Keenes provide any letters from Chase and Washington Mutual indicating that this financial information was unavailable.

**c. Chase MasterCard account ending #0389:**
  **i. All statements from 1998 to statement ending November 10, 2008**

In the Keenes' initial response they claimed to attach statements from 12/11/06 to 12/10/08, but these were not attached.

The Keenes' supplemental response included only the first page for statements from 12/11/06 to 4/10/08 and 8/11/08 to 12/10/08. Nationwide requested that all pages be provided for these statements.

Nationwide further noted that the Keenes completely failed to attach any statements for activity between 4/11/08 to 8/10/08. As such, Nationwide requested that the Keenes supply these statements as well.

**f. National City Card account ending #9960:**

The Keenes initially advised that these statements were requested and that they would be produced.

4

In the Keenes' supplemental response, however, they advised that this account became a PNC account and that National City/PNC and its attorneys, Weltman, Weinberg & Reif, did not have any statements. However, the Keenes did not attach any letter from National City/PNC or its attorneys to this effect. Nationwide requested that the statements be provided or that the Keenes attach a letter from the financial institution indicating that no statements are available as the Court ordered.

It is respectfully requested that this Court order that these documents be produced as previously ordered by the Court and as requested in Nationwide's motion to compel.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Janice A. Albertson
Secretary to Michael F. Schmidt

DATED: April 11, 2013

Respectfully submitted,

BY: /s/Michael F. Schmidt
      Michael F. Schmidt P25213
      Kimberly A. Kardasz P57694
      Nathan Peplinski P66596
      Harvey Kruse P.C.
      Attorneys for Plaintiff
      mschmidt@harveykruse.com
      kkardasz@harveykruse.com
      npeplinski@harveykruse.com
      1050 Wilshire Drive, Suite 320
      Troy, Michigan 48084-1526
      (248) 649-7800

**HARVEY KRUSE**
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

5