UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff/Counter-Defendant,

vs.

                                 Case No. 11-cv-12422-AC-MKM
                                 Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

| |
|---|
| **PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S MOTION FOR JURY TRIAL AND MEMORANDUM OF LAW** |

      Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

      Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole |
| Attorneys for Plaintiff | Lupiloff and Nicole Lupiloff, Per Rep of |
| 1050 Wilshire Drive, Suite 320 | the Estate of Gary Lupiloff, Deceased |
| Troy, MI 48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI 48302 |
| | (248)593-5000 |

John H. Bredell P36577
Attorney for Keenes
119 N. Huron Street
Ypsilanti, MI 48197
(734)482-5000

Geoffrey N. Fieger P30441
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff, Nicole
Lupiloff and Nicole Lupiloff, Per Rep of
the Estate of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248)355-5555

/

## PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S MOTION
## FOR JURY TRIAL AND NOTICE OF HEARING THEREON

PLEASE TAKE NOTICE that on a date and time to be set by the Court, or as soon thereafter as counsel can be heard by the Honorable Avern Cohn in his Courtroom, plaintiff, Nationwide Life Insurance Company, will move for a jury trial. The questions presented in this case are legal and not equitable in nature, Nationwide has a right to a jury trial, and Nationwide properly demanded a jury trial in its complaint and in its answers to the counter complaints. Therefore, Nationwide respectfully requests that this Honorable Court amend its pretrial order to order a jury trial in this matter.

The motion is filed at the direction of the Court.

Plaintiff bases this motion on the records and files in this case and supports it with the accompanying memorandum of law and the required separate statement of material facts.

1

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system which will send notice to all attorneys of record.

/s/ Gabriella Graziano

Dated: September 11, 2013

Respectfully submitted,
HARVEY KRUSE, P.C.

By:/s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Nathan Peplinski (P66596)
    Attorneys for Nationwide
    1050 Wilshire Dr., Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com
    npeplinski@harveykruse.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff/Counter-Defendant,

vs.

                                       Case No. 11-cv-12422-AC-MKM
                                       Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

      Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole |
| Attorneys for Plaintiff | Lupiloff and Nicole Lupiloff, Per Rep of |
| 1050 Wilshire Drive, Suite 320 | the Estate of Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

John H. Bredell P36577
Attorney for Keenes
119 N. Huron Street
Ypsilanti, MI  48197
(734)482-5000

Geoffrey N. Fieger P30441
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff, Nicole
Lupiloff and Nicole Lupiloff, Per Rep of
the Estate of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI  48075
(248)355-5555

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
## FOR A JURY TRIAL

### STATEMENT OF ISSUE PRESENTED

Whether the properly filed jury demand should be enforced to allow a jury

trial in this case dealing with questions of law rather than equitable questions.

## CONTROLLING AUTHORITY

This matter is controlled by USCS Const. Amend. 7, FRCP 57, and

*Provident Life & Accident Ins Co v Adie*, 982 F Supp 1269, 127 (ED Mich, 1997).

## ARGUMENT

The Seventh Amendment preserves the right to trial by jury in civil actions:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than [sic] according to the rules of the common law. [USCS Const. Amend. 7.]

The United States Supreme Court addressed the meaning of the amendment

in *Chauffeurs, Teamsters & Helpers Local 391 v Terry*, 494 US 558; 110 S Ct

1339; 108 L Ed 2d 519 (1990), stressing the importance of maintaining the right to

trial by jury:

> The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase "Suits at common law" refers to "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights ***alone*** [are] recognized, and equitable remedies [are] administered." *Parsons* v. *Bedford*, 3 Pet. 433, 447 (1830). . . .Since the merger of the systems of law and equity, see Fed. Rule Civ. Proc. 2, this Court has carefully preserved the right to trial by jury where legal rights are at stake. As the Court noted in *Beacon Theatres, Inc.* v. *Westover*, 359 U.S. 500, 501 (1959), "'Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care'" (quoting *Dimick* v. *Schiedt*, 293 U.S. 474, 486 (1935)).   [*Terry*, 494 US at 564-565, second emphasis added.]

The Court provided two questions to be addressed to determine if a case sounds in equity rather than in law:

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull, supra*, at 417-418 (citations omitted). The second inquiry is the more important in our analysis. [*Terry*, 494 US at 565.]

