# EXHIBIT

# 4

2:11-cv-12422-AC-MKM  Doc # 6  Filed 06/20/11  Pg 1 of 6  Pg ID 76

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants.

Case: 2:11-cv-12422-AC-MKM
Hon. Avern Cohn

| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
|---|---|
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nichole Lupiloff, |
| 248 649-7800 | Personal Representative of the Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

### DEFENDANTS' ANSWER TO COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

### NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

### CERTIFICATE OF SERVICE

    NOW COME the Defendants herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and in response to Plaintiff's Complaint answer as follows:

    1. Neither admitted nor denied for want of sufficient information.

1

2. Neither admitted nor denied for want of sufficient information.

3. Neither admitted nor denied for want of sufficient information.

4. Denied. Monica Lynn Lupiloff is a resident of Chicago, Cook County, Illinois.

5. Admitted.

6. Admitted.

7. Admitted.

8. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

9. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

10. Admitted.

11. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

12. Denied as untrue.

13. Denied as untrue.

14. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

15. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

16. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

17. Admitted.

18. Admitted.

19. Admitted.

20. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

21. Admitted.

22. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

23. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

24. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

25. Admitted.

26. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

27. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

28. Admitted.

29. Admitted.

30. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

31. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

32. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

2:11-cv-12422-AC-MKM   Doc # 6   Filed 06/20/11   Pg 4 of 6   Pg ID 79

33. Admitted.

34. Denied for the reason that said allegations are untrue.

35. Admitted that there was fraud, denied that Plaintiff can return the premiums.

36. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

37. Neither admitted nor denied for the reason that Defendants are unaware whether same is true.

### NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

**TO:** Clerk of the Court and Michael F. Schmidt

PLEASE TAKE NOTICE that prior to or at the time of trial the Defendants will assert the following Special and/or Affirmative Defenses:

#### First Affirmative Defense

1. Breach of contract / third-party beneficiary contract.

#### Second Affirmative Defense

2. The Complaint fails to state a cause of action upon which relief can be granted.

#### Third Affirmative Defense

3. The frauds of Defendants William Keene and Jennifer Keene.

#### Fourth Affirmative Defense

4. Laches / failure to bring this action in an appropriate time.

#### Fifth Affirmative Defense

5. Doctrine of unclean hands. Nationwide and/or its agents dealt with the life insurance policy (hereinafter "Policy") and change of ownership and beneficiary forms without checking the *bone fides* of the beneficiaries or the *bone fides* of the signatures

4

### Sixth Affirmative Defense

6. Jurisdiction and venue; the parties are residents of multiple states.

### Seventh Affirmative Defense

7. Improper venue.

### Eighth Affirmative Defense

8. Plaintiff has incurred no damages.

### Ninth Affirmative Defense

9. Barred by the Statute of Frauds. There is no verification of the change of beneficiary by the Plaintiff.

### Tenth Affirmative Defense

10. Coercion, fraud and/or duress. Decedent was fraudulently induced by the Keenes to sign said documents, or his signature was forged.

### Eleventh Affirmative Defense

11. MCLA; MCL 2083(4).

### Twelfth Affirmative Defense

12. Jennifer Keene was an accomplice on information and belief or aware of the illegal acts committed by her husband.

### Thirteenth Affirmative Defense

13. Fraud, committed by Defendants, Keenes, on decedent and Plaintiff.

### Fourteenth Affirmative Defense

14. The failure of Plaintiff to investigate the facts of this case.

### Fifteenth Affirmative Defense

15. The negligence, carelessness and/or gross or willful misconduct in failing to question further the motives of issues of the subject Policy.

2:11-cv-12422-AC-MKM   Doc # 6   Filed 06/20/11   Pg 6 of 6   Pg ID 81

### Sixteenth Affirmative Defense

16. The failure of Plaintiff to question the motive for change and failure to authenticate the signatures made during the change, and failure to provide an approval or authentication.

### Seventeenth Affirmative Defense

17. Unjust enrichment; Plaintiff collected premiums on a Policy for which it has decided not to pay because of legal issues not propounded by Defendant Estate or the surviving daughters.

### Eighteenth Affirmative Defense

18. Demand for responses to these Special and/or Affirmative Defenses is hereby made.

### Nineteenth Affirmative Defense

19. Defendants reserve the right to amend their Special and/or Affirmative Defenses.

ALBERT L. HOLTZ, P.C.

Dated: 14 June 2011                       /s/    Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively state that on 6/20/11 she electronically filed the foregoing and this Proof of Service with the Clerk of the Court using Wiznet E-File & Serve system which will effectuate service upon all counsel of record.

/s/ Lynn Parsons