UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,

v.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

        Defendants.

Case No. 2:11-cv-12422-AC-MKM

Hon. Avern Cohn

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>248-649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants, William<br>  & Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>734-482-5000 |
| Albert L. Holtz (P15088)<br>ALBERT L. HOLTZ, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff Personal Representative<br>of the Estate of Gary Lupiloff, deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48146<br>248-593-5000 | Geoffrey N. Fieger (P30441)<br>Jeffrey A. Danzig (P36571)<br>Attorney for Monica Lupiloff,<br>  Nicole Lupiloff and Nicole<br>  Lupiloff, Personal Representative<br>  of the Estate of Gary Lupiloff,<br>  deceased<br>19390 West Ten Mile road<br>Southfield, MI 48075<br>248-355-5555 |

---

**RESPONSE OF WILLIAM KEENE AND JENNIFER KEENE
TO PLAINTIFF'S MOTION FOR JURY TRIAL**

## RESPONSE OF WILLIAM KEENE AND JENNIFER KEENE
## TO PLAINTIFF'S MOTION FOR JURY TRIAL

Plaintiff Nationwide has filed this action as an interpleader action and is now seeking to make a jury demand. In it complaint, it stated:

> This action is filed pursuant to FRCP 22 and is an interpleader because there are multiple claimants to the proceeds of a policy of insurance issued by Nationwide which may expose Nationwide to double or multiple liability and thus all potentially claiming parties are joined as defendants and required to interplead.

In response to Nationwide's Complaint for Interpleader, Defendant Keene filed a counter complaint, making a claim for 12% penalty interest, pursuant to Michigan Uniform Trade Practices Act (UTPA), MCL 500.2006(4). Nationwide filed a motion for Partial Summary Disposition, claiming that since its Complaint was for interpleader, being an equitable remedy, that Plaintiff was not entitled to make a claim funder the UTPA. Nationwide stated and we quote at length from Nationwide's Motion for Partial Summary Disposition:

> Interpleader is an ancient equitable doctrine allowing a determination of who may be entitled to certain funds when there are multiple claims for those funds:
>
>> The 'admirable remedy' of interpleader has been in existence for over 600 years. It originated in the common-law courts as a device that could be used by a defendant in a limited number of circumstances for protection from double vexation upon a single liability. *[Wright & Miller,* 7 Fed Prac & Proc Civ § 1701 (3d Ed).]
>
> **The general purpose of interpleader is 'to join all the claimants in one forum to avoid the vexation of multiple suits and liability for disbursing the funds to the wrong person.'** *First Trust Corp v Bryant,* **410 F3d 842, 855 (CA 6, 2005).** *Wright & Miller,* **7 Fed Prac & Proc Civ § 1702 (3d Ed) further explains:**
>
>> **Even if the stakeholder denies liability, either in whole or in part, to one or more of the claimants, interpleader still protects the stakeholder from the vexation of multiple suits and the possibility of multiple liability that could result from adverse**

2

determinations in different courts. Thus, interpleader can be employed to reach an early and effective determination of disputed questions with a consequent saving of trouble and expense for the parties.

**This case is a rules interpleader** *case.* **FRCP 22 provides:**

**(a)    Grounds.**

    (1)    *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
        (A)    the claims of several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
        (B)    the plaintiff denies liability in whole or in part to any or all of the claimants.
    (2)    *By a Defendant.* A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

**(b)    Relation to Other Rules and Statutes.** This rule supplements -- and does not limit-- the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to--and does not supersede or limit--the remedy provided by 28 U.S.C. §§ 1335, 1397, and 361. An action under those statutes must be conducted under these rules.

Nationwide alleges the possibility that the policy was taken out against Gary Lupiloff's life as part of a plan to murder Gary Lupiloff for the proceeds of that policy. If this is true, the fraud in obtaining the policy would allow Nationwide to void the policy from its inception, and return any policy premiums paid to Nationwide, and not pay the death benefit. Thus, pursuant to FRCP 22(a)(1)(B), Nationwide is asserting a potential right to the funds. Technically, this makes this case an action 'in the nature of interpleader.' 'An action in the nature of interpleader is distinguishable from a true interpleader action, in that the complainant need not be without interest in the subject matter which is claimed by two or more persons, and he or she may seek some *affirmative* equitable relief.' 48 CJS Interpleader § 7. Courts handle the two types of cases in the same manner, and there is little actual distinction between the two:

> Aside from the distinction as to the interest of the plaintiff, actions in the nature of interpleader are identical to traditional interpleader suits. Therefore, a bill in the nature of a bill of interpleader and a bill of interpleader ordinarily are governed by the same general principles. Like an interpleader action, a proceeding in the nature of interpleader is one in equity and it invokes the equitable principles underlying interpleader. [48 CJS Interpleader § *7.1*]

Nationwide's Motion for Partial Summary Judgment on Defendants/Counter-Plaintiffs' UTPA Penalty Interest Claim, Document #37, pp 4-5. [Emphasis added.]

Having filed pleadings in an attempt to convince this Court that this case is an equitable action and an interpleader, Nationwide now wants to pretend that this is not an action for interpleader and it wants a jury trial. It is clear that a jury trial is not available in an action for interpleader. Another District Court in this Circuit has stated:

> The other issue is raised by plaintiffs' motion for a jury trial. Plaintiffs, citing a single District Court case from the Eastern District of Michigan decided in 1977, Stamps v. Michigan Teamsters Joint Council No. 43, 431 F. Supp. 745 (E.D. Mich. 1977), contend that they are entitled to a jury trial because an action for benefits under an ERISA plan seeks a legal remedy and is not an equitable action.
>
> As defendants note, the Sixth Circuit has rather resoundingly rejected this interpretation. In Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir. 1988), the Court held that actions to recover benefits under § 1132 are equitable actions and that a jury trial is not available. The same, of course, is true with respect to the interpleader counterclaims, which have always been treated as equitable actions. Cf. Metropolitan Life Insurance Co. v. Marsh, 119 F.3d 415 (6th Cir. 1997). Consequently, the issues in this case will be determined by the Court without a jury.

[*Belcher v. Prudential Ins. Co.*, 158 F. Supp. 2d 777 (2001)]

Since Nationwide has repeatedly insisted that this is an interpleader, this case should be decided by this Court and not by a jury. If Nationwide is now asserting that this is not an interpleader, then this Court should allow Plaintiff to pursue his claims for penalty interest under the Uniform Trade Practice Act.

WHEREFORE, this Court should deny Plaintiff's motion for a jury. In the alternative, if this Court grants Plaintiff's motion for jury trial, this Court should permit Plaintiff to pursue his claims for 12% interest, pursuant to the Uniform Trade Practice Act.

Respectfully submitted,

BREDELL & BREDELL

John H. Bredell (P36577)
Attorneys for Defendants William Keene
 and Jennifer Keene
119 N. Huron Street
Ypsilanti, Michigan 48197
(734) 482-5000

Date: October 2, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael F. Schmidt, Albert L. Holtz, Geoffrey N. Fieger/Jeffrey A. Danzig

John H. Bredell (P36577)
119 N. Huron Street
Ypsilanti, Michigan 48197
Phone: (734) 482-5000
E-mail: jbredell@bredell.com
P36577