UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff/Counter-Defendant,

vs.                                                   Case No. 11-cv-12422-AC-MKM
                                                    Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

    Defendants/Cross-Defendants.
_____/

**NATIONWIDE LIFE INSURANCE COMPANY'S REPLY TO THE KEENE DEFENDANTS' IMPROPERLY FILED RESPONSE TO NATIONWIDE'S MOTION FOR A JURY TRIAL**

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Monica Lupiloff, Nicole |
| Attorneys for Plaintiff | Lupiloff and Nicole Lupiloff, Per Rep of |
| 1050 Wilshire Drive, Suite 320 | the Estate of Gary Lupiloff, Deceased |
| Troy, MI  48084 | 3910 Telegraph Road, Suite 200 |
| (248)649-7800 | Bloomfield Hills, MI  48302 |
| | (248)593-5000 |

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>Jeffrey A. Danzig P36571<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Per Rep of the Estate of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI  48075<br>(248)355-5555 |

_____/

## NATIONWIDE LIFE INSURANCE COMPANY'S REPLY TO THE KEENE DEFENDANTS' IMPROPERLY FILED RESPONSE TO THE MOTION FOR A JURY TRIAL

On September 11, 2013, plaintiff Nationwide Life Insurance Company filed a motion seeking to enforce the parties' right to a jury trial in this case.  Defendants William Keene and Jennifer Keene filed a response to that motion on October 2, 2013.  This response is untimely, fails to comply with the court rules, and has no merit.  The Court should strike it without further consideration.

**The Response Should be Stricken for Failure to Comply With the Court Rules**

As a non-dispositive motion, any party wishing to respond to the motion for a jury trial was required to file their response within 14 days: "A response to a nondispositive motion must be filed within 14 days after service of the motion." ED LR 7.1(e)(2).  Fourteen days from September 11, 2013, was September 25, 2013.  The Keenes' response was filed a week late.  Therefore, it should be rejected as untimely.  It is appropriate to strike briefs failing to comply with the mandatory local court rules.  *King v Detroit Medical Cntr*, 32 Employee Benefits

1

Cas 1508 (ED Mich, 2004): "[T]he Court finds that the filing by the DMC of its response brief was not in compliance with the language or the spirit of the Local Rules of the Eastern District of Michigan. Hence, the response by the DMC response must be, and is, rejected." *Gorajczyk v St Clair Shores*, 2010 US Dist Lexis 83765 (ED Mich, 2010) at *2-*3: "Inasmuch as (1) this tardy filing constitutes a gross violation of the time deadlines within the Local Rules of this District, and (2) the Plaintiff failed to request and obtain an extension of time in which to file an opposing brief, the Court will decline to consider his response …."

Striking the improperly filed response is also appropriate as the Keenes' response fails to comply with ED LR 5.1(a)(3) requiring that all papers filed with the Court use 14 point proportional font. Further, as with every other response filed by the Keenes to Nationwide's motions in this case, the Keenes also ignore Judge Cohn's motion practice rules regarding the proper means of formatting and drafting motions and responses. The Keenes failed to take any of the steps contained in Judge's Cohn's standing orders. Because the Keenes have completely disregarded all of the procedural rules regarding proper filings, their brief should not be considered.

## The Response is Without Any Legal Merit

Even if the response brief were timely filed, it should make no difference regarding the issue before the Court because Keenes' argument is completely

2

without merit. Most of the Keenes' brief consists of a quote from an introductory section of Nationwide's motion for partial summary judgment regarding the Keenes' penalty interest claim. (Response, pp 2-4) The Keenes then conclude that, because this introduction states that interpleader is an equitable doctrine, this means that there is no right to a jury trial in this case. (Response, pp 4-5) To reach this conclusion, the Keenes ignore what Nationwide's previous brief actually argued, ignore this Court's prior ruling, ignore the cross and counter claims in the case, and ignore the actual law laid out in detail in Nationwide's motion for a jury trial. When all of these are considered, a jury trial is appropriate in this case.

First, as explained in Nationwide's motion for partial summary judgment (Docket # 37), this case is not a true interpleader action. Instead, it is an action in the nature of interpleader as Nationwide is asserting defenses that could negate any duty to pay under the life insurance policy. See 48 CJS Interpleader § 7. Namely, Nationwide is asserting the defense that the Keenes committed fraud from the inception of the policy by obtaining the policy with the end intent of murdering Gary Harmon Lupiloff. The Keenes' discussion of true/traditional interpleader actions is not on point.

