UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE and JENNIFER KEENE,

    Defendants/Cross-Defendants.

_____/

Case No. 11-12422

HON. AVERN COHN

**ORDER CANCELLING TRIAL DATE
AND BIFURCATING CLAIMS AND
GRANTING PLAINTIFF/COUNTER DEFENDANT
NATIONWIDE LIFE INSURANCE COMPANY'S
<u>MOTION FOR JURY TRIAL (Doc. 78)</u>**

**I.**

This is an interpleader action scheduled for a bench trial on Tuesday, November 12, 2013. The trial date is cancelled pending a further order from the Court.

**II.**

This case has been pending since June of 2011. It arises out of the unsolved murder of Gary Lupiloff (Lupiloff). Lupiloff was shot to death in front of his Royal Oak home on July 13, 2011. Two days later, William Keene (Keene), Lupiloff's business partner, filed a claim with Nationwide Life Insurance Company (Nationwide) to collect the proceeds of the insurance policy on Luipiloff's life. Keene is the owner and beneficiary under the policy. Lupiloff's daughters, Monica and Nicole, and Lupiloff's estate, also made a claim to the proceeds.

Prior to 2007, Lupiloff was both the insured and owner of the policy, Keene was the beneficiary, and the Lupiloff daughters were contingent beneficiaries. In 2007, Lupiloff submitted a change in beneficiary and ownership form to Nationwide. The change to the policy made Keene the owner of the policy and Keene's wife, Jennifer, the contingent beneficiary. Keene remained beneficiary under the policy.

Nationwide claims that Keene obtained ownership of the insurance policy with the intent to murder Lupiloff and, in fact, murdered him. Thus, Nationwide claims the policy is void.

Keene disagrees. Keene contends that, as the beneficiary of the policy, Nationwide must pay the death benefits to him.

The Lupiloff daughters say that Nationwide was negligent in allowing the change in beneficiary and ownership of the policy. In addition, they say that Keene murdered Lupiloff or hired someone to do it, and that Jennifer knew about the murder. Therefore, they claim an interest in the insurance benefits as former contingent beneficiaries.

**III.**

Whether or not the policy is void because of Keene's alleged plan and involvement in the murder of Lupiloff is a preliminary issue that must be decided prior to addressing the competing interests between the claimants. Therefore, Nationwide's claim that the policy is void is BIFURCATED from the competing claimants' claims.

Nationwide has requested a jury decide whether the policy is void (Doc. 78, Motion for Jury Trial And Memorandum Of Law). The motion is GRANTED. If the preliminary issue of whether Keene planned and carried out the murder of Lupiloff proceeds to trial, it will be tried to a jury.

The claims of the competing claimants are STAYED pending resolution of Nationwide's claim that the policy is void.

**IV.**

Any objections to this order shall be filed by Thursday, October 24, 2013.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 17, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160

3