UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

vs                                       Case: 2:11-cv-12422-AC-MKM
                                           Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs/Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
individually, jointly and severally,

        Defendants/Cross-Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nicole Lupiloff, |
| 248 649-7800 | Personal Representative of the |
| | Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

John H. Bredell (P36577)
Attorney for Keenes
119 N Huron Street
Ypsilanti MI 48197
734 482-5000

Geoffrey N Fieger (P30441)
Jeffrey A. Danzig (P36571)
Co-counsel for Monica Lupiloff,
Nicole Lupiloff and Nicole Lupiloff
Personal Representative of the
Estate of Gary Lupiloff, deceased
248 355-5555

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
## PURSUANCE OF SUBPOENAS PROPERLY ISSUED

NOW COME the Defendants/Cross-Plaintiffs herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and for their Motion to Compel state as follows:

1. This action concerns the proceeds of a life insurance policy issued by Plaintiff on the victim of a murder, Gary Lupiloff, in the amount of $500,000.

2. Originally, Lupiloff had the policy issued with William Keene as beneficiary and Monica Lupiloff and Nicole Lupiloff, his daughters, as contingent beneficiaries. The policy was in force for several years and Lupiloff paid the premiums.

3. The records will show that after several years, William Keene began paying the premiums and around the same time a change of beneficiary form and change of ownership form was issued making the owner William Keene and the beneficiary William Keene and the contingent beneficiary Jennifer Keene, his wife.

4. On July 13, 2010, a couple of years later, while standing in his driveway with his back turned to the rear of his house and talking on his cell phone, Gary Lupiloff was shot in the back with a rifle bullet coming from behind his house and later died of the bullet wound at Beaumont Hospital in Royal Oak.

2

5.  Thereafter, Keene made a claim under the life insurance policy as well as did Monica Lupiloff and Nicole Lupiloff, daughters and former contingent beneficiaries.

6.  Plaintiff, Nationwide Life Insurance Company, brought this action in the form of a declaratory judgment action, but rather than pay the policy proceeds into the Court on behalf of the Defendants, sought to keep the policy proceeds itself.

7.  During the proceedings in this case, this Court issued an order compelling the Royal Oak Police Department and the Oakland County Prosecutor to produce records (Exhibit A).  Subsequently, non-party Oakland County Prosecutor filed a motion to set aside this Court's order compelling production of the records, and the Court granted said motion (Exhibit B).

8.  On information and belief, a grand jury was convened to handle the matter of Gary Lupiloff's death and several other matters, and that grand jury, on information and belief, has long since terminated its proceedings.

9.  On November 19 and November 21, 2013 both a Subpoena for production of records and a FOIA request were made to the Royal Oak Police Department seeking all notes, reports, etc. relating to William Keene, a party to this case, *prior* to the date of the murder of Gary Lupiloff.  Documents were requested for production on December 3, 2013. On December 2, 2013, all counsel received Objections to the Subpoena to produce documents from the non-party Royal Oak Police Department and a response to the FOIA request, the latter granting same in part and denying same in part.

10.  In partially granting the FOIA request, Royal Oak Police Department provided a "suspicious person" report regarding William Keene made approximately one year before the murder of Gary Lupiloff.  On information and belief, there are other such reports on file

3

at the Royal Oak Police Department.  Also on information and belief, the grand jury investigation has been terminated.  Also on information and belief, the Royal Oak Police Department is not actively investigating the murder case any longer.  Three and one-half years have elapsed since Gary Lupiloff's murder and no indictment nor warrant have been issued.

11.  This Court should compel production of the documents requested which were prior to the date of the murder but could very well bare on the outcome of this case when tried.

12.  In the alternative, the Court should order the non-party Royal Oak Police Department to appear before the Court in open court or in camera and explain to the Court exactly what procedures and/or investigations it is currently conducting to satisfy this Court that the objections to the Subpoena should be honored.

ALBERT L. HOLTZ, P.C.

Dated: 4 December 2013          ___/s/ Albert L. Holtz_____
                                Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively
state that on 12/5/13  she electronically filed
the foregoing and this Proof of Service with the
Clerk of the Court using Wiznet E-File & Serve
system which will effectuate service upon
all counsel of record.

/s/ Lynn Parsons_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

          Plaintiff/Counter-Defendant,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

          Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

          Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

          Defendants/Cross-Defendants.

