UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

                                     Case No. 11-cv-12422 AC MKM

Vs                                     Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

      Defendants/Cross-Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff/Counter-Defendant<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>248 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants William<br>and Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>734 482-5000 |

Albert L. Holtz (P15088)
Albert L. Holtz, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
And Nicole Lupiloff, Personal
Lupiloff Representative of the Estate of Gary
Nicole Lupiloff, Deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
248 593-5000

Geoffrey N. Feiger (P30441)
Jeffrey A. Danzig (P36571)
Fieger Fieger Kenney Giroux &
Danzig
Attorney for Monica Lupiloff,
and Nicole Lupiloff, Personal
Representative of the Estate of
Gary Lupiloff, Deceased
19390 W. Ten Mile Road
Southfield, MI 48075
248 355-5555

Joyce F. Todd (P31026)
Oakland County Corporation Counsel
Attorney for Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, MI 48341
248 858-2003

T. Joseph Seward (P35095)
Cummings, McClorey, Davis &
Acho, P.L.C
Attorney for Non-Party,
Royal Oak Police Dept.
33900 Schoolcraft Rd.
Livonia, MI 48150
(734) 261-2400

David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, MI 48068-0064
(248) 246-3240

## NON-PARTY ROYAL OAK POLICE DEPARTMENT'S
## RESPONSE TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## IN PURSUANCE OF SUBPOENAS PROPERLY ISSUED

NOW COMES Non-Party Royal Oak Police Department, by and through City Attorney David W. Gillam, and files its Response to Motion to Compel Production of Documents in Pursuance of Subpoenas Properly Issued, stating the following:

1.    The Department admits the allegations contained in Paragraph 1 as true.

2.    The Department neither admits nor denies the allegations contained in Paragraph 2 as it lacks knowledge or information sufficient to form a belief as to its truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

3.    The Department neither admits nor denies the allegations contained in Paragraph 3 as it lacks knowledge or information sufficient to form a belief as to its truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

4.    The Department admits that Gary Lupiloff was the victim of a homicide on July 13, 2010.

5.    The Department neither admits nor denies the allegations contained in Paragraph 5 as it lacks knowledge or information sufficient to form a belief as to its truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

6.    The Department neither admits nor denies the allegations contained in Paragraph 6 as it lacks knowledge or information sufficient to form a belief as to its truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

7.    The Department admits the allegations contained in Paragraph 7.

8.    Upon information and belief, the Department admits that a grand jury was convened.  As to the remainder of the allegations, the Department neither admits nor denies the allegations as it lacks knowledge or information

sufficient to form a belief as to their truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

9.      The Department admits the allegations contained in Paragraph 9.

10.     The Department admits that Defendants/Counter-Plaintiffs and Cross-Plaintiffs submitted a request to the Department for the production of records under the Freedom of Information Act, and that the Department responded to that request.  As to the remainder of the allegations, the Department neither admits nor denies the allegations as it lacks knowledge or information sufficient to form a belief as to their truth, and leaves Defendants/Counter-Plaintiffs and Cross-Plaintiffs to their proofs.

11.     The Department denies the allegations contained in Paragraph 11.

12.     The Department denies the allegations contained in Paragraph 12.

Respectfully submitted,

/s/T. Joseph Seward
T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Non-Party,
Royal Oak Police Department
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400
tjseward@cmda-law.com

/s/David W. Gillam
David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, MI 48068-0064
(248) 246-3240
daveg@ci.royal-oak.mi.us
markl@ci.royal-oak.mi.us

Dated:  December 17, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

     Plaintiff/Counter-Defendant,

                                          Case No. 11-cv-12422 AC MKM

Vs                                          Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

     Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

     Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

     Defendants/Cross-Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213) | John H. Bredell (P36577) |
| Harvey Kruse, P.C. | Bredell & Bredell |
| Attorney for Plaintiff/Counter-Defendant | Attorney for Defendants William |
| 1050 Wilshire Drive, Suite 320 | and Jennifer Keene |
| Troy, MI 48084 | 119 N. Huron Street |
| 248 649-7800 | Ypsilanti, MI 48197 |
| | 734 482-5000 |

Albert L. Holtz (P15088)
Albert L. Holtz, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
And Nicole Lupiloff, Personal
Lupiloff Representative of the Estate of Gary
Nicole Lupiloff, Deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
248 593-5000

