UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff/Counter-Defendant,

vs                                            Case: 2:11-cv-12422-AC-MKM
                                              Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants,

and

MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

      Defendants/Counter-Plaintiffs/Cross-Plaintiffs,

vs

WILLIAM KEENE, JENNIFER KEENE,
individually, jointly and severally,

      Defendants/Cross-Defendants.

| Michael F. Schmidt (P25213) | Albert L. Holtz (P15088) |
|---|---|
| Attorney for Plaintiff | ALBERT L. HOLTZ, P.C. |
| 1050 Wilshire Dr, Ste 320 | Attorney for Monica Lupiloff, Nicole |
| Troy MI 48084 | Lupiloff and Nicole Lupiloff, |
| 248 649-7800 | Personal Representative of the |
| | Estate of Gary Lupiloff, deceased |
| | 248 593-5000 |

| | |
|---|---|
| John H. Bredell (P36577)<br>Attorney for Keenes<br>119 N Huron Street<br>Ypsilanti MI 48197<br>734 482-5000 | Geoffrey N Fieger (P30441)<br>E. Jason Blankenship (P63566)<br>Co-counsel for Monica Lupiloff,<br>Nicole Lupiloff and Nicole Lupiloff<br>Personal Representative of the<br>Estate of Gary Lupiloff, deceased<br>248 355-5555 |

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS'
COMPEL THE RETURN OF ESTATE PROPERTY SEIZED FROM
DECEDENT'S RESIDENCE, TO ADJOURN TRIAL AND
TO REOPEN DISCOVERY**

**BRIEF IN SUPPORT OF MOTION**

**NOTICE OF HEARING and CERTIFICATE OF SERVICE**

NOW COME the Defendants/Cross-Plaintiffs herein, Monica Lynn Lupiloff, Nicole Renee Lupiloff and Nicole Renee Lupiloff Personal Representative of the Estate of Gary Lupiloff, Deceased, by their attorney, ALBERT L. HOLTZ, P.C., and for their Motion state as follows:

### Introduction

As this Court is aware, the ability of the Lupiloff daughters to obtain information and to prosecute this case has been severely hampered by the Royal Oak Police Department and the Prosecutor's Office. Since the murder of Gary Lupiloff, a representative of the Oakland County Prosecutor's Office and another from the Royal Oak Police Department had been in frequent contact with undersigned counsel and at first promised to share evidence. Then a Grand Jury was impaneled for Lupiloff's murder and other cases, and undersigned counsel was then told by the Prosecutor's Office that information could not be supplied because of the Grand Jury. On the other hand, undersigned counsel, who is the step-father of the Lupiloff daughters, provided the Prosecutor's Office and the Police

2

with numerous pieces of information, copies of deposition transcripts taken in this case, and valuable evidence. Undersigned counsel was thus blind-sided and failed to obtain necessary information that he would have commenced to obtain immediately. When it became clear that neither the Royal Oak Police Department nor the Prosecutor's Office would cooperate, then undersigned counsel proceeded to attempt to bring the case up to speed. It is thus true that the maxim applies here "no good deed goes unpunished."

### Request to Re-open Discovery

In the Court's Order Granting Defendants/Counter-Plaintiffs' Motion to Compel, the Court said, "Discovery is now complete," however, only when this Court issued that Order directed to the Royal Oak Police Department to produce certain evidence, did the undersigned become aware of certain witnesses and names of persons who could bolster this case. The undersigned requires additional time for discovery and the taking of depositions to be properly ready for trial, and the Estate and the Lupiloff daughters pray that this Court will honor their request.

### Adjournment of Trial

Not only is more time needed to present a well-gounded case, but this Court should note that undersigned counsel's wife recently slipped, fell and shattered her shoulder, and subsequently underwent complicated surgery. A Florida vacation was scheduled for January 31, 2014 and was cancelled. Hoping that undersigned's wife would be able to travel in April, new plans were made which overlap the April 7, 2014 trial date in this matter. In addition, counsel has been working shorter hours to render assistance to his wife who has been in disabled and in great pain for weeks.

3

### Production of Estate Property

When Gary Lupiloff was murdered, the Royal Oak Police Department confiscated files, equipment, computers and at least one cell phone and promised to then Lieutenant Gordon Young that said items would be returned and a list of items would be provided. No list was ever forthcoming and no property was ever returned save decedent's wallet. The items held by the Police are property of the Estate, which is in good standing in Oakland County Probate Court, and may provide further evidence to bolster the Estate's claims here. Inasmuch as the Royal Oak Police Department appears to be doing nothing further to build a case, the Lupiloff daughters and the Estate are seeking return forthwith of Gary Lupiloff's property. As one Royal Oak Police officer put it, "There is a police officer assigned to the case, but the materials are sitting on a shelf."

Thus, for all the reasons above, the Lupiloff daughters and the Estate request:

A. A sixty-day adjournment of the trial now scheduled for April 7, 2014;

B. An extension of sixty days from this writing to take further depositions of persons discovered in the Royal Oak Police Department files and consolidate evidence; and

C. The return of the Estate's property.

### BRIEF IN SUPPORT OF MOTION TO COMPEL

### Statement of Questions Involved

1. Should the Royal Oak Police Department be compelled to return estate property seized at decedent's home?

2. Should discovery be reopened?

3. Should the trial be adjourned.

## Controlling Authority

This matter is *Tuite v Henry,* 181 F.R.D. 175 (DDC 1998) and *Frankenhauser v Rizzo,* 59 F.D.R.339 (Ed PA 1973).

## NOTICE OF HEARING

**TO:** Clerk of the Court and all counsel of record

PLEASE TAKE NOTICE that the foregoing Motion will be brought on for hearing before the Hon. Avern Cohn on a date and time to be set by the Court.

ALBERT L. HOLTZ, P.C.

Dated: 6 February 2014    /s/  Albert L. Holtz

**CERTIFICATE OF SERVICE**

LYNN PARSONS does hereby affirmatively
state that on 2/6/14 she electronically filed
the foregoing and this Proof of Service with the
Clerk of the Court using Wiznet E-File & Serve
system which will effectuate service upon
all counsel of record.

/s/ Lynn Parsons

5