UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
      Plaintiff/Counter-Defendant,

vs.                                         Case No.   11-cv-12422-AC-MKM
                                         Hon. Avern Cohn

**NATIONWIDE'S MOTION TO COMPEL THE PROSECUTOR TO COMPLY WITH THE SUBPOENA, SCHEDULED FOR MARCH 27, 2014 AT 2:00 P.M.**

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
      Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
      Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
      Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI  48302 |
| Troy, MI  48084 | (248)593-5000 |
| (248)649-7800 | |

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>E. Jason Blankenship P63566<br>Co-Counsel for Lupiloffs<br>19390 West Ten Mile Road<br>Southfield, MI  48075<br>(248)355-5555 |

Mary M. Mara P45114
Oakland County Corp Counsel
1200 N Telegraph Rd Dept 419
Pontiac, MI  48341
(248) 975-9616

_____/

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

# PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY'S MOTION TO COMPEL THIRD-PARTY OAKLAND COUNTY PROSECUTOR TO COMPLY WITH THE SUBPOENA FOR FACTUAL RECORDS AND <u>NOTICE OF HEARING THEREON</u>

PLEASE TAKE NOTICE that on March 27, 2014 at 2:00 p.m. or as soon thereafter as counsel can be heard by the Honorable Avern Cohn in his courtroom, plaintiff Nationwide Life Insurance Company will move pursuant to FRCP 34 and FRCP 45 for an order compelling the Oakland County Prosecutor's Office to comply with the subpoena submitted to it by Nationwide.  Nationwide states:

1. On November 19, 2013, the Lupiloff defendants issued a subpoena on the Royal Oak Police Department for a copy of any and all records, reports, notes, correspondence, etc, regarding William Keene dated prior to July 12, 2010;

2. The Police Department and Oakland County Prosecutor's Office objected to the subpoena, which resulted in a motion to compel compliance with

-1-

the subpoena;

3. On December 20, 2013, this Court heard argument on the motion to compel and ordered that the Police Department and the prosecutor appear for an ex parte in camera review of the file materials and their objections;

4. Following the ex parte in camera hearing occurring on January 23, 2014, this Court issued an order granting the motion to compel;

5. The Order provided: "At the meeting, the Court required that the entirety of Royal Oak's file be turned over to the Lupiloff daughters";

6. The Police Department subsequently produced its file materials, but the materials appeared incomplete as they did not include items that were known to have occurred in the investigation, including information on an interview with Defendant Jennifer Keene by police officers;

7. Consistent with this Court's previous order, Nationwide sought to obtain these materials from the Oakland County Prosecutor's Office, in case the factual materials were kept in that file rather than the Police Department files;

8. On February 3, 2014, in accordance with the Court's ruling after the in camera review, Nationwide issued a subpoena for factual records contained in the Oakland County Prosecutor's file relating to William Keene and/or the murder of Gary Harmon Lupiloff;

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

9. On February 18, 2014, The Oakland County Prosecutor's Office refused to produce any documents in response to the subpoena;

10. The Oakland County Prosector's Office has not carried its burden of demonstrating that a privilege exists to completely prevent the release of any factual information in this case.

Therefore, Nationwide respectfully requests that this Honorable Court order that the Oakland County Prosecutor's Office comply with the subpoena within 10 days.

Pursuant to Local Rule 7.1, concurrence has been sought but could not be obtained.

Nationwide bases this motion on the records and files in this case and supports it with the accompanying brief.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/ Gabriella Graziano

DATED:   March 6, 2014

Respectfully submitted,

BY: /s/Michael F. Schmidt_____
   Michael F. Schmidt P25213
   Nathan Peplinski P66596
   Harvey Kruse PC
   Attorneys for plaintiff
   mschmidt@harveykruse.com
   npeplinski@harveykruse.com
   1050 Wilshire Drive, Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
    Plaintiff/Counter-Defendant,

vs.                                        Case No.   11-cv-12422-AC-MKM
                                            Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
    Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI  48302 |
| Troy, MI  48084 | (248)593-5000 |
| (248)649-7800 | |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>E. Jason Blankenship P63566<br>Co-Counsel for Lupiloffs<br>19390 West Ten Mile Road<br>Southfield, MI  48075<br>(248)355-5555 |

