# EXHIBIT 2



**OAKLAND**

L. BROOKS PATTERSON, OAKLAND COUNTY EXECUTIVE

C O U N T Y    M I C H I G A N
DEPARTMENT OF CORPORATION COUNSEL

Keith J. Lerminiaux, Director 248-858-0557
Mary M. Mara 248-975-9616
maram@oakgov.com

February 18, 2014

Nathan Peplinski, Esq.
Harvey Kruse, PC
1050 Wilshire Drive, Ste 320
Troy MI 48084

Sent via U.S. Mail and fax
248-649-2316



**Re: Nationwide v Keene, 11-12422**
**Subpoena (DT) dated February 3, 2014**

Dear Mr. Peplinski,

I represent non-party Oakland County Prosecuting Attorney Jessica Cooper with respect to your subpoena for the production of documents dated February 3, 2014 and received by the Prosecutor via certified mail on February 7, 2014.   This subpoena calls for production of the documents by February 17, 2014 although I am advised that you agreed to extend this date to February 24, 2011 during a telephone conversation with another attorney from our office (Michael 'Blaszczak).

Please be advised that the Oakland County Prosecuting Attorney objects to your subpoena pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) for the reasons previously set forth in Assistant Prosecuting Attorney Jeffrey Kaelin's letter dated May 8, 2013 directed to Albert Holtz.  You should already have a copy of this letter as your co-counsel, Michael Schmidt, was copied on the correspondence.  Another copy of this letter is attached hereto for your convenience.  The Prosecuting Attorney also relies upon the reasons set forth by my predecessor on this file, Joyce Todd, in her motion and brief to set aside Order to Compel Production of Records (docket numbers 63 and 64).

Please note that the Oakland County Prosecuting Attorney is represented by counsel as indicated by the Appearance filed initially by Joyce Todd on March 8, 2013 [Docket # 63] and by myself as substitute counsel on January 22, 2014 [Docket # 97].  Consequently, please direct any and all communications and/or motions that you intend to file directly to my attention.

Thank you for your cooperation and understanding in this regard.

Yours truly,

**OAKLAND COUNTY CORPORATION COUNSEL**

Mary M. Mara
Assistant Corporation Counsel

encl.



*Office of the Prosecuting Attorney*
*County of Oakland*

JESSICA R. COOPER
Prosecutor

Paul T. Walton
Chief Assistant Prosecutor

May 8, 2013

Albert Holtz
Attorney at Law
3910 Telegraph Rd, Suite 200
Bloomfield Hills, Michigan 48302

Re:   Objection Letter and Notice of Intent to Seek Rule 11 Sanctions
      Nationwide Insurance v Keene, et al
      11 cv 12422 AC MKM

Dear Mr. Holtz:

On April 26, 2013, the Oakland County Prosecutor's Office received your subpoena, issued under the above cited case, seeking the production of documents in the possession of the Oakland County Prosecutor's Office related to the ongoing investigation into the homicide of Gary Lupiloff. This letter shall serve as the Oakland County Prosecutor's Office's objection to this subpoena, as well as notice of our intent to seek Rule 11 sanctions in the event that you bring a motion to compel the production of documents requested through this subpoena.

The Federal Rules of Civil Procedure provide for an orderly procedure whereby civil litigants have the ability, in certain circumstances, to obtain non-privileged documents from a non-party. Fed. R. Civ. P. 34(c) provides: *"As provided in Rule 45*, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." (emphasis added). Fed. R. Civ. P. 45(c)(2)(B) provides that a person commanded to produce documents may serve written objections on the party or attorney designated in the subpoena, including invoking the list of protections provided by Fed. R. Civ. P. 26(c)(1). Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and in accordance with Judge Cohn's April 10, 2013 Order setting aside your previous order compelling production of records, the following is our non-exhaustive list of objections to the production of the documents sought through your subpoena.

