# EXHIBIT 4

# Cessante v. City of Pontiac

United States District Court for the Eastern District of Michigan, Southern Division
April 9, 2009, Decided; April 9, 2009, Filed
CIVIL ACTION NO. 07-CV-15250; MEMBER CASE:08-CV-10497 (closed)

**Reporter:** 2009 U.S. Dist. LEXIS 30217

JUSTIN CESSANTE, Plaintiff, vs. THE CITY OF PONTIAC, et al., Defendants.
**Subsequent History:** Request denied by, Motion granted by *Cessante v. City of Pontiac, 2009 U.S. Dist. LEXIS 47065 ( E.D. Mich., June 4, 2009)*
**Counsel:** [*1] For Justin Cessante, Plaintiff: Julie H. Hurwitz, William H. Goodman, LEAD ATTORNEYS, Goodman and Hurwitz, Detroit, MI; Kathleen J. Kalahar, Goodman Kalahar, Detroit, MI; Kathryn B. James, Goodman and Hurwitz, P.C., Detroit, MI.
For City of Pontiac, Myers, Police Officer, John Doe, 1-8, Defendants: Timothy S. Ferrand, Cummings, McClorey, Sterling Heights, MI.
**Judges:** MONA K. MAJZOUB, UNITED STATES MAGISTRATE JUDGE. DISTRICT JUDGE ANNA DIGGS TAYLOR.
**Opinion by:** MONA K. MAJZOUB

Opinion

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF FACT WITNESSES (DOCKET NO. 23) AND PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES (DOCKET NO. 27) AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' UNTIMELY RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES (DOCKET NO. 36)

These matters come before the Court on three motions. The first is Defendants' Motion to Preclude Testimony of Fact Witnesses filed on January 20, 2009. (Docket no. 23). Plaintiff filed a Response to Defendants' Motion To Preclude Testimony of Fact Witnesses on February 6, 2009. (Docket no. 29). The parties filed a Joint Statement of Unresolved [*2] Issues Regarding Defendants' Motion to Preclude Testimony of Fact Witnesses on February 23, 2009. (Docket no. 32). The second motion is Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses filed on February 6, 2009. (Docket no. 27, 28). Defendants filed a late Response to Plaintiff's Motion to Compel Production of Documents on March 10, 2009. (Docket no. 35). The parties filed a Joint Statement of Unresolved Issues Regarding Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses on March 10, 2009. (Docket no. 34). Plaintiff filed a Motion to Strike Defendants' Untimely Response to Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses on March 13, 2009. (Docket no. 36). At the hearing Defendants made an Oral Motion for Extension of Time to File Response to Plaintiff's Motion To Compel. The Court heard oral argument from counsel on all motions on March 16, 2009. The motions were referred to the undersigned for decision under *28 U.S.C. § 636(b)(1)(A)*. (Docket no. 25, 31, 37). The matters are therefore ready for ruling.

Plaintiff brings this action claiming Constitutional and related violations arising from [*3] an incident involving Plaintiff and City of Pontiac police officers outside a nightclub in Pontiac. Plaintiff makes claims of excessive use of force under *42 U.S.C. § 1983* against all Defendants. Plaintiff brings false arrest and malicious prosecution claims pursuant to *42 U.S.C. § 1983* against Defendant

Myers and Defendant Does 1-8. Finally, Plaintiff brings a *Monell* claim against Defendant City of Pontiac (Defendant "City") pursuant to *42 U.S.C. § 1983* alleging customs, policies and practices including inadequate training, supervision and discipline of police officers whom Defendant City knew to regularly employ excessive and unreasonable force and regularly initiate and institute false and malicious charges against persons against whom the officers had used excessive and unreasonable force. (Docket no. 1).

## I. Defendants' Motion to Preclude Testimony of Fact Witnesses (Docket no. 23)

Defendants seek to preclude the testimony of eight of Plaintiff's proposed witnesses: David Berry, Jamal Berry, Kevin Berry, Ricky Heeb (or Hieb), Sam Smith, Chris Trudell, Eric (last name unknown) and Mitch (last name unknown). Defendants argue that Plaintiff provided the first and last names (in all [*4] instances except Eric and Mitch) but no addresses for these witnesses with Plaintiff's *Rule 26(a)* disclosures. *Fed. R. Civ. P. 26(a)(1)*. Defendants also asked for the full names and addresses of Plaintiff's proposed witnesses in Interrogatory No. 9 of their Interrogatories and Request for Production of Documents. Plaintiff's First Answers and Responses to Interrogatories did not provide the missing information. (Docket no 23-4).

