**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

                  Plaintiff/Counter-Defendant,

vs.                                     Case No. 11-cv-12422-AC-MKM
                                     Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                  Defendants,

| |
|---|
| **NON-PARTY OAKLAND COUNTY PROSECUTING ATTORNEY'S ANSWER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

                  Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

                  Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt (P25213) | John H. Bredell (P36577) |
| Harvey Kruse, P.C. | Bredell & Bredell |
| Attorney for Plaintiff | Attorney for Defendants, |
| 1050 Wilshire Drive, Suite 320 |   William & Jennifer Keene |
| Troy, MI  48084 | 119 N. Huron Street |
| 248-649-7800 | Ypsilanti, MI  48197 |
| | 734-482-5000 |

Albert L. Holtz (P15088)
ALBERT L. HOLTZ, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI  48146
248-593-5000

Geoffrey N. Fieger (P30441)
Jeffrey A. Danzig (P36571)
Attorney for Monica Lupiloff,
Nicole Lupiloff and Nicole
Lupiloff, Personal Representative
of the Estate of Gary Lupiloff,
deceased
19390 West Ten Mile Road
Southfield, MI  48075
248-355-5555

Mary M. Mara (P45114)
Oakland County Corporation Counsel
Attorney for Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, Ml 48341
248-975-9616

T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho, P.L.C
Attorney for Non-Party,
Royal Oak Police Dept.
33900 Schoolcraft Rd.
Livonia, Ml 48150
734-261-2400

David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, Ml 48068-0064
248-246-3240

_____/

## NON-PARTY OAKLAND COUNTY PROSECUTOR'S ANSWER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

**NOW COMES** Mary M. Mara, Assistant Oakland County Corporation Counsel, on behalf of Oakland County Prosecutor and in response to Plaintiff's Motion to Compel the Production of Documents states the following unto this Honorable Court:

1.      Non-Party Oakland County Prosecutor admits that the Lupiloff Defendants served a subpoena for the production of documents dated November 19, 2013 and an amended subpoena for the production of documents dated November 21, 2013 upon Non-Party Royal Oak Police Department.

2.     Deny for the reason it is untrue.  The Oakland County Prosecuting Attorney *was never served with a November 19, 2013 or November 21, 2013 subpoena for documents*.  The subpoena referenced by Plaintiff in paragraph number one was directed solely to the Royal Oak Police Department.   Consequently, the Oakland County Prosecutor did not object to the subpoena as averred by Plaintiff.  On information and belief, the Royal Oak Police Department objected to the subpoena in a letter to Defendant Lupiloffs' counsel Albert L. Holtz.   The Lupiloff Defendants filed a motion to compel the Royal Oak Police Department to Produce Documents set forth in the November 19 and November 21, 2013 subpoenas for the production of documents on December 5, 2013. [Docket # 89].   Neither the subpoenas issued nor the motion to compel were directed to, or in any way related to, the documents and records of the Oakland County Prosecuting Attorney.

3.     Non-Party Oakland County Prosecutor admits that it was ordered to appear for an ex parte hearing on the motion to compel the production of Royal Oak Police Department records on January 23, 2013 [Docket # 95].  Plaintiff was aware of the limited nature of the ex parte review hearing as evidenced by its letter to this Court dated January 21, 2014.  A copy of this letter is attached hereto as Exhibit A.  Plaintiff's argument to the Court, as set forth in this letter, are limited whether Royal Oak Police should be required to produce documents in response to Defendant Lupiloff's subpoena.

4.     Admit.

5.     Deny for the reason it is untrue.  The Royal Oak Police Department **was not** ordered to turn over its entire investigative file regarding Gary Lupiloff's murder.  Documents that were ordered to be turned over were specifically enumerated within this court's January 30,

2014 order following the ex parte hearing [Docket # 99].   This Court's January 30, 2014 Order also provides that "*Discovery is now complete*".

