UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
       Plaintiff/Counter-Defendant,

**REPLY TO THE RESPONSE TO NATIONWIDE'S MOTION TO COMPEL THE PROSECUTOR TO COMPLY WITH THE SUBPOENA, SCHEDULED FOR MARCH 27, 2014 AT 2:00 P.M.**

vs.      Case No.   11-cv-12422-AC-MKM
        Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
       Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
       Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
       Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI  48302 |
| Troy, MI  48084 | (248)593-5000 |
| (248)649-7800 | |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI  48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>E. Jason Blankenship P63566<br>Co-Counsel for Lupiloffs<br>19390 West Ten Mile Road<br>Southfield, MI  48075<br>(248)355-5555 |

Mary M. Mara P45114
Oakland County Corp Counsel
1200 N Telegraph Rd Dept 419
Pontiac, MI  48341
(248) 975-9616

_____/

### NATIONWIDE LIFE INSURANCE COMPANY'S REPLY TO THE RESPONSE TO THE MOTION TO COMPEL FACTUAL RECORDS FROM THE OAKLAND COUNTY PROSECUTOR'S FILE

The issue before the Court is if the prosecutor has the right to refuse to comply in any way with a subpoena issued by plaintiff Nationwide Life Insurance Company.  Nationwide issued a very limited subpoena seeking only factual information and records directly relevant to the case at hand:  "Any and all factual information regarding William Keene, date of birth May 10, 1966, and/or the murder of Gary Harmon Lupiloff, including, but not limited to any factual records, reports, statements, transcripts, or recordings.  This request is not for investigative opinions or attorney work product, but only seeks factual information contained in the file materials."  (Subpoena Exhibit 1)  The Oakland County prosecutor response brief abandons any executive privilege claim and now raises two basic reasons why it is refusing to answer the subpoena:  1) protection for grand juries; 2) the work product privilege.  Neither supports the prosecutor's decision to

-1-

completely ignore the subpoena and not offer a single document in response. The subpoena makes no mention of a grand jury and does not seek to invade the grand jury hearing, if one actually occurred. The subpoena is also specifically limited to seek only ***factual information, not attorney analysis or impressions.*** These factual materials would have to be turned over to any defendant if the prosecutor ever decides to prosecute anyone. The objections are without merit and the Court should order the prosecutor to comply with the subpoena.

The prosecutor argues that Nationwide's decision to issue the subpoena is inconsistent with its previous statement made in response to the previous motion to set aside an order compelling production from the police and prosecutor. (Response, pp 1-2) This is false. Nationwide stated that "if an actual active investigation is underway and if a trial against some suspect is reasonably anticipated, Nationwide would agree that the Prosecutor should not produce the file materials at this time." (Docket # 66, p 2) Subsequently, Nationwide waited for the prosecutor to move forward with the case. This did not occur. Moreover, attorneys associated with this case have been told that the pending investigation is little more than a box on a shelf in the police department. Thus, it appears that there is no actual investigation underway and no trial reasonably anticipated. Nationwide stated in the very same brief quoted by the prosecutor: "if there is no active "investigation," if this has been become a cold case file, and if no trial is

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

expected within any reasonable time, then the file materials should be produced." (Docket # 66, pp 2-3)  This is exactly what we have in this case, and it is exactly why the prosecutor should turn over factual information it has in its possession so that this case, which is actually active, can proceed to a conclusion.

The fact that there is no real case or investigation proceeding in the prosecutor's office is amply demonstrated by the affidavit attached as Exhibit B to the prosecutor's response.  The assistant prosecutor ***did not even know what was happening in the case***.  He had to call a representative from the police department to tell him that that investigation was "active."  (Prosecutor's Exhibit B, ¶ 5)  This is clear evidence that the prosecutor is not planning to move the criminal case along in any reasonable amount of time.

For the same reason, the prosecutor's attack accusing Nationwide of delay in submitting the subpoena is misplaced.  (Response, pp 2, 8)  Nationwide waited to see if the police and prosecutor were going to move forward.  When Nationwide saw that this was not occurring and heard that the investigation was little more than a box on a shelf, it again requested the records.  The request was also contingent on the prior attempt to get a complete file from the police department; when a complete file was not obtained, further action was required by Nationwide.

The prosecutor sets up a strawman to argue that Nationwide is attempting to invade the grand jury process.  While Nationwide has been told by third parties

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

-3-

that a grand jury was going to be convened, Nationwide has no first-hand knowledge that this actually occurred. Nationwide's subpoena does not make mention of the grand jury proceedings, and thus, the prosecutor is making an argument without a real point.

