UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.                                                                                                     Case No. 11-12422

WILLIAM KEENE, JENNIFER KEENE,                                              HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE and JENNIFER KEENE,

    Defendants/Cross-Defendants.
_____/

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT
NATIONWIDE LIFE INSURANCE COMPANY'S
<u>MOTION TO COMPEL FACTUAL RECORDS (Doc. 102)</u>**

I.

This is an interpleader action involving the right to proceeds of a life insurance policy on the life of Gary Lupiloff ("Lupiloff"). The facts are stated in multiple orders and are not repeated here. *See* (Docs. 45, 55, 57, 77, and 83).

Plaintiff/Counter-Defendant Nationwide Life Insurance Company ("Nationwide") takes the position that Defendant/Cross-Defendant William Keene ("Keene") murdered Lupiloff and procured the policy with the intent of murdering Lupiloff. Therefore, Nationwide says that the insurance policy is void. Nationwide's claim has been bifurcated from the competing claimants' claims to the proceeds. (Doc. 83).

Before the Court is Nationwide's motion to compel the Oakland County Prosecutor to provide factual records in its files (Doc. 102). Specifically, Nationwide seeks "[a]ny and all factual information regarding William Keene, date of birth May 10, 1966 and/or the murder of Gary Harmon Lupiloff, including, but not limited to any factual records, reports, statements, transcripts or recordings. This request is not for investigative opinions or attorney work product, but only seeks factual information contained in the file materials." The motion will be denied. The reasons follow.

II.

Federal courts have recognized a qualified law enforcement privilege "designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *In re Packaged Ice Antitrust Litigation*, No. 08-md-01952, 2011 WL 1790189, at *6 (E.D. Mich. May 10, 2011) (citation and internal quotation marks omitted)). As the Sixth Circuit has recognized, the privilege "protects only suggestions, advice, recommendations and opinions, rather than factual and investigatory reports, data and surveys in government files." *Id.* at *7 (quoting *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 659 (6th Cir. 1976) (internal quotation marks omitted). However, "[t]he law enforcement investigatory privilege applies with greater force to a request by a party in a civil suit to obtain materials from the government's criminal

2

investigation." *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents*, 779 F. Supp. 2d 696, 713 (E.D. Mich. 2011) (citing *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1124 (7th Cir. 1997)).

To determine whether the qualified privilege applies, courts balance the following factors:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or an evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Flagg v. City of Detroit*, No. 05-74253, 2008 WL 787039, at *7 (E.D. Mich. March 20, 2008) (quoting *Frankenhauser v. Rizzo*, 59 F. R. D. 339, 344 (E.D. Pa. 1973)).

III.

Two compelling reasons exist for denying Nationwide's request that the Oakland County Prosecutor produce documents in its file.

First, an investigation into the homicide of Gary Lupiloff is ongoing. Under Michigan law, "[a]n indictment for murder, conspiracy to commit murder, [or] solicitation to commit murder . . . , may be found and filed at any time." Mich. Comp. Laws § 767.24(1). Because the crime of murder does not carry with it a statute of limitations period, requiring the prosecutor to turn over materials in its file may hamper a future prosecution. This concern

3

is especially great because it is now well-known that Keene is a "person of interest" in the murder of Lupiloff.

Second, the information Nationwide seeks is available through, and in fact has been produced by, other sources. Earlier in the case, the Royal Oak Police Department turned over documents in its possession relating to Keene prior to the murder of Lupiloff. At the hearing on March 27, 2014, counsel for the Lupiloff daughters stated that the police department is also producing documents in its possession that post-date the murder. As such, although the information sought from the prosecutor may be important to Nationwide's case, much of the same information has been produced by the police department.

These two concerns outweigh any need Nationwide has for files in the prosecutor's possession. For these reasons, Nationwide's motion to compel is DENIED.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 1, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160