UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

    Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey, Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, Michigan 48084<br>Telephone: (248) 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>  William and Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, Michigan 48197<br>Telephone: (734) 482-5000 |
| Albert L. Holtz (P15088)<br>Albert L. Holtz, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Personal Representative of<br>the Estate of Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, Michigan 48146 | Geoffrey N. Fieger (P30441)<br>E. Jason Blankenship (P63566)<br>Fieger, Fieger, Kenney, Giroux &<br>Harrington, P.C.<br>Co-Counsel for Monica Lupiloff,<br>Nicole Lupiloff and Nicole Lupiloff,<br>Personal Representative of the Estate of<br>Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075<br>Telephone: (248) 355-5555 |

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**NOTICE OF HEARING AND CERTIFICATE OF SERVICE**

NOW COME Defendants/Counter-Plaintiffs and Cross-Plaintiffs, by and through their attorneys, and for the reasons set forth in the following Brief in Support, hereby move this Honorable Court for Motion for Summary Judgment pursuant to Federal Rule 56 in the instant matter, as Plaintiff Nationwide is bound by the terms of the insurance policy at hand, specifically the Incontestability Clause, which prevents Plaintiff Nationwide from contesting the policy for any reason.

WHEREFORE, Defendants/Counter-Plaintiffs and Cross-Plaintiffs respectfully request that this Honorable Court grant their Motion and order Summary Judgment in their favor as to the validity of the Insurance Policy, and order Plaintiff Nationwide to deposit the proceeds of the Death Benefit under the Insurance Policy in the Court's Escrow Account, and grant any other such relief as justice may require.

Counsel for Defendants/ Counter-Plaintiffs hereby certifies that pursuant to Local Rule 7.1 he has attempted to seek concurrence in the instant Motion for Summary Judgment on May 5, 2014, but has not been able to receive same.

Respectfully submitted,
**FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON P.C.**

/s/ E. Jason Blankenship
GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075

Dated: May 6, 2014

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

    Defendants.

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey, Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, Michigan 48084<br>Telephone: (248) 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>  William and Jennifer Keene<br>119 N. Huron Street<br>                   Ypsilanti, Michigan 48197<br>Telephone: (734) 482-5000 |
| Albert L. Holtz (P15088)<br>Albert L. Holtz, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br><br>and Nicole Lupiloff, Personal Representative of<br>the Estate of Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, Michigan 48146 | Geoffrey N. Fieger (P30441)<br>E. Jason Blankenship (P63566)<br>Fieger, Fieger, Kenney, Giroux &<br>Harrington, P.C.<br>Co-Counsel for Monica Lupiloff,<br>Nicole Lupiloff and Nicole Lupiloff,<br>Personal Representative of the Estate of<br>Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075<br>Telephone: (248) 355-5555 |

---

## DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFF'S MOTION
## FOR BRIEF IN SUPPORT

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES…………………………………………………………………..iii

INTRODUCTION………………………………………………………………………..1

STATEMENT OF LAW………………………………………………………………….2

STANDARD OF REVIEW: SUMMARY JUSTMENT IS REQUIRED WHEN THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT……………………………..2

ARGUMENT: INTERPRETATION OF THE INCONTESTABILITY CLAUSE IS A MATTTER OF CONTRACT INTERPRETATION……………………………………3

FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Lnc.*, 477 U.S. 242, 248 (1986)..................................3

*Becker v. Illinois Life Ins. Co.*, 227 Mich. 388, 393-394, 198 N.W. 884 (1924)............5

*Bogacki v. Great-West Life Assurance Co.*, 253 Mich. 253, 256-260, 234 N.W. 865 (1931)..................................................................................................5

*Buckner v. Old Republic Life Insurance Com.*, 2006 WL 664348..........................4,5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)..........................................3

*Erie Railroad v. Tompkins* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).................2

*In re Certified Question*, 413 Mich. 57, 66-67, 318 N.W.2d 456 (1982)......................5

*Laurel Woods Apts. v. Roumayah*, 274 Mich.App. 631, 638, 734 N.W.2d 217 (2007).......4

*Reed v. Auto Workers*, 564 F.3d 781 (6th Cir. 2009)..............................................2

*Rory v. Continental Ins. Co.*, 473 Mich. 457, 468, 703 N.W.2d 23 (2005)....................3

*St. Clair Medical, P.C. v. Borgiel*, 270 Mich.App. 260, 264, 715 N.W.2d 914 (2006).......3

*Sun Life Assurance Co. v. Allen*, 270 Mich. 272, 281, 259 N.W. 281 (1935)................6

*Travelers Ins. Co. v. Carey*, 24 Mich.App. 207, 215, 180 N.W.2d 68 (1970)................6

*Upjohn Co. v. New Hampshire Ins. Co.*, 438 Mich. 197, 207, 476 N.W.2d 392 (1991)......4

**Statutes**

28 USC § 1332.............................................................................................2

**Rules**

Fed. R. Civ. P. 56......................................................................................2,3

