# EXHIBIT C

**EXHIBIT C**

2006 WL 664348
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

Kenneth BUCKNER, Jr., Plaintiff-Appellant,
v.
OLD REPUBLIC LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 262730. | March 16, 2006.

**Synopsis**
**Background:** Insured appealed from a decision of the Circuit Court, Saginaw County, that permitted insurer to void its disability insurance contract with insured because of a misrepresentation that insured made on his application.

**Holding:** The Court of Appeals held that lapsing of period specified in incontestability clause barred insurer from contesting validity of disability insurance policy.

Reversed and remanded.

West Headnotes (1)

[1]     **Insurance**
         Life, Health, and Accident Insurance
         Insurer was barred from contesting validity of disability insurance policy on basis that insured's material misrepresentations regarding preexisting medical problems rendered policy void, where two-year period in policy's incontestability clause had lapsed.

         Cases that cite this headnote

Before: SMOLENSKI, P.J., WHITBECK, C.J., and O'CONNELL, J.

**Opinion**

[UNPUBLISHED]

PER CURIAM.

*1 Plaintiff appeals by delayed leave granted from the trial court's order denying plaintiff's motion for summary disposition and granting summary disposition in favor of defendant. The trial court allowed defendant to void its disability insurance contract with plaintiff because of a misrepresentation that he made on his application, even though the two-year period for contesting the policy had lapsed. We reverse.

Plaintiff argues that the trial court erred because, according to the terms of the policy, defendant could not contest the contract after two years had elapsed. Plaintiff argues that the disability policy's incontestability clause did not include an exception for misrepresentation or fraud, so any misrepresentation in his application is irrelevant. We agree. We review de novo a trial court's decision to grant summary disposition. *Maiden v. Rozwood,* 461 Mich. 109, 118, 597 N.W.2d 817 (1999).

On August 28, 1999, plaintiff purchased a vehicle from Victor George Oldsmobile, Inc., and also elected to purchase a certificate of disability insurance from defendant to cover the payments. The insurance policy contains an incontestability clause which states, in relevant part:

> INCONTESTABILITY: This insurance cannot be contested after it has been in force for two years during an insured person's lifetime. No statement relating to insurability shall be used to contest this insurance unless it is contained in a written instrument.

In the insurance application, a box was checked "no" to the question, "Are you currently under treatment for any illness, disease or physical disability?" Plaintiff stated that he personally did not check the box "no," but admitted that the answer was false. Plaintiff stated that he did not read the application, but admitted to signing it. He decided to purchase insurance because he was getting older and had back problems at the time. Plaintiff was struggling with high blood pressure and hypertension, and had been treated for depression. He had also suffered from back

pain for years, but had not received medication for it. In February 2001, he was awarded Social Security disability benefits for chronic back pain stemming from a degenerative disc problem. On April 1, 2002, plaintiff filed a claim for disability benefits. On June 4, 2002, almost three years after plaintiff signed the policy, defendant notified plaintiff that it had discovered his preexisting medical problems and was rescinding the insurance policy on the basis of his material misrepresentation. However, defendant reassured plaintiff that the life insurance would remain valid. Defendant's chief underwriter later averred that plaintiff's misrepresentation was material and that his application would have been denied if plaintiff had answered truthfully.

Plaintiff argues that the insurance policy, by its terms, was incontestable when defendant tried to rescind it, so defendant was barred from contesting the validity of the contract in the trial court. We agree. An incontestability clause is equivalent to a private contractual statute of limitations. *Bogacki v. Great-West Life Assurance Co.*, 253 Mich. 253, 256-260, 234 N.W. 865 (1931); 16 Williston, Contracts (4th ed), § 49:92, p 664. Contrary to defendant's untenable assertions, incontestability clauses were specifically designed to require an insurer to complete its investigation and challenge the veracity of the insured's pre-contractual statements within a given time period or forever lose the power to avoid the contract for material misrepresentation. *Bogacki, supra.* After the time provided in the clause elapses, the validity of the policy becomes incontestable except on a ground expressly excepted from the clause. *Id.* In the clause at issue in this case, neither material misrepresentation nor fraudulent misrepresentation was excepted from the incontestability clause, even though the mandatory inclusion statute permitted defendant to except fraudulent misrepresentation from incontestability. MCL 500.3408.[1]

1   The statute does not allow defendant to except material misrepresentation from the incontestability clause because that would defeat its purpose. *Bogacki, supra.* Furthermore, defendant only raises the defense of material misrepresentation, not outright fraud, so even if defendant had included the alternative language in MCL 500.3408, it would not provide any appreciable assistance to the defense.

