UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
       Plaintiff/Counter-Defendant,

vs.                                 Case No.   11-cv-12422-AC-MKM
                                   Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
       Defendants,    **RESPONSE BY PLAINTIFF TO**
                                 **RENEWED MOTION TO**
and                         **ADJOURN BY KEENE DEFENDANTS**

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
       Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
       Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI  48302 |
| Troy, MI  48084 | (248)593-5000 |
| (248)649-7800 | |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

John H. Bredell P36577  
Attorney for Keenes  
119 N. Huron Street  
Ypsilanti, MI 48197  
(734)482-5000

Geoffrey N. Fieger P30441  
E. Jason Blankenship P63566  
Co-Counsel for Lupiloffs  
19390 West Ten Mile Road  
Southfield, MI 48075  
(248)355-5555

_____/

### RESPONSE BY PLAINTIFF, NATIONWIDE LIFE INSURANCE COMPANY, TO RENEWED MOTION TO ADJOURN BY KEENE DEFENDANTS

The Keene defendants have filed a renewed motion to adjourn the trial date.

The plaintiff, Nationwide Life Insurance Company ("Nationwide"), previously advised the Keenes' attorney that it did not object to the request for the adjournment.

However, the motion to adjourn the trial date attached as Exhibit A a letter from Lawrence H. Baker, D. O. addressed to the Court, which Nationwide objects to as it misstates the record and improperly attempts to influence the Court allegedly "to avoid potential conflict with my appearance as a witness. . . in defense of William."

First, there is a statement that Jennifer Keene's HIIPA rights were violated when her medical records were published. Jennifer Keene's employment records were appropriately subpoenaed with no objection and were produced by her employer. These records showed a substantial decline in performance shortly after the murder of Gary Lupiloff and showed Jennifer Keene was written up for

-1-

employment related issues in September, 2010 and again in December, 2010, followed by a last chance agreement prepared on January 27, 2011. Jennifer Keene produced reports from Dr. Riba in response to these write-ups. These reports became part of her employment file because of Jennifer Keene's decision. These were all records produced by Jennifer Keene's employer pursuant to subpoena with no objection whatsoever by defendant Jennifer Keene.

Thereafter, Nationwide requested Jennifer Keene's medical records and requested an authorization from Jennifer Keene for these records. Jennifer Keene refused to sign the authorization, and thus, Nationwide filed a motion to compel Jennifer Keene to sign the authorizations. (Docket #51) The Court denied the motion by order of 1/24/13. (Docket #55) However, the Court ordered that Nationwide could file a supplemental brief on the issue of the motion to compel Jennifer Keene to sign the authorization, and this brief was filed on 1/29/13 (Docket # 56)

Nationwide's first argument was that the statutory privilege did not apply because, per the Michigan Supreme Court in *Lindsay v Lipson*, 367 Mich 1, 5 (1962), the statutory privilege is limited to communications actually necessary for diagnosis and treatment and exempts communications that are not related to such activities. The Mental Health Code, MCL 330.1001 *et seq*. limits what a privileged communication could be:

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

> "Privileged communication" means a communication made to a psychiatrist or psychologist *in connection with the examination, diagnosis, or treatment of a patient*, or to another person while the other person is participating in the examination, diagnosis, or treatment or a communication made privileged under other applicable state or federal law. [MCL 330.1700(h), emphasis added.]

Secondly, Nationwide argued that the privilege was waived by the patient allowing the release of the medical information, *Domako v Rowe*, 438 Mich 347, 356-57 (1991), when Jennifer Keene provided Dr. Riba's records to Jennifer Keene's employer.

Thirdly, Nationwide argued that MCL 330.1750 of the Michigan Mental Health Code provides that, among other items, the following are not privileged:

> (2) Privileged communication shall be disclosed upon request under 1 or more of the following circumstances:
>
> (a) If the privileged communication is relevant to a physical or mental condition of the patient that the patient has introduced as an element of the patient's claim or defense in a civil or administrative case or proceeding . . . .

Defendant Jennifer Keene's physical or mental condition is definitely an issue regarding an element of Jennifer Keene's defense to Nationwide's claim that she is not entitled to recover as a contingent beneficiary of the insurance policy.

Although the Court has issued its opinion on this matter, Nationwide respectfully disagrees with the Court's opinion and will appeal this ruling, if necessary, at the conclusion of this case.

Clearly, contrary to the letter attached to the Keenes' motion, Nationwide

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

-3-

did not violate Jennifer Keene's HIIPA rights.

The remaining portion of the letter cites alleged relationships between Lawrence H. Baker, D.O. and the Court. These comments have absolutely no proper place in the motion requesting an adjournment of trial, are an attempt to curry favor from the Court, and Nationwide objects to this procedure.

                              Respectfully submitted,
                              HARVEY KRUSE, P.C.

                              BY: /s/Michael F. Schmidt
                                  Michael F. Schmidt P25213
                                  1050 Wilshire Dr., Suite 320
                                  Troy, Michigan  48084-1526
                                  (248) 649-7800

DATED:  May 28, 2014

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

CERTIFICATE OF SERVICE

I hereby certify that Janice A. Albertson electronically filed the foregoing pleading on 5-28-14 with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record.

                                          /s/Janice A. Albertson
                                          Secretary to Michael F. Schmidt