UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

      Defendants.

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey, Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, Michigan 48084<br>Telephone: (248) 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>William and Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, Michigan 48197<br>Telephone: (734) 482-5000 |
| Albert L. Holtz  (P15088)<br>Albert L. Holtz, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br><br>and Nicole Lupiloff, Personal Representative of the Estate of Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br><br>Bloomfield Hills, Michigan 48146 | Geoffrey N. Fieger   (P30441)<br>E. Jason Blankenship (P63566)<br>Fieger, Fieger, Kenney, Giroux & Harrington, P.C.<br>Co-Counsel for Monica Lupiloff, Nicole Lupiloff and Nicole Lupiloff, Personal Representative of the Estate of<br>Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075<br>Telephone:   (248) 355-5555 |

---

**Reply to Plaintiff Nationwide Life Insurance Company's Response to Motion for Summary Judgment Pursuant to Federal Rule 56**

**NOW COME** Defendants/Counter-Plaintiffs and Cross-Plaintiffs, by and through their attorneys, and respectfully submit the following for their Reply to Plaintiff Nationwide Life Insurance Company's Response to their Motion for Summary Judgment pursuant to Federal Rule 56 in the instant matter:

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v Machulis*, 57 F3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment.

The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Copeland*, 57 F.3d at 478-79 (citations omitted).

Here, Plaintiff Nationwide Life Insurance Company ("Nationwide") has failed to set forth any evidence, or any relevant case law in support of its opposition to the instant Motion for Summary Judgment, and so summary judgment is appropriate. Plaintiff Nationwide failed at the commencement of this case to set forth any allegations that Keene had the intention, at the inception of the insurance policy to murder Lupiloff. During the course of this case, Plaintiff Nationwide has likewise failed to produce any relevant, admissible evidence showing that Keene had the intention, at the inception of the insurance

policy, to murder Lupiloff.

Plaintiff Nationwide's First Amended Complaint theorizes: "if the policy was initially procured with William Keene as Beneficiary, and the ownership then changed to William Keene and the contingent beneficiary changed to Jennifer Keene with the intent to feloniously and intentionally kill the insured, Gary H. Lupiloff, the policy would have been procured by fraud and would be void from its inception." (Amended Complaint, Docket #34, para 29). However, there is not one scintilla of evidence set forth in the First Amended Complaint in support of the idea that **at the inception of the policy** there was any intent to kill Lupiloff. Throughout the course of discovery, there has been no evidence produced by Plaintiff Nationwide that Keene had any intent **at the inception of the policy** to kill Lupiloff, as required by law to survive the instant Motion for Summary Judgment. Plaintiff Nationwide has put forth no evidence on which the jury could reasonably find for the plaintiff.

During the course of discovery, the following depositions have been taken: Mr. Keene (over 2 days); Mrs. Keene; several members of the Royal Oak Police Department; multiple teachers and professionals from the Royal Oak School District who saw a man, believed to be Keene, lurking about on school property (behind Lupiloff's house) when he should not have been there; and other relevant witnesses. During the course of these multiple depositions, Plaintiff Nationwide produced no evidence through examination that Keene had any intent to kill Lupiloff **at the inception of the policy**, which is the only time period relevant to Plaintiff Nationwide's response to the instant motion. Importantly, Plaintiff Nationwide in its response cites NONE of that testimony or evidence in opposition to the instant motion. Why? Because the evidence does not in any way support

Plaintiff Nationwide's position.

In order for Plaintiff Nationwide's argument to hold water, Nationwide has to convince this Court that Keene had the intent to kill Lupiloff at the inception of the insurance policy, in 2003, and only got around to the task in 2010. There has been no evidence put forth, nor will there be, that at the time of the inception of the policy Keene had the murderous intent to shoot Lupiloff, 7 years subsequently. Plaintiff Nationwide asks the court to conclude that "the insurance contract is void from its inception because it was based on the criminal and immoral purpose of profiting from the insured." (Plaintiff's response, p. 11, Docket # 116). Now, whether or not Keene had a change of heart and decided to kill Lupiloff at a later date after attempting to change the contingent beneficiaries from the Lupiloff Daughters to his wife, Mrs. Keene, is a different issue, but Plaintiff has put forth no evidence that at the inception of the life insurance policy, Keene was plotting and scheming to kill Lupiloff 7 years later.

