UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
    Plaintiff/Counter-Defendant,

vs.                                         Case No.   11-cv-12422-AC-MKM
                                         Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants,

and

**NATIONWIDE'S MOTION TO STRIKE THE LUPILOFF DEFENDANTS' REPLY BRIEF SET FOR 6-25-14 AT 2:00 P.M.**

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
    Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI  48302 |
| Troy, MI  48084 | (248)593-5000 |
| (248)649-7800 | |

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577<br>Attorney for Keenes<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>(734)482-5000 | Geoffrey N. Fieger P30441<br>E. Jason Blankenship P63566<br>Co-Counsel for Lupiloffs<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248)355-5555 |

_____/

### PLAINTIFF'S MOTION TO STRIKE THE LUPILOFF DEFENDANTS' REPLY BRIEF BECAUSE IT RAISES NEW ISSUES NOT ADDRESSED IN THE ORIGINAL MOTION FOR SUMMARY JUDGMENT <u>AND NOTICE OF HEARING THEREON</u>

PLEASE TAKE NOTICE that on Wednesday, June 25, 2014 at 2:00 p.m. or as soon thereafter as plaintiff Nationwide Life Insurance Company can be heard by the Honorable Avern Cohn, Nationwide will move to strike the Lupiloff defendants' inappropriate and untimely reply brief filed regarding the pending motion on for summary judgment. The Lupiloff defendants filed for summary judgment May 6, 2014. (Docket # 111) This motion was limited to the legal issue of whether the insurance policy incontestability clause applied to this case. Nationwide filed a timely response brief limited to the legal issue put forth in the Lupiloff defendants' motion on May 23, 2014. (Docket # 116) On June 18, 2014, 12 days after the time allowed by Local Rule 7.1(e)(1)(C), the Lupiloff defendants filed their late reply brief. (Docket # 120) This brief raises the new issue of whether Nationwide has proven that the insurance policy was originally obtained as part of a plan to murder the insured, Gary Harmon Lupiloff. As this issue was not addressed in the original motion, the late brief should be stricken and not

-1-

HARVEY KRUSE    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS    248-649-7800
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526

considered by the Court.

Pursuant to Local Rule 7.1, concurrence has been sought but could not be obtained. Nationwide bases this motion on the records and files in this case and supports it with the accompanying brief.

## BRIEF IN SUPPORT OF THE MOTION TO STRIKE

### ISSUE PRESENTED

Whether the Lupiloff Defendants' reply brief should be stricken because it was filed late and raised a new issue for the first time.

### CONTROLLING AUTHORITY

This matter is controlled by Local Rule 7.1(e)(1)(C) and *United States v Campbell*, 279 F3d 392 (6th Cir, 2002).

### ARGUMENT

The Lupiloff defendants filed for summary judgment on May 6, 2014. (Docket # 111) This motion was limited to the legal issue of whether the insurance policy incontestability clause applied to this case:

> According to the plain language of the policy created by Nationwide, there is an Incontestability Clause which prevents Nationwide from contesting the policy. Defendants/Counter-Plaintiffs request that this Court grant their motion for summary judgment, and order Nationwide to deposit the life insurance proceeds into the Court's Escrow Account while the issue of the appropriate beneficiary of the policy is determined.
>
> * * *
>
> While Defendants/Counter-Plaintiffs strongly deny that there was any fraud or material misrepresentation in the inception of the

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

policy, even if fraud or material misrepresentation had been present, the claimed existence of same by the Insurer is irrelevant based upon the plain language of the policy. [Docket # 111, Summary Judgment Brief, pp 1-2.]

Completely absent from this motion and brief was any argument or evidence regarding the factual issue of whether the policy was obtained with the intent to later murder the insured, Gary Harmon Lupiloff.  The Lupiloff defendants presented no affidavit or other documentary evidence relating to this issue.  They solely focused on the applicability of the incontestability clause.  (Docket # 111)

Nationwide filed a timely response brief limited to the legal issue put forth in the Lupiloff defendants' motion on May 23, 2014.  (Docket # 116)  Nationwide specifically noted that the Lupiloff defendants limited their motion to the legal issue of the applicability of the incontestability clause:

> ***The underlying facts are not at issue in this motion.  The sole issue is whether, as a matter of law, Nationwide is precluded from rescinding the policy on the basis of it being an illegal contract created with the intent to murder Gary Harmon Lupiloff because the policy contains an incontestability clause***.  [Docket # 116, Response, p 1, emphasis original.]

