UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

       Plaintiff/Counter-Defendant,

vs.                                            Case No. 11-12422

WILLIAM KEENE, JENNIFER KEENE,            HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

       Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

       Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE and JENNIFER KEENE,

       Defendants/Cross-Defendants.

_____/

**ORDER OF BIFURCATION AND
DISMISSING AS MOOT
DEFENDANTS/COUNTER-PLAINTIFFS/
CROSS-PLAINTIFFS MONICA LYNNE
LUPILOFF'S AND NICOLE RENEE
LUPILOFF'S MOTION FOR
<u>SUMMARY JUDGMENT (Doc. 111)</u>**

This is an interpleader action filed by Nationwide Life Insurance Company

(Nationwide) together with a claim by Nationwide that the life insurance policy—to which there are competing claims—is void because the beneficiary of the policy defendant William Keene (Keene) planned to murder the insured, Gary Lupiloff (Lupiloff). The claimants are Keene and Lupiloff's daughters, Monica Lynn Lupiloff and Nicole Renee Lupiloff (the daughters), initially named contingent beneficiaries of the policy. The case is complicated by the fact that Lupiloff took out the policy on November 11, 2003 naming Keene as the beneficiary and the daughters as contingent beneficiaries, and then apparently transferred ownership of the policy to Keene on April 4, 2007—while at the same time Jennifer Keene, Keene's wife, was named contingent beneficiary in the place of the daughters.

The daughters say that Keene murdered Lupiloff and cannot claim under the policy pursuant to the slayer statute, Mich. Comp. Laws § 700.2803. In addition, the daughters claim that Keene forged Lupiloff's signature removing them as contingent beneficiaries and changing ownership of the policy from Lupiloff to Keene.

Now before the Court is the daughters' motion for summary judgment on the issue of whether or not Nationwide can claim the policy void in light of the two-year incontestability clause in the policy. This issue is governed by Mich. Comp. Laws § 500.4014 which states, in pertinent part:

> There shall be a provision that the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force during the lifetime of the insured for 2 years from its date. . . .

Separately, however, is the question of whether or not it can be established that Keene murdered Lupiloff. If it cannot be established that Keene murdered Lupiloff then Nationwide is obligated on the policy and the daughters' claim to the policy fails. If,

however, it can be established that Keene murdered Lupiloff, then the validity of the policy must be determined.  Given the nature of Nationwide's and the daughters' claims, they have a common interest in establishing Keene's culpability for the death of Lupiloff.

Accordingly, pursuant to Fed. R. Civ. P. 42(b) the issue of Keene's responsibility for the death of Lupiloff is BIFURCATED from the remaining issues in the case.  The issue of Keene's liability for the death of Lupiloff, as well as his wife's role, if any, will be tried to a jury first.  If the jury finds for Nationwide and the daughters, the issue of the validity of the policy will then be determined as well as the daughters' rights to the proceeds.  If the jury finds for Keene, that ends the matter.

For the foregoing reasons, the daughters' motion for summary judgment is DISMISSED AS MOOT.  The daughters may raise the issue again if it is first proved that Keene is responsible for Lupiloff's death.

A status conference will be held on Tuesday, August 5, 2014 at 2:00 p.m. to discuss the mechanics of the trial.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 2, 2014


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 2, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

3