UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

    Defendants.

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

_____/

Michael F. Schmidt (P25213)
Harvey, Kruse, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084
Telephone: (248) 649-7800

John H. Bredell (P36577)
Bredell & Bredell
Attorney for Defendants,
William and Jennifer Keene
119 N. Huron Street
Ypsilanti, Michigan 48197
Telephone: (734) 482-5000

Albert L. Holtz (P15088)
Albert L. Holtz, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
And Nicole Lupiloff, Personal Representative of
the Estate of Gary Lupiloff, Deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146

Geoffrey N. Fieger (P30441)
David A. Dworetsky (67026)
Fieger, Fieger, Kenney, Giroux
& Harrington, P.C.
Co-Counsel for Monica Lupiloff,
Nicole Lupiloff and Nicole Lupiloff
Personal Representative of the Estate
of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

## DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants/Counter-Plaintiffs and Cross-Plaintiffs Monica Lynn Lupiloff, Nicole Renee Lupiloff, and Nicole Renee Lupiloff, Personal Representative of the Estate of Gary Lupiloff, Deceased (the "Lupiloff Defendants") hereby respectfully move that this Court reconsider its July 2, 2014 Order (Dkt. 124). For the reasons set forth in the following Memorandum, the Lupiloff Defendants request that the Court grant summary judgment in their favor on the preliminary issue presented within their motion, and order that Plaintiff Nationwide Life Insurance Company ("Nationwide") is barred from contesting the validity of the Nationwide policy at issue in this matter.

Respectfully submitted,

**FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.**

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for the Lupiloff Defendants
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Date: July 14, 2014

FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

    Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey, Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, Michigan 48084<br>Telephone: (248) 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>William and Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, Michigan 48197<br>Telephone: (734) 482-5000 |
| Albert L. Holtz (P15088)<br>Albert L. Holtz, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>And Nicole Lupiloff, Personal Representative of<br>the Estate of Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, MI 48146 | Geoffrey N. Fieger (P30441)<br>David A. Dworetsky (67026)<br>Fieger, Fieger, Kenney, Giroux<br>& Harrington, P.C.<br>Co-Counsel for Monica Lupiloff,<br>Nicole Lupiloff and Nicole Lupiloff<br>Personal Representative of the Estate<br>of Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 |

_____/

3

### DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

### INTRODUCTION

The sole issue presented to the Court in the Lupiloff Defendants' motion for summary judgment is whether Nationwide is barred by application of the Incontestability Clause in the Nationwide life insurance policy from contesting the validity of that policy. As this Court has already found, the question of whether the policy is void "is a preliminary issue that must be decided prior to addressing the competing interests between the claimants." (See October 17, 2013 Order, Dkt. 83). That ruling reflected the practicality of first determining the validity of the policy, before entertaining the issues between the competing claimants. That ruling was consistent with judicial economy, and avoided potential prejudice and injustice to all of the parties, let alone the Lupiloff Defendants.

However, in its July 2, 2014 Order, the Court dismissed the Lupiloff Defendants' motion for summary judgment as moot, and ruled that "the issue of Keene's liability for the death of Lupiloff, as well as his wife's role, if any, will be tried to a jury first." (Dkt. 124). Respectfully, the Court's sudden departure from its prior holding, and failure to hold Nationwide to the clear policy language that it drafted, constituted palpable error. Therefore, the Lupiloff Defendants request that this Court reconsider its July 2, 2014 Order, grant summary judgment in their favor, and issue an Order that Nationwide is barred from contesting the validity of the policy at issue in this matter.

4

## ARGUMENT

A motion for reconsideration typically must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(h)(3). A palpable defect is a defect which is "obvious, clear, unmistakable, manifest, or plain." *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). Notably, however, the rules do not restrict the Court's considerable discretion on a motion for reconsideration. *See* L.R. 7.1(h)(3) (". . . without restricting the court's discretion . . .").

