UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.                                                                                                  Case No. 11-12422

WILLIAM KEENE, JENNIFER KEENE,                                      HON. AVERN COHN
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
Personal Representative of the Estate of GARY
LUPILOFF, deceased,

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE and JENNIFER KEENE,

    Defendants/Cross-Defendants.

_____/

**ORDER DENYING DEFENDANTS/COUNTER-PLAINTIFFS/
CROSS-PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. 126)**

This is an interpleader action involving competing claims to the proceeds of a life

insurance policy, as well as a claim by Nationwide Life Insurance Company (Nationwide)

that the life insurance policy was void from its inception. Both Nationwide and Nicole and

Monica Lupiloff, daughters of the insured Gary Lupiloff (Lupiloff), say that the beneficiary,

William Keene (Keene), is responsible for the death of the insured. The daughters moved for summary judgment against Nationwide arguing that the life insurance policy's incontestability clause bars Nationwide from contesting the validity of the policy. However, because both Nationwide and the daughters have a common interest in proving that Keene is responsible for the death of Lupiloff, the Court dismissed the daughters' motion as moot and bifurcated the issue of whether Keene is responsible for Luplioff's death to be tried first. *See* (Doc. 124). The daughters now seek reconsideration. (Doc. 126).

The daughters argue that the question of whether the policy is void must be decided prior to deciding whether Keene played a role in Lupiloff's death. As support for this argument, the daughters cite judicial economy and avoiding potential prejudice and injustice to all of the parties. (Doc. 126 at 4).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

The daughters have not demonstrated a palpable defect with the Court's order.

2

Contrary to their position that judicial economy is best served by first deciding the validity of the policy, quite the opposite is true.  As explained in the order, the daughters and Nationwide have a common interest in establishing that Keene was involved in the death of Luplioff.  If this cannot be established, there is no question that Keene takes under the policy as the beneficiary and this case would be over.  Therefore, judicial economy is best served by first determining whether Keene played a role in the death of Lupiloff.  If at trial it is established that Keene played a role in the death of Lupiloff, only then does it make sense to determine whether Nationwide can contest the validity of the policy, and, whether the daughters have a valid claim to the proceeds.

Under Fed. R. Civ. P. 42(b), the Court, "[f]or convenience, to avoid prejudice, or to expedite and economize, [may] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." In determining whether separate trials are appropriate, the Court considers "'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).  The central inquiry is whether the choice to bifurcate is done as a means of resulting in a just final disposition of the litigation.  *In re Bendectin Litigation*, 857 F.2d 290 (6th Cir. 1988) (citation omitted)).  The Sixth Circuit has made clear that "'Rule 42(b) is sweeping in its terms and allows the court, in its discretion, to grant a separate trial of any kind of issue in any kind of case.'" *Id.* (citation omitted).  Here, the Court's order of bifurcation streamlined and simplified the issues in the case, and the interests of justice are better served by first deciding whether Keene played a role in Lupiloff's death.  Because

the policy will be deemed valid if it is not proven that Keene was involved in the death of Lupiloff, and Keene will take under the policy as the beneficiary (over the daughters' claim to the proceeds), it makes sense to bifurcate this issue to be tried to a jury first as a means of resulting in a just final disposition of the litigation. The parties will not be prejudiced because they will be permitted to present their other issues, if necessary, in due course. Accordingly, reconsideration is DENIED.

    SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: July 16, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 16, 2014, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160