UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
    Plaintiff/Counter-Defendant,

vs.        Case No.  11-cv-12422-AC-MKM
        Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants,

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE LUPILOFF DEFENDANTS**

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
    Defendants/Cross-Defendants.
_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI 48302 |
| Troy, MI 48084 | (248)593-5000 |
| (248)649-7800 | |

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

| | |
|---|---|
| John H. Bredell P36577 | Geoffrey N. Fieger P30441 |
| Attorney for Keenes | E. Jason Blankenship P63566 |
| 119 N. Huron Street | Co-Counsel for Lupiloffs |
| Ypsilanti, MI 48197 | 19390 West Ten Mile Road |
| (734)482-5000 | Southfield, MI 48075 |
| | (248)355-5555 |

_____/

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE LUPILOFF DEFENDANTS AND NOTICE OF HEARING THEREON

PLEASE TAKE NOTICE that on a date and time to be set by the Court, or as soon thereafter as counsel can be heard by the Honorable Avern Cohn in his Courtroom, plaintiff, Nationwide Life Insurance Company, will move for summary judgment against the Lupiloff defendants pursuant to FRCP 56. No genuine issue of material fact exists regarding the Lupiloff defendants' claims for the insurance proceeds because Gary Lupiloff signed change of ownership and change of beneficiary forms prior to his death, which made William Keene the owner of the policy and Jennifer Keene the contingent beneficiary under the policy. These actions cut off all rights of the Lupiloff defendants.

Pursuant to Local Rule 7.1, Nationwide sought concurrence in this motion, but it was not obtained. Nationwide bases this motion on the files in this case and supports it with the accompanying memorandum of law and the required separate statement of material facts.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526    248-649-7800

-2-

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.<br><br>/s/ Janice A. Albertson<br><br>DATED:   July 28, 2014 | Respectfully submitted,<br>BY: /s/Michael F. Schmidt<br>    Michael F. Schmidt P25213<br>    Nathan Peplinski P66596<br>    Attorneys for plaintiff<br>    mschmidt@harveykruse.com<br>    npeplinski@harveykruse.com<br>    1050 Wilshire Drive, Suite 320<br>    Troy, Michigan 48084-1526<br>    (248) 649-7800 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,
    Plaintiff/Counter-Defendant,

vs.                                        Case No.   11-cv-12422-AC-MKM
                                                  Hon. Avern Cohn

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants,

and

MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,
    Defendants/Counter-Plaintiffs and Cross-Plaintiffs,

vs.

WILLIAM KEENE, JENNIFER KEENE,
Individually, jointly and severally,
    Defendants/Cross-Defendants.
_____/

**MEMORANDUM OF LAW FOR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE LUPILOFF DEFENDANTS**

| | |
|---|---|
| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
| Nathan Peplinski P66596 | Attorney for Lupiloffs |
| Attorneys for Plaintiff | 3910 Telegraph Road, Suite 200 |
| 1050 Wilshire Drive, Suite 320 | Bloomfield Hills, MI 48302 |
| Troy, MI 48084 | (248)593-5000 |
| (248)649-7800 | |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526    248-649-7800

| | |
|---|---|
| John H. Bredell P36577 | Geoffrey N. Fieger P30441 |
| Attorney for Keenes | E. Jason Blankenship P63566 |
| 119 N. Huron Street | Co-Counsel for Lupiloffs |
| Ypsilanti, MI 48197 | 19390 West Ten Mile Road |
| (734)482-5000 | Southfield, MI 48075 |
| | (248)355-5555 |

_____/

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE LUPILOFF DEFENDANTS

### ISSUE PRESENTED

Whether any issue of fact exists regarding the Lupiloff defendants' right to recover under the insurance policy when Gary Lupiloff signed a change of ownership form and a change of beneficiary form in front of an eyewitness.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

-1-

## CONTROLLING AUTHORITY

This matter is controlled by *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005) and *Harrow Products v Liberty Mut Ins Co*, 64 F3d 1015, 1020 (6th Cir, 1995).

