# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, DECEASED,

    Defendants.

And

WILLIAM KEENE and JENNIFER KEENE,

    Counter-Plaintiffs,

v.

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Counter-Defendant.

Case No. 2:11-cv-12422-AC-MKM

Hon. Avern Cohn

| Michael F. Schmidt (P25213)<br>Harvey Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>248-649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants, William<br>  & Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, MI 48197<br>734-482-5000 |
|---|---|

## COUNTER-COMPLAINT

Counter-Plaintiffs-Defendants, William Keene and Jennifer Keene, through their attorneys, **Bredell and Bredell,** and for their Complaint, say as follows:

1. Counter-Plaintiffs/Defendants, William Keene and Jennifer Keene, are residents of Ann Arbor, Washtenaw County, Michigan.

2. Counter-Defendant/Plaintiff, Nationwide Life Insurance Company, is an Ohio corporation with its principal place of business located in Columbus, Ohio, and conducts a regular and systematic part of its business in the State of Michigan.

3. The amount in controversy exceeds $75,000.00.

## COUNT I

### Breach of Contract Claim

4. Plaintiff incorporates by reference paragraphs 1 through 3.

5. Gary Lupiloff purchased a policy of life insurance with Counter-Defendant/Plaintiff, Nationwide Life Insurance Company, in the amount of $500,000.00.

6. On or about April 4, 2007, in consideration for certain business debts, Gary Lupiloff designated William Keene as the "new owner" of the life Insurance police. (See Exhibit A.)

7. On or about July 13, 2010, Gary Lupiloff was shot in the back while standing in his own driveway.

2

8.  On that same day, July 13, 2010, Gary Lupiloff died from his injuries.

9.  Pursuant to the terms of Gary Lupiloff's policy of insurance with Nationwide, Nationwide became obligated to pay a half million dollars to the owner of the policy which is William Keene.

10. Plaintiff has submitted satisfactory proof of the claim to Nationwide Life Insurance Company.

11. Even though Gary Lupiloff was killed by homicide, Nationwide Life Insurance Company remains obligated to pay the insurance policy to William Keene and there is absolutely no evidence whatsoever that William Keene had any knowledge or involvement in the homicide of Gary Lupiloff.

12. Because Nationwide Life Insurance Company has received timely and satisfactory notice and proof of claim and failed to pay the proceeds of the insurance policy, Counter-Defendant/Plaintiff Nationwide Life Insurance Company has breached its policy of insurance with William Keene.

WHEREFORE, Plaintiff seeks judgment against Counter-Defendant/Plaintiff, in whatever amount he is found to be entitled to in excess of $25,000.00, plus interest, costs, and no-fault attorney fees.

## COUNT II

### Violation of Uniform Trade Practice Act MCL 500.2006(4)

13. Counter-Plaintiffs/Defendants incorporate by reference paragraphs 1 through 12 above.

Case 2:11-cv-12422-AC-MKM ECF No. 129-15, PageID.2155 Filed 07/28/14 Page 5 of 5
Case 2:11-cv-12422-AC-MKM Document 4 Filed 06/17/11 Page 4 of 4

14. Counter-Plaintiffs/Defendants have submitted satisfactory proof of loss to the Nationwide Life Insurance Company.

15. None of the benefits to which Counter-Plaintiffs/Defendants are is entitled are "reasonably in dispute."

16. As a result of Nationwide Life Insurance Company's delay and failure to pay, Nationwide Life Insurance Company is liable to Counter-Plaintiffs/Defendants for 12% interest pursuant to 500.2006(4) and judgment interest pursuant to MCL 600.6013(5).

WHEREFORE, Counter-Plaintiffs/Defendants are entitled to penalty interest pursuant to MCL 500.2006(4) in addition to the proceeds of the insurance policy.

Respectfully submitted:

/s/ John H. Bredell
John H. Bredell (P36577)
Attorney for Plaintiff
119 North Huron Street
Ypsilanti, MI  48197
(734) 482-5000
jbredell@bredell.com
P36577

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I electronically filed the foregoing paper and all exhibits with the Clerk of the Court, using the ECF system which will send notification of such filing to the following:

/s/ John H. Bredell
John H. Bredell
Attorney for Plaintiff
119 N. Huron Street
Ypsilanti, Michigan  48197
Phone: (734) 482-5000
E-mail: jbredell@bredell.com
P36577