# EXHIBIT 20

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNNE LUPILOFF, NICOLE RENEE
LUPILOFF and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF GARY LUPILOFF, DECEASED,

    Defendants.

Case No. 11-cv-12422-AC-MKM
Hon. Avern Cohn

_____/

| Michael F. Schmidt P25213 | Albert L. Holtz P15088 |
|---|---|
| Attorneys for Plaintiff | Attorney for Monica Lupiloff, Nicole Lupiloff |
| 1050 Wilshire Drive, Suite 320 | and Nicole Lupiloff, Per Rep of the Estate of |
| Troy, MI 48084 | Gary Lupiloff, Deceased |
| (248)649-7800 | 3910 Telegraph Road, Suite 200 |
| | Bloomfield Hills, MI 48302 |
| | (248)593-5000 |

John H. Bredell P36577
Attorney for William & Jennifer Keene
119 N. Huron Street
Ypsilanti, MI 48197
(734)482-5000

_____/

**DEFENDANT WILLIAM KEENE SUPPLEMENTAL
ANSWERS TO INTERROGATORIES
AND REQUESTS TO PRODUCE
FROM PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY**

1

<u>**DEFENDANT WILLIAM KEENE SUPPLEMENTAL
ANSWERS TO INTERROGATORIES
AND REQUESTS TO PRODUCE
FROM PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY**</u>

NOW COMES the Defendant, **WILLIAM KEENE**, by and through his attorneys, **BREDELL & BREDELL**, and submits the following supplemental answers to Interrogatories/Requests to Produce from Defendant, **NATIONWIDE LIFE INSURANCE COMPANY**, through its attorney, **MICHAEL F. SCHMIDT**:

  2. In regard to the purpose of the Nationwide policy as indicated on the New Account/Suitability Form "to provide coverage over an investor loan for capital purchase" please state with factual precision:

    a. Please state how the policy was to provide coverage over an investor loan for capital purchase.

**ANSWER:** a. The Capital Loan was for $130,000 and was to cover the $245,000 that was to be paid by Mad Advertising. **William Keen loaned $130,000 to Gary Lupiloff, which Lupiloff received as Mad advertising. Lupiloff originally agreed to repay the loan, but when he failed to do so, Keene offered to purchase the life insurance policy that is at issue.**

  6. If you paid any premiums for the Nationwide policy referred to in the complaint, please state the dates of all payments and the amount paid on each date, and please produce proof of all such payments.

**ANSWER:** Mr. Keene began paying bills from Nationwide for the subject insurance policy and Mr. Keene assumes that Nationwide has possession and control of these documents. **Attached are forms titled "Life Billing Statement" that reflect payments made by Mr. Keene.** Mr. Keene does have several of these documents in his possession which are attached here that set forth the date and amounts of said payments. In addition, all of the payments that Nationwide records indicate were made by Mr. Keene took place after the change of ownership when the policy was placed in the name of Mr. Keene. It is Mr. Keene's memory that he made two (2), possibly more payments on the policy directly while the policy was still in Mr. Lupiloff's name. Mr. Keene is checking his bank records to try to locate these payments that he made directly to Nationwide on behalf of Mr. Lupiloff.

2

**Signature page:**

### DEFENDANT WILLIAM KEENE SUPPLEMENTAL ANSWERS TO INTERROGATORIES AND REQUESTS TO PRODUCE FROM PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY

Respectfully submitted,

Dated: OCTOBER 20, 2011

John H. Bredell (P36577)
Lynn Marie Bredell (P36778)
Attorney for Plaintiff

Signed: _____
William Keene

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on OCTOBER 20 _____, 2011, by U. S. mail.
Signature: Gail A. Stephens
Gail A. Stephens

5