# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

Plaintiff,

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

Defendants.

_____/

Michael F. Schmidt (P25213)
Harvey, Kruse, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084
Telephone: (248) 649-7800

John H. Bredell (P36577)
Bredell & Bredell
Attorney for Defendants,
William and Jennifer Keene
119 N. Huron Street
Ypsilanti, Michigan 48197
Telephone: (734) 482-5000

Albert L. Holtz (P15088)
Albert L. Holtz, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
And Nicole Lupiloff, Personal Representative of
the Estate of Gary Lupiloff, Deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146

Geoffrey N. Fieger (P30441)
David A. Dworetsky (67026)
Fieger, Fieger, Kenney, Giroux
& Harrington, P.C.
Co-Counsel for Monica Lupiloff,
Nicole Lupiloff and Nicole Lupiloff
Personal Representative of the Estate of
Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/



## AFFIDAVIT OF ROBERT D. KULLMAN

STATE OF _Florida_      )
                        ) SS.
COUNTY OF _Broward_   )

I, Robert D. Kullman, under the penalty of perjury, affirm that the following statements are true to the best of my knowledge and belief:

1.      I have been employed with Speckin Forensic Laboratories from 1996 to the present as a Forensic Document Analyst.

2.      My duties include examination of handwriting, typewriting, printing, ink, paper, photocopy machines and alterations of documents.

3.      I have been previously employed as a Private Consultant from 1989-1996, with the Michigan State Police Crime Lab from 1972-1988, and with the Michigan State Police from 1966-1991.

4.      I am a member of the American Academy of Forensic Sciences, Questioned Documents Section.

5.      I had three years of technical training in Questioned Documents with the Michigan State Police.

6.      I had additional study at the U.S. Secret Service Laboratory and the Federal Bureau of Investigation Training Academy.

7.      I have provided expert testimony in court cases in excess of 300 times.

8.      The opinions I express follow the American Society of Testing Materials (ASTM) guide for expressing opinions.

9.      I conducted examinations and comparisons between the printings on what I referred to in my prior correspondence to Mr. Albert L. Holtz as Exhibit B, consisting of an

2 ßjⱪ

Application for Life Insurance and Medical Examination form, and the purported known printings of Gary H. Lupiloff.

10. My examinations/comparisons between the questioned and known printings revealed substantial significant similarities with few differences (except the William Keene name in the "Beneficiary Section" on page 3). Based on my examination findings, it is my opinion the printing in Exhibit B, except the William Keene in the "Beneficiary Section" on page 3, and the purported known printings of Gary H. Lupiloff, were probably written by the same person.

11. I also conducted examinations and comparisons between the questioned Gary Lupiloff signatures presented in Exhibit B (the Application for Life Insurance and Medical Examination form), and the purported historical known signatures submitted to me.

12. My examinations/comparisons between the purported Gary Lupiloff signatures in Exhibit B and in the purported known signatures of Gary Lupiloff revealed some significant similarities and few dissimilarities. Based on my examination findings it is my opinion the Gary Lupiloff signatures presented in Exhibit B, and the purported historical signatures of Gary H. Lupiloff, were probably written by the same person.

13. I also conducted examinations and comparisons between the printings on what I referred to as Exhibit C in my prior correspondence to Mr. Albert L. Holtz, consisting of an Application for Change of Beneficiary Designation and an Application for Designation of Owner and/or Contingent Owner, and the purported known printings of Gary H. Lupiloff.

14. My examinations/comparisons between the questioned and known printings revealed substantial significant differences and no significant similarities. Based on my examination findings, it is my opinion the printing on Exhibit C (the Application for Change

of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported known printings of Gary H. Lupiloff, were probably not written by the same person.

15.    I also conducted examinations and comparisons between the questioned Gary Lupiloff signatures on Exhibit C (the Application for Change of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported historical known signatures of Gary H. Lupiloff.

16.    My examinations/comparisons between the questioned and purported known signatures revealed substantial significant differences and no significant similarities.  Based on my examination findings, it is my opinion the questioned Gary Lupiloff signatures in Exhibit C (the Application for Change of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported known signatures of Gary H. Lupiloff, were probably not written by the same person.

17.    It is my opinion that it is within reasonable scientific certainty that the Application for Change of Beneficiary Designation form was more than likely not signed by Gary H. Lupiloff.

18.    It is my opinion that it is within reasonable scientific certainty, that the Application for Designation of Owner and/or Contingent Owner form was more than likely not signed by Gary H. Lupiloff.

19.    My opinions in this matter are based on the observations I made during my examinations and my ability to evaluate these observations, based on the training and experience I have in the area of document examination. Also, these opinions are based on the examination of machine copy documents not originals.  Because of the limitations associated

with examining non-original writings I never offer definitive opinions, unless I can discern

that the non-original writing is a manipulated reproduction of another writing.

Further affiant saith not.

Robert D. Kullman

Subscribed and sworn to before me
this _____ day of August, 2014

Notary Public _____ County, Florida

My commission expires: _____

Notary Public State of Florida
Carla C Couto
My Commission EE 210915
Expires 06/24/2016