UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

      Plaintiff,

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

      Defendants.
_____/

Michael F. Schmidt (P25213)
Harvey, Kruse, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084
Telephone: (248) 649-7800

John H. Bredell (P36577)
Bredell & Bredell
Attorney for Defendants,
William and Jennifer Keene
119 N. Huron Street
Ypsilanti, Michigan 48197
Telephone: (734) 482-5000

Albert L. Holtz (P15088)
Albert L. Holtz, P.C.
Attorney for Monica Lupiloff, Nicole Lupiloff
And Nicole Lupiloff, Personal Representative of
the Estate of Gary Lupiloff, Deceased
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48146

Geoffrey N. Fieger (P30441)
David A. Dworetsky (67026)
Fieger, Fieger, Kenney, Giroux
& Harrington, P.C.
Co-Counsel for Monica Lupiloff,
Nicole Lupiloff and Nicole Lupiloff
Personal Representative of the Estate
of Gary Lupiloff, Deceased
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____/

## DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendants/Counter-Plaintiffs and Cross-Plaintiffs Monica Lynn Lupiloff, Nicole Renee Lupiloff, and Nicole Renee Lupiloff, Personal Representative of the Estate of Gary Lupiloff, Deceased (the "Lupiloff Defendants") hereby respond to Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment, as follows:

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. The Nationwide Policy is in writing and speaks for itself. Not disputed to the extent that these factual statements are consistent with the Nationwide Policy.

8. The Nationwide Policy is in writing and speaks for itself. The Lupiloff Defendants contend that Gary Lupiloff is/was the owner of the policy, William Keene/ATIMA was the primary beneficiary, and Nicole and Monica Lupiloff were contingent beneficiaries. Thus, not disputed to the extent that these factual statements are consistent with the Nationwide Policy.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

2

13. Not disputed.

14. Not disputed.

15. Not disputed.

16. Not disputed.

17. Not disputed.

18. Not disputed.

19. Exhibit 16 is in writing and speaks for itself. The Lupiloff Defendants dispute these factual statements to the extent the Social Security Administration's calculations are based upon expectations when certain ages are reached.

20. Exhibit 17 is in writing and speaks for itself. The Lupiloff Defendants dispute these factual statements to the extent Plaintiff has failed to provide the proper foundation for its assertions.

21. Exhibits 5 and 18 are in writing and speak for themselves. The Lupiloff Defendants do not dispute these factual statements to the extent they are consistent with said Exhibits. It is undisputed that the Nationwide Policy was to guarantee a short-term business loan. (See Plaintiff's Exhibit 25, pp. 52-53).

22. Exhibit 18 is in writing and speaks for itself. The Lupiloff Defendants do not dispute these factual statements to the extent they are consistent with Exhibit 18. It is undisputed that the Nationwide Policy was to guarantee a short-term business loan. (See Plaintiff's Exhibit 25, pp. 52-53).

23. Exhibit 18 is in writing and speaks for itself. The Lupiloff Defendants do not dispute these factual statements to the extent they are consistent with Exhibit 18. It is undisputed that the Nationwide Policy was to guarantee a short-term business loan. (See

Plaintiff's Exhibit 25, pp. 52-53).

24. Exhibit 19 is in writing and speaks for itself. The Lupiloff Defendants do not dispute these factual statements to the extent they are consistent with Exhibit 19.

25. The Lupiloff Defendants dispute that William Keene testified that he suggested that a $500,000.00 life insurance policy be taken out. He expressly testified that Lupiloff suggested that the policy be taken out. (See Plaintiff's Exhibit 25, pp. 74-75). The Lupiloff Defendants do not dispute that William Keene made the first quarterly payment.

26. The Lupiloff Defendants do not dispute that William Keene agreed to loan Lupiloff's company a total of $130,000.00. The Lupiloff Defendants dispute, however, that the Nationwide Policy was only taken out to cover this loan amount. Lupiloff suggested the $500,000.00 policy based upon his estimate of a $500,000.00 return in profits. (See Plaintiff's Exhibit 25, pp. 52-53).

27. The Lupiloff Defendants dispute these allegations. As set forth in the previous paragraph, the policy was taken out to cover the $500,000.00 return in profits. (See Plaintiff's Exhibit 25, pp. 52-53). Additionally, William Keene did not admit that the information on the application was false. He stated that the information contained on a summary drafted by somebody else was incorrect. (See Plaintiff's Exhibit 25, pp. 74-78).

