# EXHIBIT F

*Speckin Forensic Laboratories*

2400 SCIENCE PARKWAY, SUITE 200
OKEMOS, MICHIGAN 48864
517-349-3528 • FAX 517-349-5538

PLEASE DIRECT CORRESPONDENCE & PAYMENT HERE:
110 E. BROWARD BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301
954-763-6134 • FAX 954-688-4941

www.4N6.com

LEONARD A. SPECKIN
RETIRED DOCUMENT ANALYST

MICHAEL J. SINKE
LATENT PRINT SPECIALIST
CRIME SCENE RECONSTRUCTION
FORENSIC DOCUMENT ANALYST

ROBERT D. KULLMAN
FORENSIC DOCUMENT ANALYST

LARRY A. DALMAN
COMPUTER RECOVERY SPECIALIST

GEORGE F. JACKSON Ph.D.
TOXICOLOGIST

ERICH J. SPECKIN
FORENSIC DOCUMENT ANALYST
INK DATING SPECIALIST

ROGER J. BOLHOUSE MBA
LABORATORY DIRECTOR
CRIME SCENE RECONSTRUCTION
FORENSIC ANALYST & CONSULTANT

THOMAS K. HUARD Ph.D.
DNA ANALYST & CONSULTANT

ROBERT B. CILWA
FORENSIC FIREARMS EXAMINER

DR. JULIE HOWENSTINE
SEROLOGIST
DNA ANALYST & CONSULTANT
CRIME SCENE RECONSTRUCTION

RICHARD L. BRUNELLE
RETIRED INK DATING CONSULTANT

PATRICIA J. GIEBINK M.S.
FORENSIC CHEMIST

LAURENCE R. SIMSON M.D.
FORENSIC PATHOLOGIST

JAY A. SIEGEL Ph.D.
ANALYTICAL CHEMIST

COLIN V. SHELLHORN
COMPUTER & GRAPHICS SPECIALIST

## THIS IS NOT AN OFFICIAL REPORT, BUT IS A LETTER OF MY BASIC FINDINGS

August 26, 2011

Mr. Albert L. Holtz
Law Office of Albert L. Holtz, P.C.
3910 Telegraph Rd., Suite 200
Bloomfield Hills, MI 48302

RE: Nationwide Life Insurance Company v William Keene, et al
U. S. District Court Case: 2:11-cv-12422-AC-MKM

Dear Mr. Holtz:

I received your transmittal letter of 29 July 2011 and the accompanying documents; Exhibit B, Exhibit C and the purported known writings/signatures of Gary Harmon Lupiloff. Your transmittal letter request that I conduct examinations and comparisons to determine if Exhibits B & C were written and signed by Gary Harmon Lupiloff.

The examinations/comparisons I conducted between Exhibits B, C and the purported known writings/signatures were conducted in compliance with the <u>American Society of Testing Materials</u> "Standard Guide for Examination of Handwritten Items", ASTM Designation E2290-07a. My examinations were limited due to the quality of the machine copy documents submitted; submission of the original or first generation copies would allow for more detailed examinations/comparisons and more definitive results.

My examination findings, based on the documents submitted, are;

    A.) Exhibit B, except the beneficiary name William Keene, was probably written and signed by Gary Harmon Lupiloff.
    B.) Exhibit C was probably <u>not</u> written or signed by Gary Harmon Lupiloff.
    C.) The printed information in Exhibit C was likely written by the same person who printed the "Owner Witness" information.
    D.) The beneficiary name William Keene in Exhibit B was likely written by the same person who wrote the William Keene names and information in Exhibit C.

If you need additional you can contact me at 517-420-6766 or e-mail: rkullman@4N6.com

Very truly yours,

Robert D. Kullman
Forensic Document Analyst

## AFFIDAVIT OF ROBERT D. KULLMAN

STATE OF Florida )
                 ) SS.
COUNTY OF Broward )

I, Robert D. Kullman, under the penalty of perjury, affirm that the following statements are true to the best of my knowledge and belief:

1. I have been employed with Speckin Forensic Laboratories from 1996 to the present as a Forensic Document Analyst.

2. My duties include examination of handwriting, typewriting, printing, ink, paper, photocopy machines and alterations of documents.

