# Exhibit 27

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE LIFE INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,

vs.

WILLIAM KEENE, JENNIFER KEENE,
MONICA LYNN LUPILOFF, NICOLE RENEE
LUPILOFF, and NICOLE RENEE LUPILOFF,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GARY LUPILOFF, Deceased,

       Defendants.

Civil Action
No. 2:11-cv-12422-AC-MKM

Honorable Avern Cohn

---

| | |
|---|---|
| Michael F. Schmidt (P25213)<br>Harvey, Kruse, P.C.<br>Attorney for Plaintiff<br>1050 Wilshire Drive, Suite 320<br>Troy, Michigan 48084<br>Telephone: (248) 649-7800 | John H. Bredell (P36577)<br>Bredell & Bredell<br>Attorney for Defendants,<br>William and Jennifer Keene<br>119 N. Huron Street<br>Ypsilanti, Michigan 48197<br>Telephone: (734) 482-5000 |
| Albert L. Holtz (P15088)<br>Albert L. Holtz, P.C.<br>Attorney for Monica Lupiloff, Nicole Lupiloff<br>and Nicole Lupiloff, Personal Representative of<br>the Estate of Gary Lupiloff, Deceased<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, Michigan 48146 | Geoffrey N. Fieger (P30441)<br>Jeffrey A. Danzig (P36571)<br>Fieger, Fieger, Kenney & Giroux, P.C.<br>Co-Counsel for Monica Lupiloff,<br>Nicole Lupiloff and Nicole Lupiloff,<br>Personal Representative of the Estate of<br>Gary Lupiloff, Deceased<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075<br>Telephone: (248) 355-5555 |

## DEFENDANT MONICA LUPILOFF'S ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF NATIONWIDE LIFE INSURANCE COMPANY

**NOW COMES** the above-named Defendant, Monica Lupiloff, by and through her attorneys, ALBERT L. HOLTZ and JEFFREY A. DANZIG, and The Law Firm of FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C., and in response to Plaintiff Nationwide Life Insurance Company's Interrogatories and Request to Produce, states as follows:

1. Please state the name and address of the individual answering these interrogatories and requests to produce.

**ANSWER:**

Monica Lupiloff; 320 West Illinois Street, Apt. C-103, Chicago, Illinois 60654

2. In regard to your denial of paragraph 12 of the complaint for interpleader and declaratory relief that on or about 6/11/04 Nationwide received a change of beneficiary form signed by Gary H. Lupiloff on 4/4/07 which designated William Keene as the primary beneficiary and Jennifer Keene, wife of William Keene, as contingent beneficiary, please state with factual precision:

   (a) Any and all facts of evidence you have in support of your response;

   (b) Please list the names and address of any witnesses who will testify in support of your response;

   (c) Please produce any documentary evidence you have in support of your response.

**ANSWER:**

Initially, I would respond by saying the question makes no sense to me. You contend that

on 6/11/04, Nationwide received the Change of Beneficiary form signed by Gary Lupiloff almost three years later, on 4/4/07; so I contend that your dates, as stated in both your Complaint and your Interrogatory question are inaccurate and make no sense to me.

(a) It is my contention that Gary Lupiloff did not sign the Change of Beneficiary form. I do not recognize this as my father's signature. At least nine (9) people who know his signature well, will contend the signature that appears on the form dated 4/4/07 is not that of Gary Lupiloff. See Answer to Interrogatory 2 (b). Moreover, the same people who knew his signature are also intimately familiar with Gary Lupiloff's printing and will contend that the printing upon the Change of Beneficiary form is not that of Gary Lupiloff. Moreover, we have submitted the Change of Beneficiary form to an expert in handwriting analysis who will determine, based upon both handwriting and printing exemplars of Gary Lupiloff, whether the printing and handwriting on the Change of Beneficiary form dated 4/4/07 are that of Gary Lupiloff.

(b) Marlene Lupiloff (sister); Marion Lupiloff (mother); Stephanie Bowman (girlfriend); Mary Kay Shaw (secretary); Nicole Lupiloff (daughter) Monica Lupiloff (daughter); Debra Holtz (second wife of Gary Lupiloff); Stacy Levin (third wife of Gary Lupiloff); Lori Paxton-Blake (former girlfriend at time of policy procurement); Erich Speckin.