If the suit addresses only equitable rights, then there is no right to a jury. Otherwise, the right to a jury generally remains. *Provident Life & Accident Ins Co v Adie*, 982 F Supp 1269, 1270-1271 (ED Mich, 1997). "When legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Lytle v Household Mfg Inc*, 494 US 545, 550; 110 S Ct 1331; 108 L Ed 2d 504 (1990), citation omitted. All of the legal issues and joint factual issues must be decided first prior to the court separately addressing any exclusively equitable issue:

> When claims involving both legal and equitable rights are properly joined in a single case, the Seventh Amendment requires that all factual issues common to these claims be submitted to a jury for decision on the legal claims before the final court determination of the equitable claims. [*Bacon v Honda Americana Mfg*, 205 FRD 466, 488 (SD Ohio, 2001), citation omitted.]

This analysis is not limited to looking at the original complaint filed by the plaintiff in a case. Instead, the Court must also look to the nature of any counter

claims "in order to determine if any one of these conunterclaims [sic] is legal in nature . . . ." *Adie*, 982 F Supp at 1271.

"In providing for declaratory judgments, Congress left unaffected the right to jury trial." *James v Pennsylvania Gen Ins Co*, 349 F2d 228, 230 (DC Cir, 1965). FRCP 57 codifies this fact. It provides for a right to trial by jury in declaratory actions and refers back to the FRCP 38 and FRCP 39, which control jury trials in federal court cases.

The same basic rules are true for interpleader actions. The Sixth Circuit has indicated that a Court looks to the issues underlying an interpleader action to determine if the case should be decided by a jury:

> In a case decided before the merger in the federal system of law and equity, the Supreme Court indicated that the Seventh Amendment did not provide for a right to jury in interpleader actions. Liberty Oil Co. v. Condon Nat'l. Bank, 260 U.S. 235, 244, 67 L. Ed. 232, 43 S. Ct. 118 (1922). This view prevailed even after merger, but today its support has eroded because "numerous courts and commentators have now come to the conclusion that the right to a jury should not turn on how the parties happen to be brought into court." Ross v. Bernhard, 396 U.S. 531, 542 n. 15, 24 L. Ed. 2d 729, 90 S. Ct. 733 (1970). For the purpose of evaluating this constitutional right, it is important to distinguish between a device used to prosecute a case and the underlying issue to be resolved by the litigation. The historical characterization of the former is no longer determinative of the jury claim. "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Ross*, 396 U.S. at 538. Interpleader is analogous to the stockholder derivative action considered in the *Ross* case. Even though the derivative action was an equitable device, the right to a jury turned on the character of the corporation's cause of action. The same rationale we believe applies to interpleader -- an equitable remedy to resolve

4

conflicting claims to a single fund. While the remedy may be considered as traditionally an equitable device, the Seventh Amendment's applicability should depend upon the classification of the controlling issue between the adverse parties. [*Hyde Prop v McCoy*, 507 F2d 301, 305 (CA 6, 1974).]

Thus, regardless of the fact that this case is titled as a interpleader/declaratory action, the Court must look to both the complaint and the counter complaints to determine if any right to a trial by jury exists. If any right to trial by jury exists on any common issue, the Court is constitutionally required to allow the jury trial to proceed on those issues.

The consideration of whether a jury trial is appropriate in this case is controlled by *Aide*, which addressed a rather similar set of procedural facts. In that case, Provident brought a declaratory action to declare an insurance policy null and void from its inception pursuant to Michigan law. *Aide*, 982 F Supp at 1270. Aide filed a counter claim alleging that he was entitled to the proceeds under the insurance policy. *Id*. The Court concluded that the jury issue was controlled by Aide's counter claim because his breach of contract claim was legal in nature. *Id*. at 1271. The Court found that factual determination for the legal contractual issue was the same factual determination that was necessary to decide the declaratory action brought by the insurer, which meant that the jury had to make the determination of the relevant factual issues rather than the Court:

It is undeniable that the factual issues pertinent to Dr. Adie's legal claim are identical to the issues relevant to Provident's claim. In

5

determining whether Provident breached an alleged contractual duty
to pay Dr. Adie benefits, the critical factual questions are:

> (1) Did Dr. Adie misrepresent his 1993 income, and

> (2) Were Dr. Adie's misrepresentations of his 1991 and
> 1992 income material.