Second, nowhere in its motion for partial summary judgment on the penalty interest claim did Nationwide argue that such a claim could not be made because interpleader is an equitable action. These two issues have nothing to do with each

3

other. Instead, Nationwide argued that penalty interest is incompatible with the slayer statute existing in Michigan, MCL 700.2803, which precludes Nationwide from paying under a life insurance policy if the claimant murdered the insured. Quite simply, Nationwide argued that it would not be appropriate to penalize Nationwide for complying with the slayer statute by bringing this necessary action to determine who, if anyone, is entitled to recover under the policy. (See Docket # 37)

Third, this Court's ruling on the motion for partial summary judgment had nothing to do with the fact that traditional interpleader has been labeled as equitable in nature. Instead, this Court ruled that the attempt to claim penalty interest was not presently appropriate. There had been no indication on the record of dilatory tactics or bad faith on the part of Nationwide, and the determination of who could recover under the policy was reasonably in dispute. (Docket # 45) This order had nothing to do with the right to a jury trial, and it certainly does not preclude a jury trial as the Keenes now seem to argue.

Fourth, the Keenes completely ignore the fact that, beyond the action in the nature of interpleader, cross and counterclaims have been filed in this case. The Lupiloff counterclaims allege negligence and breach of contract. (Dockets # 9, 10 and 11) The Keene counterclaim alleges breach of contract. (Docket # 4) Breach of contract claims and negligence claims are legal claims. They are not

4

equitable claims, and they are to be decided by a jury. *Provident Life & Accident Ins Co v Adie*, 982 F Supp 1269, 1271 (ED Mich, 1997). Nationwide asserted its right to trial by jury regarding these claims in responding to the counterclaims. Thus, the existence of the counterclaims requires that a jury trial occur in this matter.

Fifth, the Keenes ignore that precedent exists directly on point in this matter. The Sixth Circuit has explained, contrary to the Keenes' implication, that the right to trial by jury is not decided merely by the legal or equitable label placed on an action. Instead, a Court looks to the issues underlying an interpleader action to determine if the case should be decided by a jury. *Hyde Prop v McCoy*, 507 F2d 301, 305 (CA 6, 1974). *Aide* decided a case nearly identical to the case at hand and concluded that a jury trial was required because the legal and equitable issues in the case regarding the right to recover under the policy overlapped. *Aide*, 982 F Supp at 1271-1272 (See Nationwide's Motion, pp 5-7) "When legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Lytle v Household Mfg Inc*, 494 US 545, 550; 110 S Ct 1331; 108 L Ed 2d 504 (1990), citation omitted. Nationwide has a right to have a jury decide if the Keenes have a right to recover under the policy or if they are precluded from doing so. This is especially true given that, as Judge Cohn ruled in *Manzie v Nationwide Prop & Cas Ins Co*,

5

2013 US Dist Lexis 114588 (ED Mich, 2013), questions of fraud are left to a jury to decide. In light of the actual law directly on point, the Keenes' response brief has no merit.

The one case cited by the Keenes, *Belcher v Prudential Ins Co*, 158 F Supp2d 777 (ED Mich, 2001), does not support a contrary result. *Belcher* was decided on the fact that ERISA claims were equitable in nature: "actions to recover benefits under § 1132 are equitable actions . . . ." *Id*. at 781. Thus, *Belcher* had the exact opposite facts from this case. In *Belcher*, the Court faced only equitable issues and nothing more. This is not like cases such as the one at hand which have mixed legal and equitable issues. The law is clear that, when such mixed equitable and legal issues exist, the right to a jury trial for the joint issues exists. *Lytle*, 494 US at 550.

### Any Attempt to Reconsider the Penalty Interest Issues is Untimely

The Keenes' true goal appears to be for this Court to reconsider its order granting summary judgment on the penalty interest claim. That order was entered on January 13, 2012, which was nearly a year and eight months prior to the Keenes filing this response brief. "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." ED LR 7.1(h)(1). A late filed motion for reconsideration will not be considered: "Defendant's motion was filed over a month after entry of the orders of which he seeks reconsideration, and

thus must be denied as untimely." *United States v Walls*, 2010 US Dist Lexis 50253 (ED Mich, 2010). Under the circumstances, the Keenes' brief should be rejected as untimely and without merit.

## RELIEF REQUESTED

Nationwide respectfully requests that this Honorable Court amend its pretrial order and allow a jury trial regarding the factual issues underlying this case.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was electronically filed on October 8, 2013 with the Clerk of the Court via the Electronic Case Filing system which will send notice to all attorneys of record.

/s/ Gabriella Graziano

Dated: October 8, 2013

Respectfully submitted,
HARVEY KRUSE, P.C.

By: /s/Michael F. Schmidt
    Michael Schmidt (P25213)
    Nathan Peplinski (P66596)
    Attorneys for Nationwide
    1050 Wilshire Dr., Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com
    npeplinski@harveykruse.com