Case No.   11-cv-12422-AC-MKM
Hon. Avern Cohn

_____/

## ORDER COMPELLING ROYAL OAK POLICE DEPARTMENT AND
## OAKLAND COUNTY PROSECUTOR TO PRODUCE RECORDS

IT IS HEREBY ORDERED that the Royal Oak Police Department and the Oakland
County Prosecutor produce any and all files, reports, statements, photos, computer records,
correspondence and records and documents of any type whatsoever pertaining to any and all
investigation of William Keene and/or Jennifer Keene and/or anyone else in regard to the murder
of Gary Lupiloff which occurred in Royal Oak, Michigan on 7/13/10.  These documents are to be
produced and/or delivered to the law offices of HARVEY KRUSE, P.C., 1050 Wilshire Drive,

1

Suite 320, Troy, MI  48084 within 14 days from the date of this order.


s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2013

I stipulate to the entry of this order.

/s/Michael F. Schmidt
Michael F. Schmidt P25213
Attorney for Plaintiff

/s/Jeffrey A. Danzig
Jeffrey A. Danzig P36571
Co-Counsel for Monica Lupiloff,
Nicole Lupiloff and Nicole Lupiloff,
Per Rep of the Estate of Gary Lupiloff, Deceased

John H. Bredell
John H. Bredell P36577
Attorney for Keenes

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

     Plaintiff,

vs.                                 Case No. 11-12422

WILLIAM KEENE, JENNIFER KEENE,     HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

     Defendants.

_____/

### MEMORANDUM AND ORDER GRANTING NONPARTY
### OAKLAND COUNTY PROSECUTOR'S MOTION TO SET ASIDE
### <u>ORDER COMPELLING PRODUCTION OF RECORDS (Doc. 64)</u>

## I. INTRODUCTION

     This is an insurance case.  Nationwide Life Insurance Company (Nationwide) has filed a complaint for interpleader and declaratory relief to determine who, if anyone, is entitled to the proceeds of an insurance policy on the life of Gary Lupiloff (Gary).  Gary was murdered in Royal Oak in July of 2010.  Defendants are the following parties who each claim to be entitled to the life insurance proceeds:

    1.     William and Jennifer Keene (collectively, the Keenes): William was Gary's former business partner and is the primary policy beneficiary.  His wife, Jennifer, is the contingent beneficiary.  William is a "person of interest" in the murder investigation;

    2.     Nicole and Monica Lupiloff (collectively, the Lupiloffs): Nicole and Monica are Gary's daughters; and

1

3.      Gary's estate.

On February 25, 2013, the Court entered a stipulated "Order Compelling Royal Oak Police Department And Oakland County Prosecutor To Produce Records." *See* (Doc. 61). The Order requires the Royal Oak Police Department (Royal Oak PD) and the Oakland County Prosecutor (Oakland County) to "produce any and all files, reports, statements, photos, computer records, correspondence and records and documents of any type whatsoever pertaining to any and all investigation of William Keene and/or Jennifer Keene and/or anyone else in regard to the murder of Gary Lupiloff which occurred in Royal Oak, Michigan on 7/13/10." (*Id.* at 1).   Before the Court is Oakland County's "Motion to Set Aside Order Compelling Production of Records."  (Doc. 64).[1]  For the reasons that follow, the motion is GRANTED.  The order is set aside.

## II. BACKGROUND

This case arises out of the unsolved murder of Gary Lupiloff.  On July 13, 2011, Gary was shot to death in front of his Royal Oak home.  Two days later, William Keene filed a claim with Nationwide to collect the proceeds of Gary's life insurance policy.  The Royal Oak PD informed Nationwide that William is a prime suspect in Gary's murder. Subsequently, Gary's daughters, Nicole and Monica, and Gary's estate, made a claim to the life insurance proceeds on the basis that Michigan's slayer statute barred the Keenes from recovering because they were responsible for Gary's death.  *See* Mich. Comp. Laws § 700.2803.

Nationwide filed this interpleader action to determine which party, if any, is entitled

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

to the proceeds of Gary's policy.  Further, Nationwide says that the policy may be void from its inception.  If the policy was purchased with the intention to murder Gary, no death benefit is due to anyone.

This case, filed on June 3, 2011, has been pending for nearly two years.  To date, William has not been charged with Gary's murder.  Nationwide wants to move forward with the case and take William's deposition.  However, the parties seek discovery from the Royal Oak PD and Oakland County before Nationwide proceeds with William's deposition. Thus, on February 25, 2013, the Court entered a stipulated Order Compelling Royal Oak Police Department and Oakland County Prosecutor to Produce Records.  *See* (Doc. 61) (the Order).  Oakland County seeks to have the Order set aside.