Geoffrey N. Feiger (P30441)
Jeffrey A. Danzig (P36571)
Fieger Fieger Kenney Giroux &
Danzig
Attorney for Monica Lupiloff,
and Nicole Lupiloff, Personal
Representative of the Estate of
Gary Lupiloff, Deceased
19390 W. Ten Mile Road
Southfield, MI 48075
248 355-5555

Joyce F. Todd (P31026)
Oakland County Corporation Counsel
Attorney for Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, MI 48341
248 858-2003

T. Joseph Seward (P35095)
Cummings, McClorey, Davis &
Acho, P.L.C
Attorney for Non-Party,
Royal Oak Police Dept.
33900 Schoolcraft Rd.
Livonia, MI 48150
(734) 261-2400

David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, MI 48068-0064
(248) 246-3240

## BRIEF IN SUPPORT OF NON-PARTY ROYAL OAK POLICE DEPARTMENT'S RESPONSE TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN PURSUANCE OF SUBPOENAS PROPERLY ISSUED

## CONCISE STATEMENT OF ISSUE PRESENTED

I.     Whether Defendants/Counter-Plaintiffs and Cross-Plaintiffs' Motion to Compel (Dkt. #89), which would require Non-Party Royal Oak Police Department to produce a copy of any and all records, reports, notes, correspondence, etc. regarding William Keene dated prior to July 12, 2010, should be granted when the requested records relate to an open homicide investigation and are protected from disclosure by a qualified common law privilege applicable to an on-going law enforcement investigation?

**Non-Party Royal Oak Police Department states:**     **"NO"**

Defendants/Counter-Plaintiffs and Cross-Plaintiffs state:    "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

I.      Fed. R. Civ. P. 34(c) – provides that a non-party may be compelled to produce documents and tangible things or to permit an inspection as provided in Fed. R. Civ. P. 45.

II.     Fed. R. Civ. P. 45(c)(2)(b) – provides that a person commanded to produce documents or tangible things or to permit inspection may serve on the attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials.

III.    *Tuite v Henry*, 181 F.R.D. 175 (D.D.C. 1998) – recognizing a qualified privilege applicable to on-going law enforcement investigatory files.

**ARGUMENT**

**STATEMENT OF FACTS**

On July 13, 2010, Gary Lupiloff was the victim of a homicide in Royal Oak, Michigan.  The Royal Oak Police Department was called to the scene shortly thereafter and since that time has had an open criminal investigation into the homicide.

According to Plaintiff Nationwide Insurance, it was informed by an officer from the Police Department that William Keene, a party to this litigation, was a suspect in the murder.  Nationwide has also stated that the Police Department served a search warrant on its offices, requesting any and all documents related to a life insurance policy owned by Lupiloff.  (Dkt. #1, Paragraphs 14, 16, 21-24).

On September 13, 2011, Nationwide filed a Motion for Partial Summary Disposition.  (Dkt. #37).  In the Memorandum of Law filed in support of its Motion, Nationwide stated that the Police Department was continuing its investigation into Lupiloff's murder, that Keene was a prime suspect in the killing, and that a grand jury had been convened in Oakland County, Michigan.  (Dkt. #37, Pg. ID 539.)

On November 19, 2013, the Police Department was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in this matter.  More specifically, the subpoena commanded the Department to produce the following for inspection and/or copying at the offices of counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs on December 3, 2013 at 10:00 a.m.:

>A copy of any and records, reports, notes, correspondence, etc. regarding William Keene (address 2704 Bachman, Ann Arbor, MI) dated prior to July 12, 2010.

On November 21, 2013, the Police Department was served with an amended Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in this matter. More specifically, the subpoena commanded the Department to produce the following for inspection and/or copying at the offices of counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs on December 3, 2013 at 10:00 a.m.:

>A copy of any and records, reports, notes, correspondence, etc. regarding William Keene (address 2704 Brockman, Ann Arbor, MI) dated prior to July 12, 2010.

On or about November 27, 2013, the Police Department (through counsel) served objections to the November 19, 2013 and November 21, 2013 subpoenas on counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs via U.S. mail. The Department objected to the subpoenas on the grounds that production of the documents, information, or objects in question would interfere with the Police Department's investigation into the Lupiloff homicide. The Department further objected on the grounds that, upon information and belief, production of the documents, information, or objects in question would disclose information on otherwise confidential proceedings in front of a grand jury convened pursuant to Michigan law.

On December 4, 2013, counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs filed a motion to compel the Department to produce the requested records.