Mary M. Mara P45114
Oakland County Corp Counsel
1200 N Telegraph Rd Dept 419
Pontiac, MI  48341
(248) 975-9616

_____/

# NATIONWIDE'S BRIEF IN SUPPORT OF THE MOTION TO COMPEL THE PROSECUTOR TO COMPLY WITH THE SUBPOENA

## ISSUE PRESENTED

Whether the Oakland County Prosecutor should be compelled to comply with the subpoena given that Nationwide sought only factual information relevant to this case.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

## CONTROLLING AUTHORITY

This matter is controlled by FRCP 34, FRCP 45 and *Frankenhauser v Rizzo*, 59 FRD 339 (ED Penn, 1973).

## STATEMENT OF FACTS

1. Thorough various motions and hearings in this case, this Court is well familiar with the facts of this case. Nationwide will not burden this Court with another recitation of the same underlying facts. Simply, this is a case brought by Nationwide in the nature of interpleader regarding who, if anyone, is entitled to recover under a Nationwide life insurance policy following the murder of the named insured, Gary Harmon Lupiloff. Evidence exists to support the conclusion that the named beneficiary, William Keene, committed the murder and that the life insurance policy was taken out with the plan to commit the murder in mind.

2. On November 19, 2013, the Lupiloff defendants issued a subpoena on the Royal Oak Police Department for a copy of any and all records, reports, notes, correspondence, etc, regarding William Keene, dated prior to July 12, 2010.

3. The Police Department and the Oakland County Prosecutor's Office objected to the subpoena, which resulted in a motion to compel compliance with the subpoena being filed. (Docket # 89)

4. On December 20, 2013, this Court heard argument on the motion to compel and ordered that the Police Department and the prosecutor appear for an ex parte in

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

camera review of the file materials and their objections.  (Docket # 95)

5.  Following the ex parte in camera hearing occurring on January 23, 2014, this Court issued an order granting the motion to compel.  (Docket # 99)

6.  The Order provided:  "At the meeting, the Court required that the entirety of Royal Oak's file be turned over to the Lupiloff daughters."  (Docket # 99, p 2)

7.  The Police Department subsequently produced its file materials, but the materials appeared incomplete as they did not include items that were known to have occurred in the investigation, including information from an interview with Defendant Jennifer Keene by police officers.

8.  Consistent with this Court's previous order, Nationwide sought to obtain these materials from the Oakland County Prosecutor's Office, in case the factual materials were kept in that file rather than the Police Department files.

9.  On February 3, 2014, Nationwide issued a subpoena for factual records contained in the Oakland County Prosecutor's file relating to William Keene and/or the murder of Gary Harmon Lupiloff. (Subpoena, Exhibit 1)  The subpoena ordered the prosecutor to produce:  "Any and all factual information regarding William Keene, date of birth May 10, 1966, and/or the murder of Gary Harmon Lupiloff, including, but not limited to any factual records, reports, statements, transcripts, or recordings.  This request is not for investigative opinions or attorney work product, but only seeks factual information contained in the file materials."

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

(Exhibit 1)

10.    The subpoena sought the factual information and records both before and after the murder. (Exhibit 1)

11.    On February 18, 2014, The Oakland County Prosecutor's Office refused to produce any documents in response to the subpoena. (Refusal Letter, Exhibit 2)

12.    The Oakland County Prosecutor's Office has not carried its burden of demonstrating that a privilege exists to completely prevent the release of any factual information in this case. Therefore, this motion is required.

## ARGUMENT

FRCP 45 allows a party to issue a subpoena commanding that a nonparty "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." This right is repeated in FRCP 34(c): "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." FRCP 26(b) allows for the discovery of any non-privileged matter that is relevant to any claim or defense.