**The April 22, 2013 Subpoena was Untimely**

Before addressing the substantive objections to your subpoena, the Oakland County Prosecutor's Office first objects to this subpoena on the basis that it is untimely. This subpoena, which you have conceded was your first discovery attempt to obtain records from the Oakland County

Prosecutor's Office, was issued after the expiration of the period of time in which you were permitted to exercise the discovery powers delineated in the Federal Court Rules. According to Judge Cohn's July 23, 2012 Amended Scheduling Order, the period of time in which the parties in this civil matter were authorized to engage in discovery ended on January 21, 2013. The subpoena underlying this objection was dated April 22, 2013, and was received on April 26, 2013. Both of these dates are many months beyond the close of the period of time in which you could have attempted to exercise the discovery powers enumerated in the Federal Court Rules.[1]

When a party seeks to conduct discovery after the deadline has passed, the party must seek modification of the scheduling order by demonstrating "good cause" under Fed. R. Civ. P. 16(b). Here, the parties did not seek a modification of the scheduling order which provided for a discovery cutoff date of January 21, 2013. (See Dkt. #50). The parties had been given ample opportunity to conduct discovery, including 18 months to issue a timely subpoena under Fed. R. Civ. P. 45 for the production of documents to the Oakland County Prosecutor's Office. All the parties declined to timely exercise the procedures provided by the Rules for the production of documents by non-parties.

It is improper to attempt to use an untimely subpoena to attempt to reopen discovery, where, as in this case, you were given ample time to conduct discovery before the discovery period closed. *Buhrmaster v Overnite*, 61 F.3d 461 (1995) Because you failed to follow the proper procedure, and did not move the Court to modify the discovery cutoff period before issuing these untimely subpoenas, the Oakland County Prosecutor's Office objects to this untimely and otherwise inappropriate attempt to obtain our privileged files. See *McGuire v. Warner*, Case No. 05-40185, 2009 U.S. Dist. LEXIS 66614 (E.D. Mich. July 29, 2009).

**The Work Product Privilege**

Because there is an active and ongoing investigation into the murder of Gary Lupiloff, the Oakland County Prosecutor's Office's file contains documents that were created or assembled in anticipation of possible litigation. Further, because the case is still in the pre-charge stage, the documents in the Oakland County Prosecutor's Office's file are comprised solely of either (1) documents created by the attorneys in the Prosecutor's Office, or (2) copies of documents from various entities that were selected by the attorneys in the Prosecutor's Office as being particularly relevant to the Prosecutor's legal theories on this ongoing investigation. As such, the Oakland County Prosecutor's Office's file on the Lupiloff homicide constitutes the work product of the Oakland County Prosecutor, and is protected from disclosure to the parties by the work product privilege.

---

1 *Also See* docket entries 73 & 74, where the Court struck your notices of intent to issue subpoenas for the reason that the documents were "prohibited discovery."

Objection Letter and Rule 11 Notice
May 8, 2013
Page 3 of 7

The Work Product doctrine was first recognized by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). In *United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975), the Supreme Court held that the work product privilege applies also to prosecution files prepared for criminal proceedings as well as attorney files prepared for civil litigation. The Court acknowledged that application of the work product privilege in the criminal context is necessary to assure "the proper functioning of the criminal justice system . . . ." *Id.* at 238.

Fed. R. Civ. P. 26(b)(3)(A) protects attorney's files created in anticipation of litigation, with the limitation that while documents disclosing legal theories (i.e. deliberative work product) are absolutely exempt from disclosure, even factual documents within the file can **only** be ordered disclosed *if* "they are otherwise discoverable under Rule 26(b)(1)" **and** the requestor "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." No such showing has been made, or can be made, in the present case.

**This Remains an On-Going Criminal Investigation by Law Enforcement**

In addition to being shielded from disclosure by the work product privilege, the information sought by your subpoena is protected from disclosure by a qualified common law privilege applicable to ongoing law enforcement investigative files. This qualified privilege for law enforcement investigatory files has been recognized by both federal and state courts. See *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).

Federal law recognizes a qualified privilege protecting the information contained in the files of a law enforcement agency's ongoing criminal investigations. This is "a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D.D.C. 1998). Among the factors that a court would consider in weighing non-disclosure under the law enforcement privilege are: (1) the impact upon persons who have given information, of having their identities disclosed, (2) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding; and (3) whether the investigation has been completed. *Id.* All of these factors weigh against the disclosure of the Oakland County Prosecutor's files in this case.

The Oakland County Prosecutor's Office acknowledges that the Federal Rules regarding discovery are not directly governed by the provisions precluding disclosure contained in Michigan

Objection Letter and Rule 11 Notice
May 8, 2013
Page 4 of 7

FOIA statutes. However, these factors are relevant under Fed. R. Civ. P. 26(c)(1), where "any person from whom discovery is sought" may move for a protective order which may protect or forbid the disclosure or discovery, limit the scope of disclosure, or proscribe a discovery method other than the one selected by the party seeking discovery.