Initial disclosures require disclosure of "the name, and, if known, the address and telephone number of each individual likely to have discoverable information." *Fed. R. Civ. P. 26(a)(1)(A)(i)*. Pretrial disclosures require a party to identify "the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises." *Fed. R. Civ. P. 26(a)(3)(A)(i)*. Despite Plaintiff's argument that Defendants incorrectly rely on *Fed. R. Civ. P. 26(a)(3)*, Defendants also rely on *Fed. R. Civ. P. 37*. *Rule 37*'s enforcement and remedy provisions do not make a distinction between *Rule 26(a)(1)* and *26(a)(3)*. *Rule 37* merely references a failure "to provide information [*5] or identify a witness as required by *Rule 26(a)* or *(e)*." *Fed. R. Civ. P. 37(c)(1)*. Furthermore, *Fed. R. Civ. P. 26(a)(1)(E)* states that "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." *Fed. R. Civ. P. 26(a)(1)(E)*.

Discovery is closed and Plaintiff's counsel stated that they do not have the addresses for these potential witnesses or Eric's last name. Plaintiff's counsel stated on the record that they pursued this information through depositions and an investigator. Plaintiff's counsel also stated that Mitch's last name was revealed at one of the depositions. Arguably, such information is available to Defendants as well as Plaintiffs, who deny having Mitch's last name. The Court will, however, order Plaintiff to amend its disclosures to provide Mitch's last name or otherwise state that it does not have the information.

In light of the facts set forth herein, including Plaintiff's counsel's statement of continuing [*6] attempts to get identifying information for these potential witnesses and his ongoing duty to timely supplement his disclosures under *Fed. R. Civ. P. 26(e)*, the Court will deny without prejudice the remainder of Defendants' Motion to Preclude Testimony of Fact Witnesses. To the extent these witnesses are named in Plaintiff's pretrial disclosures, Defendants have another opportunity to move to exclude them pursuant to *Fed. R. Civ. P. 37(c)* or object to use of their depositions pursuant to *Fed. R. Civ. P. 26(a)(3)(B)*, as may be applicable.

## II. Plaintiff's Motion To Strike Defendants' Untimely Response to Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses (docket no. 36) and

**Defendants' Oral Motion for Extension of Time to File Response**

Defendants' Response to Plaintiff's Motion to Compel Production of Documents filed on March 10, 2009 was untimely. *E.D. Mich. LR 7.1(d)*. (Docket no. 35). Plaintiff filed a Motion to Strike Defendants' Untimely Response on March 13, 2009. (Docket no. 36). At the hearing, Defendants' counsel made a motion to extend Defendants' time to file their Response to Plaintiff's Motion to Compel Production of Documents and Interrogatory [*7] Responses. Plaintiff's counsel was prepared to respond to Defendants' Motion and the parties' counsel argued the respective motions at the hearing. The Court is fully apprised in the matter. The Court will deny Plaintiff's Motion to Strike Defendants' Untimely Response (docket no. 36) and grant Defendants' Motion, allowing Defendants to extend the due date for their Response to Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses to March 10, 2009. *Fed. R. Civ. P. 6(b)(1)(B)*.

**III. Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses (Docket no. 27)**

Plaintiff served his First Request For Production of Documents And Things and First Set of Interrogatories on Defendants on June 17, 2008. (Docket no. 27-8). Defendants served Answers and Responses on August 7, 2008. (Docket no. 27-9). According to the Joint Statement of Unresolved Issues, Plaintiff is seeking full and complete responses from Defendants to Plaintiff's Request for Production Nos. 1 and 7-17 and a complete answer to Interrogatory No. 16. Plaintiff also seeks to have Defendants produce all documents which Plaintiff requested in his Notices of Duces Tecum Deposition, provide [*8] last known addresses for Officers Woodmere and Lee and supplement their Rule 26 disclosures with respect to certain owners, employees and patrons of businesses 40 Pike Street West, Inc. and Sevin The Night Club.

**A. Plaintiff's First Request for Production and Things And First Set of Interrogatories**

**1. Whether Defendants Produced Documents Within Their "Possession, Custody or Control"**

Plaintiff argues that because of Defendants' broad and general boilerplate objections [1], he cannot discern whether Defendants withheld other documents or responsive items based on an objection. The Court agrees that Defendants' Responses are unclear in this respect and to the extent that Defendants claim a privilege for any documents or items, they have failed to produce a privilege log. *Fed. R. Civ. P. 26(b)(5)*. *Rule 34(a)(1), Fed. R. Civ. P.*, provides that a party may serve on any other party a request "to produce and permit the requesting party or its representative to inspect, [or] copy . . . items in the responding party's possession, custody, or control . . . ." *Fed. R. Civ. P. 34(a)(1)*. "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability [*9] to obtain upon demand." *Scott v. AREX, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989)*.