6.       Neither admit nor deny for lack due to a lack of information upon which to base an answer.

7.       Non-Party Oakland County Prosecuting Attorney's Office admits only that it received a subpoena for the production of documents on February 7, 2014.   This subpoena, issued by counsel for Plaintiff Nationwide Insurance, commanded the production of *"[a]ny and all factual information regarding William Keene, date of birth may 10, 1966 and/or the murder of Gary Harmon Lupiloff, including, but not limited to any factual records, reports, statements, transcripts or recordings.   This request is not for investigative opinions or attorney work product, but only seeks factual information contained in the file materials*".   Non-Party Oakland County denies that the subpoena issued by Nationwide is consistent with previous orders of this Court as this assertion is patently untrue.   The last order issued by this Court with respect to the records and files of the Oakland County Prosecutor's Office was issued on April 10, 2013; Memorandum and Order Granting Nonparty Oakland County Prosecutor's Motion to Set Aside Order Compelling Production of Records. [Docket # 71].   Within this Order, the Court concluded that *"[t]he parties did not follow the proper procedure for compelling documents from a nonparty*".   [Docket #71, p 5].   The Court further stated that "[*the parties must follow the procedure set forth in the Federal Rules*" if they wishes to obtain documents or records from Non-parties Royal Oak Police Department and/or Oakland County.   [Docket #71, p 7].   Despite this Court's order of April 10, 2013 [Docket 71], Plaintiff Nationwide waited ten months and after the close of discovery to serve a subpoena upon the Oakland County Prosecutor's Office for documents.

4

8.     Non-Party Oakland County Prosecutor's Office denies that Nationwide's subpoena was issued in accordance with previous rulings of this Court for the reasons set forth in paragraph 7 above.  This subpoena, in fact, was issued in derogation of this Court's January 30, 2014 Order that discovery was closed [Docket # 99].   The subpoena was also untimely in that it was issued ten months after this Court's directive that the parties should follow Federal Court Rules and issue subpoenas for records upon non-parties to this action.  [Docket # 71, p 7].

9.     Admit.

10.    Deny for the reason it is untrue.

**THEREFORE,** the Oakland County Prosecutor's Office respectfully requests that this Honorable Court deny Plaintiff Nationwide Insurance's Motion to Compel the Production of Documents.

Respectfully submitted,

**OAKLAND COUNTY CORPORATION COUNSEL**

By:     */s/Mary M. Mara*
            MARY M. MARA (P45114)
            Assistant Oakland County Corporation Counsel
            Attorney for Oakland County Prosecutor's Office
            1200 N. Telegraph Road
            Pontiac, MI 48341
            (248) 975-9616

Dated:  March 18, 2014

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

               Plaintiff/Counter-Defendant,

vs.                                Case No. 11-cv-12422-AC-MKM
                                Hon. Avern Cohn
WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

               Defendants,

+-------------------------------------------+
| **NON-PARTY OAKLAND COUNTY**              |
| **PROSECUTING ATTORNEY'S BRIEF**          |
| **IN OPPOSITION TO PLAINTIFF'S**          |
| **MOTION TO COMPEL PRODUCTION**           |
| **OF DOCUMENTS**                          |
+-------------------------------------------+

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

               Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,

               Defendants/Cross-Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt (P25213) | John H. Bredell (P36577) |
| Harvey Kruse, P.C. | Bredell & Bredell |
| Attorney for Plaintiff | Attorney for Defendants, |
| 1050 Wilshire Drive, Suite 320 |   William & Jennifer Keene |
| Troy, MI  48084 | 119 N. Huron Street |
| 248-649-7800 | Ypsilanti, MI  48197 |
| | 734-482-5000 |

Albert L. Holtz (P15088)
ALBERT L. HOLTZ, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
and Nicole Lupiloff Personal Representative
of the Estate of Gary Lupiloff, deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI  48146
248-593-5000

Geoffrey N. Fieger (P30441)
Jeffrey A. Danzig (P36571)
Attorney for Monica Lupiloff,
Nicole Lupiloff and Nicole
Lupiloff, Personal Representative
of the Estate of Gary Lupiloff,
deceased
19390 West Ten Mile Road
Southfield, MI  48075
248-355-5555

Mary M. Mara (P45114)
Oakland County Corporation Counsel
Attorney for Oakland County Prosecutor
1200 N. Telegraph Road
Pontiac, Ml 48341
248-975-9616