If a grand jury did occur, the prosecutor does not need to turn over testimony or marked exhibits from those proceedings pursuant to MCL 767.19f. What the prosecutor has no right to do, however, is turn the protection for grand jury proceedings from a shield into a sword preventing any duty to turn over any factual information whatsoever. MCL 767.19f has never been interpreted as sacrosanct or an absolute bar to all discovery. In fact, Michigan courts have recognized situations in which transcripts and testimony ***from the grand jury proceedings themselves*** must be released. See *People v Glass*, 235 Mich App 455, 471-473; 597 NW2d 876 (1999). But Nationwide's subpoena does not go anywhere near that far. All that Nationwide wants is the factual investigative record. It does not need to be told if any of the records or evidence were used or not used in the grand jury proceedings. That record will remain closed.

Moreover, documentary information presented in the grand jury is protected only when "obtained by the grand jury by coercive means". *In re Grand Jury Proceedings*, 851 F2d 860, 866 (6th Cir., 1988). Given that the subpoena was not on the grand jury but on the prosecutor, there is no evidence that any materials in

-4-

the prosecutor's file were obtained by the grand jury itself forcing the disclosure of this evidence. The prosecutor fails to even make such a claim in the response.

The prosecutor attempts to equate this case to *Urseth v Dayton*, 110 FRD 245, 252 (SD OH, 1986), where a special prosecutor was conducting an investigation specifically for grand jury proceedings. This case does not involve such a special prosecutor involved solely in grand jury proceedings, and the subpoena does not seek to invade the grand jury proceedings. Moreover, *Ureth* explained, disclosure of documentary evidence is proper as long as "disclosure would not elucidate the inner workings of the grand jury." *Id*. at 250. Again, this subpoena seeks only the facts in the file, such as written statements by witnesses or police reports containing vehicle descriptions and license plate numbers. Through responding to this subpoena, the prosecutor will say nothing about the grand jury.

The Michigan Supreme Court has articulated 4 reasons for grand jury secrecy:

> Essentially four reasons have been advanced as justification for grand jury secrecy. (1) To prevent the accused from escaping before he is indicted and arrested or from tampering with the witnesses against him. (2) To prevent disclosure of derogatory information presented to the grand jury against an accused who has not been indicted. (3) To encourage complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation. (4) To encourage the grand jurors to engage in uninhibited investigation and deliberation by barring disclosure of their votes and comments during the proceedings. [*People v Wimberly*, 384 Mich 62, 67 n3; 179 NW2d 623 (1970), citation omitted.]

All of these reasons for justifying secrecy center on actually invading what occurred during the process itself. None of them support keeping factual information obtained by the prosecutor outside of the grand jury proceedings from being disclosed. This is what Nationwide seeks. This requested information would all be required to be turned over to any defendant in a criminal proceeding in the normal course of discovery in Michigan. MCR 6.201.[1] Thus, there is no justification for the prosecutor to refuse to comply with this subpoena.

The other argument advanced by the prosecutor is that the prosecutor should not be required to produce anything based on a claim of work-product privilege. But the only means to advance this argument is to completely ignore the subpoena, which specifically states that it is not seeking actual work-product. It seeks only factual evidence.

In Michigan, the work product privilege is intended to protect "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." MCR 2.302(B). The subpoena was designed to avoid such protected materials. The prosecutor need not turn over analysis or memos regarding its strategy in conducting a case, if it ever decides to bring a prosecution against anyone. Instead, the prosecutor must merely turn over

---

[1] This court rule requires that a prosecutor release all statements, all witness names, tangible physical evidence, exculpatory information, police reports, interrogation records, affidavits, and warrants.

police reports, statements taken by the police, and similar factual evidence gathered in the course of the investigation. Any analysis of the facts can be excluded.

The prosecutor appears to argue that anything that was ever in the file can be withheld even if it has nothing to do with legal analysis by the attorneys. The prosecutor's interpretation of the work-product privilege would swallow the rule of discovery. If merely having a document in a file is sufficient to create the privilege, no party would ever turn over any evidence to the opposing party because that evidence would always be coming from the attorney's file materials. As noted above, this is not what is contemplated by the Michigan legal system. The prosecutor is required to fairly participate in discovery in its cases in Michigan. MCR 2.601. Because this subpoena seeks nothing more than the factual evidence the prosecutor would have to release to a charged defendant, the claimed work-product argument in response to this subpoena is without merit.

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/Gabriella Graziano

DATED: March 21, 2014

Respectfully submitted,

BY: /s/Michael F. Schmidt_____
    Michael F. Schmidt P25213
    Nathan Peplinski P66596
    mschmidt@harveykruse.com
    npeplinski@harveykruse.com
    1050 Wilshire Drive, Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS · A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

-7-