## Introduction

On July 13, 2010, Gary H. Lupiloff was shot while talking on the phone in the driveway outside of his home office. The instant case deals with the interpretation of an insurance policy issued by Plaintiff Nationwide Life Insurance Company on or about November 28, 2003 with Gary H. Lupiloff as the Insured. (**Ex. A, the Policy**). Initially, the primary beneficiary of the insurance policy was William Keene, with Monica Lynn Lupiloff and Nicole Renee Lupiloff as contingent beneficiaries of the policy. At some point, Mr. Keene allegedly removed Monica and Nicole, Mr. Lupiloff's daughters, as the contingent beneficiaries, and replaced them with Jennifer Keene, his wife.[1] Following the death of Mr. Lupiloff, Plaintiff Nationwide Life Insurance Company, filed the instant action for Declaratory Relief, claiming that the insurance policy was obtained by fraud or material misrepresentation. (**Ex. B, Complaint**). According to the plain language of the policy created by Nationwide, there is an Incontestability Clause which prevents Nationwide from contesting the policy. Defendants/Counter-Plaintiffs request that this Court grant their motion for summary judgment, and order Nationwide to deposit the life insurance proceeds into the Court's Escrow Account while the issue of the appropriate beneficiary of the policy is determined.

Within the terms of the insurance policy there is a standard Incontestability Clause, drafted by Plaintiff Nationwide, which states as follows:

---

[1] Defendants/Counter-Plaintiffs argue that the removal of the Lupiloff Daughters and replacement with Mrs. Keene was done improperly, but that is not the subject of the instant motion.

1

> After this policy has been in force during the lifetime of the Insured for two years from the Policy Date, we will not contest it for any reason except nonpayment of premiums. After any endorsement or rider has been in force as part of the policy during the lifetime of the Insured for two years, we will not contest it for any reason except nonpayment of premium.

The policy was issued on November 28, 2003, and Mr. Lupiloff, the Insured, was not killed until July 13, 2010. The two year Incontestability Clause had long since expired. While Defendants/Counter-Plaintiffs strongly deny that there was any fraud or material misrepresentation in the inception of the policy, even if fraud or material misrepresentation had been present, the claimed existence of same by the Insurer is irrelevant based upon the plain language of the policy. "[Nationwide] will not contest the policy for any reason except nonpayment of premiums." (Policy, *supra*). There are no grounds to contest the policy, and the benefits are owed.

### Statement of law

The instant matter is before this Court based upon diversity of the parties, pursuant to 28 USC § 1332. Accordingly, the Court should apply Federal procedural law and Michigan substantive law, pursuant to the doctrine established in *Erie Railroad v. Tompkins 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)* and its progeny.

### Standard of Review

**Summary Judgment Is Required When There is No Genuine Issue As To Any Material Fact.**

Summary judgment is proper under Fed. R. Civ. P. 56 if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Auto Workers,* 564 F.3d 781 (6th Cir. 2009). Once the moving party has supported its motion with facts entitling it to judgment as a matter of law, the

2

burden shifts to the opposing party to show that summary judgment is inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The nonmoving party "may not rest upon the mere allegations" of the pleadings, but rather, must "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ. P. 56.

The nonmoving party will not avoid a properly supported motion for summary judgment merely by pointing to some alleged factual dispute between the parties. The requirement is that there be a genuine issue as to a material fact. A fact is "material" only if it might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary to the disposition of the claim will not avoid summary judgment. *Anderson v. Liberty Lobby, Lnc.,* 477 U.S. 242, 248 (1986). And an issue of fact is "genuine" only if the evidence is sufficient that a reasonable jury could return a verdict for the nonmoving party. *Id.* It is well-settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for surnmary judgment. *Id.* at 247-48.

## ARGUMENT

**Interpretation of the Incontestability Clause is a matter of contract interpretation**

The subject Insurance Policy is a contract to be interpreted like any other contract. The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement. *St. Clair Medical, P.C. v. Borgiel,* 270 Mich.App. 260, 264, 715 N.W.2d 914 (2006). If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce the language as written, unless the contract is contrary to law or public policy. *Rory v. Ins. Co.,*

3

473 Mich. 457, 468, 703 N.W.2d 23 (2005). Plain and unambiguous contract *Continental* language cannot be rewritten by the Court "under the guise of interpretation," as the parties must live by the words of their agreement. *Upjohn Co. v. New Hampshire Ins. Co.*, 438 Mich. 197, 207, 476 N.W.2d 392 (1991). The meaning of clear and unambiguous contract language is a question of law. *Laurel Woods Apts. v. Roumayah*, 274 Mich.App. 631, 638, 734 N.W.2d 217 (2007). The Incontestability Clause is plain on its face, and no reasonable person could dispute the meaning of the language.