    It is notable, however, that defendant argues that the policy at issue was a credit insurance policy, so MCL 500.3408 does not apply. This argument fails for several reasons. First, "[t]he term "policy of disability insurance" ... includes any policy or contract of insurance against loss resulting from sickness or from bodily injury...." MCL 500.3400. Therefore, MCL 500.3400 applies to "any policy or contract" covering disability losses, including plaintiff's, and the fact that the contract may also be a credit insurance contract does not except it from the requirements of the uniform disability insurance policy provisions law, MCL 500.3400 *et seq.* Even if the policy is a blanket or group disability policy, which it may be, the mandatory incontestability language of MCL 500.3408 must be included. MCL 500.3610. Therefore, the fact that the policy at issue could qualify as a group, blanket, or credit disability insurance policy has no bearing on whether it must contain the incontestability language contained in MCL 500.3408. This leads to the second reason the argument is flawed; defendant actually included the language from MCL 500.3408 in its contract with plaintiff. Therefore, whatever the law mandated, defendant is bound by the terms of its own contract to not contest the contract's validity.

Nevertheless, the statutory scheme reinforces our interpretation of incontestability clauses. The Court in *Bogacki* concluded that "the term 'incontestable' covers all grounds of contest not specifically excepted." *Id.* at 257, 234 N.W. 865. Under the first mandatory provision option in MCL 500.3408, an insurer may void a disability policy based on a fraudulent misstatement at any time. Under the second provision option, however, a policy becomes "incontestable" without exception after two years elapses. MCL 500.3408. Therefore, defendant's argument that material or fraudulent misrepresentation always voids a contract would render nugatory the language in MCL 500.3408 that allows an insurance company to except fraud from the incontestability clause. We will avoid this construction and adopt one that is much more plausible and consistent with the law. *See Flint City Council v. Michigan*, 253 Mich.App. 378, 394, 655 N.W.2d 604 (2002).

*2 Defendant argues that under *Wiedmayer v. Midland Mut. Life Ins. Co.*, 414 Mich. 369, 324 N.W.2d 752 (1982), the policy, including the incontestability clause, is void *ab initio* based on defendant's material misrepresentation. We disagree. In *Wiedmayer*, the Court merely held that the insurer could void the insurance policy for fraud despite the fact that it had not expressly reserved the right to cancel the contract on that basis. *Id.* at 374-376, 324 N.W.2d 752. The Court further noted that MCL 500.2218 also permitted an insurer to void a policy based on a material misrepresentation. *Id.* at 374. *Wiedmayer* did not allow the insurer to avoid an incontestability clause based on fraud, and did not even suggest that an incontestability clause was relevant.

However, our Supreme Court, relying on *Bogacki,* has repeatedly recognized that incontestability clauses prevent an insurer from voiding the contract for fraud or material misrepresentation after the period for contesting the contract has lapsed. *In re Certified Question,* 413 Mich. 57, 66-67, 318 N.W.2d 456 (1982); *Sun Life Assurance Co. v. Allen,* 270 Mich. 272, 281, 259 N.W. 281 (1935); see also *Becker v. Illinois Life Ins. Co.,* 227 Mich. 388, 393-394, 198 N.W. 884 (1924); *Travelers Ins. Co. v. Carey,* 24 Mich.App. 207, 215, 180 N.W.2d 68 (1970).

Defendant was barred from contesting the validity of the policy on the basis that plaintiff's material misrepresentations rendered it void, because the two-year period in the policy's incontestability clause had undeniably lapsed. Therefore, the trial court erred in granting summary disposition for defendant. Furthermore, because defendant raised no other defense to plaintiff's summary disposition motion, the trial court should have granted summary disposition for plaintiff instead.

Reversed and remanded for entry of judgment in favor of plaintiff and further proceedings consistent with this opinion. We do not retain jurisdiction.

End of Document                                      © 2014 Thomson Reuters. No claim to original U.S. Government Works.