The case law cited by Plaintiff Nationwide in its Response to the instant Motion for Summary Judgment is likewise inapplicable to the instant matter. While it is true that the Michigan Slayer Statute, MCL 700.2803 prevents a killer from "profiting from his or her wrong." MCL 700.2803(5), it does not prevent contingent beneficiaries, such as the Lupiloff daughters, from taking their share of the insurance proceeds. The Michigan Slayer Statute provides a roadmap as to how a distribution should occur: "A provision of a governing instrument is given effect as if the killer or felon disclaimed all provisions revoked by this section ...." MCL 700.2803(4). For the purposes of this section, "governing instrument" is defined to include a life insurance policy. MCL 700.1104(k). If Keene is prohibited from "profiting from his wrong", the proceeds should go to the original

contingent beneficiaries, the Lupiloff daughters.

The question remains, however, whether the incontestability clause requires that Nationwide pay the policy proceeds to someone other than William Keene, defendant. All sides agree that an incontestability clause is an integral part of a life insurance policy, required by Michigan law. As stated by the Michigan Supreme Court in *Bogacki v. Great-West Life Assurance Co.*, 253 Mich 253, 234 NW 865 (1930), an incontestability clause "recognizes fraud and all other defenses but it provides ample time and opportunity within which they may be, but beyond which they may not be, established. It is in the nature of, and serves a similar purpose as statutes of limitations and repose, the wisdom of which is apparent to all reasonable minds." *Id.* At 256-258, citation omitted). A plain language reading of the opinion in *Bogacki* dictates that as with all statutes of limitation and repose, once the time period set forth has expired, the existence of "fraud and all other defenses" is irrelevant as to whether the proceeds of a life insurance policy must be paid out. Here, the two year incontestability clause has lapsed. Thus, "fraud, and **all** other defenses" are irrelevant to whether or not the proceeds of the policy must be paid out. Remember, the policy was taken out by **Lupiloff**, not by Keene. Ultimately it is true that Keene assumed payment of the premiums, but Lupiloff applied for the policy, and was the original purchaser.

The cases cited by Plaintiff are factually inapplicable to the instant case. Attached to this response is a chart of the cases cited by Plaintiff in response to the Motion for Summary Judgment- a review of the cases shows that the time between the inception of the policy and the death at issue in the cited cases is markedly shorter than the time period in the instant case- in most of the cases, the death occurred within mere

months of the issuance of the policy.

| Case Name Obtained | When death occurred | When policy was issued |
|---|---|---|
| *New England Mut Life Ins Co v. Null*, 605 F2d 421 (CA 8, 1979) | July of 1972 | November 1972 |
| *Colyer's Administrator v. New York Life Ins Co*, 300 KY 189; 188 SW2d 313 (1945) | March 12, 1942 | April 10, 1942 |
| *Henderson v. Life Ins Co of Virginia*, 176 SC 100; 179 SE 680 (1935) | October 30, 1928 | July 30, 1929 |
| *Columbian Mut Life Ins Co v. Martin*, 175 Tenn 517; 136 SW2d 52 (1939) | May 8, 1935 | February 17, 1938 |
| *Aetna Life Ins Co v. Strauch*, 179 Okla 617; 67 P2d 452 (1937) | October 20, 1932 | November 3, 1932 |
| *Chute v. Old American Ins Co*, 6 Kan App2d 412; 629 P2d 734 (1981) | May 16, 1972 | July 2, 1972 |
| *Lopez v. Life Ins Co*, 406 So2d 1155 (Fla App 1981) | 1974 | May 22, 1977 (n.b. insured overheard his family plotting to kill him, and survived) |
| *Flood v. Fidelity & Guarantee Life Ins Co*, 394 So2d 1311 (La App 1981) | 1971 | 1972 |
| *Federal Kemper Life Assurance Co v. Eichwedel* 266 Ill App3d 94; 639 NE2d 246 (1994) | November 1985 | July 5, 1986 |
| *United States v. 5201 Woodlake Dr*, 895 F Supp 791 (MD NC 1995) | Feb 15, 1991 | April 12, 1991 |

Contrast this with the instant case, where the insurance policy was issued in 2003, and Lupiloff died in 2010, 7 years later. Plaintiff Nationwide has completely failed to meet its burden of proof under the Federal Rules of Evidence, and summary disposition is appropriate.

WHEREFORE, Defendants/Counter-Plaintiffs and Cross-Plaintiffs respectfully request that this Honorable Court grant their motion for summary judgment pursuant to Fed. R. Civ. P 56, and grant any other such relief as justice may require.

/s/ E. JASON BLANKENSHIP
E. Jason Blankenship (P63566)
19390 W. Ten Mile Road
Southfield, MI 48075
248-355-5555

Dated: June 18, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, as addressed above.

Respectfully submitted,
**FIEGER, FIEGER, KENNEY, GIROUX, & HARRINGTON P.C.**

/s/ E. Jason Blankenship
GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555