Nationwide supplied the existing law on the only issue presented in the motion, demonstrating that the incontestability clause does not and cannot apply to cases such as this involving the murder of the insured because it is not a fraud that can be detected by an investigation prior to the murder and that, in such case, the policy is void with no one having a right to collect.  (Docket # 116)

-3-

LR 7.1(e)(1)(C) provides the time to file a reply brief for a dispositive motion: "If filed, a reply brief supporting a dispositive motion must be filed within 14 days after service of the response, but not less than 3 days before oral argument." Pursuant to this rule, any reply brief to Nationwide's response was due June 6, 2014. On June 18, 2014, 12 days after the time allowed, the Lupiloff defendants filed their late reply brief. (Docket # 120) Because the reply brief fails to comply with the local rules, it should be stricken.

The reply brief also raises the new issue of whether Nationwide has proven that the insurance policy was originally obtained as part of a plan to murder the insured. (Reply, pp 2-3) The Lupiloff defendants specifically avoided this issue in their motion for summary judgment. And they present absolutely no evidence on the issue with the reply brief. Instead, they argue that, somehow, Nationwide had the duty to present evidence on the issue despite it never being raised in their initial motion. This argument makes absolutely no sense given that Nationwide was never presented with the issue and was never allowed to respond.

The Sixth Circuit has explained that issues may not be raised for the first time in a reply brief: "We have held that 'the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.'" *United States v Campbell*, 279 F3d 392, 401 (6th Cir, 2002), quoting *United States v Crozier*, 259 F3d 503, 517 (6th Cir, 2001), further citation

-4-

omitted. The Court concluded that, because of the failure to properly raise the issue, the "argument fails for procedural reasons." *Campbell*, 279 F3d at 401.[1] Because this issue was not properly presented in the motion, it should be stricken.

Moreover, the motion should be denied because, as the Lupiloff defendants concede (Reply, p 2), they bear the initial burden to establish that no question of fact exists on the issue. The Lupiloff defendants have not even attempted this burden given that they have not presented a single piece of evidence that the insurance policy was obtained without the underlying intent to murder the insured.

> Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. [*Hedrick v Western Reserve Care Sys*, 355 F3d 444, 451 (6th Cir, 2004).]

The Lupiloff defendants have not carried this burden.

At the very least, Nationwide should be allowed 21 days to respond to this new issue and present to the Court the evidence it has gathered regarding this issue.

---

[1] See also: *United States v Jerkins*, 871 F2d 598, 602 n3 (6th Cir, 1989), citation omitted ("It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond. Court decisions have made it clear that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief."); *Chancellor v Detroit*, 454 F Supp2d 645, 665 (ED Mich, 2006) ("the Sixth Circuit declined to address an issue not raised in the original brief . . . . The same reasoning applies to

HARVEY KRUSE    ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

From the inception, the policy made no sense to be issued with such a young insured, who was in good health, as the lifetime cost for Lupiloff's life expectancy of 77 years would be $915,000 almost double the $500,000 death benefit. Defendant William Keene has admitted that he paid for the policy from the inception. The murder occurred just as the premiums were set to substantially increase. This is just some of the basic evidence showing a scheme to murder the insured from the inception of the policy. If this issue is going to be addressed, Nationwide should be allowed the standard time to respond to the issue and present the Court with the actual existing evidence.

## RELIEF REQUESTED

Nationwide respectfully requests that this Honorable Court strike the late and inappropriate reply brief and that any costs associated with this motion be imposed on the Lupiloff defendants. In the alternative, Nationwide respectfully requests that it be allowed the proper time to brief and respond to the new issue presented in the reply brief.

---

a motion for summary judgment.")

-6-

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.

/s/ Janice A. Albertson

DATED:   June 23, 2014

Respectfully submitted,

BY: /s/Michael F. Schmidt_____
   Michael F. Schmidt P25213
   Nathan Peplinski P66596
   Attorneys for plaintiff
   mschmidt@harveykruse.com
   npeplinski@harveykruse.com
   1050 Wilshire Drive, Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800