The Court, nearly nine months ago, properly held that the question of whether the policy is void "is a preliminary issue that must be decided prior to addressing the competing interests between the claimants." (See October 17, 2013 Order, Dkt. 83). The Court further ordered that "Nationwide's claim that the policy is void is BIFURCATED from the competing claimants' claims . . . The claims of the competing claimants are STAYED pending resolution of Nationwide's claim that the policy is void." (Id.).

Certainly, it makes practical sense to first determine whether the policy is valid, before addressing the issues between the competing claimants and even more, the question of "whether Keene planned and carried out the murder of Lupiloff." (Id.). That ruling reflected this practicality, to the extent that this Court were to hold that Nationwide is precluded from contesting its obligations under the policy, and must tender the proceeds to the Court's escrow account for ultimate distribution. The validity of the policy should naturally be confirmed before the Court and the parties engage in these subsequent issues, not to mention the patent ramifications of a ruling that Nationwide

cannot contest the validity of the policy. Such procedure is consistent with principles of judicial economy, and avoids prejudice and injustice to all of the parties, let alone the Lupiloff Defendants.

This issue can be ruled on immediately as a matter of law. Nationwide is bound by the clear and unambiguous language that it drafted. The Incontestability Clause in the Nationwide policy provides, "After this policy has been in force during the lifetime of the Insured for two years from the Policy Date, we will not contest it *for any reason except nonpayment of premiums.*" (Emphasis added). (See Exhibit A to the Lupiloff Defendants' Brief in Support of their Motion for Summary Judgment ("Opening Brief")).

As set forth in the Lupiloff Defendants' motion papers, while the exceptions permitted to the application of an incontestability clause are provided by statute, the terms of the policy at issue ultimately control. "An incontestability clause is equivalent to a private contractual statute of limitations." *Buckner v. Old Republic Life Ins. Co.,* 2006 WL 664348, unpublished (See Exhibit C to the Lupiloff Defendants' Opening Brief). The *Buckner* court, relying upon long-standing precedence set forth by the Michigan Supreme Court in *Bogacki v Great-West Life Assurance Co.*, 253 Mich. 253 (1931), held that "[A]fter the time provided in the clause elapses, the validity of the policy becomes incontestable *except on a ground expressly excepted from the clause.*" (Emphasis added). Therefore, because "neither material misrepresentation nor fraudulent misrepresentation was excepted from the incontestability clause," the insurer was barred from contesting the validity of the policy, even though the applicable statute in that case *permitted* the insurer to except fraud from incontestability. *Id.* (*See* MCL 500.3408). The applicable statute in the instant matter does not allow for a similar exception.

This Court should have followed its October 17, 2013 Order, applied precedential law, and granted the Lupiloff Defendants' motion for summary judgment. "Our Supreme Court, relying on *Bogacki*, has repeatedly recognized that incontestability clauses prevent an insurer from voiding the contract for fraud or material misrepresentation after the period for contesting the contract has lapsed." *Buckner, supra,* citing *In re Certified Question*, 413 Mich. 57, 66-67 (1982); *Sun Life Assurance Co. v Allen*, 270 Mich, 272 (1935); *Becker v Illinois Life Ins. Co.*, 227 Mich. 388, 393-394 (1924); *Travelers Ins. Co. v Carey*, 24 Mich. App. 207, 215 (1970). Nationwide failed to present any Michigan law to the contrary, because it cannot.

The incontestability clause in the policy, drafted by Nationwide, only allows an exception for non-payment of premiums (consistent with the applicable statute). Therefore, Nationwide is clearly barred from contesting the validity of the Nationwide policy. The analysis ends here and summary judgment should have been granted in favor of the Lupiloff Defendants.

## CONCLUSION

WHEREFORE, the Lupiloff Defendants respectfully request that this Court reconsider its July 2, 2014 Order, grant summary judgment in their favor, and issue an Order that Nationwide is barred from contesting the validity of the policy at issue in this matter.

Respectfully submitted,

**FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.**

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for the Lupiloff Defendants
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Date: July 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, as addressed above.

Respectfully submitted,

**FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.**

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for the Lupiloff Defendants
19390 W. Ten Mile Road
Southfield, MI 48075