## ARGUMENT

The basis of the Lupiloff defendants' arguments for the right to recover under the policy is that, because they were originally named as contingent beneficiaries in the policy, they are the proper beneficiaries once William Keene is eliminated as the primary beneficiary pursuant to the slayer statute as the murderer of the insured Gary Lupiloff. In the most basic form, their position is that the Michigan slayer statute presumes that the killer of the insured, William, predeceased Gary Lupiloff leaving the policy to the contingent beneficiaries and/or the estate of Gary Lupiloff as the owner of the policy. The fundamental problem with this position is that Gary Lupiloff changed the contingent beneficiary to Jennifer Keene and turned the ownership of the policy over to William prior to the murder. This completely eliminated any right to recover by the Lupiloff defendants. Nicole Lupiloff and Monica Lupiloff are no longer contingent beneficiaries, and because Gary Lupiloff was not the owner of the policy, the estate of Gary Lupiloff maintained no contractual rights to the benefits. To escape this problem, the Lupiloff defendants have asserted that Gary Lupiloff either signed the

-1-

forms under duress or that the signatures were forged on the forms. There is, however, no evidence to support either theory. An eye witness, Mary Reich, saw Gary Lupiloff sign the forms and testified that he did so of his own free will. Because the Lupiloff defendants can offer no evidence beyond speculation and conjecture to support their theory, summary judgment is appropriate for Nationwide Life Insurance Company because Nationwide has no duty to pay benefits to the Lupiloff defendants. The only dispute left in the case is if the Keenes are entitled to recover the benefits or if the policy is void with no one having a right to recover.

## GARY LUPILOFF SIGNED THE CHANGE OF OWNERSHIP AND BENEFICIARY FORMS

The change of beneficiary form specifically states that all prior beneficiaries are eliminated by the new designation: "Once the Company receives and agrees to this application, all previous beneficiary designations for this policy are revoked effective the date of this application." (Exhibit 6[1]) Gary Lupiloff specifically acknowledged reading and agreeing to this and all of the other terms contained in the change of beneficiary form. (Exhibit 6) The form was signed and dated on April 4, 2007, and lists only William and Jennifer as the beneficiaries. Thus, by the plain terms of the signed change of beneficiary form, Gary Lupiloff expressed

---

[1] All references to exhibits in this brief are references to the exhibits in the separate Statement of Material Facts required by Judge Cohn's briefing rules.

his intent to eliminate Nicole and Monica as beneficiaries.

The change of ownership form states that Gary Lupiloff revoked his designation as owner: "I, the present owner of the above numbered policy, hereby revoke any previous designations of Owner. . . ."  (Exhibit 7)  The form was explicit in stating that it revokes all of his ownership interest in the policy: "This application revokes ALL previous ownership." (Exhibit 7)  Thus, by the plain terms of the signed change of ownership form, Gary Lupiloff expressed the intent to no longer be designated as the owner of the policy, which, by the policy terms providing that the owner's estate is the ultimate contingent beneficiary, eliminated the potential for his estate to be the contingent beneficiary if the listed beneficiaries were ineligible for recovery.  (Exhibit 7; Exhibit 5, pp 306-306)

Michigan law respects the freedom of contract by enforcing agreements as written.  The Michigan Supreme Court explained:

> A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*. Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract. This Court has previously noted that the general rule [of contracts] is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts. [*Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005), emphasis original.]

Simply, the language used in an agreement controls:

> [I]t is difficult to rationalize implementing the intent of the

-3-

parties by imposing contractual provisions that are *completely antithetic* to the provisions contained in the contract. Rather, the intent of the contracting parties is best discerned by the language actually used in the contract. As this Court noted in *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003), "an unambiguous contractual provision is reflective of the parties' intent as a matter of law."  [*Rory*, 473 Mich at 469 n21, emphasis original.]

Applying this well established rule of law to the case at hand, Gary Lupiloff expressed his intent by signing the forms.  He expressed an intent to eliminate the Lupiloff defendants as contingent beneficiaries and to eliminate his ownership rights and control over the policy by giving up ownership.  This is clearly expressed in the forms' plain language and must be enforced as written.  Because the forms are clear, the Lupiloff defendants have no right to recover, and Nationwide is entitled to summary judge as a matter of law regarding their claims for benefits.