28. The Lupiloff Defendants do not dispute that Exhibit 6 purports to be a copy of an Application for Change of Beneficiary Designation form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of beneficiary was procured by fraud

4

and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, to the extent there was any change of ownership, which the Lupiloff Defendants dispute, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law. Therefore, to the extent there was any change of beneficiary, which the Lupiloff Defendants dispute, such a change of beneficiary is also revoked, because it is dependent upon an actual change of ownership.

29. The Lupiloff Defendants do not dispute that Exhibit 6 purports to be a copy of an Application for Change of Beneficiary Designation form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of beneficiary was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, to the extent there was any change of ownership, which the Lupiloff Defendants dispute, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law. Therefore, to the extent there was any change of beneficiary, which the Lupiloff Defendants dispute, such a change of beneficiary is also revoked, because it is dependent upon an actual change of ownership.

30. The Lupiloff Defendants do not dispute that Exhibit 6 purports to be a copy of an Application for Change of Beneficiary Designation form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of beneficiary was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, to the extent there was any change of ownership, which the Lupiloff Defendants dispute, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants'

Memorandum of Law. Therefore, to the extent there was any change of beneficiary, which the Lupiloff Defendants dispute, such a change of beneficiary is also revoked, because it is dependent upon an actual change of ownership.

31. The Lupiloff Defendants do not dispute that Exhibit 6 purports to be a copy of an Application for Change of Beneficiary Designation form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of beneficiary was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, to the extent there was any change of ownership, which the Lupiloff Defendants dispute, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law. Therefore, to the extent there was any change of beneficiary, which the Lupiloff Defendants dispute, such a change of beneficiary is also revoked, because it is dependent upon an actual change of ownership.

32. The Lupiloff Defendants do not dispute that Exhibit 6 purports to be a copy of an Application for Change of Beneficiary Designation form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of beneficiary was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, to the extent there was any change of ownership, which the Lupiloff Defendants dispute, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law. Therefore, to the extent there was any change of beneficiary, which the Lupiloff Defendants dispute, such a change of beneficiary is also revoked, because it is dependent upon an actual change of ownership.

33. The Lupiloff Defendants do not dispute that Exhibit 7 purports to be a copy of an Application for Designation of Owner and/or Contingent Owner form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of ownership was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if there was a change of ownership, any such change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

34. The Lupiloff Defendants do not dispute that Exhibit 7 purports to be a copy of an Application for Designation of Owner and/or Contingent Owner form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of ownership was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if there was a change of ownership, any such change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

35. The Lupiloff Defendants do not dispute that Exhibit 7 purports to be a copy of an Application for Designation of Owner and/or Contingent Owner form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of ownership was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if there was a change of ownership, any such change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

36. The Lupiloff Defendants do not dispute that Exhibit 7 purports to be a copy of an Application for Designation of Owner and/or Contingent Owner form. The

Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of ownership was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if there was a change of ownership, any such change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

37. The Lupiloff Defendants do not dispute that Exhibit 7 purports to be a copy of an Application for Designation of Owner and/or Contingent Owner form. The Lupiloff Defendants dispute that the form is signed by Gary Lupiloff and/or contend that evidence in this case supports their allegation that the change of ownership was procured by fraud and/or duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if there was a change of ownership, any such change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

38. Not disputed.

39. Not disputed.

40. Not disputed.

41. Not disputed.

42. Not disputed.

43. Not disputed.

44. Not disputed that Nationwide filed this action. The Lupiloff Defendants dispute that there was fraud *in the procurement* of the Nationwide Policy.

45. Not disputed.

46. Not disputed that Nationwide contends that there was fraud in the procurement of the Nationwide Policy; however, the Lupiloff Defendants dispute this

contention and further contend that the Incontestability Clause of the Nationwide Policy precludes any such challenge to coverage. (See Docket No. 111).

47. Not disputed.

48. Not disputed.

49. Not disputed.

50. Not disputed.

51. Not disputed.

52. Not disputed.

53. Not disputed.

54. The Lupiloff Defendants' pleadings are in writing and speak for themselves. Not disputed to the extent these factual statements are consistent with the pleadings. The Lupiloff Defendants further note that they also brought negligence and gross negligence claims. (See Plaintiff's Exhibit 15).

55. The Lupiloff Defendants' pleadings are in writing and speak for themselves. Not disputed to the extent these factual allegations are consistent with the pleadings.