3. I have been previously employed as a Private Consultant from 1989-1996, with the Michigan State Police Crime Lab from 1972-1988, and with the Michigan State Police from 1966-1991.

4. I am a member of the American Academy of Forensic Sciences, Questioned Documents Section.

5. I had three years of technical training in Questioned Documents with the Michigan State Police.

6. I had additional study at the U.S. Secret Service Laboratory and the Federal Bureau of Investigation Training Academy.

7. I have provided expert testimony in court cases in excess of 300 times.

8. The opinions I express follow the American Society of Testing Materials (ASTM) guide for expressing opinions.

9. I conducted examinations and comparisons between the printings on what I referred to in my prior correspondence to Mr. Albert L. Holtz as Exhibit B, consisting of an

2 RDK

Application for Life Insurance and Medical Examination form, and the purported known printings of Gary H. Lupiloff.

10. My examinations/comparisons between the questioned and known printings revealed substantial significant similarities with few differences (except the William Keene name in the "Beneficiary Section" on page 3). Based on my examination findings, it is my opinion the printing in Exhibit B, except the William Keene in the "Beneficiary Section" on page 3, and the purported known printings of Gary H. Lupiloff, were probably written by the same person.

11. I also conducted examinations and comparisons between the questioned Gary Lupiloff signatures presented in Exhibit B (the Application for Life Insurance and Medical Examination form), and the purported historical known signatures submitted to me.

12. My examinations/comparisons between the purported Gary Lupiloff signatures in Exhibit B and in the purported known signatures of Gary Lupiloff revealed some significant similarities and few dissimilarities. Based on my examination findings it is my opinion the Gary Lupiloff signatures presented in Exhibit B, and the purported historical signatures of Gary H. Lupiloff, were probably written by the same person.

13. I also conducted examinations and comparisons between the printings on what I referred to as Exhibit C in my prior correspondence to Mr. Albert L. Holtz, consisting of an Application for Change of Beneficiary Designation and an Application for Designation of Owner and/or Contingent Owner, and the purported known printings of Gary H. Lupiloff.

14. My examinations/comparisons between the questioned and known printings revealed substantial significant differences and no significant similarities. Based on my examination findings, it is my opinion the printing on Exhibit C (the Application for Change

of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported known printings of Gary H. Lupiloff, were probably not written by the same person.

15. I also conducted examinations and comparisons between the questioned Gary Lupiloff signatures on Exhibit C (the Application for Change of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported historical known signatures of Gary H. Lupiloff.

16. My examinations/comparisons between the questioned and purported known signatures revealed substantial significant differences and no significant similarities. Based on my examination findings, it is my opinion the questioned Gary Lupiloff signatures in Exhibit C (the Application for Change of Beneficiary Designation and the Application for Designation of Owner and/or Contingent Owner), and the purported known signatures of Gary H. Lupiloff, were probably not written by the same person.

17. It is my opinion that it is within reasonable scientific certainty that the Application for Change of Beneficiary Designation form was more than likely not signed by Gary H. Lupiloff.

18. It is my opinion that it is within reasonable scientific certainty, that the Application for Designation of Owner and/or Contingent Owner form was more than likely not signed by Gary H. Lupiloff.

19. My opinions in this matter are based on the observations I made during my examinations and my ability to evaluate these observations, based on the training and experience I have in the area of document examination. Also, these opinions are based on the examination of machine copy documents not originals. Because of the limitations associated

with examining non-original writings I never offer definitive opinions, unless I can discern that the non-original writing is a manipulated reproduction of another writing.

Further affiant saith not.

*Robert D. Kullman*

Subscribed and sworn to before me this 15 day of August, 2014
ROBERT ENO KULLMAN

Notary Public
BROWARD County, FLORIDA
My commission expires: 6/24/2014

Notary Public State of Florida
Carla C Couto
My Commission EE 210915
Expires 06/24/2016