(c) I have numerous communications and writings from my father where both his printing and signature appear. You are welcome to examine such documents at your convenience. In addition, we will provide a copy of Erich Speckin's expert report

and analysis upon receipt of same.

3.  In regard to your denial of paragraph 13 of the complaint for interpleader and declaratory relief that on or about 6/11/04 Nationwide received a change of ownership form signed by Gary H. Lupiloff on 4/4/07 changing the Owner of the policy from Gary H. Lupiloff to William Keene designated as "Business Relationship On file", please state with factual precision:

(a)  Any and all facts of evidence you have in support of your response;

(b)  Please list the names and address of any witnesses who will testify in support of your response;

(c)  Please produce any documentary evidence you have in support of your response.

**ANSWER:**

Initially, I would respond by saying the question again makes no sense to me. You contend that on 6/11/04 Nationwide received a Change of Ownership forms signed by Gary Lupiloff almost three (3) years later, on 4//4/07, so I contend that your dates as stated in both your Complaint and Interrogatories question are inaccurate and make no sense to me.

(a)  It is again my contention that Gary Lupiloff did not sign the Change of Ownership form. I do not recognize this as my father's signature. It appears to me that the signature was either copied or coerced. At least nine (9) people who knew his signature well contend the signature that appears on the form dated 4//4/07 is not that of Gary Lupiloff. Moreover, the same people who knew his signature are also

intimately familiar with Gary Lupiloff's printing and will contend that the printing upon the Change of Ownership form is not that of Gary Lupiloff. Moreover, Nationwide failed to endorse and/or agreed to the Change of Ownership form and/or failed to exercise due diligence to verify that it was the intent of Gary Lupiloff to relinquish both ownership and/or beneficiary status in relation to his heirs. Moreover, we have submitted the Change of Ownership form to an expert in handwriting analysis who will form opinions, based upon both handwriting and printing exemplars of Gary Lupiloff, whether or not the printing and handwriting on the Change of Ownership form dated 4/4/07 are that of Gary Lupiloff.

(b) Marlene Lupiloff (sister); Marion Lupiloff (mother); Stephanie Bowman (girlfriend); Mary Kay Shaw (secretary); Nicole Lupiloff (daughter) Monica Lupiloff (daughter); Debra Holtz (second wife of Gary Lupiloff); Stacy Levin (third wife of Gary Lupiloff); Lori Paxton-Blake (former girlfriend at time of policy procurement); Erich Speckin.

(c) I have numerous communications and writings from my father where both his printing and signature appear. You are welcome to examine such documents at your convenience. In addition, we will provide a copy of Erich Speckin's expert report and analysis upon receipt of same.

4. In regard to your fifth affirmative defense to the complaint for interpleader and declaratory relief, please state with factual precision:

(a) Any and all facts of evidence you have in support of your response;

(a) The exact contract language you claim was breached, quoting the language and attaching a copy to your response to this request to produce;

(b) Any and all facts of evidence you have in support of your response;

(c) Please produce any documentary evidence you have in support of your response.

(d) Please produce any documentary evidence you have in support of your response.

**ANSWER:**

(a) The exact language quoted from the policy as follows:

"All agreements related to the policy must be on official forms signed by the President or Secretary of the Company"
"Any request for Change must be made in writing and recorded at our home office"
"Once recorded, whether the insured is then alive, the change will take affect as of the date you signed it"

Plaintiff is in possession of the insurance contracts and other insurance documents..

(b) See Defendant's previous answers provided herein.

(c) See Defendant's previous answers provided herein.

(d) See Defendant's previous answers provided herein.

(e) See Defendant's previous answers provided herein.

_____
Monic Lupiloff

Subscribed and sworn to before me
this 08 day of September, 2011.

KASSIA C STANBERRY
- Notary Public
State of New Jersey
My Commission Expires Nov 9, 2015

Respectfully submitted,
FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.

By: _____
    GEOFFREY N. FIEGER (P30441)
    JEFFREY A. DANZIG (P36571)
Attorneys for Defendant Nicole Renee Lupiloff
19390 W. 10 Mile Road
Southfield, MI 48075
Telephone: (248) 355-5555
Facsimile: (248) 355-5148 (fax)

Dated: August 24, 2011.