If the answer to both these questions is "yes," then Dr. Adie's claim
for breach of contract will fail. Likewise, the same two factual issues
are essential to the resolution of Provident's claim. If the answer to the
above-mentioned two questions is "yes," then Provident will succeed
on its claim for declaratory relief and rescission. Since both claims
involve the same factual issues, should this court determine either one
of the factual issues on its own before a trial by jury, Dr. Adie would
be denied his constitutional right to a jury trial. [*Id*. at 1272.]

This case falls in line with *Aide*. Just as in *Aide*, the counter claims in this

case both raise claims of breach of contract.  Both the Keenes and the Lupiloff

defendants claim a contractual right to recover from Nationwide.  A breach of

contract claim is legal in nature.  *Id*. at 1271.[1]  In order for these legal issues to be

decided, the same issues at issue in the Nationwide declaratory action must be

decided.  Namely, in order for the Keenes to recover under the policy, it must be

determined that there was no fraud in obtaining the policy and that they are not

disqualified from recovery under the policy as a matter of law because of the slayer

statute.  In order for Monica, Nicole, and the estate to recover in their legal

contractual action, they have to demonstrate that the Keenes are disqualified from

---

[1] Accord: *Jones v Metro Hosp & Halth Cntrs*, 99 FRD 341, 344 (ED Mich, 1980),
citation omitted ("As an action on a debt allegedly due under a contract, it would

recovery through the slayer statute, that Monica, Nicole, and the estate have a right to recover under the policy, and that there was no fraud in procuring the policy rendering it void from its inception.  Because of the common facts necessary to decide both sides of the case, a jury trial is required pursuant to the Seventh Amendment in this case.  *Id.* at 1272.  This Court must submit all of the factual issues in this case to a jury for determination in order to protect the constitutional right to a jury trial.  Any other decision would be a constitutional violation.

Moreover, a central question existing in this case is if fraud occurred.  The potential exists that the Keenes had Gary Lupiloff obtain the insurance policy with the intent to kill Gary Lupiloff and collect on the policy from the very beginning.  Nationwide has raised this potential fraud claim in its complaint.  (Exhibit 2, ¶ 35)  It has long been held that questions of fraud are left to a jury to decide.  In fact, Judge Cohn recently stated as much in *Manzie v Nationwide Prop & Cas Ins Co*, 2013 US Dist Lexis 114588 (ED Mich, 2013):

> Generally, "[t]he intent with which a false representation is made and the existence of fraud is . . . a question of fact to be decided by the jury in view of all of the circumstances." *Trice v. Commercial Union Assur. Co.*, 334 F.2d 673, 677 (6th Cir. 1964) (citations omitted).  [*Manzie, supra* at p 15.[2]]

---

be difficult to conceive of an action of a more traditionally legal character".);
*Terry*, 494 US at 570 ("a breach of contract claim [is] a legal issue".)
[2] See also:  *7 Mile & Keystone LLC v Travelers Cas Ins Co*, 2013 US Dist Lexis 54458 (ED Mich, 2013) citation omitted, in which Judge Cohn stated:  "fraud is . . . a question of fact to be decided by the jury in view of all of the circumstances."

Michigan courts have followed this rule of law and have concluded that questions of fraud are for a jury to decide: *West v Farm Bureau Ins Co*, 402 Mich 67, 70; 259 NW2d 556 (1977), citation omitted ("Whether misrepresentations or false statements void an insurance policy depends upon the intent to defraud and this is a question of fact for the jury"); *Bernadich v Bernadich*, 287 Mich 137, 145; 283 NW 5 1938 ("Whether misrepresentations or false statements void an insurance policy depends upon the intent to defraud and this is a question of fact for the jury."); *Hill v DOC Optics Corp*, unpublished opinion per curiam of the Michigan Court of Appeals, issued April 18, 1997 (Docket Nos. 180042, 181656) 1997 Mich App Lexis 2888 ("When fraud or mistake is alleged, the intent of the parties should be considered, and this creates a question of fact for the jury."); *Sutherland v Farm Bureau Mut Ins Co,* unpublished opinion per curiam of the Michigan Court of Appeals, issued March 4, 1997 (Docket No. 184805) 1997 Mich App Lexis 3759 (finding that allegations of fraud in inflating an insurance claim created a question of fact to be decided by a jury); *Steel v Great American Ins Co*, 850 F2d 692 (CA 6, 1988), unpublished ("The question of intent to defraud is a question of fact for the jury"); *Kelly's Auto Parts No. 1 Inc v Boughton*, 809 F2d 1247, 1256 (CA 6, 1987), citation omitted ("whether misrepresentations or false statements void an insurance policy depends upon the intent to defraud and this is a question of fact for the jury."). Applying this rule to the case at hand, a