### III. LEGAL STANDARDS

### A. Relief From Order

A district court "[o]n motion and just terms, . . . may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Generally, a nonparty does not have standing under Rule 60(b).  "There is a small exception to this limit on the persons entitled to seek Rule 60(b) relief."  Joseph T. McLaughlin, *Only Party or Privy of Party Has Standing to Make Motion*, 12-60 Moore's Federal Practice – Civil § 60.63 (Matthew Bender & Co., Inc. 2013).  A nonparty, in certain situations, has standing to bring a motion under Rule 60(b).  *See, e.g.*, *Sutherland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (finding nonparty had standing to file Rule 60(b) motion where judgment was induced by fraud); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 188 (2d Cir. 2006) (party that is "strongly affected" by judgment has standing to bring motion under Rule 60(b)); *Eyak*

3

*Native Village v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1995) ("[A] nonparty may seek relief from a judgment procured by fraud if the nonparty's interests are directly affected.") (citations omitted); *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (same).

### B. Procedure – Compelling Document Production

The Federal Rules of Civil Procedure state, "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). Pursuant to Rule 45, a party seeking to compel production of documents from a nonparty must do so by subpoena. A subpoena must issue "for production or inspection . . . from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). After being served with a proper subpoena, "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection. . . ." Fed. R. Civ. P. 45(c)(2)(B). "On timely motion, the issuing court must quash or modify a subpoena that," among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). If an objection is made to the subpoena, "the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

### IV. DISCUSSION

### A. Oakland County's Standing[2]

The Order directs the Royal Oak PD and Oakland County to produce numerous

---

[2] The parties do not address whether Oakland County has standing to bring a Rule 60(b) motion. None of the parties cite Rule 60(b) in their papers, and Oakland County does not frame its motion as a Rule 60(b) motion. Nevertheless, in order to grant Oakland County the relief it requests, the Court must first determine that it has standing.

documents related to an open murder investigation.  There is no question that Oakland County is directly, indeed strongly, affected by the Order.  Oakland County is a named party in the Order required to comply with its instructions.  Therefore, Oakland County has standing to bring a Rule 60(b) motion to set aside the Order.

## B. Good Cause Exists to Set Aside Order

The parties did not follow the proper procedure for compelling documents from a nonparty.  Therefore, the Court prematurely entered the Order.  *See, e.g.*, *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 1183686, at *2 (E.D. Mich. April 9, 2012).  As Oakland County correctly states:

> In this case, no subpoenas were served on the non-party Oakland County Prosecutor.  The parties failed to follow the procedures set forth in Fed. R. Civ. P. 45, depriving Oakland County Prosecutor of an opportunity to file objections to the production of documents, an opportunity to assert valid privileges precluding the disclosure of the requested information, or an opportunity to avail [itself] of any other relief provided by the Rules.

(Doc. 64 at 11, Oakland County's Mot. to Set Aside Order).[3]

In *Shipes*, the court recognized the need to issue a subpoena to a nonparty prior to compelling discovery.  There, the court stated,

> The Court acknowledges that the procedural hurdle of getting a subpoena will most likely lead to an objection, which will most likely lead to another motion to compel in front of this Court, but the Federal Rules's hurdles exist for a reason, and a party cannot leap over them so haphazardly.  *See In re Northfield Laboratories, Inc. Securities Litigation*, 06-1493, 2012 WL

---

[3] The parties address in detail certain objections Oakland County would have raised if properly served with a subpoena.  These issues are premature.  Oakland County must first be served with a proper subpoena.  In response, Oakland County can list any objections it has.  The Court will then be in a position to address the issues on a motion to compel.

266852, at *8 (N.D. Ill. Jan. 31, 2012) ("Generally, to obtain discovery from nonparties, a party must first issue a subpoena, pursuant to Rule 45.    To obtain an order compelling compliance with such a subpoena, a party must file a motion to compel.").

*Shipes*, 2012 WL 1183686, at *2.