## OBJECTIONS TO THE PRODUCTION OF DOCUMENTS

### 1.    On-Going Criminal Investigation by Law Enforcement

The information sought by Defendants/Counter-Plaintiffs and Cross-Plaintiffs is protected from disclosure by a qualified common law privilege that applies to on-going law enforcement investigations.    "The federal law enforcement privilege is designed to prevent disclosure of information that that would be contrary to the public interest in the effective functioning of law enforcement."  *Tuite v Henry*, 181 F.R.D. 175, 176-177 (D.D.C. 1998).

This qualified privilege has been recognized by both federal and state courts.  *Friedman v Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1341 (D.C. Cir. 1984).    Federal courts have recognized several factors to be considered in weighing the government's interest in ensuring the secrecy of the documents in question against the need of the adverse party to obtain discovery, including:

- whether the party seeking discovery is an actual or potential criminal defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question, and

- whether the investigation has been completed.

*Tuite*, 738 F.2d at 177.

In this case, these factors weigh against production of the Police Department's files.  First, while Defendants/Counter-Plaintiffs and Cross-Plaintiffs are not alleged to have been involved in the Lupiloff homicide, pleadings filed in this case by Plaintiff/Counter-Defendant Nationwide Insurance indicate that

Defendant William Keene is a suspect. Any information that is turned over to counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs will be available to counsel for Defendants through discovery. If Nationwide's claims are in fact correct, the Police Department would effectively be opening its files to a prime suspect in the homicide. Second, the investigation into the homicide has not been completed. The investigation is open, and is on-going. If the Police Department is compelled to produce the requested records, the investigation may never be completed.

### 2. Plaintiff's Reference to a State Grand Jury Proceeding

Plaintiff Nationwide Insurance's September 13, 2011 Motion for Partial Summary Disposition alleges that a State grand jury is investigating the Lupiloff homicide. (Dkt. #37, Pg. ID. 539). Michigan law prohibits the Police Department from publicly confirming or denying the existence of any grand jury investigation, disclosing any details regarding the proceedings if there is such an investigation, or even identifying any individual case that is the subject of a grand jury investigation. MCL 767.4, MCL 767.4a.

However, if these grand jury materials exist, compelling the Police Department to produce its files would allow parties in a civil proceeding to review, use and disclose the contents of documents currently under State seal. The Supreme Court has recognized that by maintaining the confidentiality of grand jury proceedings benefits the public interest in several ways. *Douglas Oil Co. v Petrol Stops Northwest*, 441 U.S. 211, 219 (1979).

Further, a process has been established for a party in civil litigation to obtain State grand jury materials. In *Socialist Workers Party v Grubisic*, 619 F.2d 641, 643 (7th Cir. 1980), the court held that the State court that supervised the grand jury should be given the first opportunity to determine whether or not the materials in question should be released. The court stated as follows:

> The supervisory court has first-hand knowledge of the need for secrecy in those particular proceedings. Moreover, when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure request until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled in the continued need for secrecy. Otherwise, the potential threat of disclosure orders in subsequent federal litigation would seriously weaken the state court's control of the secrecy of this essential component of its criminal justice system.

619 F.2d at 643-644. See also, *Brunson v City of Dayton*, 163 F. Supp. 2d 919, 922 (S.D. Ohio 2012). As of today's date, counsel for Defendants/Counter-Plaintiffs and Cross-Plaintiffs have not sought disclosure or taken any action to unseal any potential grand jury materials.

## CONCLUSION

For the reasons set forth, Non-Party Royal Oak Police Department respectfully requests that this Honorable Court deny Defendants/Counter-Plaintiffs and Cross-Plaintiffs' Motion to Compel Production of Documents in Pursuance of Subpoenas Properly Issued dated December 4, 2013.

Respectfully submitted,

/s/T. Joseph Seward
T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Non-Party,
Royal Oak Police Department
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400
tjseward@cmda-law.com

/s/David W. Gillam
David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, MI 48068-0064
(248) 246-3240
daveg@ci.royal-oak.mi.us
markl@ci.royal-oak.mi.us

Dated:  December 17, 2013

---

### Certificate of Service

I hereby certify that on **December 19, 2013**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Michael F. Schmidt (P25213)**
**John H. Bredell (P36577)**
**Albert L. Holtz (P15088)**
**Geoffrey N. Feiger (P30441)**
**Jeffrey A. Danzig (P36571)**
**Joyce F. Todd (P31026)**

/s/T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, MI  48150
Phone:  (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P-35095