A party asserting a privilege in responding to a subpoena carries the burden of showing that the privilege applies to the case: "A party objecting to discovery on the basis of any privilege has the burden of establishing the existence of that privilege." Urseth v Dayton, 110 FRD 245, 252 (SD OH, 1986). In cases such as this, the burden is a heavy burden for the objecting party to meet. The

4

claimed privilege for police and/or prosecutor file materials is judged on a case-by-case basis and requires that the particularized harm articulated by the objecting department must "significantly" outweigh the potential harm to the civil case from non-disclosure:

> [S]uch a privilege must be determined on a case-by-case basis by means of a balancing test. Only if the damage to the executive department or to the public interest from disclosure significantly outweighs the harm to plaintiff from nondisclosure will the privilege be upheld. [Id. at 253.]

Accord, Dos Santos v Gagliardi, 62 FRD 448, 449 (ED Penn, 1974):

> The doctrine of executive privilege as applied to police records has customarily been justified on the grounds that their disclosure would chill the willingness of witnesses to give information during police investigations and that their disclosure would "impede candid and conscientious self-evaluation of actions of the department." Frankenhauser v. Rizzo, 59 F.R.D. 339, 342 (E.D.Pa.1973). See also Wood v. Breier, 54 F.R.D. 7 (E.D.Wisc.1972). However, the courts which have been faced with the defense of executive privilege have recognized that it is not an absolute privilege, but one that should be upheld only if the damage to the executive department or the public interest from disclosure outweighs the harm to the plaintiffs from nondisclosure.

The claimed privilege is a qualified privilege. Tuite v Henry, 181 FRD 175, 177 (D DC, 1998). As a qualified privilege, even when the privilege is established, a balancing test must be conducted to determine if disclosure is necessary in the pending litigation: "when the existence of [the] privilege is established, there is a need to balance the public interest in nondisclosure against

5

the need of the particular litigant for access to the privileged information." Macnamara v City of New York, 249 FRD 70, 79 (SD NY, 2008), citation omitted. Again, the burden of persuasion in this balancing test is on the party seeking to apply the privilege. Id. And the balancing test should be applied "with an eye towards disclosure." Tuite, 181 FRD at 177. The Court should also consider the possibility of using protective orders and redactions. Macnamara, 249 FRD at 79.

It is insufficient for the objecting party to list generic or conceptual harm that may occur with the release the file materials. Instead, the objecting party must articulate specific harm from the disclosure of specific information contained in the file:

> [T]he officers or the police department must do more than alert the court to the [relevant privilege] or the generalized policies which support it. The police must make a substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials.
> * * *
> This initial burden must be discharged by presenting those facts that are the essential elements of the privileged relationship and not by mere conclusory or ipse dixit assertions. [Id. at 79, citation omitted.]

Accord, Tuite, 181 FRD at 178, citation omitted:

> Many courts have stressed the fact that broad speculations of harm potentially flowing to the officers involved in generating the

6

withheld documents are simply insufficient to support a finding of privilege.

The timing of the police and prosecutor's investigation occurring close to the incident/murder makes the release of the facts they obtained all the more relevant to subsequent related civil litigation:

> I have reviewed the file and find that of the roughly one hundred documents in it, almost all are either firsthand reports by police officers or summaries of interviews with policemen made by police investigators. The remainder of the file consists of letters pertinent to the investigation, newspaper articles, flyers, and two factual summaries of the interviews. All the material in the file is of a factual as opposed to a policy discussion nature, and nowhere in the file are there any recommendations made for future action or criticisms of past actions. Finally, in that this is an investigation into the incident which is the basis for this lawsuit, almost by definition the file is highly relevant to this lawsuit. The fact that this investigation was made almost immediately after the incident makes it of even greater relevance. [Wood v Breier, 54 FRD 7, 11-12 (ED Wis, 1972).]

Completed investigations have less governmental interest in secrecy. US v Legett & Platt Inc, 542 F2d 655, 659 (6th Cir, 1976). Courts have found that the same is true when it is unlikely that a prosecution will occur given a delay after the initial investigation of the matter. Dos Santos, 62 FRD at 451. See also Frankenhauser v Rizzo, 59 FRD 339, 345 (ED Penn, 1973) ("Furthermore, over two years have elapsed since the completion of the investigation, and no criminal charges have been brought against anyone; it is unrealistic to believe that any will

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

7

be brought, notwithstanding the fact that there is no statute of limitations on homicide.")