The Michigan Freedom of Information Act, ("FOIA"), 1976 P.A. 442, MCL 15.231 et seq., similar to the federal statute, also recognizes that investigating records compiled for law enforcement purposes may be exempt from disclosure as a public record if the disclosure would interfere with a law enforcement proceeding. MCL 15.243(1)(b). Even federal courts have acknowledged exemptions from disclosure under the premise that such disclosures can interference with a law enforcement proceeding. "Interference with a law enforcement proceeding" may include, for example, disclosure of evidence, witnesses, prospective testimony, reliance placed on particular evidence by the government, the identification of the direction of the investigation, government strategies, scope of the government investigation, prospective new defendants, subjects of surveillance, or disclosure which would allow the target to construct defenses or even tamper with witnesses or evidence. *Evening News Ass'n. v. Troy,* 339 N.W.2d 421, 435, 417 Mich. 481 (1983) (citing *Kanter v. Internal Revenue Service,* 433 F. Supp. 812, 822, fn 18 (N.D. Ill. 1977)).

**Information Protected from Disclosure by Michigan Statutes.**

The Oakland County Prosecutor's Office is also precluded by statute from disclosing or making public other types of information that may be contained in its investigative file. The language of your subpoena is patently overbroad, requesting essentially all of the Oakland County Prosecutor's Office's files and documents of any type whatsoever pertaining to the ongoing investigation into the murder of Gary Lupiloff.

In addition to the work-product privilege previously discussed, MCL 28.214 prevents the disclosure of information contained in the Law Enforcement Information Network [LEIN] by the Prosecutor unless authorized by law or statute. MCL 333.2855A precludes the publication or release of autopsy photographs to a member of the public by the Prosecutor unless certain statutory requirements are met. The Michigan Crime Victim's Rights Act precludes disclosure under FOIA of any visual depiction of the victim, including drawings or photographs. See MCL 780.758.

**The Civil Parties' Repeated References to a State Grand Jury Proceeding.**

In the litigation underlying this civil matter, the parties have repeatedly referenced the existence of a grand jury proceeding investigating the murder of Gary Lupiloff. However, Michigan

Objection Letter and Rule 11 Notice
May 8, 2013
Page 5 of 7

law prevents the Oakland County Prosecutor's Office from publicly confirming or denying the existence of any such grand jury investigation, disclosing any details regarding these proceedings, or even identifying any individual case that was investigated by a grand jury. *See* MCL 767.3; MCL 767.4; MCL 767.4a.

If these grand jury materials did exist, and we believe that you are in a position to conclusively know the existence or non-existence of such a grand jury investigation, compliance with your untimely subpoena would give you free access to review any and all privileged or secret documents currently under State grand jury seal with no prohibitions on disclosure, publication, or use of this information. This action is unprecedented either in federal or state jurisprudence.

"It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions." *In re Grand Jury Subpoenas*, 454 F.3d 511, 521 (6th Cir. 2006). In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979), the Supreme Court emphasized several interests served by safeguarding the confidentiality of grand jury proceedings, including a recognition that witnesses may be hesitant to come forward voluntarily, "knowing that those against whom they testify would be aware of that testimony." The Court also acknowledged that witnesses appearing before a grand jury would be less frank in their testimony if they feared they would be open to retribution as well as inducements. *Id.* at 218-219.

If a party in civil litigation seeks state grand jury materials, federal case law has established a proper procedure for litigants to obtain such materials. In *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 643 (7th Cir. 1980), the court held that the principles of comity required that the state court who supervised the grand jury be given the first opportunity to determine whether the materials in question should be released. The court stated:

> . . . "The supervisory court has first-hand knowledge of the need for secrecy in those particular proceedings. Moreover, when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure request until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continued need for secrecy. Otherwise, the potential threat of disclosure orders in subsequent federal litigation would seriously weaken the state court's control of the secrecy of this essential component of its criminal justice system." *Id.* at 644.

See also *Brunson v. City of Dayton*, 163 F. Supp. 2d 919, 922 (S.D. Ohio 2012).