It is unknown whether Defendants have the right, authority or ability to obtain any other requested documents or items for which they responded that they did not have "possession." The Court will order Defendants to amend each Response to Plaintiff's First Request for Production of Documents to state whether they have provided all responsive items within their possession, custody or control. The Court notes that Defendants have not moved for a protective order with respect to any of the requested or items documents. *Fed. R. Civ. P.*

---

[1] Defendants' standard objection, with minimal variation, is: "The Defendants object to this Request for Production of Documents. The request seeks documentation which is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. The request is vague, ambiguous, ill-defined, overly-broad, overly-burdensome, and designed solely to harass the Defendants herein." (Docket nos. 27-9 PP 8-17).

26(c). To the extent a privilege is asserted, Defendants must provide a privilege log. The privilege log must comply with Fed. R. Civ. P. 26(b)(5), list [*10] each document or item and the claimed privilege and a description of the withheld document or item with enough detail for Plaintiff and the Court, if necessary, to assess whether the privilege applies.

**2. Requests for Production**

Request for Production No. 1 asks for the complete file and all documents "in Defendants' possession" in any way related to the arrest, detention and conveyance of Plaintiff at Sevin The Nightclub located at 40 Pike Street West, Pontiac, MI 48342 on or about February 5, 2005, including but not limited to items included in four sub-parts. Defendants responded with general objections and no objections based on privilege, privacy or confidentiality. Defendants state that they are not in possession of documents responsive to 1(c), the court files, depositions and transcripts. Defendants responded "See Attached" to 1(a), (b) and (d). (Docket no. 27-9). The Court finds that Request for Production No. 1 is limited to relevant material. Fed. R. Civ. P. 26(b)(1). The Court will order Defendants to amend their responses to clearly indicate, by sub-part, whether or not they have provided all responsive documents in their possession, custody or control and must indicate [*11] which documents are responsive to which portion of the request.

Request for Production No. 7 asks for all documents related to the Defendant City's Membership in the Michigan Municipal Risk Management Authority (MMRMA) including: (a) the Master Agreement; (b) Umbrella and/or excess insurance policies; (c) Retention agreements; (d) Reservation of rights; (e) Union contracts; (f) Membership documents; and/or (g) Indemnification policies/documents. Plaintiff argues that Defendants provided only a two page excerpt of the declaration sheet and that all of the items are relevant to determining Defendants' insurance coverage. Defendant City objects on relevancy and references its Fed. R. Civ. P. 26(a)(1)(D) Insurance Disclosures and a declaration sheet.

Rule 26(a)(1)(A)(iv), Fed. R. Civ. P., requires a party to make available for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The MMRMA is a public entity self-insurance pool providing liability and property coverage to Michigan local [*12] governmental units. Mich. Comp. Laws Ann. § 124.5. The Court finds that the requests for (a) the master agreement, (b) umbrella and/or excess insurance policies, (d) reservation of rights and (g) indemnification policies and documents are relevant and the Court will order Defendants to produce all responsive documents including the agreement or documents under which they have coverage by MMRMA. (Docket no. 27-9). The request for (e) union contracts is overly broad and not limited to relevant documents or items. The Court will order Defendants to produce the union contracts limited to all indemnity and insurance provisions. Fed. R. Civ. P. 26(b). The Court also finds that the requests for (c) "retention agreements" and (f) "membership documents" are overly broad and vague; the terms are unclear as to whom they refer. The Court will deny Plaintiff's motion as to Request for Production No. 7(c) and (f).

Request for Production No. 8 seeks the complete personnel files of each individual Defendant, including documentation and records of disciplinary actions, commendations, reports of misconduct, psychological evaluations and investigations and dispositions of citizen complaints. Defendants [*13] argue that the information is not relevant and make other boilerplate objections. Defendants also argue that the material is private and privileged and that any psychological evaluations would be subject to a physician-patient privilege.

Defendants did not submit a privilege log and neither party has briefed this issue. Defendants Response to Request for Production No. 8 states that Defendant is providing each Defendant's personnel file and disciplinary record pertaining to commendations, reports of misconduct regarding the use of force and citizen complaints regarding the use of force. To the extent Defendants argue that the officers' personnel file contains personal and confidential information, including Social Security Numbers, home addresses, phone numbers, dates of birth, medical information, and insurance information, Plaintiff has agreed that Defendants may redact this information.