T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho, P.L.C
Attorney for Non-Party,
Royal Oak Police Dept.
33900 Schoolcraft Rd.
Livonia, Ml 48150
734-261-2400

David W. Gillam (P39131)
Mark Liss (P42441)
City Attorney's Office
Co-Counsel for Non-Party,
Royal Oak Police Department
211 Williams Street
Royal Oak, Ml 48068-0064
248-246-3240

_____/

## NON-PARTY OAKLAND COUNTY PROSECUTING ATTORNEY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## TABLE OF CONTENT

**INDEX OF AUTHORITIES**..................................................................................................**ii**

**ISSUES PRESENTED**......................................................................................................**iii**

**CONTROLLING AUTHORITY** ........................................................................................**iv**

**STATEMENT OF FACTS**..................................................................................................**1**

**ARGUMENT** .......................................................................................................................**4**

**CONCLUSION** ..................................................................................................................**10**

i

# INDEX OF AUTHORITIES

**Cases**

*Cullen v. Margiotta*, 811 F.2d 698, 715 (2nd Cir 1987) ................................................................. 5

*Douglas Oil Company v. Petrol Stops Northwest*, 441 US 211 (1979) ...................................... 6, 7

*FDIC v. Ernst & Whitney*, 921 F.2d 83, 86 (6th Cir 1990) ........................................................ 5, 8

*Fund for Constitutional Government v. National Archives*, 211 US. App D.C. 267, 656 F.2d 856, 870 (D.C. Cir 1981) ................................................................................................................. 7

*Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ....................................... 9

*In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3rd Cir. 1980) ............................................ 7

*In re: Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988) .......................................... 5

*Securities and Exchange Commission v. Dresser Industries,* 202 US App DC 345, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc), cert den 449 US 993, 66 L.Ed. 2d 289, 101 S. Ct. 529 (1980) ........................................................................................................................................ 7

*Socialist Workers Party v. Grubisic*, 619 F.2d 641 (1980) ........................................................... 6

*United States Supreme Court in Douglas Oil Company v. Petrol Stops Northwest*, 441 US 211 (1979) ....................................................................................................................................... 6

*United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975) .......................... 9

*United States v. Proctor & Gamble*, 356 US 677, 681-82, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958) . 5

*United States v. Sells Engineering, Inc.*, 463 US 418, 432, 77 L.Ed. 2d 743, 103 S.Ct. 3133 (1983) .................................................................................................................................... 5, 6

*Urseth v. City of Dayton*, 110 FRD 245 (1986) ................................................................... 6, 7, 8

**Statutes**

18 USC § 3322 ................................................................................................................................. 5

MCL 767.19f .............................................................................................................................. iv, 4

**Rules**

Fed. R. Civ. P. 26 (b)(3)(A) ...................................................................................................... iv, 9

Fed. R. Civ. P. 6 (e) .......................................................................................................... 4, 5, 6, 7

Fed. R. Crim. P 6 (e) ..................................................................................................................... iv

## ISSUES PRESENTED

I.   **WHETHER MICHIGAN LAW PROHIBITS THE RELEASE OF GRAND JURY RECORDS**

II.  **WHETHER DOCUMENTS WITHIN THE PROSECUTOR'S FILE RELATING TO AN ON-GOING CRIMINAL INVESTIGATION ARE PRIVILEGED AND EXEMPT FROM DISCLOSURE.**

**CONTROLLING AUTHORITY**

MCL 767.19f;

Fed. R. Crim. P 6 (e) and cases interpreting this rule; and

Fed. R. Civ. P 26 (b)(3)(A)

## STATEMENT OF FACT

It is undisputed that Gary Lupiloff was a victim of homicide in Royal Oak, Michigan on July 13, 2010.  According to Plaintiff Nationwide Insurance, it was informed by a representative of the Royal Oak Police Department that it was investigating the death of Gary Lupiloff, and that William Keene, a party in to this litigation, was a suspect in the murder.  Nationwide claims that the Royal Oak Police Department served a search warrant on Nationwide requesting any and all documents related to the Nationwide policy owned by Gary Lupiloff.  (Docket # 1, paragraphs 14, 16, 21-24).