The Insurance Policy, including the Incontestability Clause, was drafted by Nationwide. Mr. Lupiloff, the Insured, had no ability to alter or determine any of the provisions or clauses of that policy. The Incontestability Clause prevents Nationwide from contesting the policy for **ANY** reason other than failure to pay premiums after two years have run. The Incontestability Clause, in its entirety, states as follows:

> After this policy has been in force during the lifetime of the Insured for two years from the Policy Date, we will not contest it for any reason except nonpayment of premiums. After any endorsement or rider has been in force as part of the policy during the lifetime of the Insured for two years, we will not contest it for any reason except nonpayment of premium. **(Policy, Ex. A, Supra)**

Michigan courts have addressed the applicability of such incontestability clauses. The unpublished case of *Buckner v. Old Republic Life Insurance Com.*, 2006 WL 664348, (Attached as **Ex. C**), dealt with the applicability of an incontestability clause similar to the one in this case. In *Buckner*, the plaintiff purchased a certificate of disability insurance to cover payments on an auto loan. The clause in that case read: "INCONTESTABILITY: This insurance cannot be contested after it has been in force for two years during an insured person's lifetime...." In the insurance application, there was a question about whether the

4

plaintiff had been "under treatment for any illness, disease, or physical disability". The box following that question was checked, "No". Three years after signing the policy, the plaintiff filed a claim for disability benefits on the policy, and soon thereafter the insurance company defendant notified plaintiff that it had discovered his preexisting medical problems and was rescinding the policy based upon the material misrepresentation by plaintiff in answering the medical questions.

The Court in *Buckner* held that the insurance policy, by its terms, was incontestable when defendant tried to rescind it, so defendant was barred from contesting the validity of the contract in the trial court.

> An incontestability clause is equivalent to a private contractual statute of limitations. *Bogacki v. Great-West Life Assurance Co.,* 253 Mich. 253, 256-260, 234 N.W. 865 (1931); 16 Williston, Contracts (4th ed), §49:92, p 664. Contrary to defendant's untenable assertions, incontestability clauses were specifically designed to require an insurer to complete its investigation and challenge the veracity of the insured's pre-contractual statements within a given time period or forever lose the power to avoid the contract for material misrepresentation. *Bogacki, supra.* After the time provided in the clause elapses, the validity of the policy becomes incontestable except on a ground expressly excepted from the clause. *Id.* In the clause at issue in this case, neither material misrepresentation nor fraudulent misrepresentation was excepted from the incontestability clause, even though the mandatory inclusion statute permitted defendant to except fraudulent misrepresentation from incontestability. MCL 500.3408. *Buckner, supra.*

It is anticipated that Plaintiff may argue that the policy was void *ab initio* based upon the alleged fraud. However, Michigan's Supreme Court, relying on *Bogacki v. Great-West Life Assurance Co.,* 253 Mich. 253, 256-260, 234 N.W. 865 (1931), has repeatedly recognized that incontestability clauses prevent an insurer from voiding the contract for fraud or material misrepresentation after the period for contesting the contract has lapsed. *In re Certified Question,* 413 Mich. 57, 66-67, 318 N.W.2d 456 (1982); *Sun*

5

*Life Assurance Co. v. Allen,* 270 Mich. 272, 281, 259 N.W. 281 (1935); see also *Becker v. Illinois Life Ins. Co.,* 227 Mich. 388, 393-394, 198 N.W. 884 (1924); *Travelers Ins. Co. v. Carey,* 24 Mich.App. 207, 215, 180 N.W.2d 68 (1970).

The case of *Sun Life Assur. Co. of Canada v. Allen et al*, 270 Mich 272, 259 N.W. 281 (1935) also stands for the principle that once the time period set for in an incontestability clause expires, even actual fraud does not serve to void the policy. "The statute [governing incontestability clauses] carries the only permissible exceptions to its bar, and its construction falls within the rule that the inclusion of an exception excludes everything else." *Sun Life,* 270 Mich. 272 at 281-282. Here, the only exception to the incontestability clause is non-payment of premiums. The plain language of the incontestability clause precludes any other analysis of the policy, and precludes Nationwide from arguing that the policy was obtained fraudulently.

Nationwide is bound by the terms of the contract it entered with regard to this life insurance policy, and is bound by the Incontestability Clause. Consequently, the proceeds of the life insurance policy ought to be paid into this Court's Escrow Account while the proper beneficiary is determined.

WHEREFORE, Defendants/Counter-Plaintiffs and Cross-Plaintiffs respectfully request that this Honorable Court grant their Motion and order Summary Judgment in their favor as to the validity of the Insurance Policy, and order Plaintiff Nationwide to deposit the proceeds of the Death Benefit under the Insurance Policy in the Court's Escrow Account, and grant any other such relief as justice may require.

Respectfully submitted,
**FIEGER, FIEGER, KENNEY, GIROUX, & HARRINGTON P.C.**

/s/ E. Jason Blankenship
GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Attorneys for Plaintiff
Dated: May 6, 2014   19390 W. Ten Mile Road
Southfield, MI 48075

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, as addressed above.

Respectfully submitted,
**FIEGER, FIEGER, KENNEY, GIROUX, & HARRINGTON P.C.**

/s/ E. Jason Blankenship
GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075

7