### THE LUPILOFF DEFENDANTS CAN OFFER NOTHING BUT SPECULATION AND CONJECTURE FROM A CLAIMED EXPERT THAT GARY LUPILOFF DID NOT SIGN THE DOCUMENTS AND THIS SPECULATION AND CONJECTURE IS CONTRARY TO THE EYEWITNESS TESTIMONY

The only argument that the Lupiloff defendants have to counter the plain language of the change forms is to contend that they were not actually signed by Gary Lupiloff.  To support this contention, the Lupiloff defendants submitted the forms to a claimed handwriting expert for evaluation.  This expert failed to support their position.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

In fact, the expert concluded that the signature on the change of beneficiary form "probably" belonged to Gary Harmon Lupiloff: "Exhibit B [the change of beneficiary form], except the beneficiary name William Keene, was probably written and signed by Gary Harmon Lupiloff." (Exhibit 23) By their own expert's analysis, the evidence supports concluding that Gary Lupiloff agreed to eliminate Nicole and Monica as contingent beneficiaries. Because all of the evidence shows that Gary Lupiloff signed the form changing the beneficiary, Nicole and Monica have no individual claim to the insurance benefits. Nationwide should receive summary judgment as to their individual claims.

This leaves only Gary Lupiloff's estate's claim for benefits. The basic premise of the estate's claim would be that the Keenes are eliminated by the Michigan slayer statute from recovering under the policy. The estate would then claim a right to the insurance proceeds because there are no remaining listed beneficiaries eligible to recover under the policy. But under the terms of the policy, this argument is only valid as long as Gary Lupiloff remained the owner of the policy. The policy provides that, if there are no eligible beneficiaries, the proceeds go to the ***owner or the owner's*** estate: "If no Beneficiary is living or in existence when the Death Benefit becomes payable, we will consider you or your estate to be the Beneficiary." (Exhibit 5, p 306) As defined in the policy, "you" and "your" refer to the owner, not the named insured. (Exhibit 5, p 305) A Court

is required to apply the definitions contained in an insurance policy: "Michigan Courts instruct that with respect to interpreting terminology contained in an insurance contract, we must give the policy language its plain meaning, [and] apply the definitions of terms as set forth in the contract. . . ." *Reznick v Provident Life & Accident Ins Co*, 364 F Supp2d 635, 637 (ED Mich, 2005). Thus, to survive summary judgment, the estate must show that Gary Lupiloff was still the owner of the policy because he did not actually sign the change of ownership form.

The only evidence that they have to support such a conclusion is again the handwriting expert that they consulted. But he cannot establish that Gary Lupiloff did not sign the form. He can merely speculate on the topic and opine that the form "was ***probably*** <u>not</u> written or singed by Gary Harmon Lupiloff." (Exhibit 23, first emphasis added) Such speculation and conjecture is never sufficient to survive summary judgment.

A mere possibility is insufficient to survive summary judgment:

> The "mere possibility" of a factual dispute is not enough. Rather, in order to defeat summary judgment a plaintiff must come forward with more persuasive evidence to support [his or her] claim than would otherwise be necessary. Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted. [*Mitchell v Toledo Hosp*, 964 F2d 577, 582 (6th Cir, 1992), citation omitted.]

Speculative evidence amounts to nothing more than such a "mere

-6-

possibility." *Harrow Products v Liberty Mut Ins Co*, 64 F3d 1015, 1020 (6th Cir, 1995). *Harrow* rejected an attempt to survive summary judgment based on something that "may" have happened because "***Such rank speculation is insufficient to withstand summary judgment***." *Id*. at 1020, emphasis added. "Speculation, unsupported by facts in the record, is insufficient to create a genuine issue of material fact and falls short of what is required to survive summary judgment." *American Rd Service Co v Conrail*, 348 F3d 565, 569 (6th Cir, 2003). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Arendale v Memphis*, 519 F3d 587, 601 (6th Cir, 2008), citation omitted. "Mere conjecture and speculation is never enough to rebut a summary judgment motion." *Marshall v Ormet Corp*, 1991 US App Lexis 10367 (6th Cir, 1991).