56. Not disputed.

57. Disputed. Exhibit 23, the letter from Robert D. Kullman expressly states that it "is not an official report." Mr. Kullman, however, did not label the change of beneficiary form as Exhibit B, and was not referring to the Application for Change of Beneficiary Designation form when he referenced an Exhibit B. (See Lupiloff Defendants' Exhibit 1). Mr. Kullman, instead, was referencing the Application for Life Insurance and Medical Examination form. (Id.). It is Mr. Kullman's expert opinion that

9

it is within reasonable scientific certainty, that the Application for Change of Beneficiary Designation form was more than likely not signed by Gary Lupiloff. (See Lupiloff Defendants' Exhibit 1).

58. Disputed. Exhibit 23, the letter from Robert D. Kullman, expressly states that it "is not an official report." It is Mr. Kullman's expert opinion that it is within reasonable scientific certainty, that the Application for Designation of Owner and/or Contingent Owner form was more than likely not signed by Gary Lupiloff. (See Lupiloff Defendants' Exhibit 1).

59. Not disputed.

60. Not disputed.

61. Not disputed that Reich was involved in the fraudulent and/or coerced change of ownership on the policy. The Lupiloff Defendants are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

62. Not disputed to the extent that Reich was involved in the fraudulent and/or coerced change of ownership on the policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

63. Not disputed to the extent that Reich was involved in the fraudulent and/or coerced change of ownership on the policy. The Lupiloff Defendants dispute that Gary

Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

64. Reich's testimony notwithstanding, it is disputed that Gary Lupiloff did not want to pay the premiums on the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

65. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

66. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff

Defendants' Exhibits 1 and 2).

67. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

68. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

69. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of ownership form, or did so under duress, and the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

70. Reich's testimony notwithstanding, this factual statement is disputed as

Reich was involved in the fraudulent and/or coerced change of beneficiary and ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change the beneficiary and/or ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of beneficiary form and or the change of ownership form, or did so under duress, and given the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

71. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of beneficiary and ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change the beneficiary and/or ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of beneficiary form and or the change of ownership form, or did so under duress, and given the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

72. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of beneficiary and ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change the beneficiary and/or ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of beneficiary form and or the change of ownership form, or did so under duress, and given the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

73. Reich's testimony notwithstanding, this factual statement is disputed as Reich was involved in the fraudulent and/or coerced change of beneficiary and ownership of the Nationwide Policy. The Lupiloff Defendants dispute that Gary Lupiloff wanted to change the beneficiary and/or ownership of the Nationwide Policy, and are entitled to challenge the veracity of this witness, given that Gary Lupiloff did not sign the change of beneficiary form and or the change of ownership form, or did so under duress, and given the entirety of her testimony concerning this incident. (See Lupiloff Defendants' Exhibits 1 and 2).

74. The Nationwide Policy is in writing and speaks for itself. Not disputed to the extent that these factual statements are consistent with the Nationwide Policy.

75. The Nationwide Policy is in writing and speaks for itself. Not disputed to the extent that these factual statements are consistent with the Nationwide Policy.

76. The Nationwide Policy is in writing and speaks for itself. Not disputed to the extent that these factual statements are consistent with the Nationwide Policy.

77. The Nationwide Policy is in writing and speaks for itself. Not disputed to the extent that these factual statements are consistent with the Nationwide Policy. However, the Lupiloff Defendants dispute the legal conclusion in this paragraph. There was no change in ownership of the Nationwide Policy, because Gary Lupiloff did not sign the change of ownership form, or did so under duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if he had signed the change of ownership form, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

78. The Nationwide Policy is in writing and speaks for itself. Not disputed to

the extent that these factual statements are consistent with the Nationwide Policy.

79. The Lupiloff Defendants dispute the legal conclusion in this paragraph. There was no change in ownership of the Nationwide Policy, because Gary Lupiloff did not sign the change of ownership form and/or the change of beneficiary form, or did so under duress. (See Lupiloff Defendants' Exhibit 1). Moreover, even if he had signed the change of ownership form, such a change is revoked by the Michigan Slayer Statute, as set forth in the Lupiloff Defendants' Memorandum of Law.

                              Respectfully submitted,

                              **FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.**

                              /s/ David A. Dworetsky
                              GEOFFREY N. FIEGER (P30441)
                              DAVID A. DWORETSKY (P67026)
                              Attorneys for the Lupiloff Defendants
                              19390 W. Ten Mile Road
                              Southfield, MI 48075
                              (248) 355-5555

Date: August 18, 2014