8

central question of the case is whether a fraudulent scheme existed in taking out the insurance policy in order to collect on that insurance policy by killing Gary Lupiloff.   The Keenes potentially committed fraud in obtaining the policy, changing the ownership of the policy, and in changing the contingent beneficiaries of the policy.   Therefore, under the established law, questions of fact exist for a jury to decide regarding whether fraud occurred and whether the Keenes killed Gary Lupiloff as part of that fraud.   These questions support trial by jury in this case.

The Michigan Court of Appeals addressed the issue of the right to trial by jury in declaratory actions in *Schwarze v Dilworth*, unpublished opinion per curiam of the Michigan Court of Appeals, issued July 27, 2006 (Docket Nos. 257467, 257511) 2006 Mich App Lexis 2414, lv den 460 Mich 853 (2007).   In that case, the Court addressed the history of declaratory actions in Michigan law in relation to the right to trial by jury.   The Court concluded that, under Michigan law, questions of fact should be decided by a jury in a declaratory action: "These cases support that where there are disputed issues of fact in declaratory actions where a jury demand is properly made, they are properly tried to a jury." *Id*. at slip op p 11.

In addition to the above legal authority controlling this matter, cases from around the country have granted jury trials in insurance related declaratory actions: *Dona v Pennsylvania Gen Ins Co*, 393 F2d 671, 672-673 (DC Cir, 1968) (finding

that the denial of a jury trial was inappropriate because the declaratory action for cancelation of the insurance policy for fraud in the application was not purely equitable); *James*, 349 F2d at 231 (finding that a declaratory action to rescind a policy for fraud is not really an equitable action if it merely amounts to an "inverted lawsuit," i.e. the insurer preempting a breach of contract suit by the insured); *Hargrove v American Century Ins Co*, 125 F2d 225, 228 (CA 10, 1942) ("The insuror therefore had a plain and adequate remedy at law and the issues tendered were basically legal in their nature, and the case was triable as of right by jury."); *United States Fidelity & Guaranty Co v Nauer*, 1 FRD 547, 548 (D Mass, 1941), citation omitted ("we simply have a situation herein where a party who has issued a policy of insurance anticipates a suit thereon by the insured and to avoid delay brings the matter before the court by petition for declaratory relief. In such a proceeding, although the parties are reversed in their position before the court, the issues are ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury."); *Pacific Indemnity Co v McDonald*, 107 F2d 446, 448 (CA 9, 1939) (finding that a declaratory action regarding lack of coverage under an insurance policy due to fraud and failure to cooperate was essentially an issue of law that should create a jury trial right). In line with this precedent, the true nature of the case at hand is a legal determination of the rights of the parties under the contract. Had the case been brought by the insureds, it would be a legal

action rather than an equitable action. The fact that the parties to the case are inverted through the declaratory action does not change the basic nature of the claim. This means that the right to trial by jury should remain.

## **RELIEF REQUESTED**

Nationwide respectfully requests that this Honorable Court amend its pretrial order and allow a jury trial regarding the factual issues underlying this case.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system which will send notice to all attorneys of record.

/s/ Gabriella Graziano

Dated: September 11, 2013

Respectfully submitted,
HARVEY KRUSE, P.C.

By:/s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Nathan Peplinski (P66596)
    Attorneys for Nationwide
    1050 Wilshire Dr., Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com
    npeplinski@harveykruse.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff/Counter-Defendant,

vs.                          Case No. 11-cv-12422-AC-MKM
                                  Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

| STATEMENT OF |
| MATERIAL FACTS IN |
| SUPPORT OF |
| PLAINTIFF'S MOTION |
| FOR A JURY TRIAL |

      Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

      Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole |
| Attorneys for Plaintiff | Lupiloff and Nicole Lupiloff, Per Rep of |
| 1050 Wilshire Drive, Suite 320 | the Estate of Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

John H. Bredell P36577
Attorney for Keenes
119 N. Huron Street
Ypsilanti, MI 48197
(734)482-5000

Geoffrey N. Fieger P30441
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff, Nicole
Lupiloff and Nicole Lupiloff, Per Rep of
the Estate of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248)355-5555

_____/

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S
## MOTION FOR A JURY TRIAL