The Lupiloffs say that they followed the proper procedures to obtain the information from the Royal Oak PD,[4] and that it was the Royal Oak PD who did not comply with the rules.  On November 6, 2012, the Lupiloffs, through counsel, issued a subpoena to the Royal Oak PD to produce the "complete and entire file regarding the death of Gary Lupiloff. . . ." (Doc. 70 at 9-10, Lupiloffs' Resp. Br., Ex. A).  Instead of filing objections, the Royal Oak PD responded by letter and informed the Lupiloffs that the "case is still under investigation and the case report is not available for release." (*Id.* at 12, Ex. B).  Thus, the Lupiloffs say that Oakland County's "basic premise that proper Federal procedures were not followed is true, but it was the Royal Oak [PD] that failed to follow procedures because if it desired not to produce, it should have filed objections rather than responding by letter." (*Id.* at 4).  Notwithstanding, however, the Lupiloffs did not provide the Royal Oak PD or Oakland County with notice that they would seek an order compelling disclosure or discovery.  *See* Fed. R. Civ. P. 37(a)(1).  Instead, the Order was entered based on the stipulation of the parties to this case without any notice to the Royal Oak PD or Oakland County.

Rule 37 provides:

(1) *In General.*  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the

---

[4] The Lupiloffs concede that they never subpoenaed Oakland County.

> movant has in good faith, conferred or attempted to confer with
> the person or party failing to make disclosure or discovery in an
> effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).  The Lupiloffs did not follow this course of action.  Further, the

subpoena that the Lupiloffs did issue was directed only at the Royal Oak PD and not

Oakland County.

The Order allows the parties to circumvent the explicit requirements contained in the

Federal Rules.  Accordingly, good cause exists to set aside the Order.  The parties must

follow the procedures set forth in the Federal Rules.

SO ORDERED.


                          S/Avern Cohn_____
                          AVERN COHN
                          UNITED STATES DISTRICT JUDGE


Dated:  April 10, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record
on this date, April 10, 2013, by electronic and/or ordinary mail.


                          S/Sakne Chami_____
                          Case Manager, (313) 234-5160

7

# EXHIBIT C



# Royal Oak
# Police Department

221 E. Third Street
Royal Oak, MI 48067-2693

November 20, 2013

Albert L. Holtz
Attorney at Law
3910 Telegraph, Ste 200
Bloomfield Hills, MI 48302

RE:    Freedom of Information Act Request
       William Keene records prior to July 12, 2010

Dear Mr. Holtz

I am in receipt of your Freedom of Information Act Request dated November 19, 2013 and received in my office on November 19, 2013.

Your request is hereby granted in part and denied in part.  The documentation that is approved for release is enclosed.  Any redactions were done so under MCL 15.243, Section 13 (1), *"A public body may exempt from disclosure as a public record under this act: (1) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy."* Please remit $3.62 for the processing of the requested documents.  Your check should be made payable to the City of Royal Oak.

Any records regarding William Keene that are dated prior to July 12, 2010 and included in case report 10-2750 are hereby denied.  The information is being denied under MCL 15.243, Section 13 (1) (b) (i), *as the case is currently under investigation and the release of information would interfere with law enforcement proceedings, in that legal proceedings may be contemplated or pending.*  The release of these records would disclose evidence, witnesses, potential testimony, the reliance placed by law enforcement upon the evidence, the transactions being investigated, the direction of the investigation, law enforcement strategy, the scope and limits of the investigation, and attorney work product.  The request is also denied under MCL 15.243, Section 13 (1) (d), *"Records or information specifically described and exempted from disclosure by statute."*  The records requested are specifically exempt from disclosure under Chapter VII of the Code of Criminal Procedure, MCL 767.1 et seq.

Procedure for appeal of denial:
You may submit a written appeal of this decision, specifically stating "appeal" and the reason for the appeal, to City Manager Donald Johnson, or seek judicial review under Section 10 of the Act within 180 days after the City's final determination.  Within ten (10) days of receiving a request for an appeal, the City Manager will either reverse the denial, issue a written notice upholding the denial, reverse in part and uphold in part by written notice, or issue a notice extending by ten (10) days the time to decide the appeal.

| | | | | | |
|---|---|---|---|---|---|
| Phone Area Code | (248) | Chief of Police | 246-3527 | Detective Division | 246-3515 |
| General Information | 246-3500 | Deputy Chief | 246-3526 | Records Division | 246-3530 |
| Fax Number | 246-3402 | Administrative Office | 246-3525 | Community Policing | 246-3524 |

If, after judicial review, the Circuit Court determines that the City has not complied fully with the disclosure requirements, the Court shall award reasonable attorney's fees, costs, and disbursements.  If the Court determines that the City has arbitrarily and capriciously violated the Act, the court shall award punitive damages in the amount of $500.00.