Most importantly, the factual portions of the files are not covered by the privilege: "The case law is clear that Plaintiff is entitled to the factual portions of the Dayton Police Homicide Division reports concerning the homicide of James Urseth and the execution of the search warrant by the individual police officer Defendants on October 7, 1983." Urseth, 110 FRD at 253. The factual record that should be turned over should include any statements of witnesses that were obtained during the course of the investigation. Dos Santos, 62 FRD at 450. See also, In re Packaged Ice Antitrust Litigation Direct Purchase Action, 2011 US Dist Lexis 51116 (ED Mich, 2011), citation omitted (Exhibit 3) ("[T]he privilege protects only suggestions, advice, recommendations and opinions, rather than factual and investigatory reports, data and surveys in government files"); Cessante v City of Pontiac, 2009 US Dist Lexis 30217 (ED Mich, 2009) (Exhibit 4) (" Factual material, including reports and summaries, is not protected by the privilege."); and Reuther v Chapman, 2008 US Dist Lexis 39878 (ED Mich, 2008) (Exhibit 5) ("Factual matters should be disclosed.")

Courts have adopted 10 considerations articulated in Frankenhauser as a framework for judging the qualified privilege for governmental records:

8

> [T]he following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. [Frankenhauser, 59 FRD at 344.]

In applying these factors, courts have concluded the 10th factor is the most important factor, especially when the factual information in the file is material to the civil suit and the investigation was close in time to the underlying crime:

> Not only have other courts held that the most important of the Frankenhauser factors is the tenth factor, that being the importance of the information sought to the plaintiff's case, but the Frankenhauser court itself believed that no harm to the public interest could flow from allowing disclosure of the factual portions of police reports and the signed statements of witnesses. This Court believes the information contained in the Homicide Division report to be of material importance to Plaintiff's claim, and that the harm caused to Plaintiff's action by denial of this material outweighs the harm caused to Defendant's internal procedures by allowing the information to be revealed.
>
> Even if Plaintiff could obtain access on her own to such factual data, the Police Department investigation was conducted at a time quite proximal to the incident, and is undoubtedly

9

comprehensive and reliable. [Urseth, 110 FRD at 253-254, citation omitted.]

In light of this law, the prosecutor has failed to carry its burden to show that any privilege exists in this case. It fails to articulate any specific harm that will occur, but merely relies on the fact a criminal case is still open. But as this Court is aware, murder cases are always left open. This does not mean that they will go to trial. This is especially true when there has been a long delay of years passing without any prosecution occurring. Thus, there is no evidence that the disclosure with thwart or harm a governmental process in any way. But on the other hand, the materials in the file are highly relevant and useful in this case to determine if William Keene is entitled to recover under the life insurance policy. This weights the test in favor of disclosure.

This is especially true given that the subpoena seeks only factual information. The law is clear that the governmental entity cannot claim a privilege toward factual information in a file. It is only analysis that is covered by the privilege. The prosecutor's office has stated that the existence of the factual records in the file should itself be considered privileged work product. But there is no support for this position. In fact, the law states the opposite. If this extended claim of privilege exists, it would swallow the rule stated above and preclude the release of any governmental agency records ever. The cases addressing this area of law have

10

indicated that this cannot be correct because the balancing test regarding producing the materials is made "with an eye towards disclosure." Tuite, 181 FRD at 177.

The prosecutor has also made mention at other times of potential statutes that may protect some items in the file like autopsy photos or Law Enforcement Information Network information. It is not clear if these items actually exist or if these are just more generic objections. Regardless, the release of these items could be protected and limited by a protective order, as could any other information released by the prosecutor. Macnamara, 249 FRD at 79. Given that the parties to this case would be amenable to a protective order, the prosecutor's arguments against production are without merit.

## RELIEF REQUESTED

Nationwide respectfully requests that this Honorable Court order that the Oakland County Prosecutor's Office comply with the subpoena within 10 days.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

s/ Gabriella Graziano

DATED:   March 6, 2014

Respectfully submitted,

BY: /s/Michael F. Schmidt_____
   Michael F. Schmidt P25213
   Nathan Peplinski P66596
   Attorneys for plaintiff
   mschmidt@harveykruse.com
   npeplinski@harveykruse.com
   1050 Wilshire Drive, Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

11