Objection Letter and Rule 11 Notice
May 8, 2013
Page 6 of 7

According to the Motion for Partial Summary Judgment filed by Plaintiff Nationwide Insurance, on September 13, 2011, Plaintiff believed that a grand jury had been convened to investigate the murder of Gary Lupiloff. (Dkt. #37, Pg. ID. 539). Your pleadings have also alleged the existence of a grand jury investigation into this homicide. As of the date of the issuance of this untimely subpoena, however, none of the parties has sought disclosure or the unsealing of any grand jury materials from the state court. As such, the Oakland County Prosecutor's Office objects to your untimely subpoena on this basis, as well as the reasons previously stated in this objection letter.

**Obligation under Fed. R. Civ. P. 45(d)(2)(A)(ii)**

Pursuant to Fed. R. Civ. P. 45(d)(2)(A)(ii), the Oakland County Prosecutor's Office is required to provide a description of the material withheld due to protection or privilege, to the extent that such a description may be provided "without revealing information itself privileged or protected." *Id.* In the present case, the work product privilege is included among the privileges protecting the files of the Oakland County Prosecutor's Office. This privilege protects both the deliberative work product of the office, as well as the factual documents that were assembled by the Office due to their perceived relevance or significance to the Office's attorneys' thought process on this potential case. In light of this privilege, identifying the specific documents in the possession of the Oakland County Prosecutor's Office would reveal the Office's protected work product. As such, and pursuant to Fed. R. Civ. P. 45(d)(2)(A)(ii), the Oakland County Prosecutor's Office is unable to specifically identify the individual documents in its possession.

In lieu of identifying the specific documents in the possession of the Oakland County Prosecutor's Office, the Office will state the following. The documents in the possession of the Oakland County Prosecutor's Office, which were sought through your untimely subpoena, constitute copies of police reports and other documents regarding the police investigation of this homicide; copies of third party records obtained by the Office due to their perceived relevance to the investigation; copies of forensic reports related to the investigation; procedural documents related to confidential and privileged proceedings that may have occurred during this ongoing investigation; and deliberative documents created by attorneys within the Oakland County Prosecutor's Office.

**Notice of Intent to Seek Rule 11 Sanctions**

It should be noted that the untimely subpoena underlying this objection letter was issued *after* the Oakland County Prosecutor's Office was forced to litigate your unseemly attempt to circumvent the discovery procedures by stipulating to an order compelling the production of the Oakland County Prosecutor's Office's privileged and protected files regarding the ongoing investigation into the

Objection Letter and Rule 11 Notice
May 8, 2013
Page 7 of 7

homicide of Mr. Lupiloff. In that litigation you chose to not dispute the privileges raised by the Oakland County Prosecutor's Office because "[t]he Estate had not sought information from the Prosecutor." *Id*, at page 4.

Yet despite being well aware that the discovery period in this civil case had closed, thereby precluding you from issuing this untimely subpoena, and despite being well aware that the information that you are attempting to access from the Oakland County Prosecutor's Office is shielded from disclosure by operation of law and privilege, you still issued the untimely subpoena underlying this objection letter. As you are likely aware:

> When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1). It is similarly 'undue' to have to contend with a motion to compel compliance with an illegitimate subpoena. It is apparent that appellants breached their duty to avoid undue burden or expense. The subpoena should never have issued. Nobody should have been required to read it or to do anything else in connection with it. Nor should anybody have been required to contend with the motion to compel. *Polo Bldg Group, Inc. v. Rakita (In re Shubov)*, 253 B.R. 540, 547 (B.A.P. 1st Cir. 2000)

In such circumstances, an award of sanctions against the offending attorney who issued the illegitimate subpoena has been deemed appropriate.

As a result of your actions, which have imposed an excessive and needless burden upon the Oakland County Prosecutor's Office, this letter shall also serve as notice that in the event that the Oakland County Prosecutor's Office is required to defend a motion to compel, brought by you to enforce this untimely subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), the Oakland County Prosecutor's Office will seek sanctions under Fed. R. Civ. P. 11, to the extent that such sanctions are permitted by law.

JESSICA R. COOPER
PROSECUTING ATTORNEY

Jeffrey M. Kaelin
Assistant Prosecuting Attorney

cc:  Michael Schmidt
     John H. Brendell
     Jeffrey Danzig