Plaintiff made claims against the City of Pontiac including allegations that it inadequately trained, supervised and disciplined officers who it knew to regularly employ excessive and unreasonable force. Documents in the personnel files relating to alleged prior incidents of excessive force and violence [*14] by Defendant officers are relevant to the claims and defenses in this action. *See Mueller v. Walker, 124 F.R.D. 654, 658 (D. Or. 1989)* ("Evidence in the personnel files as to prior incidents of violence could be relevant to show that the City of Portland improperly trained or supervised defendant officers despite knowledge of the officers' past involvements with excessive force."); *see also Segura v. City of Reno, 116 F.R.D. 42 (D. Nev. 1987)* (Records of prior incidents of excessive force and violence were denied where there were no allegations of failing to supervise.). The issue is not limited to whether this information will be admissible at trial. *Fed. R. Civ. P. 26(b)(1)*.

While some of the requested documents are relevant, Plaintiff's Request for Production No. 8 is overly broad and also encompasses material neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. *Fed. R. Civ. P. 28(b)*. Therefore, the files in their entirety are not discoverable.

The Court will order Defendants to produce documents and items, including psychological evaluations, related to actual or alleged violence and/or use of excessive force, actual or alleged initiation or [*15] institution of false and/or malicious charges, arrest or litigation or the veracity of the officers [2]. Because there is an interest in the confidentiality and privacy of some of these documents, the parties will be ordered to submit a stipulated protective order to the Court and the documents regarding psychological evaluations will be produced pursuant to the protective order. *See Mueller, 124 F.R.D. at 659*.

Under federal law there is no general privilege for personnel files. *See Watts v. Kimmerly, 1996 U.S. Dist. LEXIS 6203 at *8 (W.D. Mich. Apr. 12, 1996)*. However, with respect to reports of misconduct, investigations and dispositions of citizen complaints, portions of these documents may be protected from disclosure and discovery by the executive or "deliberative process" privilege. Under the executive privilege "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese, 101 F.R.D. 427, 430 (D.D.C. 1984)*.
[*16] Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo, 59 F.R.D. 339, 344-46 (E.D. Pa. 1973)*. The factual material in Defendant Officers' personnel files is not protected by executive privilege. Plaintiff is entitled to factual statements in these documents, but Plaintiff has not shown that it is entitled to evaluative summaries or conclusions in the files. *See Mueller, 124 F.R.D. at 658*. Defendants should redact documents prior to production, as required by the executive privilege and list the same in their privilege log.

---

[2] Plaintiff has shown that there may be an issue as to the veracity of one of the Defendant officers. (Docket no. 27-10).

Request for Production No. 9 seeks "all documents and records relating to any individual Defendant who has been terminated, suspended, removed, laid-off, reduced in rank, reprimanded, disciplined, or warned concerning any employment activities or conduct whatsoever." Defendants provided the same response, objections and items as in response to Request for Production No. 8.

This request is overly broad and is not limited to relevant information or documents under *Fed. R. Civ. P. 26(b)(1)*. The Court will order Defendants to provide these documents to the extent they relate to incidents of use of excessive force [*17] or violence, actual or alleged initiation or institution of false and/or malicious charges, arrest or litigation or the veracity of the officers. The records should be provided with redaction of performance evaluations and summaries, to the extent they include evaluative summaries, recommendations or conclusions. See *Mueller, 124 F.R.D. at 658*; *Frankenhauser v. Rizzo, 59 F.R.D. 339, 345 (E.D. Pa. 1973)*. Any documents to which Defendants assert a privilege must be included in the privilege log.

Request for Production No. 10 seeks any and all documentation of all other court actions in which any of the individual Defendants are or were named parties. Defendants argued that the information is not relevant or reasonably calculated to lead to relevant or admissible evidence and make other general objections. Plaintiff's request is overly broad and not limited in any other way with respect to relevant documents, relevant court actions, claims or defenses or scope of time. *Fed. R. Civ. P. 26(b)*. The Court will deny Plaintiff's motion as to Request for Production No. 10.

Request for Production No. 11 seeks documentation of every citizen complaint, grievance, disciplinary action, internal investigation [*18] and any other claims of misconduct against any of the individual Defendants whether initiated externally by citizen complaint or civil lawsuit or internally, including incident reports, witness statements, citizen complaint forms, investigation records and dispositions, and "anything and everything" pertaining to any claims against any or all of the individually named Defendants.

Defendants responded by referencing their response to Request for Production Nos. 8 and 9. This request is subject to the same analysis as Request for Production Nos. 8 and 9 above. The Court will order Defendants to amend their Response and produce responses and responsive documents and items limited in scope and consistent with the law cited above with respect to Request Nos. 8 and 9.