Plaintiff Nationwide Insurance filed a Motion for Partial Summary Disposition on September 13, 2011. (Docket #37).  In the accompanying memorandum of Law in support of its motion, Nationwide Insurance stated that the Royal Oak Police Department was continuing its investigation of Lupiloff's murder, that the Royal Oak Police Department claimed that William Keene "is a prime suspect in the killing…and that "[a ] grand jury has been convened in Oakland County, Michigan."[1]

On February 25, 2013, this Court entered a stipulated "Order Compelling Royal Oak Police Department and Oakland County Prosecutor to Produce Records".  (Docket # 61).   Non-Party Oakland County Prosecutor filed a motion to set aside this order.   Nationwide, in responding to the Prosecutor's motion, took the following position:

> Nationwide agrees that any criminal investigation and any criminal trial should not be hampered by this civil suit.  The people of the state of Michigan have an interest in seeing the murderer of Gary Lupiloff tried and convicted.  Therefore, if an actual active investigation is underway and if a trial against some suspect is reasonably anticipated, Nationwide would agree that the Prosecutor should not produce the file materials at this time.  Instead, this case should simply be held in abeyance of the criminal case.  When that case is determined, this case can move forward.

---

[1] As will be discussed later in this brief, state law prohibits the Oakland County Prosecutor from confirming the existence of a grand jury proceeding as to a particular criminal investigation.

****

> In this case, the Prosecutor should demonstrate that the scales tip in favor of preventing the materials from being produced at this time. If there is an actual investigation with an actual charge pending or contemplated, the Prosecutor will be able to accomplish this task. If not, the order for production should stand.[2]

Nationwide, therefore, conceded that the Prosecutor's file should remain sealed from inspection if an actual investigation with an actual charge pending or contemplated is expected. An affidavit submitted previously in this case by Jeffrey Kaelin, Assistant Prosecuting Attorney, on March 29, 2013 [Docket # 68-2] states that the investigation of the murder of Gary Lulipoff was active and ongoing as of March 29, 2013. Nothing has changed on this score as the investigation remains active and ongoing today. See attached affidavit of Jeffrey Kaelin, Exhibit B. Consequently, Nationwide's motion to compel the production of these documents today stands in stark contrast to the position it took last year.

This Court granted the Prosecutor's motion to set aside the order compelling disclosure of its file in a Memorandum and Order dated April 10, 2013 (Docket # 71). Within this Order, the Court concluded that "*[t]he parties did not follow the proper procedure for compelling documents from a nonparty*". [Docket #71, p 5]. The Court further stated that "[*t]he parties must follow the procedure set forth in the Federal Rules*" [if they wish to obtain documents or records from Non-parties Royal Oak Police Department and/or Oakland County". [Docket #71, p 7].

Although this matter has been pending since June 30, 2011, Nationwide's February 2, 1014 subpoena marks ***the first time*** that Nationwide has issued a subpoena in for contents of the Oakland County Prosecutor's file. This subpoena, received by the Prosecutor on February 7, 2014, commands the production of "*[a]ny and all factual information regarding William Keene, date of birth may 10, 1966 and/or the murder of Gary Harmon Lupiloff, including, but not*

---

[2] See Docket #66, p 2-3, 4.

2

*limited to any factual records, reports, statements, transcripts or recordings. This request is not for investigative opinions or attorney work product, but only seeks factual information contained in the file materials*".

The Prosecutor objected to the subpoena in a letter directed to Nationwide Insurance Company's counsel on February 18, 2014. Nationwide now brings this Motion to Compel the Production of Documents. The Prosecutor opposes the motion for the reasons set forth more fully below.

## ARGUMENT

## I.    MICHIGAN LAW PROHIBITS THE RELEASE OF GRAND JURY RECORDS

One of the parties has referenced the existence of a grand jury proceeding investigating the murder of Gary Lupiloff. (See Dkt. #37, Pg. ID. 539). Michigan law prevents the Oakland County Prosecutor from publicly confirming or denying the existence of any such grand jury investigation, disclosing any details regarding these proceedings, or even identifying any individual case that was investigated by a grand jury.[3]    Specifically, MCL 767.19f provides, in pertinent part:

> Except as otherwise provided by law, a person shall not publish or make known to any other person any testimony or exhibits obtained or used, or any proceeding conducted, in connection with any grand jury inquiry.  A person who violates this subsection is guilty of a misdemeanor punishable by imprisonment in the County jail for not more than 1 year or by a fine of not more than $1,000.00, or both.