Along these lines, courts have concluded that asserting something "probably" happened amounts to mere speculation and conjecture. *Ass'n of Unit Owners v State Farm Fire & Cas Co*, 670 FSupp2d 1156 (D Or, 2009), citation omitted ("However, Perrault's testimony that portions of structural members 'probably' fell into pieces during the Policy period does not create a genuine issue of fact. While we must draw all reasonable inferences in favor of the non-moving party, we need not draw inferences that are based solely on speculation."); *Cole v*

*Illinois Tool Works Inc*, 924 FSupp2d 978 (ND Ill, 2013) (finding plaintiff's account of what she "probably" said in a report insufficient to survive summary judgment); *JT Magen & Co Inc v Adco Electrical Corp*, 2008 NY Misc Lexis 7796 (2008), citation omitted ("Mr. Johnston, JT's witness testified that 'probably' the electricians would have removed the tiles based upon the nature of the work going on in the room. Mr. Johnston's statement is mere speculation insufficient to defeat Adco's motion for summary judgment.") Simply, the conjecture in this case about what "probably" or may have happened with the signature is insufficient to survive summary judgment as it amounts to nothing more than a "mere possibility" of a factual dispute. *Mitchell*, 964 F2d at 582.

This is especially true given that this speculation is coming from an expert and is contradicted by the eyewitness testimony in the case. Expert testimony requires "more than subjective belief or unsupported speculation." *Daubert v Merrell Down Pharm*, 509 US 579, 590; 113 S Ct 2786; 125 L Ed 2d 469 (1993). "An expert opinion that is based on scientifically valid principles will satisfy Fed. R. Evid. 702; an expert's subjective belief or unsupported speculation will not." *Meemic Ins Co v Hewlett-Packard Co*, 717 F Supp2d 752, 761 (ED Mich, 2010). An opinion "based on personal conjecture and speculation--will confuse and mislead, rather than assist, the trier of fact." *Id*. at 767. "An expert's opinion, where based on assumed facts, must find some support for those assumptions in

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

the record." *McLean v 988011 Ontario Ltd*, 224 F3d 797, 801 (6th Cir, 2000). If the expert's opinions are based on facts not in the record, it should be disregarded. *Davison v Cole Sewell Corp*, 231 Fed Appx 444 (6th Cir, 2007); *Shaw v Strackhouse*, 920 F2d 1135, 1142 (3d Cir, 1990) ("To the extent that the affidavits assumed facts about this case unsupported by the record, however, the expert opinions were properly disregarded.")

In this case, the speculation from the expert is contradicted by the record testimony from Mary Reich. Reich testified that she specifically saw Gary Lupiloff sign both documents. He did this with full knowledge of the ramifications and against Reich's recommendation. (Exhibit 24, pp 15-16, 41-42, 45-46, 75) Reich testified that Gary Lupiloff signed the forms without pressure or duress because he simply did not want to pay the premiums. (Exhibit 24, pp 59, 77-79) ***There is no evidence to contradict this testimony***. There is no testimony from anyone else that Gary Lupiloff did not want to change the ownership or that the change of ownership occurred without his knowledge. Instead, it is clear that Gary Lupiloff wanted to sign over ownership and did just that because ***he never made a payment after the change of ownership. All of the payments were then made by William from April 2007 up to the murder***. (Exhibit 20) Had Gary Lupiloff not known about the change of ownership or not agreed to the change of ownership, he would have been making payments in the time period between the change of

-9-

ownership and the murder.  The undisputed facts show that he was not.

Putting this all together, all of the nonspecluative evidence shows that Gary Lupiloff signed the change of ownership form over to William to make William the owner of the policy.  Under the policy terms, this cut off all interest in the policy for Gary Lupiloff's estate.  Gary Lupiloff's estate has no right to recover remaining after the change of ownership and no right to recover in this case.  Therefore, Nationwide is entitled to summary judgment as to the estate as well.

## RELIEF REQUESTED

Nationwide respectfully requests that this Honorable Court grant it summary judgment on the claims raised by the Lupiloff defendants for the reasons stated above and that any costs associated with this motion be imposed on the Lupiloff defendants.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the Court on the below listed date via the Electronic Case Filing system, which will send notice of filing to all attorneys of record.<br><br>/s/ Janice A. Albertson<br><br>DATED:   July 28, 2014 | Respectfully submitted,<br>BY: /s/Michael F. Schmidt<br>   Michael F. Schmidt P25213<br>   Nathan Peplinski P66596<br>   Attorneys for plaintiff<br>   mschmidt@harveykruse.com<br>   npeplinski@harveykruse.com<br>   1050 Wilshire Drive, Suite 320<br>   Troy, Michigan 48084-1526<br>   (248) 649-7800 |

HARVEY KRUSE
ATTORNEYS & COUNSELORS     A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800