Plaintiff Nationwide Life Insurance Company (Nationwide), by its attorneys

and pursuant to Judge Cohn's Practice Guidelines, submits the following Statement

of Undisputed Material Facts in Support of its Motion for a Jury Trial:

### I.    The Parties and Their Relationships

1.    Nationwide is an Ohio corporation with its principal place of business

located in Columbus, Ohio.  (Nationwide Corporate Information, Exhibit 1)

2.    Defendant William Keene is a resident of Ann Arbor, Michigan.

(Amended Interpleader Complaint, Exhibit 2, ¶ 2; Keene Defendants' Answer,

Exhibit 3, ¶ 2)

3.    Defendant Jennifer Keene[1] is a resident of Ann Arbor, Michigan.

(Exhibit 2, ¶ 3; Exhibit 3, ¶ 3)

4.    Defendant Monica Lynn Lupiloff (Monica) is a resident of Cook

_____

[1]  Nationwide will refer to William and Jennifer Keene collectively as the Keenes
and individually by their first name.

1

County, Illinois. (Lupiloff Defendants' Answer, Exhibit 4, ¶ 4)

5.      Defendant Nicole Renee Lupiloff (Nicole) is a resident of Oakland County, Michigan. (Exhibit 2, ¶ 5; Exhibit 4, ¶ 5)

6.      Nicole is the personal representative of the estate of Gary Lupiloff. (Exhibit 2, ¶ 6; Exhibit 4, ¶ 6)

7.      On November 28, 2003, Nationwide issued Gary Lupiloff a policy of life insurance, Policy No. L034804300, with a face value of $500,000. (Policy, Exhibit 5)

8.      The policy listed Gary Lupiloff as the owner, Gary Lupiloff as the insured, William Keene/ATIMA as the primary beneficiary, and Nicole and Monica as contingent beneficiaries. (Exhibit 5)

9.      William was Gary Lupiloff's business partner. (Exhibit 5)

10.     Nicole and Monica were Gary Lupiloff's daughters. (Exhibit 5)

## II.     The Court's Jurisdiction and Venue

11.     The policy provides for potential coverage greater than $75,000, and thus, the amount in controversy is greater than $75,000. (Exhibit 5)

12.     As explained above, the citizenship of the parties is diverse. (Exhibits 1-4)

13.     This Court has jurisdiction pursuant to 28 USC 1332(a).

14.     This case also involves an interpleader action allowed by FRCP 22.

2

15.     More than one defendant resides in the Eastern District of Michigan.

16.     A substantial portion of the events involved in this case occurred in the Eastern District of Michigan.

17.     Venue is proper in this Court pursuant to 28 USC 1391.

### III.    The Change of Contingent Beneficiary and Change of Ownership of the Policy

18.     On June 11, 2007, Nationwide received a change of beneficiary form maintaining William as the primary beneficiary but replacing Nicole and Monica as contingent beneficiaries with Jennifer.  (Change of Beneficiary Form, Exhibit 6)

19.     The change of beneficiary form is signed by Gary Lupiloff with a signature date of April 4, 2007.  (Exhibit 6)

20.     Also on June 11, 2007, Nationwide was faxed a copy of a change of ownership form.  (Change of Ownership Form, Exhibit 7)

21.     The change of ownership form designated the new owner as William.  (Exhibit 7)

22.     This form was signed by both William and Gary Lupiloff with a signature date of April 4, 2007.  (Exhibit 4)

### IV.    Gary Lupiloff was Murdered, William is a Suspect, Defendants Have Made Conflicting Claims Regarding Their Rights to Recover Under the Policy

23.     Gary Lupiloff was shot to death on the driveway of his home in Royal Oak, MI on July 13, 2011.  (News Report, Exhibit 8)

24. Royal Oak police have informed Nationwide and its attorneys that William is a prime suspect in the Gary Lupiloff murder.

25. Two days after the murder, William sought to recover under the Nationwide policy. (William's Beneficiary Claim Form, Exhibit 9)

26. On September 8, 2010, Nationwide received a letter from Nicole and Monica's attorney asserting a claim to the proceeds of the Nationwide policy. (Claim Letter, Exhibit 10)

27. Nicole submitted a beneficiary claim form on December 13, 2010. (Nicole's Beneficiary Claim Form, Exhibit 11)

28. Monica submitted a beneficiary claim form on December 14, 2011. (Monica's Beneficiary Claim Form, Exhibit 12)

29. Michigan has a "slayer statute," MCL 700.2803, which states that an individual who feloniously and intentionally kills the decedent forfeits all benefits with respect to the decedent's estate including any insurance or annuity policy benefits.