A copy of this request will be kept for no less than one (1) year.

Cordially,

Kathleen Kantarian
Police Records & Identification Division
ROYAL OAK POLICE DEPARTMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

        Plaintiff/Counter-Defendant,

    vs                                  Case: 2:11-cv-12422-AC-MKM
                                          Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants,

    and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

        Defendants/Counter-Plaintiffs/Cross-Plaintiffs,

    vs

WILLIAM KEENE, JENNIFER KEENE,
individually, jointly and severally,

        Defendants/Cross-Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nicole Lupiloff, |
| 248 649-7800 | Personal Representative of the |
| | Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

John H. Bredell (P36577)                   Geoffrey N Fieger (P30441)
Attorney for Keenes                        Jeffrey A. Danzig (P36571)
119 N Huron Street                         Co-counsel for Monica Lupiloff,
Ypsilanti MI 48197                         Nicole Lupiloff and Nicole Lupiloff
734 482-5000                               Personal Representative of the
                                           Estate of Gary Lupiloff, deceased
                                           248 355-5555
_____

## BRIEF IN SUPPORT OF MOTION TO COMPEL

### Statement of Questions Involved

1.  Should the Royal Oak Police Department be compelled to produce records with regard to contacts with William Keene prior to July 12, 2010 in pursuance of a Federal Court Subpoena issued in light of the fact that in an accompanying FOIA request some documents were produced.

2.  Is the qualified privilege waived in light of the fact that the test for assertion of the privilege has not been met.

### Controlling Authority

This matter is *Tuite v Henry,* 181 F.R.D. 175 (DDC 1998).

### Argument

Non-party Royal Oak Police Department should be compelled to produce all items requested prior to July 12, 2010.  While it is true that Michigan law provides that police authorities should not be compelled to produce information gathered in pursuance of an on-going investigation that would hamper such investigation, Federal law also recognizes the qualified privilege designed to prevent disclosure of information that would be contrary to the public interest.  *Tuite v Henry,* 181 F.R.D. 175 (D.D.C. 1998). However, a police

2

agency cannot just sit on its hands and claim that "there is an ongoing investigation" and deny a party litigant in this case vital information needed to prosecute this action civilly. The factors to be considered are set forth in *Tuite, supra*, including (1) the impact upon persons who have given the information, (2) whether or not the party seeking discovery is an actual or potential defendant in any criminal proceeding, and (3) whether the investigation has been completed.

In this case:

      a.  There is no impact upon any person providing information;

      b.  The party seeking discovery is not an actual or potential defendant, and,

      c.  It is questionable whether or not the investigation has been completed as three and one-half years have elapsed and nothing has happened.

Further, the Royal Oak Police Department, having supplied one suspicious person report in pursuance of the FOIA request has waived the qualified privilege it once claimed (Exhibit C). If, as on information and belief, a citizens grand jury has heard the facts about this case and has terminated its session, there is not likelihood that anything significant will come from the criminal matter. On information and belief, the Royal Oak Police have ceased investigating Lupiloff's death and have deemed the matter a "cold case" and "hope" someday that something will drop in its lap.

The non-party may complain that the discovery period is over, but the Court has stated that "discovery is over when the trial starts." In fact, the deposition of Defendant, Jennifer Keene, was taken on December 4, 2013 by agreement of the parties.

Production of documents may be objected to on the grounds that the discovery sought might be prosecutorial "work product." Incident Reports made by the Police are not attorney work product.

3

Prior to issuance of the Subpoena, the Royal Oak Police Department had been made aware on several occasions and by previous proceedings and the FOIA request that exact documents were being sought.  The issued Subpoena was properly prepared and served.

This Court should issue an order for production of the documents requested or in the minimum an order compelling the Royal Oak Police Department to appear before the Court in open in court or in camera and convince the Court that an on-going investigation is continuing.  It would be unjust to allow the non-party Police Department to make an unverified statement that there is an on-going investigation and prevent the parties to this litigation from having the information they need to properly try this case before this Honorable Court.

Respectfully submitted,

ALBERT L. HOLTZ, P.C.

Dated: 4 December 2013             ___/s/ Albert L. Holtz_____
                                   Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively state that on 12/5/13  she electronically filed the foregoing and this Proof of Service with the Clerk of the Court using Wiznet E-File & Serve system which will effectuate service upon all counsel of record.

/s/ Lynn Parsons_____

4