Request for Production No. 12 seeks "any and all documentation pertaining to any and all claims against Defendant City's Police Department or any individual officer alleging excessive force, false arrest, and/or malicious prosecution during the period 2000 through the present, including but not limited to incident reports, witness statements, investigations and dispositions pertaining to all citizen complaints, civil lawsuits, [*19] grievances, disciplinary actions, internal investigations, anything and everything in your possession pertaining to the filing and investigation of said claims or complaints."

Defendants provided general boilerplate objections and referenced their responses to Request Nos. 8 and 9. This is insufficient because this Request refers to any officer, not just Defendant officers and the Federal Rules require the responding party to specifically respond to each item or category of the Request. *Fed. R. Civ. P. 34(b)(2)(B)*. While some of the information sought may be relevant or lead to relevant information, the request for "anything and everything" is overly broad and not narrowly tailored to meet the relevancy requirements of *Fed. R. Civ. P. 26(b)*. This request is otherwise subject to the legal analysis cited with respect to Request Nos. 8 and 9, above. The Court will strike from Plaintiff's

request the language "any and all documents" and "anything and everything." The Court finds that the documents listed in Request for Production No. 12 are relevant or otherwise calculated to lead to the discovery of admissible evidence related to the claims against the Defendant City. *Fed. R. Civ. P. 26(b)(1)*.

[*20] The Court will order Defendants to produce the documents listed in the Request, further redacted as set forth above with respect to the executive and/or deliberative process privilege.

Request for Production No. 13 seeks documentation of training that each individual Defendant received by or through Defendant City from date of hire up to and including February 5, 2005 including but not limited to arrest procedures, use of force generally, use of force to effectuate arrest, use of pepper spray, mace or other chemical irritant, investigation of incidents involving people injured through police conduct, medical treatment for injured persons, and report writing and documentation including but not limited to handbooks, manuals, handouts, audio/visual materials, certificates of completion, acknowledgment forms or other documentation confirming each individual Defendant's participation in the training.

Defendants provided general and boilerplate objections, stated "[s]ee attached training records for each of the Defendant Police Officers" and objected that the handbooks, manuals, handouts and audio-visual materials are proprietary in nature. (Docket no. 27-9). Defendants in their Response Brief [*21] state that they provided a training history for each Defendant Officer and that the handbooks, manuals, handouts and audio-visual materials are proprietary in nature, not owned by or in the possession of the Defendants and are barred from disclosure by the Official Information Privilege. Defendants did not provide a privilege log for those documents which are being withheld on the basis of privilege and did not move for a protective order for the documents.

A qualified privilege applies to documents "that would tend to reveal law enforcement, investigative techniques or sources." *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984); *see also Jabara v. Kelley*, 75 F.R.D. 475, 481 (E.D. Mich. 1977) (claims of qualified privilege are not absolute; "[t]hey may be overcome by plaintiff's showing of necessity for the requested information, where the plaintiff's need is shown to outweigh the governmental interest favoring secrecy."). "[A]s a threshold matter, the plaintiff has the burden of showing that the information he seeks is relevant and material to the proofs of his claims before the Court is even obligated to consider whether defendants' claims of privilege [*22] should be upheld in a particular instance." See *Jabara*, 75 F.R.D. at 481. Plaintiff has shown that the training materials are relevant or reasonably calculated to lead to the discovery of admissible evidence related to the claims against Defendant City in this matter. See *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006) (a failure to train that amounts to "deliberate indifference" may "lead to city liability under *§ 1983*"; a city's policy or custom may be facially unconstitutional or facially constitutional but implemented to consistently result in constitutional violations with ratification by city policymakers).

Although some of these documents may be relevant, Plaintiff's request is overly-broad. The scope of time, from the Defendant Officers' "respective dates of hire up to and including February 5, 2005" is not limited in time to relevant evidence. The incident at issue took place on February 5, 2005. The Court will limit the time frame to documentation from 2000 up to and including February 5, 2005. This limitation is reasonable and consistent with Plaintiff's time frame set forth in his own Request for Production Nos. 12 and 15.

Without a privilege log it is impossible [*23] to determine whether the privilege applies. At the hearing, Defendants' counsel testified that he did not know whether there were other documents within Defendants' possession, custody or control which are responsive to Request No. 13. Without a privilege log Plaintiff cannot make a showing of his need for the documents. The Court will order Defendants to produce all responsive documents in their possession, custody or control except those to which Defendants claim a privilege. Defendants must serve on Plaintiff a privilege log and for each document or item they withhold, Defendants must expressly claim and identify a privilege and describe the nature of the document, communication or tangible thing in a manner that will enable Plaintiff to assess Defendants' claim of privilege and its applicability to the document at issue. *Fed. R. Civ. P. 26(b)(5)*.