Federal law offers similar secrecy protections to grand jury proceedings.  Specifically, Federal Rule of Criminal Procedure 6(e) provides similarly provides, in pertinent part:

(2)    Secrecy

    (B)    Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury;
        (i)    a grand juror;
        (ii)    an interpreter;
        (iii)    a court reporter;
        (iv)    an operator of a recording device;
        (v)    a person who transcribes recorded testimony
        (vi)    an attorney for the government; or
        (vii)    a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)

(3)    Exceptions

    (A)    Disclosure of grand-jury matter--other than the grand jury's deliberations or any grand juror's vote--may be made to;

---

[3] For the sake of argument only, however, the Prosecutor will respond to Plaintiff's motion as though such an investigation has occurred.  In positing these arguments however, the Prosecutor neither admits nor denies the existence of a grand jury regarding Gary Lupiloff's murder.

(i)    an attorney for the government for use in performing that attorney's duty;

(ii)   any government personnel--including those of a state, state subdivision, Indian tribe, or foreign government--that any attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or

(iii)  a person authorized by 18 USC § 3322.

Fed. R. Civ. P. 6 (e).    This rule represents a strong and longstanding policy designed to promote the candid and free testimony of witnesses who appear before a grand jury.  *FDIC v. Ernst & Whitney*, 921 F.2d 83, 86 (6th Cir 1990).[4]   Consequently, exceptions to the general rule of secrecy are made only in cases of compelling necessity -- "where there is proof that without access to the grand jury materials, a litigant's position would be 'greatly prejudiced' or 'an injustice would be done'.  *Id.* [5]   The Sixth Circuit has noted that a litigant must make this showing "before a decision in favor of disclosure can be made".  *In re: Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988).

The fact that grand jury documents are relevant or that production of them would expedite civil discovery or reduce expenses for the parties is insufficient to show  particularized need when the evidence can be obtained through ordinary discovery, i.e. subpoenaing records from other sources, or pursuing other routine avenues of investigation.   *FDIC*, *supra*, at 86-87; *Cullen v. Margiotta*, 811 F.2d 698, 715 (2nd Cir 1987).

The need for secrecy continues with unabated strength even if a grand jury fails to issue an indictment and the need for secrecy continues even after the grand jury has been dissolved.  *In re: Grand Jury Proceedings,* 841 F.2d at 1268 (6th Cir 1988).   In fact, the need for secrecy continues even after the person(s) indicted by the grand jury have pleaded guilty.  Id.   In

---

[4] Citing *United States v. Sells Engineering, Inc.*, 463 US 418, 432, 77 L.Ed. 2d 743, 103 S.Ct. 3133 (1983); *United States v. Proctor & Gamble*, 356 US 677, 681-82, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958); *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th cir. 1988).
[5] Citing *United States v. Procter & Gamble*, 356 US at 681-682.

considering the effects of nondisclosure on grand jury proceedings, the Supreme Court has stated that "the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. *Douglas Oil*, 441 US at 222. A known likelihood of ultimate disclosure, as the Court recognized in *United States v. Sells Engineering,* 463 US 418, 77 L.Ed. 2d 743, 103 S. Ct. 3133 (1983):

> "renders considerably more concrete the threat to the willingness of witnesses to come forward and to testify fully and candidly.  If a witness knows or fears that his testimony before the grand jury will be routinely available for use in …civil litigation…he may well be less willing to speak for fear that he will get himself into trouble in some other forum.

*Sells Engineering,* at 432.