## V. Nationwide Filed a Declaratory and Interpleader Action

30. Due to the conflicting claims for benefits, the possible elimination of William as a person legally capable of recovering under the policy pursuant to the Michigan statute, and the potential fraud in procuring and maintaining the policy by the Keenes with the intent to murder Gary Lupiloff, Nationwide filed this

interpleader action. (Exhibit 2)

31.     Nationwide's complaint raised issues regarding the Keenes' potential elimination as beneficiaries based on the slayer statute, MCL 700.2803. (Exhibit 2, ¶¶ 25-28, 33)

32.     The other major portion of Nationwide's complaint was in the form of a declaratory action to determine if any coverage exists under the policy due to fraud in procuring the policy with the intent to murder Gary Lupiloff. (Exhibit 2, ¶¶ 9, 35, 37)

33.     Nationwide made a demand for a jury trial in the complaint. (Exhibit 2)

### VI.     There are Cross Claims Also at Issue in the Case

34.     Monica, Nicole, and Gary Lupiloff's estate have filed a cross claim against William and Jennifer in this interpleader action. (Cross-Claim, Exhibit 13)

35.     Monica, Nicole, and Gary Lupiloff's estate allege that William murdered Gary Lupiloff or hired someone to do so. (Exhibit 13, ¶¶10, 12)

36.     Monica, Nicole, and Gary Lupiloff's estate allege that Jennifer knew of this murder. (Exhibit 13, ¶ 15)

37.     Monica, Nicole, and Gary Lupiloff's estate's claimed right to recover instead of the Keenes is based in the slayer statute, MCL 700.2803. (Exhibit 13, ¶ 10)

38.     The cross claim also raised a claim based in wrongful death.  (Exhibit 13, ¶¶ 11-17)

39.     The parties stipulated to dismiss the wrongful death claim, and the Court entered the stipulated order on September 20, 2011.  (Stipulation and Order, Exhibit 14)

40.     The questions remaining in the cross claim present legal issues to be decided by a jury.

**VII.   The Defendants Have Filed Counter Claims**

41.     The Keenes filed a counter claim on June 17, 2011.  (Keene Counter Claim, Exhibit 15)

42.     The Keenes' claim a right to recover under the terms of the life insurance contract and raise a claim of breach of contract.  (Exhibit 15, ¶¶ 4-12)

43.     Nationwide's answer to the Keenes' counter claim timely demanded a jury trial.  (Answer to Keene Counter Claim, Exhibit 16)

44.     The Lupiloff defendants field a counter claim on June 20, 2011.  (Lupiloff Counter Claim, Exhibit 17)

45.     Monica, Nicole, and Gary Lupiloff's estate's also claim a right to recover under the terms of the insurance contract and also raises a claim of breach of contract.  (Exhibit 17, ¶ 21)

46.     Nationwide's answer to the Lupiloffs's counter claim timely

demanded a jury trial.  (Answer to Keene Counter Claim, Exhibit 18)

## VIII.  The Court States That a Bench Trial Will Occur

47.    On August 13, 2013, this Court entered a pretrial order indicating that a bench trial would occur in the case.  (Pretrial Order, Exhibit 19)

48.    Nationwide's attorney called the Court to indicate that it had requested a jury trial.

49.    On August 16, 2013, this Court responded by sending an email conceding that a jury trial had been properly demanded but concluding that the case was equitable in nature:

> The complaint in this case (Doc. 1) is for interpleader and declaratory relief with a demand for a jury trial.  As I understand it, this is an equitable action and a jury trial is not appropriate.  If a party believes otherwise, they will need to move accordingly.  [8-16-13 Email, Exhibit 20.]

50.    Because Nationwide believes that the issues in this case are legal in nature and that it has a right to a jury trial, it brings this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system which will send notice to all attorneys of record.

/s/ Gabriella Graziano

Dated:  September 11, 2013

Respectfully submitted,
HARVEY KRUSE, P.C.

By:/s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Nathan Peplinski (P66596)
    Attorneys for Nationwide
    1050 Wilshire Dr., Suite 320
    Troy, Michigan  48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com
    npeplinski@harveykruse.com

7