Request for Production No. 14 seeks any and all policies, procedures or materials, including department manuals, employee manuals, videotapes, memos, documents, email or other computer generated messages, and/or disciplinary policies and procedures "that were in effect on or about February 4, 2005, or that was (sic) used in the training [*24] of police officers or provided to any active duty officer by or through the Defendant City on or about February 4, 2005: (a) Arrest procedures; (b) Use of force, generally; (c) Use of force to effectuate arrests; (d) Use of pepper spray, mace or any other chemical irritant; (e) Investigations of incidents Involving people injured through police action; (f) Medical treatment for injured persons; (g) Report writing." (Docket no. 27-9).

Defendants provided general objections and stated that "Defendants' internal policies and procedures upon which Pontiac Police Officers are trained relating to the use of force are attached." In their Response brief, Defendants state that they provided policies and procedures regarding the use of force, arrest, use of pepper spray, and medical treatment of injured prisoners. Defendants also argue that law enforcement policies and procedures are exempt from disclosure under *5 U.S.C. § 552(b)(7)(E)* and *(F)* and *Mich. Comp. Laws 15.243(1)(b)*. However, Defendants have not provided a privilege log and have not specifically alleged the application of these laws to any particular documents which Plaintiffs seek. Furthermore, Defendants' response does not address [*25] all of the topics listed in the Request. Request for Production No. 14 is relevant, limited in time and limited to issues related to Plaintiff's claims. Request for Production No. 14 is subject to the same analysis as Request No. 13, above. The Court will order Defendants to file an amended Response, produce the responsive documents and items and to the extent that documents are withheld based on privilege, Defendants must produce a detailed privilege log listing and describe each withheld document or item in compliance with *Fed. R. Civ. P. 26(b)(5)*.

Request for Production No. 15 seeks any and all documentation in the form of acknowledgment forms, signature sheets, receipts, or any other form, confirming that any members of the Pontiac Police Department, including the individual Defendants in this matter, received copies of the materials identified in Request No. 14, above, during the period from 2000 up through and inclusive of 2005.

Defendants responded by directing Plaintiff to "[s]ee objection and answer to Request to Produce # 13." This is not responsive to Request for Production No. 15. *Fed. R. Civ. P. 34(b)(2)*. Plaintiff argues that this information is relevant to whether the [*26] Defendant City had adequate policies and procedures in place, whether it communicated its policies and procedures to its employees and whether it had an adequate system in place to monitor compliance with its policies and practices and rectify the violations of the same. This information is relevant to the policies and

procedures which Defendants admit providing in response to Request for Production No. 14, the other documents requested in Request for Production No. 14 and Plaintiff's claims that Defendant City inadequately trained, supervised and disciplined officers who it knew to regularly employ excessive and unreasonable force. The Court will order Defendants to produce the documents and items requested in Request No. 15.

Request for Production No. 16 seeks all documents generated in the normal course of business reflecting disciplinary actions, citizen complaints, and/or prior lawsuit history of Pontiac Police Department officers from 2000 to present, including but not limited to the following: (a) all reports, annual or otherwise, that summarize said history for the entire Pontiac Police Department; (b) Forms used for processing citizen complaints. Defendants provided general [*27] and boilerplate objections and state that they are "not in possession of the documentation requested." They further stated "[s]ee attached citizen complaint form."

Plaintiff's Request is overly broad, not limited to the claims and defenses related to Plaintiff's complaint and duplicative. The Court will order Defendants to produce the responsive documents specifically requested in Request No. 16: "all reports, annual or otherwise" and "forms used for processing citizen complaints" limited to those documents related to claims or allegations of excessive force or violence, false arrest and/or malicious prosecution and Defendants will amend their response to state that they are not in "possession, custody or control" of any further responsive documents.

Request for Production No. 17 seeks any and all Pontiac Police Department rules, regulation, manuals, and standard operating procedures regarding investigation of citizen complaints or civil lawsuits filed against individual police officers. Defendants responded with their general and boilerplate objections, then directed Plaintiff to "[s]ee attached departmental policies regarding the investigation of citizen complaints." Again, it is impossible [*28] to discern from Defendants' response whether Defendants have produced all responsive documents within their possession, custody or control and the Court will order Defendants to file an amended Response clarifying this issue or otherwise producing the responsive documents, subject to redactions for claims of executive privilege and the production of a privilege log.