Federal courts recognize and afford great deference to state grand jury secrecy statutes when evaluating discovery requests for grand jury documents in federal actions. See *Urseth v. City of Dayton*, 110 FRD 245 (1986); *Socialist Workers Party v. Grubisic*, 619 F.2d 641 (1980). In *Urseth*, the Plaintiff served a subpoena duces tecum for the records of a prosecutor relating to a grand jury convened under Ohio law.   *Urseth* was an action brought under 42 USC 1983 for wrongful death against the city and others.    The prosecutor filed a motion opposing the subpoena on the grounds that it violated Illinois law and policy regarding grand jury secrecy. The trial judge granted the prosecutor's motion to quash to subpoena after concluding that state grand jury secrecy laws apply with equal force in federal court.    As explained by the court:

> [Federal] Rule 6(e)(2) provides a blanket rule against disclosures of '*matters occurring before the grand jury*".  The federal courts which have addressed the scope and definition of such "matters" have been guided by  the rationales for maintaining grand jury secrecy, such is the explanation given by the *United States Supreme Court in Douglas Oil Company v. Petrol Stops Northwest*, 441 US 211 (1979).
>
> > For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect

upon the functioning of future grand juries.  Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties.  Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. *Douglas Oil,* 441 US at 222.

Based on such rationales, Rule 6(e)(2) protect from disclosure the essence of what takes place in the grand jury room.  *In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3rd Cir. 1980).  Obviously, transcripts of actual proceedings in the grand jury room reveal precisely what occurred before the grand jury.  In order to fully effectuate the objectives or the grand jury process, however, consideration must be given to those types of information which would reveal aspects of the grand jury process and the factors which may lead to the return of indictments.  "Matters occurring before the grand jury' has been construed for this reason to protect against disclosure of the 'identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors and the like".  *Securities and Exchange Commission v. Dresser Industries,* 202 US App DC 345, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc), cert den 449 US 993, 66 L.Ed. 2d 289, 101 S. Ct. 529 (1980).

*Urseth*, supra, at 249.

Documents obtained by the prosecutor as part of a grand jury investigation constitute "matters that fall before the grand jury" even when these documents are obtained from outside sources such as a law enforcement agency.  As stated by the Court, "[r]evelation of the sought materials in this particular context would have to reveal, at the very least, the direction and strategy of the grand jury's investigations, given the role of the Prosecuting Attorney in this process.  As such, the court concluded that the materials within the Prosecutor's possession which were gathered as part of a grand jury investigation fall within the protected "matters occurring before the grand jury".  *Urseth*, at 251. The names of potential witnesses and potential documentary exhibits are also "matters" within the scope of the grand jury secrecy rule since their disclosure from the prosecutor's file would reveal the direction and strategy of the grand jury investigation.  *Fund for Constitutional Government v. National Archives*, 211 US. App D.C. 267, 656 F.2d 856, 870 (D.C. Cir 1981).

Plaintiff completely fails to acknowledge the issue of grand jury secrecy protections within its motion and brief to compel the production of "factual portions" of the prosecutor's grand jury file.   This is true even though secrecy of grand jury proceedings was one of the reasons cited by the Prosecutor in objection to Plaintiff's subpoena for grand jury 'factual materials'.  Although Plaintiff cites *Urseth* in support of its motion, this case is clearly inapposite to Plaintiff's position.   *Urseth*, in fact, clearly provides that Plaintiff *is not entitled to the documents he now seeks* without a substantial demonstration that a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed.    Plaintiff fails to make any such showing.  Initially, the Prosecutor notes that although this matter has been pending since June of 2011, Plaintiff's February 2, 2014 subpoena marks *the first time* Plaintiff has sought to obtain these documents by way of a subpoena in accordance with Federal Rules.  The subpoena, in fact, was issued *after the close of discovery*.   Plaintiff's claim that the records are material to its case is belied by Plaintiff's inexplicable delay in subpoenaing them.

Setting Plaintiff's dilatory discovery tactics aside, the only need Plaintiff has articulated in support of its claimed need of the records is that "…the materials are highly relevant and useful in this case to determine if William Keene is entitled to recover under the life insurance policy".  A claim that he documents are relevant and 'useful' is insufficient to overcome the secrecy surrounding these documents.[6]   As noted by the 6th Circuit Court of Appeals in *FDIC, supra,* "[t]he fact that grand jury documents are relevant or that production of them would expedite civil discovery or reduce expenses for the parties is insufficient to show particularized need when the evidence can be obtained through ordinary discovery, i.e. subpoenaing records from other sources, or pursuing other routine avenues of investigation". *FDIC*, *supra*, at 86-87.