### 3. Plaintiff's Interrogatory No. 16

Interrogatory No. 16 asks Defendants to "[s]tate whether any named Defendant has ever been criminally prosecuted. If so, list the following information for each and every criminal charge". The Interrogatory then sets forth a request for identifying information in subparts a-e. Defendants answer is "No" and Defendants respond "Not Applicable" with respect to each subpart. The Court finds that this Interrogatory is answered in full and the Court will deny Plaintiff's Motion to Compel with respect to Interrogatory No. 16.

### B. *Rule 26(a)* Disclosures and Requirement to Supplement

### 1. Officers Woodmere and Lee, Last Known Addresses

The parties are required to supplement their *Rule 26(a)* initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response [*29] is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court." *Fed. R. Civ. P. 26(e)*. Plaintiff alleges that Officers Woodmere and Lee were listed in Defendants' *Rule 26(a)* disclosures. Only Officer Woodmere is listed in Defendants' *Rule 26(a)* disclosures which were attached to Plaintiff's Brief at Exhibit 15. (Docket no. 27-17). The Court will order Defendants to supplement the *Rule 26(a)* disclosures to provide the last known address

for former Officer Woodmere pursuant to the protective order as set forth above with respect to Request for Production No. 8. *Fed. R. Civ. P. 26(e)*. The Court will deny without prejudice the request for the last known address of Officer Lee because Plaintiff has not shown how or whether this information was ever formally requested or otherwise requires supplementation.

**2. Employees, Owners and Patrons of 40 Pike Street West, Inc. and Sevin The Night Club**

Defendants generically identified in their *Rule 26(a)* initial disclosures certain possible persons with information as employees, owners, keeper of records, [*30] bouncers and patrons, of the 40 Pike Street West, Inc. and Sevin The Night Club establishments near where the incident at issue took place. Defendants stated in their Response Brief and at the hearing that they have no information regarding these names and addresses and that the nightclub(s) are co-defendants and parties which Plaintiff included in its claims, therefore Defendants listed them in their initial disclosures. The Court will deny Plaintiff's Motion as to this Request.

**C. Plaintiff's Notices of Duces Tecum Deposition**

Plaintiff served Notice of Deposition Duces Tecum on Defendants Officers Myers and Morton, Detective Buchmann and Sergeant Ford on September 5, 2008 (Docket no. 27-11, 27-12, Exhibits 9 and 10). Plaintiff seeks to compel full production of the documents listed in his Notice. Plaintiff's First Request For Production of Documents and Things was directed to "Defendants" and answered on behalf of these Defendants. The Court finds that the document requests which appear in the Notice Of Deposition Duces Tecum are duplicative and the substance of the requested documents is addressed as set forth above with respect to Plaintiff's First Request for Production of Documents [*31] and Things. The Court will deny Plaintiff's Motion to Compel as to Plaintiff's Notice of Depositions Duces Tecum to Officers Myers and Morton, Detective Buchmann and Lieutenant Ford. *Fed. R. Civ. P. 26(b)(2)(C)*.

Plaintiff served an Amended Notice of Depositions Duces Tecum on Sgt. Giolitti, Sgt. Martinez and Officers Green, Lee and Woodmere on December 19, 2008. (Docket no. 27-14, Ex. 12). Sergeants Giolitti and Martinez and Officers Green, Lee and Woodmere are not Defendants or otherwise parties to this action and Plaintiff did not serve a subpoena duces tecum on these non-parties. *Fed. R. Civ. P. 30(b)(2)*. Furthermore, Plaintiff has not shown the relevance of the personnel files of these non-parties and the remaining document requests are duplicative of Plaintiff's First Request for Production of Documents. The Court will deny Plaintiff's Motion as to the Amended Notice of Depositions Duces Tecum as to Sergeants Giolitti and Martinez and Officers Green, Lee and Woodmere. *Fed. R. Civ. P. 26(b)(2)(C)*.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Preclude Testimony of Fact Witnesses (docket no. 23) is granted in part and Plaintiff will supplement his initial disclosures to provide [*32] Mitch's last name or otherwise state that it does not have this information on or before April 17, 2009. The remainder of Defendants' Motion to Preclude Testimony of Fact Witnesses (docket no. 23) is otherwise **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Untimely Response (docket no. 36) is **DENIED** and Defendants' Motion For Extension of Time to File Response is **GRANTED**. The due date for Defendants' Response to Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses is extended to March 10, 2009. *Fed. R. Civ. P. 6(b)(1)(B)*.