---

[6] Nationwide's Brief in Support of Motion to Compel [Docket # 102], page 10.

## II.   DOCUMENTS WITHIN THE PROSECUTOR'S FILE RELATING TO AN ON-GOING CRIMINAL INVESTIGATION ARE PRIVILEGED AND EXEMPT FROM DISCLOSURE.

Because there is an active and ongoing investigation into the murder of Gary Lupiloff, the Oakland County Prosecutor's file contains documents that were created or assembled in anticipation of possible litigation. Further, because the case is still in the pre-charge stage, the documents in the Oakland County Prosecutor's file are comprised solely of either (1) documents created by the attorneys in the Prosecutor's Office, or (2) copies of documents from various entities that were selected by attorneys in the Prosecutor's Office as being particularly relevant to the Prosecutor's legal theories and insights into on this ongoing investigation. As such, the Oakland County Prosecutor's file constitutes work product of the Oakland County Prosecutor and it is protected from disclosure to the parties by the work product privilege.

The Work Product doctrine was first recognized by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947).  In *United States v. Noble*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975), the Supreme Court held that the work product privilege applies also to prosecution files prepared for criminal proceedings as well as attorney files prepared for civil litigation. The Court acknowledged that application of the work product privilege in the criminal context "assuring the proper functioning of the criminal justice system . . . ."  *Id.* at 238.   Fed. R. Civ. P. 26 (b)(3)(A) protects attorney's files created in anticipation of litigation, with the limitation that while documents disclosing legal theories (i.e. deliberative work product)  are absolutely exempt from disclosure, factual documents within the file can be ordered disclosed *if* "they are otherwise discoverable under Rule 26(b)(1)" ***and*** the requestor "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."   Plaintiff, once

again, fails to make such a showing given its failure to subpoena the documents in a more timely fashion and it's conclusory assertion that "...the materials are highly relevant and useful in this case to determine if William Keene is entitled to recover under the life insurance policy".

Plaintiff attempts to shift the burden of proof and argue that the burden is upon the Prosecutor to establish the existence of a work-product privilege.   Every case cited by Plaintiff in support of its position, however, deals with the ability of a litigant to subpoena police records from the police agency which generated them.   In some instances, these records are covered by a qualified executive privilege.   Plaintiff, however, does not seek to subpoena police records from the police agency which generated them.   Plaintiff seeks to subpoena the investigative file of a Prosecuting Attorney.    As noted above, these records are privileged and Plaintiff may recover them only *if* "they are otherwise discoverable under Rule 26(b)(1)" ***and*** the requestor "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.   Plaintiff fails to do so with its thread-bare and conclusory assertion that "...the materials are highly relevant and useful in this case to determine if William Keene is entitled to recover under the life insurance policy".

**WHEREFORE,** the Oakland County Prosecuting Attorney respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel the Production of Documents.

Respectfully submitted,

**OAKLAND COUNTY CORPORATION COUNSEL**

By:    */s/Mary M. Mara*
       MARY M. MARA (P45114)
       Assistant Oakland County Corporation Counsel
       Attorney for Oakland County Prosecutor's Office
       1200 N. Telegraph Road
       Pontiac, MI 48341
       (248) 975-9616

Dated:  March 18, 2014

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 18, 2014, I electronically filed the foregoing documents

Non-Party Oakland County Prosecuting Attorney's Answer In Opposition To Plaintiff's Motion

To Compel Production Of Documents) with the Clerk of the Court using the ECF System which

will send notification of such filing to the attorney(s) of record and I hereby certify that I have

mailed by United States Postal Service the same to the following non-ECF participants: NONE.

Respectfully submitted,

**OAKLAND COUNTY CORPORATION COUNSEL**

By:      */s/Mary M. Mara*
         MARY M. MARA (P45114)
         Assistant Oakland County Corporation Counsel
         Attorney for Oakland County Prosecutor's Office
         1200 N. Telegraph Road
         Pontiac, MI 48341
         (248) 975-9616

Dated:  March 18, 2014