**IT IS FURTHER ORDERED** that the Parties shall finalize and file with the Court a

2009 U.S. Dist. LEXIS 30217, *32

Stipulated Confidentiality/Protective Order no later than April 17, 2009. Service of the documents ordered to be disclosed pursuant to the protective order shall occur within ten (10) calendar days after the Court signs and enters the protective order, except as otherwise set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses (docket no. 27) is **GRANTED** in part as set forth below and Defendants will comply with the following on or before May 1, 2009 [*33] except as set forth with respect to those documents to be provided pursuant to a protective order:

> a. Defendants will review the files and items within their possession, custody or control and file an amended Response to Plaintiff's First Request for Production of Documents and Things and to the extent applicable, Defendants shall state in each amended Response and indicate by subpart whether they have produced all documents or records within their possession, custody or control that are related in any way to the issues raised in the Request and the subpart, if applicable, of the Request. In Response to Request for Production No. 1 and by sub-part, Defendants will state whether they produced all documents and items in their possession, custody or control.
>
> b. Defendants will produce a privilege log listing each document and item for which a privilege is claimed. Defendants will identify the privilege being claimed and will be describe the document or item in the manner required pursuant to *Fed. R. Civ. P. 26(b)(5)* and with sufficient detail to enable Plaintiff, and the Court, if necessary, to determine for each document or item whether the privilege applies.
>
> c. Defendants will produce [*34] documents responsive to Request for Production No. 7 subparts (a), (b), (d) and (g) and subpart (e) only as it relates to indemnity and insurance provisions.
>
> d. Defendants will produce all documents and items Responsive to Request for Production Nos. 8, 9 and 11 limited to documents and items related to (1) actual or alleged violence and/or use of excessive force, (2) actual or alleged initiation or institution of false and/or malicious charges, arrest or litigation and (3) the veracity of the officers. Psychological evaluations which are responsive to these requests will be produced pursuant to a confidentiality/protective order between the parties. Defendants will redact any evaluative material contained in any documents or records to which the executive privilege applies and Defendant must include in the privilege log any documents for which the privilege is claimed.
>
> e. Defendants will produce documents and items responsive to Request for Production No. 12, limited as set forth above and redact any evaluative material contained in any documents or records under the executive privilege. Each document to which the executive privilege is claimed must be listed and described in Defendants' [*35] privilege log.
>
> f. Defendants will produce all documents and items responsive to Request for Production No. 13, limited to the time frame from 2000 to and including February 5, 2005, and all documents and items responsive to

Request for Production No. 14. To the extent Defendants withhold and claim a privilege to any of the responsive documents or items, Defendants will list and describe each document or item in Defendants' privilege log pursuant to *Fed. R. Civ. P. 26(b)(5)*. Defendants may elect to produce some of the documents or items pursuant to the confidentiality/protective order between the parties, as necessary.

g. Defendants will produce the documents and items requested in Request for Production Nos. 15 and 17.

h. Defendants will produce all summary reports, annual and otherwise responsive to Request for Production No. 16, and generated in the normal course of business reflecting disciplinary actions, citizen complaints, and/or prior lawsuit history of Pontiac Police Department officers from 2000 to present related to claims and/or allegations of excessive force or violence, false arrest or malicious and/or baseless prosecution. Defendants will redact any evaluative material contained [*36] in any documents or records to which the executive privilege applies and Defendant must list and describe in the privilege log any documents for which the privilege is claimed.

**IT IS FURTHER ORDERED** that Defendants shall redact all police officers' personal information including home addresses and telephone numbers of the officers and family members, dates of birth, social security numbers, medical information, insurance information (other than as ordered to be produced herein), bank account information and drivers license information on any documents or records provided in response to these Requests.

**IT IS FURTHER ORDERED** that Defendants shall redact any evaluative material contained in any documents or records under the executive privilege. Each document and item to which the privilege is claimed will be listed and described in Defendants' privilege log in the manner and detail required by this order and pursuant to *Fed. R. Civ. P. 26(b)(5)*.

**IT IS FURTHER ORDERED** that Defendants will produce the last known address of Officer Woodmere [or Woodmore] pursuant to the protective order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents and Interrogatory Responses [*37] (docket no. 27) is **DENIED** in part as to Request for Production Nos. 7(c),(f) and 10, Interrogatory No. 16, Plaintiff's Notices of Duces Tecum Depositions and initial disclosures related to 40 West Pike Street, Sevin The Nightclub and Officer Lee's last known address.

**IT IS FURTHER ORDERED** that the Parties' requests for attorneys fees and costs is **DENIED**. *Fed. R. Civ. P. 37(a)(5)(A)(ii)*, *(iii)* and *(a)(5)(B)*.

**NOTICE TO THE PARTIES**

Pursuant to *Fed. R. Civ. P. 72(a)*, the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under *28 U.S.C. 636(b)(1)*.

Dated: April 09, 2009

/s/ Mona K. Majzoub

MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE